UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION
BUREAU,

        Plaintiff,

  v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC,

        Defendants.

## DEFENDANTS' NOTICE OF CONSTITUTIONAL CHALLENGE TO ACT OF CONGRESS

      Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively, "Ocwen"), hereby provide notice to the Court and the Attorney General of the United States that Ocwen has made two court filings this day that call into question the constitutionality of a federal statute. Federal Rule of Civil Procedure 5.1 requires a party in certain instances to provide prompt notice to the Court and the Attorney General of the United States in the event of a pleading, written motion, or other paper drawing into question the constitutionality of a federal statute. Local Rule 24.1 similarly requires parties to notify the Court of any such issue.

      Contemporaneously with this Notice, Ocwen has filed:

      (1) a Motion For Early Case Management Conference, Dkt. No. to be assigned, requesting a conference so that the Court may consider whether to order expedited briefing on Ocwen's expected motion to dismiss this action on the grounds that certain provisions in the Consumer Financial Protection Act, 12 U.S.C. 5481 *et seq.* ("CFPA"), namely those that create and structure the Plaintiff Consumer Financial Protection Bureau ("CFPB") and set the terms of service for its Director, including 12 U.S.C. 5491(a), are unconstitutional; and

      (2) a Motion to Invite the Views of the Attorney General of the United States, Dkt. No. to

be assigned, to ask that the Court invite the Attorney General of the United States to appear and participate in briefing of the upcoming constitutional challenge.

Because these filings both call into question the constitutionality of an Act of Congress, Ocwen provides this Notice to ensure the interests of the Attorney General of the United States may be adequately represented.[1]

Pursuant to Local Rule 24.1, Ocwen notes that the grounds for the unconstitutionality of the CFPA include but are not limited to the positions that, singly and in combination: (i) by limiting the power of the President to remove the Director of the CFPB at his pleasure, Congress violated the Separation of Powers Clause of the Constitution (U.S. Const. art II, § 2), and (ii) that the lack of agency oversight and budgetary controls violates the authority of Congress under Article II.

In compliance with Federal Rule 5.1, this Notice is being served upon the Attorney General of the United States by serving it via certified mail to:

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC  20530-0001

**CONCLUSION**

WHEREFORE, for all the reasons stated, Defendants respectfully request that the Court schedule a Case Management Conference at its earliest convenience.

---

[1] Ocwen notes that although the CFPB is an agency of the federal government, thus potentially eliminating the need for notice under Rule 5.1 and Local Rule 24.1, it appears that the interests and views of the Attorney General of the United States may not be adequately represented in this action.  The Attorney General has recently filed a brief in the D.C. Circuit Court of Appeals stating that the CFPB's structure, as mandated by the Consumer Protection Act, is unconstitutional.  *See* Brief for the United States as *Amicus Curiae*, Dkt. No. 1666553 at 1-3, *PHH Corp. v. Consumer Financial Protection Bureau*, No. 15-1177 (Mar. 17, 2017).  The CFPB has filed a separate brief in the matter taking a directly contrary position and rejecting the Attorney General's view.  *See* Brief on Rehearing En Banc of Respondent Consumer Financial Protection Bureau, Dkt. No. 1668875, at 15, *PHH Corp. v. Consumer Financial Protection Bureau*, No. 15-1177 (D.C. Cir. Mar. 31, 2017) (noting disagreement on constitutionality issue with amicus curiae United States).  Thus, Ocwen provides this Notice to ensure it has fulfilled its obligations under Rule 5.1 and Local Rule 24.1.

| | |
|---|---|
| Dated:   April 25, 2017 | Respectfully submitted,<br><br>s/ Bridget A. Berry<br>BRIDGET A. BERRY<br>Florida Bar No. 515639<br>berryb@gtlaw.com<br>**GREENBERG TRAURIG, P.A.**<br>777 South Flagler Drive, Suite 300<br>West Palm Beach, Florida 33401<br>Telephone:  561.650.7900<br>Facsimile:  561.655.6222<br>Attorney for Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC |
| THOMAS M. HEFFERON, ESQ.<br>(*Pro Hac Vice Pending*)<br>**GOODWIN PROCTER LLP**<br>901 New York Avenue NW<br>Washington, DC 20001<br>Tel.: 202-346-4000<br>Fax: 202-346-4444 | |

3

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that true and correct copies of this Notice were served on April 25, 2017, on all counsel or parties of record on the following Service List via CM/ECF.

                                        s/ Bridget A. Berry
                                        Bridget A. Berry

## S<small>ERVICE</small> L<small>IST</small>

*Attorneys for Plaintiff*

Anthony Alexis, Enforcement Director
Cara Petersen, Deputy Enforcement Director For Litigation
Gabriel O'Malley, Assistant Litigation Deputy

Jean Healey
Email:  jean.healey@cfpb.gov
Jan Singelmann
E-mail:  jan.singelmann@cfpb.gov
Atur Desai
E-mail: atur.desai@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC  20552