UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION
BUREAU,

   Plaintiff,

 v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC,

   Defendants.

### DEFENDANTS' MOTION FOR EARLY CASE MANAGEMENT CONFERENCE

 Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively, "Ocwen") hereby move this Court to set an early Case Management Conference for the Court to hear and resolve several issues pertinent to briefing on their expected motion to dismiss.

 In particular, and as set forth further below, Ocwen would like to discuss with the Court why it should address Rule 12 issues in two pieces, and thereby grant Ocwen relief from the requirements of Rule 12(g)(2). First, Ocwen believes the parties should brief and the Court should decide, on an expedited basis, whether the suit must be dismissed because Plaintiff Consumer Financial Protection Bureau ("CFPB"), is an unconstitutional agency, as a panel of the D.C. Circuit Court of Appeals previously found. Second, Ocwen believes it would be most efficient for all other Rule 12 issues to be briefed and resolved later, if necessary. Ocwen also would like to discuss with the Court why the Court should invite the Attorney General of the United States to appear and participate in the briefing of the constitutional questions, as requested in a motion it is filing today. *See* Motion to Invite the Views of the Attorney General of the United States, Dkt. No. to be assigned. Since such a Conference concerns the timing and pacing of initial motions (which otherwise are due June 19), Ocwen asks that the Court set the

Conference to take place at the earliest convenient date for the Court and the parties.

In support of this Motion, Ocwen states:

1. This is a civil enforcement action filed pursuant to the Consumer Financial Protection Act, 12 U.S.C. §§ 5481 *et seq.* ("CFPA"). It was commenced by CFPB by direction of Richard Cordray, its Director.

2. The individual Ocwen Defendants are corporate affiliates of a family of companies who are primarily in the business of servicing mortgage loans. Ocwen is the loan servicer for more than 1.3 million Americans—taking monthly payments, managing disbursements for property taxes and insurance, negotiating loan modifications to help struggling homeowners, and fielding questions, among other tasks—and handles these duties for the federal government and for private loan owners.

3. Ocwen has significant operations in West Palm Beach, employing over 500 here, and has nearly 2,000 additional stateside employees, located in California, Georgia, Iowa, Massachusetts, Pennsylvania, and Texas.

4. CFPB is an independent agency created by the CFPA in the wake of the Financial Crisis, as part of the Dodd-Frank Act, 12 U.S.C. §§ 5301 *et seq*. CFPB was intended to operate free of control of the Presidential administration and largely free of Congressional oversight. Indeed, once a Director is nominated by the President and confirmed by the Senate, he has a five-year fixed term, the CFPA purports to insulate the Director from being removed other than "for cause," and CFPB's budget and appropriations are not overseen by Congress. President Obama nominated and the Senate confirmed Richard Cordray to the position as Director, and his term does not expire until July 2018.

5. This action arose after a lengthy investigation conducted by CFPB stretching back to 2015. Ocwen gave its full cooperation to CFPB. However, in the wake of the election of the new President, CFPB pressured Ocwen to resolve the matter on the basis of wholly-unreasonable settlement terms. When Ocwen refused to do so, this lawsuit followed.

6. Ocwen will move to dismiss the Complaint in this case. As service was effected under the waiver of service rules, Ocwen's deadline for doing so is June 19, 2017.

7. Ocwen believes that a crucial threshold issue should be decided first by the Court, after briefing and argument—whether CFPB is an unconstitutionally structured agency. Ocwen will argue in its motion to dismiss, whenever filed, that this action must be dismissed because the

Director is an unconstitutional officer and the CFPB an unconstitutional agency.

8. As to the unconstitutional office of the Director, by limiting the power of the President to remove the Director at his pleasure, Congress violated the Separation of Powers Clause of the Constitution. U.S. Const. art II, § 2. As established in *Myers v. United States*, 272 U.S. 52 (1926), to preserve the liberty of citizens and ensure that their votes at the ballot box are meaningful, all executive officers must serve at the pleasure of the President. The fact that the Director, by statute, does not serve at the pleasure of the President, makes this suit unlawful because the Director serves in an unlawful office.

9. A panel of the D.C. Circuit recently agreed, in a lengthy and scholarly opinion, that the CFPB is unconstitutionally structured because the tenure provisions governing the Director violate the Separation of Powers Clause. *PHH Corp. v. CFPB*, 839 F.3d 1 (D.C. Cir. 2016) *vacated, reh'g en banc granted*, No. 15-1177 (D.C. Cir. Feb. 16 2017).

10. Subsequently, the D. C. Circuit considered whether to grant *en banc* review, sought by CFPB. The Department of Justice was asked to provide its views as to the constitutional question and disagreed with CFPB, stating that it believes the agency is unconstitutional. *See* Brief for the United States as *Amicus Curiae*, Dkt. No. 1666553 at 1-3, *PHH Corp. v. Consumer Financial Protection Bureau*, No. 15-1177 (Mar. 17, 2017). Ultimately, the *PHH v. CFPB* panel opinion has been vacated, pending *en banc* review.

11. CFPB suffers from other constitutional infirmities, including the lack of Congressional oversight and control over CFPB's budget.

12. For all of these reasons, Ocwen plans to argue that this case must be dismissed because it is the product of an agency, and a Director, whose structure and operation violate the Constitution. This argument, if accepted by the Court, would dispose of the case. The panel opinion in *PHH*, and the Department of Justice's legal opinion that CFPB is unconstitutionally structured, demonstrate that Ocwen's arguments will be compelling.

13. The Court should structure the initial stage of this case so that it reaches and resolves the constitutional defense first and on an expedited basis, and then takes up later, if necessary, any other grounds for dismissal of the Complaint. This is appropriate for at least three reasons.

14. <u>First</u>, the very power and authority of CFPB to even bring this action is a threshold question that should be resolved right away and in isolation.

15.     <u>Second</u>, the constitutional structure and power of CFPB are issues that this Court should resolve on briefs that include submissions of the Attorney General—so splitting the issues out for separate consideration would serve judicial economy.  Pursuant to Fed. R. Civ. P. 5.1 and Loc. R. 24.1, Ocwen has given notice to this Court and the Attorney General that it intends to attack the constitutionality of the DFA, and has filed a separate motion asking this Court to invite the Attorney General to appear and participate in the briefing. *See* Motion to Invite the Views of the Attorney General of the United States, Dkt. No. to be assigned; Notice of Constitutional Challenge to Act of Congress, Dkt. No. to be assigned.  It is obviously appropriate for the Attorney General to participate when the legality of a federal law is at issue; indeed, that is the reason for the cited rules.  The participation of the Attorney General is especially important here, for CFPB will doubtless take the position that it is constitutional but the Justice Department can be expected to take the position that CFPB is not.

16.     <u>Third</u>, expedition in briefing is appropriate. It would serve the ends of justice for Ocwen to be relieved of the cloud of civil enforcement as soon as possible.

17.     CFPB's overreaches are well-documented, and are doubtless the product of the fact it is an unconstitutional, unaccountable agency.  For example, in just the last few months, federal courts have found CFPB's and Director Cordray's actions to violate the Due Process Clause, in one case, and, in another case, found CFPB's and Director Cordray's actions to violate the simple requirement that CFPB actually tell a summoned party what it is investigating. See *PHH Corp. v. CFPB*, 839 F.3d 1 (D.C. Cir. 2016) *vacated, reh'g en banc granted*, No. 15-1177 (D.C. Cir. Feb. 16 2017) (CFPB action violated Due Process); *CFPB v. Accrediting Council for Independent Colleges and Schools*, 2017 WL 1422488 (D.C. Cir. Apr. 21, 2017) (CFPB investigative demand violated statutory requirements).  *See also CFPB v. Intercept Corp.*, Case No. 16-cv-144, Order Granting Defendants' Motion to Dismiss the Complaint, Dkt. No. 46, at 9 (D.N.D. Mar. 17, 2017) (dismissing enforcement action, finding CFPB's "complaint does not contain sufficient factual allegations to back up its conclusory statements").

18.     Ocwen also has been subjected to CFPB's overreach, which has been exacerbated by the political forces recently at play in Washington.  As the Bureau seeks to survive, and the Director seeks to avoid dismissal, Ocwen has been one of several financial institutions singled out and sued, apparently to be 'made an example of' for political reasons.

19.     While the 93-page Complaint is long on rhetoric, it fails to tell the whole

4

story.  For example, CFPB contends that on "numerous" occasions or "at least one thousand" times Ocwen has wrongfully started or completed foreclosures on consumers who were in the midst of applying for or performing a loan modification.  But so far as Ocwen is aware—and the Complaint does not identify the loans—CFPB *did not actually look at the individual servicing files for these consumers' loans* before making this allegation.  Further, while the Complaint alleges that Ocwen does not take seriously its obligation to remediate borrowers who are harmed by errors, the Complaint is riddled with allegations about conduct that, to the limited extent it recounts errors accurately, Ocwen already addressed—sometimes years ago—with refunds, credits or other remedies.  These and other misleading aspects of the Complaint only underscore the constitutional infirmities of an agency too often bent on making a point rather than on doing justice.

20. The unaccountable nature of the CFPB and its Director renders them an unconstitutional body and officer, creating the environment where such misconduct can flourish without check.  An expedited review of the constitutional issues will, if accepted by this Court, restore needed balance to the relations between the President, Congress and regulated parties like Ocwen.

21. Speed also will insure that the progress of the case (if not dismissed) is not unduly delayed.

22. An early Case Management Conference will allow this Court, with live input from the parties, to sort through how it might best manage the briefing and decision on these issues.  The contemplated Conference would also be a convenient vehicle to address several related scheduling issues:

   a. Ocwen anticipates that *amicus curaie* parties may ask to participate on both sides of the constitutional issue, and setting forth parameters for such participation, if permitted, would avoid confusion and time;

   b. The parties and Court also can discuss how to handle briefing and decision on other grounds for full or partial dismissal.  By suggesting two-stage briefing, Ocwen is seeking relief from the limits of Fed. R. Civ. P. 12(g)(2), which ordinarily requires that all grounds for dismissal be contained in a single motion.  Ocwen would be open to a stay of the presentation of those aspects of dismissal until after the constitutional questions are resolved; and

    c.  The Court also may have occasion to consider how to manage the interplay between this case and the dismissal issues that will be raised in the related case filed the same day as this case against the same Ocwen defendants by certain Florida officials.  *See Office of the Attorney General, The State of Florida v. Ocwen Financial Corp.*, Case No. 9:17-CV-80495 (S.D. Fl.).  Ocwen is filing a Notice of Related Action in that matter today, seeking to transfer that case to this Court's docket as this action is the lower numbered suit.  Some of the non-constitutional grounds for dismissal of this case will also apply to the Florida case, so coordinated scheduling may make sense, if the Florida action is transferred to this Court for handling.

23.    Finally, an early Case Management Conference is in the interest of justice for it will foster the "just, speedy and inexpensive determination of [the] action."  Fed. R. Civ. P. 1.

## CONCLUSION

WHEREFORE, for all the reasons stated, Defendants respectfully request that the Court schedule a Case Management Conference at its earliest convenience.

Dated:  April 25, 2017

Respectfully submitted,

s/ Bridget A. Berry
_____

| | |
|---|---|
| THOMAS M. HEFFERON, ESQ.<br>(*Pro Hac Vice Pending*)<br>**GOODWIN PROCTER LLP**<br>901 New York Avenue NW<br>Washington, DC 20001<br>Tel.: 202-346-4000<br>Fax: 202-346-4444 | BRIDGET A. BERRY<br>Florida Bar No. 515639<br>berryb@gtlaw.com<br>**GREENBERG TRAURIG, P.A.**<br>777 South Flagler Drive, Suite 300<br>West Palm Beach, Florida 33401<br>Telephone:  561.650.7900<br>Facsimile:  561.655.6222<br>Attorney for Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC |

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. The Consumer Financial Protection Bureau a) takes no position on Ocwen's invitation to the Attorney General of the U.S., b) opposes the motion for an early case management conference and request for relief from the requirements of Rule 12(g)(2).

s/ Thomas M. Hefferon
Thomas M. Hefferon

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that true and correct copies of this Notice were served on April 25, 2017, on all counsel or parties of record on the following Service List via CM/ECF.

            s/ Bridget A. Berry
            Bridget A. Berry

## S<small>ERVICE</small> L<small>IST

*Attorneys for Plaintiff*

Anthony Alexis, Enforcement Director
Cara Petersen, Deputy Enforcement Director For Litigation
Gabriel O'Malley, Assistant Litigation Deputy

Jean Healey
Email:  jean.healey@cfpb.gov
Jan Singelmann
E-mail:  jan.singelmann@cfpb.gov
Atur Desai
E-mail: atur.desai@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC  20552