UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION
BUREAU,

        Plaintiff,

  v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC,

        Defendants.

**DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM TO INVITE THE VIEWS OF THE ATTORNEY GENERAL OF THE UNITED STATES**

    Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively, "Ocwen") hereby move the Court to invite the Attorney General of the United States to participate in anticipated briefing in this action over whether certain provisions in the Consumer Financial Protection Act, 12 U.S.C. §§ 5481 *et seq.* ("CFPA"), are unconstitutional.

    Contemporaneously with this Motion, Ocwen has filed a Motion For Early Case Management Conference. Dkt No. to be assigned. That Motion requests that the Court set a case management conference at the earliest convenience of the Court and counsel so that the Court may consider whether to order expedited briefing on Ocwen's expected motion to dismiss this action on the grounds that certain provisions in the CFPA, including those that create and structure the Plaintiff Consumer Financial Protection Bureau ("CFPB") and set the terms of service for its Director, are unconstitutional. *See e.g.*, 12 U.S.C. 5491(a). As Ocwen notes in that Motion, this is a threshold issue that Ocwen contends constitutes an absolute bar to CFPB proceeding in this action.

    There are at least two clear reasons to invite the Attorney General to participate here.

First, inviting the views of the Attorney General is consistent with the purpose of 28 U.S.C. § 2403, which requires district courts to notify the Attorney General of a constitutional challenge in any action in which the United States or any agency is not a party.  Ocwen has today served and filed a Notice of Constitutional Challenge to Act of Congress, Dkt. No. to be assigned.

Second, the participation of the Attorney General is particularly important in this case because the Attorney General has recently filed a brief in the D.C. Circuit Court of Appeals directly arguing—consistent with Ocwen's position—that the CFPB's structure is *unconstitutional*.  *See* Brief for the United States as *Amicus Curiae*, Dkt. No. 1666553 at 1-3, *PHH Corp. v. Consumer Financial Protection Bureau*, No. 15-1177 (Mar. 17, 2017), attached as Exhibit A.  In doing so, the Attorney General urged the *en banc* Circuit Court to affirm a well-reasoned decision by a panel of the D.C. Circuit holding that the CFPB is unconstitutionally structured.  The CFPB subsequently filed a brief before the *en banc* court taking a directly contrary position, namely that its structure is constitutional.  *See* Brief on Rehearing En Banc of Respondent Consumer Financial Protection Bureau, Dkt. No. 1668875, at 15, *PHH Corp. v. Consumer Financial Protection Bureau*, No. 15-1177 (D.C. Cir. Mar. 31, 2017) (noting disagreement on constitutionality issue with *amicus curiae* United States).

Under these circumstances, inviting the Attorney General to participate ensures "a proper presentation of the facts and law relating to the question of constitutionality." 28 U.S.C. § 2403.  CFPB's own views are in direct conflict with those of the United States government, and for this Court to hear both sides from the government entities can only aid the Court's decision-making process on an issue of first impression in this Circuit.  The Attorney General's views and interests will obviously not be adequately represented by CFPB, as demonstrated in the *en banc* briefing before the D.C. Circuit.

## CONCLUSION

WHEREFORE, Ocwen respectfully requests that the Court grant this Motion and invite the Attorney General of the United States to participate in this action for purposes of being heard in connection with Ocwen's expected motion to dismiss on the constitutional questions.

Dated:   April 25, 2017                                          Respectfully submitted,

| | |
|---|---|
| THOMAS M. HEFFERON, ESQ.<br>(*Pro Hac Vice Pending*)<br>**GOODWIN PROCTER LLP**<br>901 New York Avenue NW<br>Washington, DC 20001<br>Tel.: 202-346-4000<br>Fax: 202-346-4444 | s/ Bridget A. Berry<br>BRIDGET A. BERRY<br>Florida Bar No. 515639<br>berryb@gtlaw.com<br>**GREENBERG TRAURIG, P.A.**<br>777 South Flagler Drive, Suite 300<br>West Palm Beach, Florida 33401<br>Telephone:  561.650.7900<br>Facsimile:  561.655.6222<br>Attorney for Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC |

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. The Consumer Financial Protection Bureau a) takes no position on Ocwen's invitation to the Attorney General of the U.S., b) opposes the motion for an early case management conference and request for relief from the requirements of Rule 12(g)(2).

s/ Thomas M. Hefferon<br>
Thomas M. Hefferon

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that true and correct copies of this Motion were served on April 25, 2017, on all counsel or parties of record on the following Service List via CM/ECF.

                                                     s/ Bridget A. Berry
                                                     Bridget A. Berry

## S<small>ERVICE</small> L<small>IST</small>

*Attorneys for Plaintiff*

Anthony Alexis, Enforcement Director
Cara Petersen, Deputy Enforcement Director For Litigation
Gabriel O'Malley, Assistant Litigation Deputy

Jean Healey
Email:  jean.healey@cfpb.gov
Jan Singelmann
E-mail:  jan.singelmann@cfpb.gov
Atur Desai
E-mail: atur.desai@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC  20552