UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:17-CV-80495- MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU
    Plaintiff,

vs.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,
    Defendants.
_____/



FILED by ___ D.C.
DEC 15 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court pursuant to Federal Rule of Civil Procedure 26 and Plaintiff, the Consumer Financial Protection Bureau ("Bureau"), and Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively with the Bureau, "Parties"), having stipulated to the process set forth herein, it is hereby ORDERED:

1. PURPOSES AND LIMITATIONS

Discovery in this Action may involve production of confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purposes other than prosecuting this litigation. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the terms of this Order. This Order does not automatically authorize

1

the filing under seal of material designated under this Order.

2. DEFINITIONS

   2.1 Action: This case, *Consumer Financial Protection Bureau v. Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*, Case No. 9:17-CV-80495, pending in the United States District Court for the Southern District of Florida, West Palm Beach Division.

   2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

   2.3 CONFIDENTIAL Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things, including Competitively Sensitive Information, Confidential Commercial and Financial Information, and Sensitive Personal Information.

   2.4 Competitively Sensitive Information: Business or proprietary information that is not publicly known and that, if released to an entity's competitors, would confer on those competitors a competitive advantage.

   2.5 Confidential Commercial or Financial Information: Sensitive commercial or financial information concerning a Party or Non-Party, including but not limited to financial data or analyses, business agreements, and internal communications and other documents concerning commercial, financial, or other proprietary issues.

   2.6 Confidential Investigative Information: Information produced by Ocwen to the Bureau prior to the initiation of this Litigation.

   2.7 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

   2.8 Designating Party: A Party or Non-Party that designates information or items

that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

2.9 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, unless and until such person is excluded by order of the Court.

2.11 <u>Final Disposition</u>: The later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.12 <u>In-House Counsel</u>: Attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.13 <u>Law Enforcement Personnel</u>: Employees of a United States federal or state entity charged with enforcing criminal or civil laws.

2.14 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.15 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared

on behalf of that Party, including support staff.

2.16 <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, contractors, retained experts, and Outside Counsel of Record.

2.17 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.18 <u>Professional Vendors</u>: Persons or entities that provide litigation-support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.19 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

2.20 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.21 <u>Sensitive Personal Information</u>:  Information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual. This includes, without limitation, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, mortgage or loan number, driver's license number, State-issued identification number, passport number, date of birth (other than year), including when linked or linkable to a specific individual. This also includes information that is not personally identifiable information on its own, but can become personally identifiable information whenever additional information would make it possible to identify an individual.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial, except as stated explicitly herein.

4. DESIGNATING PROTECTED MATERIAL

Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

The designation of Protected Material shall be made by placing or affixing the word CONFIDENTIAL on each page in a manner which will not interfere with its legibility. For information in non-static documentary form (*e.g.*, spreadsheets) for which the application of the legend CONFIDENTIAL is impracticable, a slip or cover sheet with the legend CONFIDENTIAL shall be provided.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the

5

specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material.

For testimony given in depositions, the Designating Party must identify the protected testimony (i) on the record before the close of the deposition, or (ii) up to 14 days after receipt of the deposition transcript, if on the record during the deposition or in writing before the end of the next business day after the deposition, the Designating Party indicates an intent to so identify protected testimony. Before the expiration of the 14-day period for designation, a transcript shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed.

For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend.

Mass, indiscriminate, or routinized designations are prohibited.

4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>. A party objecting to the designation of any document or material as CONFIDENTIAL may challenge such designation at any time or request the party making such designation identify what information it contends is CONFIDENTIAL. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens

6

or significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Treatment of Challenged Material</u>. In the event a party challenges any designation of information as CONFIDENTIAL, such information shall be deemed confidential under this Order until the challenge is resolved pursuant to the terms of this Order.

5.3 <u>Process for Challenge</u>. A party that challenges a CONFIDENTIAL designation must do so in writing to the designating party and must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Challenging Party must identify the challenged material and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the asserted designation. Following written notice to the Designating Party of a challenge, the parties shall have fourteen (14) days to attempt an informal resolution of the dispute. If attempts at an informal resolution prove unsuccessful, or the Designating Party fails to participate in the meet and confer process, the Challenging Party may notify the Designating Party in writing that it is invoking the Court Review procedures of the challenge process.

5.4 <u>Court Review</u>. After the Challenging Party notifies the Designating Party in writing that it is invoking the Court Review procedures of the challenge process, the Challenging Party if it seeks to challenge the CONFIDENTIAL designation shall, within 14 days of such notification, file a motion with the Court pursuant to Local Rules 7.1 and 26.1(g). Pursuant to Local Rule 7.1(a)(3), the Challenging Party shall certify to the Court

that the parties have made sincere, good faith efforts to resolve the dispute. Failure by the Challenging party to file a motion pursuant to Local Rules 7.1 and 26.1(g) within 14 days shall automatically waive the challenge to the confidentiality designation for each challenged designation. The Designating party shall have the burden to establish that the information has been appropriately designated as CONFIDENTIAL under the terms of this Order and applicable law. Frivolous challenges and designations, and those made for an improper purpose (*e.g.*, to harass or to impose unnecessary expenses and burdens on other parties) may expose the Challenging Party or Designating Party to sanctions. Unless the Designating Party has waived the confidentiality designation, all parties shall continue to treat the material in question as Protected Material pursuant to the terms of this Order until the court rules on the challenge.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

    6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action unless another use is authorized by this Order or permitted by federal statute or regulation applicable to the Bureau. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and as permitted by federal statute or regulation applicable to the Bureau. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    6.2 <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered

8

by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) The officers, directors, employees (including In-House Counsel) and contractors of the Receiving Party to whom it is reasonably necessary to disclose the information for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) The court and its personnel to whom it is reasonably necessary to disclose the information for this Action;

    (e) Court reporters and their staff to whom it is reasonably necessary to disclose the information for this Action;

    (f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that they are not permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j) To a governmental agency by the Bureau where the disclosure is required by statute or regulation, or permitted by 12 C.F.R. 1070 *et seq.*

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order or other legal process, including discovery requests, issued in other litigation that compels disclosure of any information or items designated in this Action, as CONFIDENTIAL that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order or other legal process;

(b) Promptly notify in writing the party who caused the subpoena or order or other legal process to issue in the other litigation, that some or all of the material covered by the subpoena or order or other legal process is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order

or other legal process issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

   8.1 <u>Basic Principles</u>: The terms of this Order are applicable to information produced by a Non-Party to this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections or otherwise impacting or restricting a Producing Party's use of such information, other than with respect to the disclosure of such information in this Litigation.

   8.2 <u>Production of Non-Party Information Where No Protective Order is in Place</u>: In the event that a Party is required, by a valid discovery request, to produce a Non-Party's information in the Party's possession, and the Party is subject to: (1) an agreement with the Non-Party not to produce the Non-Party's confidential information; and/or (2) federal laws or regulations governing the Party's production of Non-Party information, then the Party shall:

   (a) Promptly notify in writing the Party requesting the information and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party and/or federal laws or regulations governing the Party's production of such information;

(b) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a description of the information requested;

(c) Make the information requested available for inspection by the Non-Party;

(d) If the Non-Party timely seeks an additional protective order, the Producing Party shall not produce any of the Non-Party's information in its possession or control that is subject to the confidentiality agreement and/or federal laws or regulations before a determination by the court; and

(e) If the Non-Party consents or does not object to the production of its information by a Producing Party, the Producing Party will produce the Non-Party's information.

8.3 <u>Production of Confidential Non-Party Information Where A Protective Order Is in Place</u>: In the event that a Party is required, by a valid discovery request, to produce a Non-Party's information in its possession, and the information is subject to a protective order in another litigation, then the Party shall promptly notify in writing the Party requesting the information and the Non-Party that some or all of the information requested is subject to a protective order. If the Non-Party does not consent to the Party's production of the Non-Party's information subject to the protective order, the Requesting Party may seek an order compelling the production of the requested information from the appropriate court. If a Non-Party consents to the production of its information that is subject to the protective order, the Non-Party may designate its information as CONFIDENTIAL, as set forth in Section 8.4.

8.4 <u>Non-Party's Designations</u>: A Non-Party may designate its information to be produced by a Party as CONFIDENTIAL in accordance with and under this Order by

indicating to the Party that the information should be marked as CONFIDENTIAL. The Producing Party must identify what information the Non-Party has designated as CONFIDENTIAL, which must be treated in accordance with this Order.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The production of privileged or work product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. The parties' determination that any documents are to be sealed is not binding on the Court.

11. MISCELLANEOUS

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4. The fact that a Party or Non-Party has designated a document or other material as CONFIDENTIAL under this Order is insufficient by itself to justify filing under seal. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

11.4 <u>Inconsistent Designations</u>. In the event that a Party produces two or more identical or substantially identical copies of a Document or other information, and any copy is designated Confidential while other copies are not so designated, all such identical or substantially identical Confidential Information shall be treated as such once notice is given of the inconsistent designation. The Designating Party shall be responsible for giving notice of the inconsistent designation and for providing new, redesignated copies of the Documents or information that is "Confidential."

11.5 <u>Opportunity to Designate Confidential Information</u>. The Bureau already has

received Confidential Investigative Information from Defendants that Defendants have not had an opportunity to designate as CONFIDENTIAL in this Litigation. The Bureau will: (1) not disclose Defendants' Confidential Investigative Information in this Litigation without first providing Defendants notice and an opportunity to designate such Confidential Investigative Information as CONFIDENTIAL and subject to this Protective Order within a reasonable amount of time; or (2) file Defendants' Confidential Investigative Information under seal pursuant to Local Rule 5.4 to allow Defendants the opportunity to designate such information as CONFIDENTIAL and subject to this Protective Order. This provision is limited to the disclosure of Defendants' Confidential Investigative Information in this Litigation and should not be interpreted to otherwise impact, restrict, or govern any other use or disclosure of Defendants' Confidential Investigative Information that is authorized by this Order or permitted by federal statute or regulation applicable to the Bureau.

12. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material or retain such material as required by federal recordkeeping requirements, as set forth in Title 44 of the U.S. Code, and schedules promulgated thereunder, in a manner that ensures the confidentiality of the material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material except as required to comply with federal recordkeeping requirements. Whether the Protected Material is returned, destroyed, or retained pursuant to federal recordkeeping requirements, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or retained pursuant to federal recordkeeping requirements; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material except as required pursuant to federal recordkeeping requirements. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 12/12/2017            _Jean M. Healey_
                             Attorneys for Plaintiff

DATED: 12/14/2017            _[signature]_
                             Attorneys for Defendant(s)

*The parties' determination that a document should be sealed shall not be binding on the Court.*

IT IS SO ORDERED.

DATED: December 15, 2017     _William Matthewman_
                             United States ~~District Court~~ MAGISTRATE Judge

16

## EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the _____ District of _____ on _____ [date] in the case of *Consumer Financial Protection Bureau v. Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*, Case No. 9:17-CV-80495. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Florida agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____