**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION
BUREAU,

        Plaintiff,

   v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
and OCWEN LOAN SERVICING, LLC,

        Defendants.

**OCWEN'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED**
**MEMORANDUM OF LAW**

Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC ("Ocwen") move this Court for an order relieving Ocwen from the requirement to respond to the Consumer Financial Protection Bureau's ("Bureau") First Requests for Admission ("RFAs").  The Court should grant Ocwen's motion for two reasons.  First, the Bureau did not propound the RFAs to winnow down the issues at trial to those that are disputed. Rather, in continued flagrant disregard for this Court's rules and past rulings, the Bureau's RFAs seek 48,444 separate admissions regarding facts at the very heart of the parties' dispute—a tactic this Court has harshly criticized as an abuse of discovery rules.  For this reason alone, the RFAs are improper.  Second, independent of the impropriety of the RFAs, Ocwen also should not be required to respond to the Bureau's RFAs because the sheer volume of admissions, and the amount of time and expense required to answer them at this stage of the case, is oppressive and unduly burdensome under Federal Rule of Civil Procedure 26(c)(1).

## RELEVANT BACKGROUND

The Bureau filed its Complaint on April 20, 2017, (DE 1), and on June 23, 2017, Ocwen timely moved to dismiss every count.  (DE 31). The Bureau opposed the motion on July 20, 2017, and Ocwen replied on August 4, 2017.  (DE 35, 37). Ocwen's motion remains pending, and the parties are engaged in discovery.  On June 19, 2017, Judge Marra entered a Scheduling Order (DE 29) after review of the parties' Joint Scheduling Report (DE 28). The Scheduling Order did not enlarge the number of depositions or interrogatories permitted under the Federal Rules, despite the Bureau's request.  To date, Ocwen has served two requests for production (totaling 66 individual requests), and only two interrogatories.  The Bureau timely responded to Ocwen's discovery, and has served two requests for production (totaling 58 individual requests, one of which has 73 subparts), 15 interrogatories, and one set of requests for admission.  Ocwen timely responded to all of the Bureau's discovery, except for the subject requests for admission.

On January 11, 2018, the Bureau served the 22 RFAs at issue.  **Ex. 1**.  They demand that Ocwen admit or deny the same 22 statements about 2,202 individual borrower accounts.  **Ex 2**.[1] Ocwen has produced over 86,000 pages, and is now producing additional discovery, including servicing files for over 2,000 borrowers. Ocwen also is preparing approximately 40,000

---

[1] Row 802 in Exhibit 2 is blank.  Pursuant to Fed. R. Civ. P. 5.2(a), Ocwen has redacted the loan numbers in Exhibit 2 to include only the last four digits.

additional pages for production and responding to 15 interrogatories about thousands of loans. Ocwen also produced more than 1.5 million pages in response to the Bureau's eight Civil Investigative Demands in the eighteen-month investigation preceding this lawsuit.

## ARGUMENT

**A.  The Bureau's RFAs Are Improper Because The Bureau Is Using RFAs As A Discovery Tool, But RFAs Are Not A Substitute for Interrogatories or Requests for Production, and May Be Used Only to Narrow Undisputed Issues for Trial.**

The RFAs seek 48,444 admissions as to facts at the crux of the dispute. This Court already has recognized that RFAs of that nature are improper. The Bureau could have used its requests for production or interrogatories to seek the data to prove or disprove the disputed facts in the RFAs.  Alternatively, the Bureau could have determined the information from the five data requests to which Ocwen already has responded. Those requests, like the RFAs, demanded information about foreclosures and loss mitigation. But the Bureau did not.

Instead, for each of the 2,202 loans attached to the RFAs, the Bureau circumvents the limitation on interrogatories, and instead asks Ocwen to admit or deny self-serving—and often mutually exclusive—statements about borrowers' loss mitigation applications and foreclosure proceedings. All 22 RFAs are designed to elicit support for the allegation that Ocwen engaged in "dual tracking"—claims that Ocwen was "foreclosing on [borrowers'] loans even though the borrowers were performing on agreements on loss mitigation options." Compl. ¶ 236; *accord id.* ¶¶ 240, 303-07. The dual tracking allegations form the basis of Counts III ("Ocwen's Unfair Foreclosure Practices"), IV ("Ocwen's Deceptive Foreclosure Communications"), and XIII ("Ocwen's Foreclosure Violations") of the Complaint. Consequently, rather than seeking to narrow the issues for trial by resolving undisputed facts, the Bureau's RFAs impermissibly "seek to elicit admissions regarding issues that are at the crux of the dispute." *Palacio v. Citimortgage, Inc.*, 2013 WL 1092833, at *1 (S.D. Fla. Mar. 14, 2013). The Court should not allow it.

"A Rule 36 admission is intended to serve as an unassailable statement of fact that narrows the trial issues in the case." *Rance v. D.R. Horton, Inc.*, 2009 WL 10668925, at *3 (S.D. Fla. Apr. 20, 2009) (citation and internal quotation marks omitted).  The Eleventh Circuit has explained that "Rule 36 is a time-saver, designed to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial*." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) (emphasis in original) (internal quotation marks omitted).

Accordingly, "the law in this circuit is that Rule 36 . . . is not a discovery device, and is intended merely to weed out issues which the requesting party will doubtless be able to prove." *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 742657, at *3 n.2 (S.D. Fla. Feb. 24, 2011) (internal quotation marks omitted); *accord Demaria v. Gisbex Clearing Corp., S.A.*, 2012 WL 13008158, at *2 (S.D. Fla. Mar. 12, 2012).

Conversely, requests like those here, seeking admissions regarding issues "at the crux of the dispute" are an improper use of Rule 36. *Palacio*, 2013 WL 1092833, at *1. Courts in this circuit have explained that this is because "[a] plaintiff is not entitled to force the defendants to admit or deny the plaintiff's carefully phrased statements on the crucial issues in the case." *In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995); *accord Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969) ("[R]equests for admissions as to central facts in dispute are beyond the proper scope of the rule" and have "consistently been held improper.");[2] *Bingham v. Baycare Health Sys.*, 2016 WL 3595772, at *1-2 (M.D. Fla. July 5, 2016) (applying *Pickens*); *Valle v. Nat'l Recovery Agency*, 2012 WL 1831156, at *1 n.1 (M.D. Fla. May 18, 2012) (same).

This Court's decision in *Palacio* is instructive. A mortgagor moved to compel responses to RFAs from a mortgagee. 2013 WL 1092833, at *1. The Court found that the requests—seeking admissions such as that the lender received a check fully paying the mortgage—were "improper" and not "designed to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed." *Id.* (citing *Perez*, 297 F.3d at 1268); *see* 12-civ-81058, DE 47-1 at 3. Rather, the requests were "not a proper use of Rule 36" as they sought "to elicit admissions regarding issues that are at the crux of the dispute." *Palacio*, 2013 WL 1092833, at *1.

Similarly, in *In re Olympia*, the Court held that the plaintiff's requests for admission were improper under Rule 36 because they "clearly require[d] the defendant to admit a crucial issue in the dispute." 189 B.R. at 853. The court concluded that the requests, which sought admissions concerning "a central fact in dispute"—whether the defendant was a small business—"were improperly propounded to force the defendant to concede a highly contested factual issue prior to

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit before October 1, 1981.

trial." *Id.* The court imposed sanctions based, in part, on finding that plaintiff's requests improperly "attempted to eliminate central issues in dispute." *Id.* at 853, 855, 858.

Here, the RFAs are aimed at issues at the heart of the dispute. They request that Ocwen admit, for 2,202 accounts, disputed factual issues and legal questions. For example, they request that Ocwen admit "that while the Borrower was performing under a Loan Modification, the Borrower's loan was foreclosed upon" (RFA 15, **Ex. 1** at p. 4) and "that [Ocwen] had not [] complied with the requirements of 12 C.F.R. § 1024.41" (RFA 8, **Ex. 1** at p. 4). The RFAs are also peppered with defined phrases, and the definitions themselves assume certain disputed issues of fact and law or hopelessly muddle the specific admission. For example, four of the ten defined terms state a definition, then refer to Regulation X, RESPA's implementing regulation. Regulation X, in turn, broadens the defined term materially, as in the case of the term "Loss Mitigation Option." As another example, the RFAs define "borrower" to include not only actual borrowers but also successors-in-interest and "authorized agents"—a distinction that may yield an admission as to one "borrower" but a denial as to another as to the same loan. The self-serving statements and garbled definitions show that the RFAs are not limited to "unassailable statement[s] of fact," *Rance*, 2009 WL 10668925, at *3, but seek to have Ocwen admit disputed issues at the core of the Bureau's claims, such as how to interpret the requirements of Regulation X, whether borrowers were properly performing under a loan modification, and whether Ocwen had violated RESPA. These issues should be left for trial.

Indeed, the RFAs show the Bureau is still trying to *establish* facts, and are certainly not propounded to dispense with "uncontested facts." For example, in addition to demanding that Ocwen admit each borrower was "performing under a Loan Modification" (RFA 15, **Ex. 1** at p. 4), the Bureau seeks admissions that each borrower was "performing under" (i) "a trial Loan Modification," (ii) "a permanent Loan Modification," (iii) "a short sale offer," or (iv) "a deed-in-lieu of foreclosure offer." (RFAs 16-19, **Ex. 1** at pp. 4-5). Practically, it cannot be true that a single borrower was performing under all these loss mitigation options at once. But because the Bureau has not reviewed the servicing files, it does not know which example above applies to each loan, and it is using RFAs, rather than interrogatories or even review of servicing files, to find out. RFAs cannot do the Bureau's work for it, and the Court should order that Ocwen need not respond. *See Point Blank Sols.*, 2011 WL 742657, at *3 n.2.

**B. Requiring Ocwen to Respond to Nearly 50,000 Demands Encompassed in the Bureau's RFAs Would Be Oppressive and Unduly Burdensome.**

Independently, the motion should be granted because the sheer volume of RFAs is oppressive and unduly burdensome. *See* Fed. R. Civ. P. 26(c)(1). Although the Bureau will claim there are only 22 demands (**Ex. 1** at pp. 3-5), each RFA applies to 2,202 borrower accounts (*see* **Ex. 2)**. Rule 26(c) grants a court broad discretion to limit discovery, upon a showing of good cause, to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense".  Here there is good cause for the Court to issue such a protective order.

First, the Bureau's RFAs are orders of magnitude larger than requests that this Circuit has found oppressive and unduly burdensome under Rule 26. *See, e.g.*, *Bettis v. Toys "R" Us-Delaware, Inc.*, 273 F. App'x 814, 819 (11th Cir. 2008) (per curiam) (375 requests); *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC*, 2017 WL 6210835, at *2 (S.D. Fla. Dec. 7, 2017) (Matthewman, J.) (112 requests); *JCW Software, LLC v. Embroidme.com, Inc.*, 2011 WL 2149062, at *2 (S.D. Fla. May 31, 2011) (3,807 requests).[3]

Second, the burden of responding is not limited to the RFAs' sheer volume. To respond, Ocwen would have to review each of the 2,202 loan files. That process requires reviewing not just data codes, but various facts in the file to determine whether additional data points are necessary to provide an accurate response. For instance, sometimes it is necessary to determine if a borrower received prior modifications to answer RFAs intended to support allegations that Ocwen violated RESPA. Unsurprisingly, this review would require far more time than the 30-day deadline, and be far more labor intensive and costly.

## CONCLUSION

For the foregoing reasons, Ocwen respectfully requests that this Court grant its Motion.

---

[3] In *JCW Software, LLC v. Embroidme.com, Inc.*, the plaintiff served 3,807 requests for admission. 2011 WL 2149062, at *1. Similar to the RFAs here, the plaintiff in *JCW* characterized "the over 3,000 requests [as] merely 62 requests for admission repeated for each [of the defendants'] franchise location[s]." *Id*. The Court found "the sheer number of requests [wa]s unreasonably burdensome and expensive, as well as unnecessarily duplicative." *Id.*

Dated: February 15, 2018                    Respectfully submitted,


                                            */s/ Bridget Ann Berry*
                                            Bridget Ann Berry
                                            **GREENBERG TRAURIG, P.A.**
                                            777 South Flagler Drive, FL 33401
                                            Tel.: 561.650.7900
                                            BerryB@gtlaw.com

                                            Thomas M. Hefferon (*pro hac vice*)
                                            Sabrina M. Rose-Smith (*pro hac vice*)
                                            **GOODWIN PROCTER LLP**
                                            901 New York Ave., NW
                                            Washington, DC 20001
                                            Tel.: 202.346.4000
                                            thefferon@goodwinlaw.com
                                            srosesmith@goodwinlaw.com

                                            Matthew P. Previn (*pro hac vice*)
                                            **BUCKLEY SANDLER, LLP**
                                            1133 Avenue of the Americas, Suite 3100
                                            New York, NY 10036
                                            Tel.: 212.600.2310

                                            *Attorneys for Defendants Ocwen Financial Corp.,*
                                            *Ocwen Mortgage Servicing, Inc., and Ocwen*
                                            *Loan Servicing, LLC*

6

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Defendants have conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Bridget Ann Berry
Bridget Ann Berry

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on February 15, 2018 via ECF on all counsel or parties of record listed below:

Jean Healey
Email: jean.healey@cfpb.gov

Jan Singelmann
E-mail: jan.singelmann@cfpb.gov

Atur Desai
E-mail: atur.desai@cfpb.gov

/s/ Bridget Ann Berry
Bridget Ann Berry