# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No. 9:17-CV-80495- MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU
    Plaintiff,

vs.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,
    Defendants.

_____/

## BUREAU'S REQUESTS FOR ADMISSION

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Consumer Financial Protection Bureau ("Bureau" or "CFPB") propound the following Requests for Admission ("Requests"). The Bureau requests that Defendants answer each of the following Requests no later than February 11, 2018, at the Bureau's Washington, DC office at 1990 K Street NW, Washington, DC 20006.

## DEFINITIONS

As used in these Requests, the following definitions shall apply:

1. "Appeal" means a Borrower's appeal of a denial of a Loan Modification(s) within 14 days of receiving notice of that denial, as the terms appeal, denial, and notice are set forth in 12 C.F.R. § 1024.41, including at §41(h)(i).

2. "Borrower" means a Borrower under, co-Borrower under or successor-in-interest to a Borrower whom You have approved to assume the Loan, and, for purposes of

Request Numbers 3, 4, 5, 6, 7, and 8 also means an authorized agent for a Borrower under, co-Borrower under or successor-in-interest to a Borrower whom You have approved to assume the Loan.

3. "CFPB" or "Bureau" means the Bureau of Consumer Financial Protection.
4. "Company" or "You" or "Your" or "Ocwen" means Defendants and their parents, wholly or partially owned subsidiaries, or affiliates, and all principals, directors, officers, owners, employees, and agents. This includes all foreclosure attorneys and foreclosure trustees acting at Your direction.
5. "Complete Application" means an application in connection with which Ocwen has received all the information that Ocwen requires from a Borrower in evaluating applications for the loss mitigation options available to the Borrower, as set forth in 12 C.F.R. § 1024.41(b)(1).
6. "Facially Complete Application" means an application in which the Borrower submits all the missing documents and information as stated in the notice required pursuant to § 1026.41(b)(2)(i)(B), or no additional information is requested in such notice, as set forth in 12 C.F.R. § 1024.41(c)(2)(iii).
7. "Loan" or "Mortgage" means a mortgage loan or loan.
8. "Loan Modification" means a trial or permanent loan modification.
9. "Loss Mitigation Option" means an alternative to foreclosure offered by the owner or assignee of a mortgage loan that is made available through the servicer to the borrower, as set forth in 12 CFR 1024.31.  Loss Mitigation Options include, but are not limited to Loan Modifications, short-sales, and deed-in-lieu of foreclosures.
10. "Rescind" or "rescinded" means to vacate and set aside a decree or order of a

foreclosure or foreclosure sale upon a Mortgage, or otherwise unwind, revoke, cancel or repeal a foreclosure sale, foreclosure, or related order or action effectuating a foreclosure sale or foreclosure upon the Borrower's loan.

## INSTRUCTIONS

1. Answer each Request for each Borrower listed in the spreadsheets in Exhibit A. For example, for the Tab 1 titled "RFA 1", You should answer under the column titled "Request for Admission 1" for all loans in that spreadsheet with respect to Request for Admission No. 1.

## REQUESTS

1. Admit that the Borrower had a mortgage loan or loan secured by the Borrower's principal residence.

2. Admit that You have approved a successor in interest to the Borrower to assume the Loan.

3. Admit that You received a Complete Application from the Borrower on a date more than 37 days before a foreclosure sale was scheduled for the Loan of a Borrower.

4. Admit that You received a Complete Application from the Borrower on a date more than 90 days before a foreclosure sale was scheduled for the Loan of a Borrower.

5. Admit that as of the date You received a Complete Application from the Borrower, no foreclosure sale was scheduled for the Loan of a Borrower.

6. Admit that You received a Facially Complete Application from the Borrower on a date more than 37 days before a foreclosure sale was scheduled for the Loan of a Borrower.

3

7. Admit that as of the date You received a Facially Complete Application from the Borrower, no foreclosure sale was scheduled for the Loan of a Borrower.

8. Admit that You had not previously complied with the requirements of 12 C.F.R. § 1024.41 for a Complete Application submitted by the Borrower (*i.e.*, the Borrowers' Complete Applications were not duplicative requests under 12 C.F.R. § 1024.41(i)).

9. Admit that while Your Evaluation of the Borrower's Complete Application was pending, the Borrower's Loan was foreclosed upon.

10. Admit that the Borrower was entitled to an Appeal.

11. Admit that while the Borrower's time period to submit an Appeal had not yet expired, the Borrower's Loan was foreclosed upon.

12. Admit that while the Borrower submitted an Appeal, but had yet to receive a determination of the Appeal, the Borrower's Loan was foreclosed upon.

13. Admit that You denied the Borrower a Loan Modification Offer(s).

14. Admit that after You offered the Borrower a Loss Mitigation Offer(s) and while the Borrower still had time to accept the Loss Mitigation Offer(s), the Borrower's Loan was foreclosed upon.

15. Admit that while the Borrower was performing under a Loan Modification, the Borrower's loan was foreclosed upon.

16. Admit that while the Borrower was performing under a trial Loan Modification, the Borrower's loan was foreclosed upon.

17. Admit that while the Borrower was performing under a permanent Loan Modification, the Borrower's Loan was foreclosed upon.

18. Admit that while the Borrower was performing under a short sale offer, the Borrower's Loan was foreclosed upon.
19. Admit that while the Borrower was performing under a deed-in-lieu of foreclosure offer, the Borrower's Loan was foreclosed upon.
20. Admit that the foreclosure upon the Borrower's Loan was Rescinded.
21. Admit that the foreclosure upon the Borrower's Loan was Rescinded within 120 days of the foreclosure sale.
22. Admit that the foreclosure upon the Borrower's Loan was Rescinded within one year of the foreclosure sale.

Dated: January 11, 2018                     Respectfully submitted,


                                                                                           */s/* Jean M. Healey_____
E-mail: jean.healey@cfpb.gov
Phone: 202-435-7514
Jan Singelmann
E-mail: jan.singelmann@cfpb.gov
Phone: 202-435-9670
Atur Desai
E-mail: atur.desai@cfpb.gov
Phone: 202-435-7978

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of Plaintiff's First Set of Admissions were served on January 11, 2018, on all counsel or parties of record on the following Service List by e-mail.

/s/ Jean M. Healey
Jean M. Healey

SERVICE LIST

*Attorneys for the Defendants*:

**Bridget Ann Berry**
Greenberg Traurig, P.A.
777 South Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Tel: 561.650.7900
Fax: 561.655.6222
BerryB@gtlaw.com, darschs@gtlaw.com, thomsonj@gtlaw.com,
WPBLitDock@GTLAW.com, whitfieldd@gtlaw.com, msheldon@goodwinlaw.com

**Thomas M. Hefferon**
**Sabrina M. Rose-Smith**
Goodwin Proctor LLP
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

**Matthew P. Previn**
Buckley Sandler LLP
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel: 212.600.2310
mprevin@buckleysandler.com