**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

OCWEN FINANCIAL CORPORATION; OCWEN MORTGAGE SERVICING, INC.; and OCWEN LOAN SERVICING, LLC,

Defendants.

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "NOTICE" [DE 52] AND PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [DE 53]; AND ALTERNATIVE MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S NEW OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT [DE 31].**

Defendants Ocwen Financial Corporation and Ocwen Mortgage Servicing, Inc. and Ocwen Loan Servicing, LLC, by and through undersigned counsel and pursuant to the Local Rules of this Court, file this Motion seeking to strike Plaintiff's Notice [DE 52 (the "Declaration Notice")] and Notice of Supplemental Authority [DE 53 (the "NSA")], both recently filed by Plaintiff without leave of court or conferral with Defendants. Alternatively, consistent with due process and the Local Rules, Defendants seek leave of court to reply to the new matters raised by Plaintiff in opposition to Defendants' Motion to Dismiss the Complaint [DE 31].

**DEFENDANTS' MOTION TO STRIKE**

On February 5, 2018, in violation of Local Rules 7.1 and 7.7, Plaintiff Consumer Financial Protection Bureau ("Bureau"), filed one document it called a "Notice" and another it called a "Notice of Supplemental Authority" (together, the "Notices"), containing new facts and argument to support Plaintiff's position that Defendants' pending Motion to Dismiss "must be denied." Declaration Notice, at 3.

Both Notices should be stricken. It is patently improper for a party to file additional briefing on a pending motion without leave of Court (and without conferring with the opposing party). The Local Rules provide for a three-brief schedule for all dispositive motions (the motion and incorporated memorandum, opposing memorandum, and reply memorandum). *See* Local Rule 7.1(c). In accordance therewith, Defendants' Motion to Dismiss has been fully briefed since August 4, 2017, and "[n]o further or additional memoranda of law shall be filed without prior leave of Court." *Id.* Further, the Local Rules are clear that attorneys and any party represented by an attorney shall not address or present to the Court "in the form of a letter or the like any application requesting relief in any form, citing authorities, or presenting arguments" unless invited or directed by the presiding Judge. Local Rule 7.7(a).

Any motion for leave of Court to file the Notices would have had to have been supported by a certification by the Bureau's counsel that the Bureau's counsel had conferred with Defendants' counsel in a good faith effort to resolve the issues raised or had made reasonable efforts to do so. Local Rule 7.1(a)(3). Here, the Bureau failed to make any effort to confer with Defendants, and failed to seek leave of court to make the filings. Defendants first learned of the filings through the CM/ECF Notice of Electronic Filing.

The Bureau's violation of the Local Rules is particularly egregious here because the Notices are used by the Bureau as a vehicle to make an entirely new substantive argument. That argument rests on a newly drafted and executed declaration. *See.* [DE 52-1 ("Declaration of Mick Mulvaney")]. The Declaration Notice purports to advise the Court "of recent events" — specifically, (1) that the Bureau is now headed by an Acting Director, Mick Mulvaney and (2) that Acting Director Mulvaney "ratified" his predecessor's decision "to file" this lawsuit. These circumstances, the Bureau contends, require this Court to reject the constitutional challenge raised in Defendants' Motion to Dismiss as a basis for dismissal. The Bureau takes three pages of dense legal discussion to make this point (which, as explained in the attached proposed reply memorandum, is quite simply wrong).

This Court should not allow the Bureau to supplement its opposition to the pending Motion to Dismiss to add new, substantive argument, without first seeking and obtaining leave of the Court and without conferring with Defendants. There is no provision of the Local Rules that would have permitted the filing of the Notices. And, even if the Declaration Notice were to be treated as akin to a "notice of supplemental authority," it lands quite wide of the mark for

such a filing, as does the NSA. When permitted, "notices of supplemental authority should not make legal argument." *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011) (striking notice of supplemental authority filed without prior leave of court); *Tracphone Wireless, Inc. v. Unlimited PCS, Inc.*, No. 12-20013-CIV-Ungaro, 2012 WL 12996615 (S.D. Fla. Mar. 14, 2012) (same). Here, both the Declaration Notice and the NSA are used as vehicles by the Bureau to make unauthorized, improper substantive argument in violation of the Local Rules. Accordingly, Defendants respectfully request that this Court strike the Bureau's Declaration Notice and NSA from the docket.

**DEFENDANTS' ALTERNATIVE MOTION**
**FOR LEAVE TO FILE A REPLY TO NEW MATTERS RAISED**
**IN PLAINTIFF'S DECLARATION NOTICE [DE 52] AND NSA [DE 53]**

In an abundance of caution, Defendants alternatively move for leave to file a supplemental reply to the Bureau's Declaration Notice and NSA, which amount to unauthorized and improper supplemental responses in opposition to Defendants' Motion to Dismiss. As noted above, due process and the Local Rules dictate that the movant have an opportunity to file a reply memorandum in support of its motion to rebut matters raised in a memorandum in opposition. See Local Rule 7.1(c). Here, if the Court does not strike the Declaration Notice and the NSA, Defendants should be afforded the opportunity to serve a reply memorandum to what amounts to new facts and argument presented in opposition to Defendants' Motion to Dismiss.

To briefly explain, as demonstrated by Defendants' proposed reply memoranda attached hereto pursuant to Local Rule 7.1(c) and CF/ECF Rules of Procedure Section 31(1), and contrary to the Bureau's contention, the fact that the Bureau has had an Acting Director since November 24, 2017 and that Acting Director Mulvaney has purportedly ratified the Bureau's decision to sue does not dispose of Defendants' constitutional challenges. *See* Exhibit A (proposed reply to Declaration Notice). Further, *PHH Corp. v. CFPB*, No. 15-1177 (Jan. 31, 2018 D.C. Cir.) (en banc), is a non-binding decision from a district court outside of this Circuit that does not reach many of the constitutionality arguments that Ocwen's Motion makes, and so does nothing to aid this Court in resolving those issues. *See* Exhibit B (proposed reply to NSA). Accordingly, Defendants respectfully request that, in the event the Court does not strike Plaintiff's Notices, this Court grant leave to Defendants to file reply memoranda to address the new matters raised by Plaintiff's Declaration Notice and NSA.

WHEREFORE, Defendants respectfully request that this Court enter an order striking the Bureau's Declaration Notice and NSA, or, alternatively, enter an order granting Defendants leave to file a reply to Plaintiff's unauthorized and improper "Notices" amounting to supplemental response memoranda to Defendants' Motion to Dismiss.

LOCAL RULE 7.1 CERTIFICATION

Defendants' counsel hereby certifies that, pursuant to Southern District of Florida Local Rule 7.1(a)(3), the parties have conferred and counsel for Plaintiff does not consent to the relief requested herein.

Dated: February 27, 2018

Respectfully submitted,

s/ Catalina E. Azuero

Bridget Ann Berry
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Tel.: 561.650.7900
Email: BerryB@gtlaw.com

Thomas M. Hefferon (*pro hac vice*)
Sabrina M. Rose-Smith (*pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Ave., NW
Washington, DC 20001
Tel.: 202.346.4000
Email: thefferon@goodwinlaw.com
Email: srosesmith@goodwinlaw.com

Catalina E. Azuero
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617.57.01000
Email: cazuero@goodwinlaw.com

Matthew P. Previn (*pro hac vice*)
**BUCKLEY SANDLER, LLP**
1133 Avenue of the Americas, Suite 3100

New York, NY 10036
Tel.: 212.600.2310
Email: mprevin@buckleysandler.com

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on February 27, 2018 via CM/ECF on all counsel or parties of record listed below:

Jean Healey
Email: jean.healey@cfpb.gov
Jan Singelmann
E-mail: jan.singelmann@cfpb.gov
Atur Desai
E-mail: atur.desai@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

s/ Catalina E. Azuero
Catalina E. Azuero