**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:17-CV-80495- MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU,
Plaintiff,

vs.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,
Defendants.

___________________________________/

**PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "NOTICE" [DE 52] AND PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [DE 53]; AND RESPONSE TO DEFENDANTS' ALTERNATIVE MOTION FOR LEAVE TO FILE A REPLY [DE 31]**

This Court should deny Defendants' Motion to Strike the Notice and Notice of Supplemental Authority because those filings were proper pursuant to this Court's procedures.

Plaintiff Consumer Financial Protection Bureau (Bureau) does not object to the filing of the two proposed reply memoranda included as attachments to Defendants' motion, if the Court believes they would be useful. The Bureau also stands ready to provide additional briefing on the underlying issues.

## BACKGROUND

On February 5, 2018, the Bureau used this Court's CM/ECF system to file a Notice informing this Court that the Bureau's Director, Richard Cordray, had resigned, and that he had been replaced by an Acting Director, Mick Mulvaney. ECF No. 52. The

Notice also explained that Acting Director Mulvaney, whom the President may remove at will, had ratified the Bureau's decision to file a lawsuit against Defendants. The Bureau attached to the Notice a Declaration from the Acting Director confirming the ratification. On the same day, the Bureau also used this Court's CM/ECF system to file a Notice of Supplemental Authority, informing this Court that the D.C. Circuit had issued an en banc decision in *PHH Corp. v. CFPB*, 881 F.3d 75 (D.C. Cir. 2018). ECF No. 53. In their Motion to Dismiss, and in their reply, Defendants had relied on the panel's decision in that case, 839 F.3d 1 (D.C. Cir. 2017), which was vacated when the D.C. Circuit granted the Bureau's petition for rehearing.

On February 27, 2018, Defendants moved to strike both the Notice and the Notice of Supplemental Authority, and in the alternative moved for leave to file what they referred to as two replies in further support of their Motion to Dismiss. They attached those replies as exhibits to their motion.

**DISCUSSION**

The gist of Defendants' Motion to Strike is that, in filing the Notice and the Notice of Supplemental Authority, the Bureau failed to follow local rules that apply when a party files a motion. *See* Mot. at 2. In particular, they complain that, before filing the Notices, the Bureau did not first seek this Court's leave to file. They also complain that, before filing the Notices, the Bureau did not confer with Defendants. But notices are not motions, and requirements that apply to motions do not apply to notices. Indeed, this Court's CM/ECF filing system recognizes that a notice is a separate category of filing that is distinct from a motion. It is true that Local Rule 7 requires that, for most motions, consultation is a prerequisite to filing. But nothing in that rule, or anywhere

else in the local rules, requires a party to seek leave of court to file a notice or to consult with the opposing party.

Defendants also complain that the Bureau violated Local Rule 7.7, which prohibits any party from engaging in ex parte communications with a judge or any other court employee. *See United States v. Ninety-Nine Thousand, Four Hundred Eighty Dollars and No Cents ($99,480.00) in U.S. Currency*, No. 06-22966-CIV, 2007 WL 1059564, at *1 (S.D. Fla. Apr. 3, 2007). The Bureau did not violate Rule 7.7 because it did not file its Notices ex parte. Instead, the Bureau filed the Notices using this Court's CM/ECF system, and as a result that system simultaneously served Defendants with copies.

Finally, Defendants also complain that the Bureau used the Notices "to make an entirely new substantive argument." Mot. at 2. The purpose of a notice of supplemental authority is to "direct the Court's attention to legal authority or evidence that was not available at the time that that party filed the original brief to which the subsequent supplemental filing pertains. They should further note the argument to which the legal authorities or evidence relate." *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept 16, 2011). That is precisely what the Bureau's one-paragraph Notice of Supplemental Authority does – it brings to this Court's attention the D.C. Circuit's en banc decision in *PHH v. CFPB.* Although, absent leave of the court, a party may not file a sur-reply in the form of a notice of supplemental authority, *id.*, that is not what the Bureau's Notice of Supplemental Authority does.

Nor should this Court strike the Bureau's Notice. As the court explained in *Girard*, a party may use a notice to bring to the court new relevant evidence that could not have been discovered earlier. *Id.* The Notice should also explain how that evidence

relates to arguments that have been presented to the court. *Id*. That is what the Bureau's Notice does – it notifies this Court that the Bureau is no longer headed by its former Director, but is now headed by an Acting Director who is removable by the President at will. The Notice also explained how that change affects Defendants' challenge to the Bureau's constitutional structure. These are relevant facts that the Bureau properly sought to bring to the Court's attention.

The Bureau's Notice and its Notice of Supplemental Authority are appropriate filings, made consistent with this Court's rules and guidance. If this Court determines otherwise, however, or concludes that Defendants' proffered reply briefs are helpful, the Bureau has no objection to the filing of those two replies as attached by Defendants to their motion. And as noted above, if the Court would like briefing from the Bureau regarding either the D.C. Circuit's decision in *PHH v. CFPB* or the effect of Acting Director Mulvaney's ratification, the Bureau stands ready to provide it.

Dated: March 7, 2018

Respectfully submitted,

Attorneys for Plaintiff
CONSUMER FINANCIAL PROTECTION BUREAU

JEFFREY PAUL EHRLICH
Deputy Enforcement Director
GABRIEL O'MALLEY
Assistant Litigation Deputy

/s/ Jean M. Healey
Jean M. Healey
E-mail: jean.healeydippold@cfpb.gov
Phone: 202-435-7514

Jan Singelmann
E-mail: jan.singelmann@cfpb.gov
Phone: 202-435-9670

Atur Desai
E-mail: atur.desai@cfpb.gov
Phone: 202-435-7978

Tianna Baez
E-mail: tianna.baez@cfpb.gov
Phone: 1-202-435-9454

James Savage
E-mail: james.savage@cfpb.gov
Phone: 212-328-7007

Adam Cohen
E-mail: adam.cohen@cfpb.gov
Phone: 202-435-9584

Lawrence Demille-Wagman:
E-mail: lawrence.demille-wagman@cfpb.gov
Phone: 202-435-7957

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Plaintiff Consumer Financial Protection Bureau's Opposition To Defendants' Motion To Strike Plaintiff's "Notice" [DE 52] and Plaintiff's Notice of Supplemental Authority [DE 53]; and Alternative Motion For Leave To File a Reply To Plaintiff's New Opposition To Defendants' Motion To Dismiss Complaint [DE 31] were served on March 7, 2018, on all counsel or parties of record on the following Service List via CM/ECF.

/s/ Jean M. Healey_______

Jean M. Healey

SERVICE LIST

*Attorneys for the Defendants*:

**Bridget Ann Berry**
**Andrew Wein**
Greenberg Traurig, P.A.
777 South Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Tel: 561.650.7900
Fax: 561.655.6222
BerryB@gtlaw.com, darschs@gtlaw.com, thomsonj@gtlaw.com, weina@gtlaw.com, WPBLitDock@GTLAW.com, whitfieldd@gtlaw.com, msheldon@goodwinlaw.com

**Thomas M. Hefferon**
**Sabrina M. Rose-Smith**
**Catalina Azuero**
Goodwin Proctor LLP
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
thefferon@goodwinlaw.com, srosesmith@goodwinlaw.com, asussman@goodwinlaw.com, istearns@goodwinlaw.com

**Matthew P. Previn**
Buckley Sandler LLP
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel: 212.600.2310
mprevin@buckleysandler.com