# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No. 9:17-CV-80495- MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION
BUREAU,

    Plaintiff,

vs.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
and OCWEN LOAN SERVICING, LLC,

    Defendants.

_____/

## OPPOSITION TO MOTION TO INTERVENE,
## CERTIFY A CLASS, APPOINT CLASS COUNSEL, AND ADD DEFENDANTS

On February 26, 2017, six *pro se* persons filed a motion to intervene in this matter and to certify a class, appoint class counsel, and add several defendants.[1] The proposed intervenors have failed to establish any grounds for intervention under Rule 24 of the Federal Rules of Civil Procedure. The Court should therefore deny the motion to intervene and deny as moot the rest of the relief the proposed intervenors seek.

## BACKGROUND

On April 20, 2017, the Bureau filed a Complaint alleging that Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc. and Ocwen Loan Servicing, LLC (collectively, "Ocwen") violated the Consumer Financial Protection Act of 2010 ("CFPA") and various federal laws and regulations in servicing residential-mortgage loans. On June 23, 2017, Ocwen filed a motion to dismiss that is now fully briefed and pending before the Court. On June 19, 2017, the Court issued a scheduling order[2] setting a pretrial schedule and trial date. That order set September 1, 2017, as the deadline for amending the pleadings and adding parties and September 20, 2018, as the deadline for completing fact discovery. The parties have been engaged in discovery since last August.

---

[1] Doc. 59.
[2] Doc. 29.

The motion to intervene, filed by Robynne A. Fauley, Catherine Gebhart, Marcia A Swift, Rhonda Hardwich, Tuli Molina-Wohl, and Denise Subramanian, proposes to significantly expand the scope of this litigation by, among other things, adding new claims, new defendants, and new plaintiffs (a class that "consists of dozens to potentially thousands of homeowners illegally foreclosed upon by LNV Corporation . . . whose mortgage servicer, MGC Mortgage Inc. ('MGC'), is a successor to Litton Loan Servicing LP, a subsidiary of Defendant Ocwen Loan Servicing, LLC").[3]

## ARGUMENT

The Court should deny intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). The Court should further deny the motion as moot to the extent it seeks other relief.

### I. The Court should deny the request to intervene as a matter of right.

To intervene as a matter of right under Rule 24(a), the proposed intervenor must establish that: (1) the motion to intervene is timely; (2) the proposed intervenor has an interest relating to the property or transaction which is the subject of the action; (3) the proposed intervenor is so situated that disposition of the action, as a practical matter, may impede or impair the his ability to protect that interest; and (4) that the proposed intervenor is represented inadequately by the existing parties to the suit.[4] The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met.[5] Here, the proposed intervenors have not met their burden on any of the required factors. The Bureau addresses the most obvious deficiencies below.

#### A. The motion to intervene is not timely.

The motion to intervene does not address whether it is timely. It is not.

---

[3] Doc. 59 at 1.
[4] *Purcell v. Bank Atlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir. 1996).
[5] *See Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir.1989); *Blake v. Batmasian*, Case No. 15-81222-CIV, 2016 WL 7447253, at *6 (S.D. Fla. Sept. 15, 2016) (Marra, J.); *see also Hofmann v. EMI Resorts, Inc.*, 698 F.Supp. 1361, 1379 (S.D. Fla. 2010) (denying *pro se* motion to intervene as untimely where it was filed seven months after complaint and would prejudice existing parties)*; Sierra Club, Inc. v. Leavitt*, 488 F.3d 904,910 (11th Cir. 2007) (denying intervention for failing to meet only one of the four requirements).

1

The "timeliness" inquiry requires consideration of several factors, including (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of her interest in the case before she sought to intervene; (2) the extent of the prejudice that the existing parties might suffer as a result of the would-be intervenor's failure to apply for intervention as soon as she actually knew or reasonably should have known of her interest in the case; (3) the extent of the prejudice that the would-be intervenor might suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.[6]

The motion addresses none of these factors. But there is no reason to conclude that the proposed intervenors have satisfied them. From their papers, it appears as though the proposed intervenors have been battling other mortgage servicers for almost a decade. And this case was filed almost a year ago. Yet the proposed intervenors did not seek to join this lawsuit until now, more than ten months after the Complaint was filed and more than five months after the pretrial deadline for amending claims and adding parties. The current parties would suffer prejudice should intervention be allowed now. We are knee-deep into fact discovery, with multiple motions pending before the Court and a September 2018 fact-discovery deadline looming. To expand this litigation now by adding new claims, new plaintiffs, and new defendants, and to complicate the matter further by transforming this government law-enforcement action into a private class action, would cause undue delay and burden for the current parties and the Court.[7] For these reasons alone, the Court should deny the motion to intervene.[8]

---

[6] *See Meek v. Metro. Dade County*, 985 F.2d 1471, 1478-79 (11th Cir. 1993) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263-66 (5th Cir.1977)), *abrogated on other grounds by Dillard v. Chilton County Comm'n*, 495 F.3d 1324 (11th Cir. 2007).
[7] *See Hofmann*, 689 F.Supp. 2d at 1380 ; *Roberts v. Gordy*, Case No. 13-24700-CIV, 2015 WL 11201183, at *2 (S.D. Fla. Apr. 14, 2015) (holding that motion to intervene was untimely due in part to extensive discovery already served and prejudice to existing parties that would need to prepare for additional discovery from proposed intervenor).
[8] *See NAACP v. New York*, 413 U.S. 345, 365-66 (1973) (upholding denial of motion to intervene filed three months after the complaint and at a critical point in the case); *see also Roberts*, 2015 WL 11201183, at *2 (holding that "[i]f the motion to intervene is untimely, the Court must deny intervention" under Rule 24).

### B. The proposed intervenors have no interest in this action.

The proposed intervenors have not met their burden to show that they have a "direct, substantial, legally protectable interest" in the subject of the lawsuit.[9] While the proposed intervenors recite their ongoing civil actions against other mortgage servicers and related entities, those actions appear to have begun as early as 2007—well before the relevant period in this matter—and largely involve allegations unrelated to this litigation, such as questions under state law as to whether the proposed new defendants appropriately conveyed mortgage notes and assignments. The proposed intervenors state that "the interests of the class, including homeowners with properties in Palm Beach County Florida and throughout the United States, will be impaired if this class is not permitted to intervene," but they do not explain how this is so. It is unclear how their interests would be impaired, particularly where they are seeking to protect their interest in already pending litigation. Because the proposed intervenors have failed to provide any explanation for how this case could possibly affect their rights vis-à-vis parties not currently involved in this case, the Court should deny their request for intervention as of right.

### C. To the extent they have an interest in this case, the Bureau adequately represents the proposed intervenors.

Proposed intervenors must show that that they would be represented inadequately by the existing parties to the suit they seek to join. Typically, representation is considered adequate "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty."[10] And courts routinely deny motions to intervene by plaintiffs in actions brought by governmental agencies that represent the proposed plaintiffs' general objectives.[11]

---

[9] *Mt. Hawley Ins. Co. v. Sandy Lake Props. Inc.*, 425 F. 3d. 1308, 1311 (11th Cir. 2005).
[10] *See Fla. Power & Light Co. v. Belcher Oil Company*, 82 F.R.D. 78, 81 (S.D. Fla. 1979) (citing *Martin v. Kalvar Corp.*, 411 F.2d 552, 553 (5th Cir. 1969)).
[11] *See, e.g., EEOC v. Darden Rest., Inc.*, No. 15-20561-CIV, 2015 WL 13559888, at *2 (S.D. Fla. Nov. 3, 2015) (intervention motion denied where intervenors provided no reason why government would not adequately represent their interests in the case); *United States v. Sec'y, Fla. Dep't of Corr.*, No. 12-22958-CIV, 2013 WL 4786829, at *1

Here, the proposed intervenors have failed to explain how they have any interests at all in this litigation, let alone one that is adverse to the Bureau's. But to the extent they have any interest here, the proposed intervenors' interests, like those of other consumers, are adequately represented by the Bureau—the primary federal regulator concerning the laws at issue in this suit, including the CFPA.[12] Because the CFPA does not permit private rights of action,[13] the proposed intervenors have no separate interest in asserting their claims here. Rather, the Bureau is presumed to adequately represent the interests of consumers through its enforcement matters.[14]

The proposed intervenors have failed to explain how they satisfy this factor. The Court should therefore, on this basis alone, deny the motion.

## II. The Court should also deny permissive intervention.

If a party cannot intervene as a matter of right, Rule 24(b) allows for permissive intervention where the motion is timely and the moving party "has a claim or defense that shares with the main action a common question of law or fact."[15] The decision whether to allow intervention under Rule 24(b), even where there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, is entirely within the court's discretion.[16] In exercising its discretion, federal courts must consider

---

(S.D. Fla. Sept. 6, 2013) (denying motion to intervene where government sought broad relief encompassing movants' requested relief).

[12] 12 U.S.C. § 5491(a) ("There is established in the Federal Reserve System, an independent bureau to be known as the 'Bureau of Consumer Financial Protection', which shall regulate the offering and provision of consumer financial products or services under the Federal consumer financial laws."); 12 U.S.C. § 5564(a) (authorizing the Bureau to file suit to enforce the consumer financial-protection laws, including the CFPA).

[13] *See Yeh Ho v. Wells Fargo Bank, N.A.*, No. 15-81522-CIV, 2016 WL 4595977, * 7 (S.D. Fla. Aug. 29, 2016) (Marra, J.) (finding no private right of action in the CFPA and dismissing claims); *Cornwall v. Third Fed. Sav. & Loan*, 8:15-CV-2616-T-EAK-AAS, 2016 WL 4034782 at *2 (M.D. Fla. Jul. 25, 2016) (same).

[14] *See, e.g., FTC v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015) (holding that district court properly denied consumer's motion to intervene and noting that if a named party is a government entity that represents interests common to the public, there is a presumption of adequate representation); *FTC v. Amer. Telnet, Inc.*, 188 F.R.D. 688, 691 (S.D. Fla. 1999) (King, J.) (denying consumer victim's motion to intervene; holding that FTC, in its capacity of a federal agency charged with enforcing consumer-protection laws, adequately represented consumer's interest).

[15] Fed. R. Civ. P. 24(b)(1)(B).

[16] *Purcell,* 85 F.3d at 513.

whether intervention would unduly delay or prejudice the adjudication of the original parties' rights.[17]

Here, too, the proposed intervenors fall short. They list several potential claims that they would like to assert on behalf of a class, including a CFPA claim, which lacks a private right of action.[18] And they further propose various constitutional claims and violations of the Uniform Commercial Code that are largely unrelated—in terms of facts, timing, and defendants—to the allegations here. Where there is a lack of common issues of law or fact, permissive intervention is not warranted,[19] particularly where, as here, granting the motion would prejudice the parties.[20]

### III.   The Court should deny as moot the request for other relief.

Because the proposed intervenors have not meet their burden to establish the right to intervene under Rule 24(a) and because permissive intervention is not warranted under Rule 24 (b), the Court need not address the proposed intervenors' additional requests to certify a class, appoint class counsel, and add additional defendants.[21] The Court should deny these requests as moot.

### CONCLUSION

The Court should deny the proposed intervenors' motion.

Dated: March 12, 2018        Respectfully submitted,

Attorneys for Plaintiff
CONSUMER FINANCIAL PROTECTION BUREAU

CARA PETERSEN
Principal Deputy Enforcement Director

JEFFREY PAUL EHRLICH
Deputy Enforcement Director

GABRIEL O'MALLEY
Assistant Litigation Deputy

---

[17] *See Meek*, 985 F.2d at 1477.
[18] *See Yeh Ho*, 2016 WL 4595977, *7; *Cornwall*, 2016 WL 4034782, at *2.
[19] *See Meek*, 985 F.2d at 1477.
[20] *See Amer. Telnet*, 188 F.R.D. at 692 (denying permissive intervention where it would have prejudiced existing parties).
[21] *See, e.g.*, *EEOC v. E. Airlines, Inc.*, 736 F.2d 635, 637 (11th Cir. 1984) (holding that non-party could not move to vacate consent decree where non-party's motion to intervene was properly denied).

/s/ Erin Mary Kelly
Erin Mary Kelly
E-mail: erin.kelly@cfpb.gov
Phone: 202-435-7367

Jean M. Healey
E-mail: jean.healeydippold@cfpb.gov
Phone: 202-435-7514

Jan Singelmann
E-mail: jan.singelmann@cfpb.gov
Phone: 202-435-9670

Atur Desai
E-mail: atur.desai@cfpb.gov
Phone: 202-435-7978

Tianna Baez
E-mail: tianna.baez@cfpb.gov
Phone: 202-435-9454

James Savage
E-mail: james.savage@cfpb.gov
Phone: 212-328-7007

Adam Cohen
E-mail: adam.cohen@cfpb.gov
Phone: 202-435-9584

Lawrence Demille-Wagman
E-mail: lawrence.demille-wagman@cfpb.gov
Phone: 202-435-7957

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of this Opposition were served on MARCH 12, 2018, on all counsel or parties of record on the following Service Lists via CM/ECF or US Mail as indicated below.

> */s/* Erin Mary Kelly
> Erin Mary Kelly

<u>SERVICE LIST – via CM/ECF</u>

*Attorneys for the Defendants*:
**Bridget Ann Berry**
**Andrew Wein**
Greenberg Traurig, P.A.
777 South Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Tel: 561.650.7900
Fax: 561.655.6222
BerryB@gtlaw.com, darschs@gtlaw.com, thomsonj@gtlaw.com, weina@gtlaw.com, WPBLitDock@GTLAW.com, whitfieldd@gtlaw.com, msheldon@goodwinlaw.com

**Thomas M. Hefferon**
**Sabrina M. Rose-Smith**
**Catalina Azuero**
Goodwin Proctor LLP
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
thefferon@goodwinlaw.com, srosesmith@goodwinlaw.com, asussman@goodwinlaw.com

**Matthew P. Previn**
Buckley Sandler LLP
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel: 212.600.2310
mprevin@buckleysandler.com

<u>SERVICE LIST – US Mail</u>

**Robynne Fauley (Proposed Intervenor)**
12125 SE Laughing Water
Sandy, OR 97055

**Denise Subramaniam (Proposed Intervenor)**
13865 SW Walker Road
Beaverton, OR 97005