**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

OCWEN FINANCIAL CORPORATION; OCWEN MORTGAGE SERVICING, INC.; and OCWEN LOAN SERVICING, LLC,

Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S "NOTICE" [DE 52] AND PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY [DE 53]; AND ALTERNATIVE MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S NEW OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT [DE 31]**

This Court should reject the arguments raised in the CFPB's Opposition (DE 65) (Plaintiff's "Opposition") to Defendants' Motion to Strike Plaintiff's "Notice" [DE 52] and Plaintiff's Notice of Supplemental Authority [DE 53]; and Alternative Motion for Leave to File a Reply to Plaintiff's New Opposition to Defendants' Motion to Dismiss (Defendants' "Motion") and grant Defendants' Motion to strike for three reasons.[1]

*First*, the CFPB contends that the Notice was not subject to the requirement of Local Rule 7.1(c) that "[n]o further or additional memoranda of law shall be filed without prior leave of Court" because the Notices are not "motions." Opp. at 2-3. But in the very case cited by the CFPB, *Girard v. Aztec RV Resort, Inc.*, No. 10-62298, 2011 WL 4345443 (S.D. Fla. Sept 16,

[1] While Ocwen is responding to the procedural points raised in the CFPB's Opposition, Ocwen has also submitted responses in the alternative to its Motion to Strike. The real issues raised by the Notices are, first, the CFPB's continued disregard for this Court's procedure, and second, that the result of that disregard is endless supplemental briefing that likely is not helpful to the court, or which could have been raised at oral argument should the Court find additional such discussion to be instructive.

2011), this Court recognized that supplemental notices that "engage in argument in support of Defendants' Motion to Dismiss" "constitute memoranda of law" subject to the requirements of Local Rule 7.1(c). *Id.* at *3; *accord Tracfone Wireless Inc.*, No. 12-20013, 2012 WL 12996615, at *1-2 (S.D. Fla. Mar. 14, 2012). Because the Notices present a new substantive argument, the CFPB was required to seek leave of this Court prior to filing. And, had they complied with that requirement, would have been required to confer with Defendants pursuant to Local Rule 7.1(a)(3) prior to filing their motion for leave.

*Second*, the CFPB incorrectly characterizes Local Rule 7.7 as prohibiting only *ex parte* communications with the Court. The Rule prohibits any party from "address[ing] or present[ing] to the Court in the form of a letter or the like any application requesting relief in any form, citing authorities, or presenting arguments" without invitation or permission to do so. The Rule contains no limitation to "*ex parte*" communications. The authority cited in the Opposition, *United States v. Ninety-Nine Thousand, Four Hundred Eighty Dollars and No Cents ($99,480.00) in U.S. Currency*, No. 06-22966, 2007 WL 1059564 (S.D. Fla. Apr. 3, 2007), merely applied the rule to an *ex parte* communication; it in no way limited the scope of the rule to such communications. If the CFPB's interpretation of Local Rule 7.7 was correct, parties would be free to bombard the Court with "letter[s] or the like" and "application[s] requesting relief" at any time so long as they copied the other party on that correspondence. Plainly, the Rule is not so limited. Rather, because the CFPB improperly used the Notices to "cit[e] authorities" and "present[] arguments" to the Court without seeking permission to do so, the Notices should be stricken.

*Third*, the Bureau claims that the Notices did not include legal argument. As Ocwen showed in its Motion, the CFPB's Notices did raise arguments based on the cited new authority, which is improper. DE 60 at 2-3; Ex. A at 1; Ex. B at 1-2.

This Court should therefore grant Defendants' Motion.

Dated: March 14, 2018

Respectfully submitted,

s/ Bridget Ann Berry
Bridget Ann Berry
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Tel.: 561.650.7900
BerryB@gtlaw.com

Thomas M. Hefferon (pro hac vice)
Sabrina M. Rose-Smith (pro hac vice)
Catalina E. Azuero (Florida Bar No. 821411)
**GOODWIN PROCTER LLP**
901 New York Ave., NW
Washington, DC 20001
Tel.: 202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com
cazuero@goodwinlaw.com

Matthew P. Previn (pro hac vice)
**BUCKLEY SANDLER, LLP**
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel.: 212.600.2310

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on March 14, 2018 via CM/ECF on all counsel or parties of record listed below:

*Attorneys for the Plaintiff*:

**Jean Marie Healey**
**Adam Harris Cohen**
**Atur Ravi Desai**
**James Joseph Savage**
**Jan Edwards Singelmann**
**Lawrence DeMille-Wagman**
**Tianna Elise Baez**
**Amanda Christine Roberson**
**Erin Mary Kelly**
Consumer Financial Protection Bureau
1700 G Street, N.W.
Washington, DC 20552
jean.healey@cfpb.gov | 202-435-7514
adam.cohen@cfpb.gov | 202-435-9584
atur.desai@cfpb.gov | 202-435-7978
james.savage@cfpb.gov | 212-328-7007
jan.singelmann@cfpb.gov | 202-435-9670
lawrence.wagman@cfpb.gov | 202-435-7957
tianna.baez@cfpb.gov | 202-435-9454
amanda.roberson@cfpb.gov | 202-435-9447
erin.kelly@cfpb.gov | 202-435-7367

s/ Bridget Ann Berry
Bridget Ann Berry