

Steven M. Larimore
Court Administrator, Clerk of the Court
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street, Room 202
West Palm Beach, FL 33401

# Case Number: 9:17-cv-80495-KAM

## Cover Sheet – Instructions for filing attached
## Communication with the Court to be filed ASAP

I phoned the clerk's office and was told there is no FAX number and I have only the option to mail this in. I did not receive service of an objection so there may be an urgency to meet a filling deadline and I don't know when this deadline is – we are hereby with this communication asking the court to grant us an extension of filing time and to appoint a pro bono class counsel.

A copy of this letter/sworn declaration needs to be filed into two cases so to make it easier (I hope) I have made separate copies with a cover sheet or each one.

This copy is to be filed as a correspondence with the court into Case Number: 9:17-cv-80495-KAM

This cover sheet is not meant to be filed but for filing information

Sincerely

Denise Subramaniam

Steven M. Larimore
Court Administrator, Clerk of the Court
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street, Room 202
West Palm Beach, FL 33401

March 20, 2018

RE: Cases: **9:17-cv-80495-KAM**, Doc. 35, 38 & 42 and **9:17-CV-80496-KAM**, Doc. 59, 65 & 68
**Declaration of Denise Subramaniam** in support of request for appointment of pro bono class counsel
and extension of filing time.

**TO THE IMMEDIATE ATTENTION:** Honorable Judge Kenneth A. Marra and Chief Judge K.
Michael Moore

Dear Honorable Judges:

This letter is my declaration to support our Plaintiff-Interveners Motion and is made under oath
and penalty of perjury. I hereby state that I, Denise Subramaniam, declare that I am over the age of
eighteen (18) years and have personal knowledge of the facts set forth in this letter/declaration, and if
called as a witness, could and would competently testify to the facts set forth herein.

I have been very ill. I was not served with the responses in objection to our motion to intervene as
Plaintiffs in these two cases and have not read them. I'm going by what the others have told me about
them. I believe we have a constitutional right to be heard in this matter; and to be represented by
appointment of a **certified class counsel with experience in complex financial matters**.

I empathize with the Plaintiffs' concerns about being nearly through discovery and not wanting to
add more time to these cases for our sake but according to the Consumer Financial Protection Bureau
website - https://www.consumerfinance.gov/about-us/the-bureau:

> *We aim to make consumer financial markets work for consumers, responsible providers,*
> *and the economy as a whole. We protect consumers from unfair, deceptive, or abusive*
> *practices and take action against companies that break the law.*

The United States Attorney General is the top law enforcement officer and lawyer for the
government. The state attorney general in each of the 50 U.S. states and territories is the state's chief law
enforcement officer.  They are charged with protecting consumers and citizens from unfair, deceptive, or
abusive business practices and from crimes, including financial crimes. Members of our class have not
been protected and deserve to be protected.

The class is well defined: homeowners who have been foreclosed upon by LNV Corporation
(LNV) pursuant to an assignment of deed of trust or mortgage recorded in our respective counties that
purports to convey beneficial interest in our mortgage notes and deeds of trust to LNV from Residential

Funding Company LLC (RFC) each notarized by Diane M. Meistad on March 10, 2008; a date prior to the Nevada incorporation of LNV. Exactly how many class members exist is unknown but I personally have located approximately 200 assignments that meet class criteria. To determine an exact number of class members the March 10, 2008 agreement between LNV, RFC, Litton aka Ocwen and/or others must be produced and examined by a certified class counsel.

The ResCap Liquidating Trust and Perkins Coie LLP (PC) claim *In re RESIDENTIAL CAPITAL, LLC, et al*, U.S. Bankruptcy Court Southern District New York, Case No: 12-12020 that LNV holds **SERVICING RIGHTS**, while LNV and PC have claimed in foreclosure cases LNV is the "owner" or "holder" or "holder in due course" of the NOTE; and assignments were recorded with intent to deceive judges. This is indicative of deceit and a pattern of unlawful activities and crimes and is worthy of investigation and legal action by our U.S. and state Attorneys General to prevent other citizens from suffering the significant losses and depravation of civil rights we have suffered.

Defendant Ocwen and successors and predecessors to Litton/Ocwen, and others have been sued by Plaintiff Florida Attorney General and 48 other state Attorney Generals, including each of our state Attorneys General, and the U.S. Attorney General which resulted in settlements of billions of dollars. Defendants agreed to consent judgments intended to prevent them from engaging in foreclosures using forged, false mortgage/foreclosure instruments yet this fraud continues undeterred; destroying our lives in the process. None of the millions of dollars our states received from these settlements was allocated to assist us as victims of these prohibited illegal acts committed by Defendant Ocwen, its successors and predecessors. In each of our cases successors (MGC and LNV, both solely owned by multi-billionaire D. Andrew Beal) continues to perfect foreclosures using false mortgage/foreclosure instruments illegally manufactured by Litton aka Ocwen and others in violation of consent judgments and settlements. Our interests have not been addressed by the government's earlier actions against Defendants; and our interests will not be addressed without intervention in the current actions and potential settlements.

If Plaintiffs agree to file a separate lawsuit to address the issues presented by our claims against Litton aka Ocwen, MGC, LNV, RFC and others involved in this illegal activity then we will be happy to withdraw our motion. Otherwise our class should be appointed class counsel and granted the right to proceed as co-Plaintiffs in this action.

I am not an attorney. I have no formal training in law and have never represented myself as having such. None of the other class members named in our motion to intervene (Doc. 35 in case 9:17-cv-80495-KAM and Doc. 59 in case 9:17-CV-80496-KAM) are attorneys and none of them have formal training in law and none of them have ever represented themselves as having such. Neither I, nor they are capable or qualified to represent our own legal interests or those of other members of the class.

As a group most of the members have been reduced to representing themselves pro se after years of litigation involving various parties who willfully deceived courts and our attorneys about the validity their legal interest in our mortgages and their standing to collect payments and to foreclose on our properties including but not limited to LNV, RFC, Homecomings Financial Network, Inc. (Homecomings); JPMorgan Chase (Chase); Washington Mutual (WAMU); EMC Mortgage LLC (EMC), MGC Mortgage Inc.(MGC); Litton Loan Servicing LP (Litton) which was purchased by Defendant Ocwen Financial Corporation (Ocwen) in June 2011: https://www.housingwire.com/articles/ocwen-financial-buys-litton-263-million.

Our financial resources and ability to pay for legal counsel have been intentionally undermined by willful deception and fraud upon the court during years of ligation intended to deceive judges.

Litton was the servicer of my mortgage, and the mortgages of Robynne A. Fauley and Tuli Molina-Wohl in 2006 to 2009. I have considerable documentary evidence to prove I was never in default and made payments to Litton and to Litton's predecessor EMC Mortgage LLC (EMC) a subsidiary of "The Bear Stearns Companies, LLC" (Bear Stearns) which still operates as a subsidiary of JPMorgan Chase (Chase) successor to Bear Stearns. I have personally viewed documentary evidence that shows Litton was or claimed to be the servicer of the Fauley and Molina-Wohl mortgages.

In each of our cases Litton and/or a predecessor misappropriated our mortgage payments; a claim that Plaintiffs CFPB and the Florida Attorney General makes against Ocwen, Litton's parent corporation in cases 9:17-cv-80495-KAM and 9:17-CV-80496-KAM. I have documentary evidence in my own case to prove the truth of this claim and can testify to such. I have personally viewed documentary evidence pertaining to the Fauley and Molina-Wohl mortgages that proves the truth of their claims and can testify to such. As a class the evidence in each of our cases collectively shows a significant pattern of fraud by Litton aka Defendant Ocwen and successors MGC and LNV.

It is a matter of public record (recorded instruments) that in 2006 and 2007 respectively Litton aka Defendant Ocwen initiated a non-judicial foreclosure against my property and Robynne Fauley's property in Oregon. Litton recorded an assignment of deed of trust in Clackamas County (Instrument # 2007-038181; see accurate and true copy of this assignment on page 12) on June 3, 2007. Litton employee **Denise Bailey** endorsed the assignment as "Assistant Secretary" of "Residential Funding Company LLC" when she was not and never has been employed by RFC. It was notarized by Texas Notary **Brenda F. McKinzy** on April 11, 2007 with no witnesses. This instrument was used in a foreclosure action filed against Ms. Fauley first in an Oregon district court in 2014; then in the federal court in 2015. LNV voluntarily withdrew its state claim and refiled in federal court where a summary judgment was issued favoring LNV. (Foreclosing parties know summary judgments are easier to obtain in federal courts. A

summary judgment obtained in a federal court deprives their victims of state remedies that would allow them to remain in their homes pending appeal. We believe federal courts being "courts of limited jurisdiction" violate the 10th Amendment to the United States Constitution when they take jurisdiction over foreclosure actions which by their very nature involve purely state matters centered squarely upon physical parcels of land located solely within the boundaries of state borders. Nothing in the Constitution grants federal courts jurisdiction in foreclosure matters.)

Denise Bailey and Brenda McKinzy were/are Litton employees. Denise Bailey is a publically recognized robo-signer for Litton and was deposed in numerous lawsuits including *U.S. Bank Nat'l Assoc'n v. Austin*, CACE0847335 (Fla. Cir. Ct. June 8, 2009). Available through the Osceola Florida County Clerk's Office is a report issued on December 29, 2014 by DK Consultants titled: "FORENSIC EXAMINATION OF THE REAL PROPERTY RECORDS AND THE CIRCUIT COURT RECORDS OSCEOLA COUNTY, FLORIDA." The report states:

> *Significant to this Assignment of Mortgage **are the known Litton Loan Servicing, LP robosigners (Marti Noriega and __Denise Bailey__**) who both claims to be Vice Presidents of MERS as nominee for MFC Mortgage, Inc. of Florida, when in fact, both signers are in Houston, Texas and are **employed by Litton**. There were no witnesses to this document, which was acknowledged by **__Brenda McKinzy__** (whose Texas notary commission appears to have expired on 12-05-2010). The document attempts to assign the Mortgage and Note to the SunTrust Alternative Loan Trust 2006-1F, which was long since closed and could not accept it. This document was then relied upon in a foreclosure action, which carried on into the target period of this forensic examination; **thus, the criminal implications therein.***
>
> Page 221 – Emphasis Added

> *...Roger N. Gladstone (FBN612324) and Carly R. Weitzman (FBN89862) appears to have **filed what is purported to be the orginal note and mortgage** on behalf of Gladstone Law Group, P.A.*

> *The indorsement-in-blank is situated ABOVE the Borrower's signature, when it was evident there was plenty of room below to affix it; this after Wong's Complaint attempted to enforce lost loan documents. **At issue is an Assignment of Mortgage (CFN#2009051563) recorded on 04-01-2009 that was clearly manufactured by Litton Loan Servicing employees** under the direction of Goldman Sachs, using MERS as a sole Assignor of the mortgage and note. Marti Noriega and **__Denise Bailey__ (both known robosignors for Litton)** affixed their signatures to this document **claiming to be "officers" of MERS** (Bailey attesting with a rubber stamped title).*
>
> Page 608 – Emphasis Added

Litton also recorded an assignment of deed of trust in Washington County Oregon on June 28, 2006 (Instrument # 2006-077542; see accurate and true copy of this assignment on pages 13-14) endorsed by Dana Lantry as "Asst. Vice President" of People's Choice Home Loan, Inc. notarized by California Notary Sergio Lomeli on December 29, 2005. "Litton #18099663" is hand written in the upper left corner of page 1. The same day, June 28, 2006, Litton and/or Cal-Western Reconveyance Corporation (Cal-

Western) recorded a substitution of trustee, (Instrument # 2006-077543; see accurate and true copy of this instrument on pages 15-16), that states on page 1: "NOW, THEREFORE, **HOMECOMINGS FINANCIAL NETWORK, INC.** hereby substitutes" endorsed by <u>**Debra Lyman**</u> as "Vice President" of "Homecomings Financial Network, Inc." This instrument is notarized by Texas Notary <u>**Laura Herrera**</u> on March 20, 2006. Debra Lyman was not and never has been employed by Homecomings; she worked/works for Litton aka Defendant Ocwen. A notice of default was also recorded the same day in behalf of Homecomings notarized on <u>**June 26, 2006**</u> (see exhibit 7 to our motions).

Laura Herrera is/was likely a Litton aka Ocwen employee. On August 29, 2006 Laura Herrera notarized an Assignment of Real Estate Mortgage recorded in Pottawattamie County, IA on Sept. 13, 2006 Instrument# 004455 (see true and accurate copy on page 17) endorsed by <u>**Denise Bailey**</u> and Marti Noriega **as Vice Presidents of "Mortgage Electronic Registration Systems, Inc."** (MERS).

Prima facie facts on recorded Instrument # 2006-077542 are in direct factual conflict with two purported Dana Lantry endorsements on the purported "original note" and with facts in an audio taped phone conversation between Dana Lantry and me. Two other instruments recorded the same day show Homecomings was in fact beneficiary of my mortgage beyond April 3, 2006 the date that the false assignment recorded by MGC in June 2008 purports Homecomings conveyed to RFC. The Oregon federal judge failed to address these factual discrepancies when he granted summary judgment to LNV.

<u>**Debra Lyman**</u> has endorsed numerous other "substitutions of trustee" instruments recorded in counties in states across the country that were used in foreclosures. She is named in a Williams Country Texas Real Property Records Audit dated January 29, 2013; a certified copy can be obtained from Nancy Rister, Williamson County Clerk, phone: (512) 943-1515, website: https://www.wilco.org/County-Clerk . The audit involved the detailed review of 1,576 assignments and associated documents and states:

> "*Nearly every document reviewed by the audit team involved one or more of the following:*
> 1. *Robosigning (fraudulent verifications of the contents of unread documents)*
> 2. *Wholesale document fabrication*
> 3. *Mortgage assignment issues*
>    a. *Use of MERS as nominee for lender and lender's successors without naming the lender of record or the lender claiming an interest in the property*
>    b. *Use of MERS for signors to assign an interest in the property to themselves*
>    c. *Use of MERS agents to slander title to property; impose potential double liability on property owners; release and re-convey property through document manufacturers; to issue potentially or fatally flawed warranty and trustee's deeds and to appear to appoint themselves as substitute trustees*
>                                                                                     Page 2

*For example, in Selkowitz's case, "the Appointment of Successor Trustee" was signed by* <u>***Debra Lyman***</u> *as assistant vice president of MERS Inc. Doc. 8-1, at 17. There was no*

*evidence that Lyman worked for MERS, but the record suggests she is 1 of 20,000 people who have been named assistant vice president of MERS.*

Page 165– Emphasis Added

Debra Lyman has also authored numerous affidavits submitted to courts as a Vice President of Litton. Two New York cases involving **Debra Lyman** affidavits are:

1. *Wells Fargo Bank, N.A. v Farmer* 2008 NY Slip Op 51133(U) [19 Misc 3d 1141(A)], decided on June 5, 2008; and
2. *Credit-Based Asset Servicing & Securitization, LLC v Akitoye* 2009 NY Slip Op 50076(U) [22 Misc 3d 1110(A)], decided on January 20, 2009 both cases held in Supreme Court, Kings County, NY by Judge Schack. Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431;

The Honorable Judge Schack wrote in his decisions; (Emphasis Added):

*[A]ssuming that WELLS FARGO could explain and cure the assignment defects, WELLS FARGO had to provide answers about LITTON, its alleged servicer. The instant application for an order of reference contains an "**affidavit of merit** and amount due" by **Debra Lyman, Vice President of LITTON, attorney in fact for WELLS FARGO**....Since the Court does not know for whom WELLS FARGO is the Trustee, the Court has no way to know if the above-named March 1, 2005 Agreement refers to the instant mortgage...the Court needs to know for whom WELLS FARGO holds the mortgage loan in trust. Further, to determine if **Ms. Lyman had the authority** to execute her affidavit on behalf of plaintiff WELLS FARGO, the Court required an inspection of the March 1, 2005 Servicing Agreement....In the instant action, the two December 8, 2004 assignments - ARGENT to AMERIQUEST and AMERIQUEST to WELLS FARGO - are defective. This denies WELLS FARGO's standing to bring this action...*

*Wells Fargo Bank, N.A. v Farmer*

*According to the June 19, 2008-**affidavit of Debra Lyman, Vice President of C-BASS**, plaintiff AKITOYE defaulted on the subject loan with his first payment, due on September 1, 2006, pursuant to the terms of the note...This Court is concerned that LITTON, as NEW CENTURY's attorney in fact, assigned the never performed AKITOYE mortgage and note on July 7, 2007 to its owner, C-BASS, for below market value, depriving NEW CENTURY, then in Chapter 11 bankruptcy proceedings of market value for the AKITOYE mortgage and note. Further, the Court wonders why C-BASS would purchase a loan that never performed, 312 days after its September 1, 2006 default. Did C-BASS pay a bargain basement price to NEW CENTURY? Did LITTON report this assignment price to the Bankruptcy Trustee? Did LITTON, NEW CENTURY's agent, in the July 7, 2007 assignment give an undue advantage to its owner, C-BASS, or did LITTON act properly on behalf of its principal, NEW CENTURY? These questions beg answers...Plaintiff C-BASS must have "standing" to bring this action...Plaintiff C-BASS lacked standing to foreclose on the instant mortgage and note when this action commenced on April 2, 2007...*

*Credit-Based Asset Servicing & Securitization, LLC v Akitoye*

In these cases the HONORABLE New York Judge Arthur Schack performed the kind of due diligence to a determination of facts and the application of the **RULE OF LAW** that the American public expects from its judiciary; and which our Constitution demands. Anything short of the methodology used by Judge Arthur Schack to determine whether a foreclosing party has standing to foreclose is a denial of

our 5th Amendment's guarantee to due process of law before being deprived of our life, liberty and property. The fact that LNV, MGC, Litton and Ocwen are private parties does not negate the fact that state and federal government players (judges) are parties to such unconstitutional derivation when they fail to fairly and impartially determine facts and apply rule of law uniformly to those facts. I, and the other members of the class, have been denied due process of law and a jury trial. Without appointment of pro bono class counsel we will again be denied due process of law.

I am a disabled person as defined by the Americans with Disabilities Act (ADA). I was diagnosed decades ago with ADHD specifically named as a disability requiring accommodation under the ADA. I was a pro se **DEFENDANT** in an action that could, and did, result in the illegal, government sanctioned, confiscation of my real property valued at $500,000 and that resulted in a significant degradation of my life quality and my personal liberty without due process of law and without a jury trial in violation of my fundamental civil rights under the United States Constitution.

I moved the Oregon U.S. District Court, and the U.S. 9th Circuit Court of Appeals, under the ADA for reasonable accommodation of extra filing time and/or appointment of pro-bono counsel which was denied. The outcome of the foreclosure case against me most likely would have been different if I was at least granted extended filing deadlines. Extra time to perform tasks is routinely granted to people with ADHD. Had I been appointed pro bono counsel it is 100% certain LNV Corporation as successor to Litton aka Ocwen would not have prevailed in summary judgment.

ADHD is not my only disability requiring accommodation. After repeated bouts of whopping cough, strep throat, sinus infections, bronchitis and asthma in the 1980s I was diagnosed with "myalgic encephalomyelitis" and/or "chronic fatigue syndrome" (ME/CFS). An October 11, 2015 article in the Medical Hypotheses Section of Elsevier, Volume 85, Issue 6, December 2015, Pages 765-773 states:

> "*Myalgic encephalomyelitis, also known as chronic fatigue syndrome or ME/CFS is a complex, debilitating disease, of unknown etiology and with no curative treatment. Patients experience a substantial loss of physical and mental functional capacity and many are wheelchair dependent, housebound or bedbound. The cardinal feature is malaise and worsening of symptoms following minimal physical or mental exertion which can persist for hours, days or weeks and is not relieved by rest or sleep. Other symptoms include pathological fatigue, cognitive impairment, non-restorative sleep, pain and a multitude of immune, neurological and autonomic symptoms. The illness usually follows a prolonged course over years, with relapses and remissions.*"

I have in fact suffered numerous remissions and debilitating relapses over the years; and am suffering a relapse now. From childhood I suffered repeated allergic reactions that caused severe rashes and skin eruptions. Medication didn't always help and sometimes worsened symptoms and aggravated my ADHD symptoms. In 2000/2001 I was diagnosed with non-allergic rhinosinusitis where inflammation

causes symptoms triggered by cigarette smoke, perfumes, cleaning products and other chemical pollutants/irritants. The doctor told me the only prevention was avoidance of triggers. In 2008/2009 I was additionally diagnosed with fibromyalgia and arthritis. Arthritis caused nerve damage that required spinal surgery in March 2015. My previously diagnosed non-allergic rhinosinusitis was reclassified as "multiple chemical sensitivity syndrome" (MCS) when symptoms became so acute my ability to function and work became severely limited. In 2012 a judge overturned an agency denial of SSD benefits citing my long well documented medical history. I'm telling your Honors this so you know that the fact I am disabled was determined by a judge after evaluation of decades of documented medical evidence.

I am not a "kook" like the parties opposing our motions (Doc. 35 in Case: 9:17-cv-80495-KAM, and Doc. 59 in Case: 9:17-CV-80496-KAM) wish to portray me. They love to attack me personally to distract from the real issues about the nature of the March 10, 2008 "agreement" between LNV and/or RFC and/or Litton aka Ocwen.

I have specific disabilities that explain what they consider erratic and disruptive behavior and unfocused rambling in our pleadings. The opposing parties, the Ocwen Defendants and Plaintiffs the CFPB and the Florida Attorney General agree that our pleadings show we are incompetent to represent ourselves in this matter. Our opposition points out that we are inept in the process of law. We agree and this is why we have asked for appointment of pro bono counsel. Denial of appointment of pro bono counsel to this very specific class harmed by the illegal activities of Litton aka Ocwen and successors MGC and LNV in these two cases (9:17-cv-80495-KAM, and 9:17-CV-80496-KAM) would be a denial of due process of law and deprivation of our fundamental civil rights under the United States Constitution.

I suffered a re-bout of my ME/CFS/MCS beginning a few months ago with a persistent painful rash and open sores covering my body despite medical treatment. An infected tooth turned out to be the trigger. Infection spread throughout my body, the reason the rash and sores wouldn't heal. (I can provide medical records if requested.) The tooth has been extracted but I remain very ill rendering me incapable of defending or representing my own legal interests. Due process of law requires appointment of counsel.

The others are just as incapable of adequately representing class members' rights in this matter. Robynne Fauley has cancer, another disability specifically named as requiring accommodation under the ADA. Tuli Molina-Wohl is also disabled. She is one of the frailest women I've ever met and she has told me about several recent hospitalizations for serious medical problems. I worry about their survival.

In the interest of justice the appointment of a pro bono class counsel should be granted before this court grants any dismissals or denials of our motions. Each of the others should also have an opportunity to submit their own declarations to this court. Our lives have been greatly diminished by Defendants'

fraud and illegal activities.  Our lifetime of hard-earned wealth has been siphoned away from us into the hands of an exceptionally wealthy few by means of this fraud and illegal activities.  Our retirement; our liberty in old-age has been stolen from us.

Had the federal court in Oregon not denied me reasonable accommodation for my disabilities and not denied me my constitutional right to due process of law, equal protection of law and a jury trial through an unconstitutional summary judgment decision after the judge admitted he knew a default on a forged note did not convey standing to foreclose; a jury would have most certainly have dismissed LNV's complaint against me considering the significant substantial evidence that LNV was not entitled to enforce the terms of the note or the security instrument:

Case: 15-35963, 08/26/2016, ID: 10101730, DktEntry: 51, Page 2 of 9

"Well, if she's in default on a note that's forged, then she's *not* in default in a way that matters… right?  You have to have an authentic note for her to be in default on it, don't you?  Isn't that sort of the *basic* foundation of foreclosure?"

Hon. Chief Judge Michael W. Mosman
Status Conference, July 8, 2015
District Court Transcript
9thCCA.Dkt. 47, Exh. A. p. 16

*Case 3:14-cv-01836-MO; Document 92-1, Filed 09/03/15 Transcript*

Federal Judge Mosman knew I questioned the validity of each endorsement on the purported "note" manufactured by MGC and/or LNV as successors to Litton Loan Servicing LP (Litton) a subsidiary of Ocwen.  I had substantial and indisputable evidence to dispute the authenticity of those endorsements.  I was already at a horrific disadvantage as a pro se **DEFENDANT** but as a disabled pro se DEFENDANT denied reasonable accommodation I was blatantly discriminated against in a way that violated my fundamental civil rights under color of law; summary judgment was the weapon used.

The U.S. Supreme Court in *Tolan v. Cotton*, 572 U. S. _____ (2014) reiterated well established precedence regarding the constitutional duty of a judge in summary judgment:

> *"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"*

The genuine issue of whether the document LNV purported to be the "original" and "genuine" note in my case should have gone to a jury trial.  Summary judgment was granted in direct opposition to established Supreme Court precedence.  That summary judgment is void.  This issue will go before the

United States Supreme Court, in the meantime every judge takes an oath of office to uphold the United States Constitution and a judge presented with an issue of constitutional consequence should act independently to protect and uphold the constitution. A void thing is not void because someone makes it void, it is void by its very nature when it was illegally and/or unconstitutionally obtained.

Each representative case was lost due to a **summary judgment decision** by a single judge who violated well established U.S. Supreme Court precedence. The genuine issues of whether documents proffered to all these courts were "genuine" "original" mortgage notes or forgeries was never addressed by any court. Nor was the rule of law, i.e. the Uniform Commercial Code Articles 3 and 9 ever applied to the specific indisputable facts in each case.

We opted to intervene in these two cases because we believe the Consumer Financial Protection Bureau and the Florida Attorney General (and our own State Attorney Generals) have a duty to protect the public interest of consumers and citizens.

In the cases at bar Defendant Ocwen is accused of engaging in the exact same illegal activities that MGC and LNV engaged in specific to our mortgages and LNV's foreclosures of our properties. MGC and LNV are direct successors to Litton owned/controlled by the Defendants. The documents LNV relied upon, and presented to courts as "genuine" were manufactured by Litton aka Ocwen. Relevance of the facts in these cases to the facts in our cases is apparent to any reasonable person.

The ResCap Liquidating Trust and Perkins Coie LLP (PC) claim LNV bought **SERVICING RIGHTS** from RFC while LNV has falsely claimed to federal judges that it bought the NOTE and is the "owner" or "holder" or "holder in due course" which is in direct factual conflict with what has now been claimed in Doc. 10482 of *In re RESIDENTIAL CAPITAL, LLC, et al.*, U.S. Bankruptcy Court Southern District New York, Case No: 12-12020: pages 10 and 13:

> *"LNV is identified in the Master Conflict List (Schedule 1 to the PC Declaration) among the "Other Parties to Servicing Agreements" but not as a creditor of the Debtors... As noted above, **LNV is identified as a party to loan servicing agreements** to which the **Debtors were parties**... In any event, as noted above PC disclosed its connection to LNV and the debtor in possession loan in which **CSG Investments** is alleged to have participated as a lender was paid off in full in connection with the closing of the Debtors' sale of their servicing platforms in February of 2013. See Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to asset Purchase Agreement with Ocwen Loan Servicing, LLC..."*

Perkins Coie (PC) is Special Insurance Coverage Counsel for the ResCap Liquidating Trust for the "debtors in possession" of *In re RESIDENTIAL CAPITAL, LLC, et al.* PC represented LNV in its foreclosure cases against me and Robynne Fauley in Oregon. PC knew there was a conflict of interest. It

appears PC intentionally misrepresented facts to federal judges in our cases. Precedence in the 9th Circuit gives standing to homeowners who have been foreclosed upon, as we have been, standing to challenge the contracts and/or agreements behind recorded assignments. It's imperative for this court to discover the exact nature of the March 10, 2008 agreement(s) between LNV, MGC, Litton aka Ocwen, RFC, Homecomings and others. Subpoena of this agreement is imperative to any determination regarding the class members' legal rights. Appointment of a pro bono certified class counsel is constitutionally mandated to perform adequate discovery in this matter. Discovery has thus far been denied to the members of the class specifically because they have been previously denied appointment of counsel.

Whether LNV merely acquired **servicing rights** from Ocwen and/or ResCap Debtors is of material interest in this matter and would prove fraud upon the court in LNV's foreclosure actions. PC in my case and Ms. Fauley's case collected on the purported "note" for LNV as a purported "holder" or owner of the note. This makes PC a debt collector as per the Fair Debt Collection Practices Act (FDCPA). If the March 10, 2008 agreement was for "servicing" then PC committed fraud upon the Oregon district court by misrepresenting facts about LNV's standing. LNV is also merely a debt collector and subject to the FDCPA regulated by the CFPB. These parties may be guilty of crimes specific to fraud against the United States and other RICO activities. These are issues of grave public interest.

Our class interests are not, and never have been adjudicated. The rule of law should apply to us and protect us. None of us are qualified – as opposing parties point out – to represent our individual legal rights or our collective class legal rights in this complex financial and potentially criminal matter. Appointment of a qualified class counsel is constitutionally mandated. Investigation into to potential crimes is warranted. Invitation to participate in this matter of immense public interest should be extended to the U.S. Attorney General and to our State Attorney Generals. We have no idea how to do this and ask the court to do so.

I, Denise Subramaniam, declare under penalty of perjury under the laws of the State of Oregon and Florida that the foregoing is true and correct.

Respectfully Submitted,

Denise Subramaniam

Dated: March 26, 2018

Case 9:17-cv-80495-KAM   Document 74   Entered on FLSD Docket 03/27/2018   Page 13 of 18

Case 3:15-cv-01422-HZ   Document 1-3   Filed 07/29/15   Page 4 of 11
Case: 16-35593, 11/03/2016, ID: 10185884, DktEntry: 12-1, Page 108 of 112

7889719

**Clackamas County Official Records** 2007-038181
**Sherry Hall, County Clerk**

$26.00

010983542007003810010012   05/03/2007 10:09:23 AM

M-TDA      Cnt=1 Stn=10 LESLIE
$5.00 $11.00 $10.00

Recording requested by:

When recorded mail to:

Litton Loan Servicing LP
4828 Loop Central Drive
Houston, TX 77081

FATCO. NO. 101082-TD

TS # OR-07-79188-JB          Order # 3290940          Loan # ▊▊▊▊

Space above this line for recorder's use

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to WASHINGTON MUTUAL BANK, FA all beneficial interest under that certain Deed of Trust dated **6/12/2002** executed by **ROBYNNE A FAULEY**, as Trustor(s) to STEWART TITLE GUARANTY COMPANY, as Trustee and recorded as Instrument No. **2002-057800**, on 6/20/2002, in Book xxx, Page xxx of Official Records, in the office of the County Recorder of **CLACKAMAS** County, OR together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated:  APR 1 1 2007

Residential Funding Company, LLC

By _____  Denise Bailey
        Assistant Secretary

State of  *Texas*          )
                                          ) ss
County of *Harris*        )

### Brenda F. McKinzy

On  APR 1 1 2007  before  me, _____ the
undersigned Notary Public, personally appeared _____ Denise Bailey _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature _Brenda F. McKinzy_  (Seal)

BRENDA F MCKINZY
Notary Public, State of Texas
My Commission Expires
December 05, 2010

Washington County, Oregon
06/28/2006 03:24:13 PM
D-MA      Cnt=1 Stn=22 I REED
$10.00 $6.00 $11.00 - Total = $27.00

**2006-077542**



0097431020060077542020021
L Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.
Richard W. Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

**RECORD AND RETURN TO**
GMAC-RFC
One Meridian Crossing, Suite #100
Minneapolis, MN 55423
RECORD CENTER AND DOCUMENT
ROUTING 03-03-40
Litton # 18099663

# ASSIGNMENT OF DEED OF TRUST 10335983

For Value Received, PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION

, holder of a Deed of Trust (herein "Assignor") whose address is
7515 IRVINE CENTER DR., IRVINE, CA  92618

, does hereby grant, sell,
assign, transfer and convey, unto      Homecomings Financial Network, Inc.

, a corporation
organized and existing under the laws of                              (herein "Assignee"),
whose address is ONE MERIDIAN CROSSING, Suite 100, MINNEAPOLIS, MN 56423 ,
a certain Deed of Trust, dated 02/10/2004                    , made and executed by
DENISE SUBRAMANIAM

to Paul S. Cosgrove, Lindsay Harte, Law Off                                ,

Trustee, upon the
following described property situated in WASHINGTON              , State
of Oregon:
SEE XXEGALXXDESCRIPTIONXXATTACHEDXXHEREXXANDXMADEXAXPARTXHEREOFXASXEXHIBITXXXXX
(A.P.N. #: R29757)
LEGAL DESCRIPTION:
LOT 4, BLOCK 2, DEVONSHIRE, IN THE COUNTY OF WASHINGTON AND STATE OF OREGON.

such Deed of Trust having been given to secure payment of ONE HUNDRED SEVENTY-SIX THOUSAND
AND 00/100                                  ($ 176,000.00      )
_(Include the Original Principal Amount)_
which Deed of Trust is of record in Book, Volume, or Liber No.        , at page        (or
as No. 2004-019937 ) of the              Records of WASHINGTON
County, State of Oregon, together with the note(s) and obligations therein described, the money due and to
become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.
Oregon Assignment of Deed of Trust
with Acknowledgment

VMP-995W(OR) (9711).04        11/97
Page 1 of 2
VMP MORTGAGE FORMS - (800)521-7291

# 10097572

TO HAVE AND TO HOLD, the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on 12-29-05

Witness  John Cardenas

Witness  CARMEL MULLINS

Attest

Seal:

PEOPLE'S CHOICE HOME LOAN, INC., a WYOMING CORPORATION
(Assignor)

By:
(Signature)
**Dana Lantry**
**Asst. Vice President**

This Instrument Prepared By: First American Title Insurance Company , address: 200 SW Market, #150, Portland, OR 97201 , tel. no.: (503)790-7890

State of CALIFORNIA
County of ORANGE

This instrument was acknowledged before me on 12-29-2005
by  DANA LANTRY, Asst. VICE PRESIDENT

as

PEOPLE'S CHOICE HOME LOAN INC.                    of

Sergio Lomeli

-995W(OR) (9711).04

# 10097572

SERGIO LOMELI
Commission # 1372949
Notary Public - California
Orange County
My Comm. Expires Sep 1, 2006

RECORDING REQUESTED BY:

AND WHE RECORDED MAIL TO:

CAL-WESTERN RECONVEYANCE CORPORATION
525 EAST MAIN STREET
P.O. BOX 22004
EL CAJON  CA  92022-9004

| | |
|---|---|
| Washington County, Oregon | **2006-077543** |
| 06/28/2006 03:24:13 PM | |
| D-MST        Cnt=1  Stn=22  I REED | |
| $10.00 $8.00 $11.00 - Total = $27.00 | |

0097431120060077543002002B

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.

Richard W. Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

_____Space Above This Line For Recorder's use_____

Loan No.: XXXX9663
T.S. No.: 1077668-09

## SUBSTITUTION OF TRUSTEE

WHEREAS, DENISE SUBRAMANIAM          was the original Grantor, PAUL S. COSGROVE, LINDSAY
HARTE, LAW OFF was the original Trustee and PEOPLE'S CHOICE HOME LOAN, INC.          was the
original Beneficiary under that certain Deed of Trust dated February 10, 2004 and recorded on March 01, 2004
as Instrument No. 2004-019937, in Book XX, Page XX of the Official Records of WASHINGTON County,
Oregon and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in the place and
stead of present Trustee thereunder,

NOW, THEREFORE, HOMECOMINGS FINANCIAL NETWORK, INC.          hereby substitutes CAL-
WESTERN RECONVEYANCE CORPORATION, A licensed Oregon Escrow agent and a California
Corporation whose corporate address is 525 EAST MAIN STREET, P.O. BOX 22004, EL CAJON  CA
92022-9004 as a Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the
singular number includes the plural.

SUBOR.DOC                                    Rev. 2/16/2006                                    Page 1 of 2

## SUBSTITUTION OF TRUSTEE

Loan No.: XXXX9663
T.S: No.: 1077668-09

DATED: March 18, 2006

Litton Loan Servicing LP
Attorney in Fact

HOMECOMINGS FINANCIAL NETWORK, INC.

DEBRA LYMAN
VICE PRESIDENT

State of Texas
County of Harris

On March 20, 2006 before me,
LAURA HERRERA,
a Notary Public in and for said state, personally appeared
____DEBRA LYMAN, VICE PRESIDENT,____,
personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.                    (This area for Official notary seal)

Signature _Laura Herrera_

Laura Herrera
Notary Public State of Texas
My Commission Expires
06-14-2008

**COMPARED**

FILED FOR RECORD
POTTAWATTAMIE CO.

2006 SEP 13 AH 8: 36

RECORDER

INST # __004455__
RECORDING FEE _5.00_
AUDITOR FEE _____
RMA FEE _1.00_  ECOM _1.00_

| Preparer Information | Matthew E. Laughlin, 666 Walnut Street, Suite 2500, Des Moines, IA 50309, (515) 288-2500 | | |
|---|---|---|---|
| | Individual's Name | Street Address | City | Phone |

Matthew E. Laughlin ISBA # 015220      **SPACE ABOVE THIS LINE FOR RECORDER**
**Return to:** Danielle Day, 666 Walnut St., Suite 2500, Des Moines, IA 50309  – EW
**Address Tax Statements:** Litton Loan Servicing, LP, 4828 Loop Central Drive, Houston, TX 77081-2226

### ASSIGNMENT OF REAL ESTATE MORTGAGE

For value received, the undersigned, Assignor, does hereby sell, assign, transfer and convey to JP Morgan Chase Bank, N.A., as Trustee – Surf 2005 BC1, all of Assignor's right, title and interest in and to a certain Mortgage, dated September 9, 2004, made and executed by Patricia A. Myers, Mortgagor, in favor of Assignor, covering the following-described real estate situated in the County of Pottawattamie, State of Iowa, to wit:

Lot 17 and the West 7.6 feet of Lot 18, Block 6, Mayne's Addition to Council Bluffs, Pottawattamie County, Iowa and South 1/2 of the vacated East-West alley abutting Lot 17 and West 7.6 feet of Lot 18, Block 6, Mayne's 1st Addition

Said Mortgage was recorded in the Office of the Recorder of Pottawattamie County, on October 27, 2004, in Book 105, Page 8087. Assignee is hereby authorized to collect the Promissory Note secured by said Mortgage and to enforce and cancel said Mortgage.

Words and phrases herein, including acknowledgment hereof, shall be construed as in the singular or plural number, and as masculine, feminine or neuter gender, according to the context.

Dated August 1, 2006.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

By _____
Print name and title ___ Denise Bailey Vice President

By _____
Print name and title ___ Marti Noriega Vice President

STATE OF __Texas__, __Harris__ COUNTY, SS:

On this __30__ day of __August__, 2006, before me, the undersigned, a Notary Public in and for said county and state, personally appeared __Denise Bailey__ and __Marti Noriega__, to me personally known, who being by me duly sworn, did say that they are the __Vice President__ and __Vice President__ of said corporation executing the within and foregoing instrument, that the seal affixed thereto is the seal of said corporation; that said instrument was signed and sealed on behalf of said corporation by authority of its Board of Directors; and that the said __Vice President__ and __Vice President__ as such officers acknowledged the execution of said instrument to be the voluntary act and deed of said corporation by it and by them voluntarily executed.

_____
Notary Public in and for said County and State



LAURA HERRERA
Notary Public, State of Texas
My Commission Expires
June 14, 2008

#14346902
1308546_1      BK I 07 PG 04438