UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU,

       Plaintiff,

  v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,

       Defendants.

_____/

**THIRD-PARTY ALTISOURCE SOLUTIONS, INC.'S
<u>RESPONSE OPPOSING REQUEST TO UNSEAL FILINGS</u>**

Third-party Altisource Solutions, Inc. ("Altisource"), by and through its undersigned counsel, respectfully submits this Response Opposing Request to Unseal Filings. Altisource's position is that the Court should not unseal DE 87 (Altisource's motion for a protective order) or DE 88 (the protective order concerning Altisource).

Prior to filing, counsel for Altisource conferred with counsel for Plaintiff Consumer Financial Protection Bureau ("CFPB") and counsel for Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively, "Ocwen"). Counsel for the CFPB stated that the CFPB takes no position regarding the request to unseal filings. Counsel for Ocwen stated that Ocwen does not oppose Altisource's request in this Response.

In support of its position, Altisource states as follows:

1.     This case involves claims brought by the CFPB that Ocwen violated certain federal laws and regulations through the operation of its mortgage-servicing business.

2. Altisource provides services and technology to companies in the mortgage and real estate industries, including Ocwen.

3. As explained in its publicly filed Consent Motion For Leave To File Under Seal (DE 80), Altisource has been investigated by the CFPB. The existence of CFPB investigations and all information produced to the CFPB in response to civil investigative demands are confidential and generally protected from disclosure without any sunset date. 12 C.F.R. §§ 1070.2(f) & (h), 1070.41, 1080.14. Altisource has publicly acknowledged the existence of the CFPB's investigation, but the details of that investigation remain confidential. *See, e.g.*, Altisource Portfolio Solutions S.A., Annual Report (Form 10-K), at 95 (Feb. 22, 2018). The CFPB has never brought an enforcement action or any other litigation against Altisource or its subsidiaries.

4. The CFPB notified Altisource that, in response to certain document requests received from Ocwen in this lawsuit, the CFPB intended to produce to Ocwen certain materials resulting from the CFPB's investigation of Altisource. To protect Altisource's interests in its confidential information, Altisource requested entry of a consent protective order that it negotiated with both the CFPB and Ocwen. Altisource's Consent Motion for a Protective Order and Incorporated Memorandum of Law (DE 87) includes detailed information regarding the CFPB's confidential investigation of Altisource. As noted above, all of that information is confidential and protected from disclosure by federal regulation. The Protective Order for Third-Party Altisource Solutions, Inc. (DE 88) should also be protected from public disclosure because it is based on the same sensitive confidential information as Altisource's consent motion for a protective order.

5. The Eleventh Circuit has explained "that material filed with discovery motions is not subject to the common-law right of access" unless it is "filed in connection with pretrial

motions that require judicial resolution of the merits." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). But even the common-law right of access may be overcome where "good cause" has been shown. *Id.* at 1313; *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Under that standard, the Court "balances the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune Co.*, 263 F.3d at 1309.

6. Because the two filings at issue are directly related to discovery and have no bearing whatsoever on the merits of the case before the Court, the common-law right of access does not apply, and no balancing is required to maintain the documents under seal. Regardless, there is good cause to keep the documents under seal. As explained in Altisource's Consent Motion For Leave To File Under Seal (DE 80) and in this Response, the sealed documents reference and concern an investigation whose confidentiality is protected by federal regulations. It would be inappropriate to share with the public information concerning that investigation, which has resulted in no enforcement action or other litigation against Altisource. Federal-mandated confidentiality outweighs the interest of a self-described journalist in selling that information to his "subscriber base" in order to obtain pecuniary gain through some informational edge. DE 89, Attachment A (e-mail from John Wilen to Judge Matthewman); *see also* Debtwire, https://us.debtwire.com/common/debtwire/public/defaultABS.aspx (last accessed May 18, 2018) ("Debtwire ABS is an all inclusive real time product covering the US structured finance marketplace."). The request to unseal these documents provides no explanation of what the "*public's* legitimate interest" in these documents might be, despite having received notice of the general subject of the documents, which is described in the publicly filed Consent Motion For Leave To File Under Seal (DE 80). *Chicago Tribune Co.*, 263 F.3d at 1315.

Therefore, Altisource respectfully asks that the Court deny the request to unseal DE 87 and DE 88.

Dated: May 18, 2018

Respectfully submitted,

/s/ Douglas C. Dreier
Douglas C. Dreier (Florida Bar No. 104985)
Eugene Scalia (admitted *pro hac vice*)
Patrick F. Stokes (admitted *pro hac vice* )
Jeffrey S. Rosenberg (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:    202.955.8500
Facsimile:    202.467.0539

*Attorneys for Third-Party Movant Altisource Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on May 18, 2018 via CM/ECF on all counsel or parties of record on the Service List below.

/s/ Douglas C. Dreier
Douglas C. Dreier (Florida Bar No. 104985)

## SERVICE LIST

Jean M. Healey
jean.healey@cfpb.gov
Jan Singelmann
jan.singelmann@cfpb.gov
Atur Desai
atur.desai@cfpb.gov
Tianna Baez
tianna.baez@cfpb.gov
James Savage
james.savage@cfpb.gov
Adam Cohen
adam.cohen@cfpb.gov
Lawrence Demille-Wagman
lawrence.demille-wagman@cfpb.gov
Erin Kelly
erin.kelly@cfpb.gov
Amanda Roberson
amanda.roberson@cfpb.gov
Gregory Nodler
greg.nodler@cfpb.gov
Stephanie C. Brenowitz
stephanie.brenowitz@cfpb.gov
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street, N.W.
Washington, DC
Telephone: 202.435.7514
Facsimile: 202.435.7722

*Attorneys for Plaintiff*

Bridget Ann Berry
BerryB@gtlaw.com
Andrew Wein
weina@gtlaw.com
GREENBERG TRAURIG, P.A.
777 South Flagler Drive, Suite 300
West Palm Beach, FL  33401
Telephone: 561.650.7900
Facsimile: 561.655.6222

Thomas M. Hefferon
thefferon@goodwinlaw.com
Sabrina M. Rose-Smith
srosesmith@goodwinlaw.com
Catalina E. Azuero
cazuero@goodwinlaw.com
GOODWIN PROCTOR LLP
901 New York Avenue, N.W.
Washington, DC  20001
Telephone: 202.346.4000
Facsimile: 202.346.4444

Matthew P. Previn
mprevin@buckleysandler.com
BUCKLEY SANDLER LLP
1133 Avenue of the Americas, Suite 3100
New York, NY  10036
Telephone: 212.600.2310

*Attorneys for Defendants*