UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80495-CV-Marra/Matthewman

CONSUMER FINANCIAL PROTECTION BUREAU,

    Plaintiff,

vs.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,

    Defendants.
_____/



## ORDER DENYING REQUEST TO UNSEAL

**THIS CAUSE** is before the Court upon the Court's Order Regarding Request to Unseal [DE 89]. On May 2, 2018, a member of the public requested that the sealed filings in this case [DE 87, DE 88] be unsealed, as per the email correspondence contained in Attachment A to DE 89. The Court required Plaintiff Consumer Financial Protection Bureau; Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC; and third-party Altisource Solutions, Inc., to each publicly file a response stating their positions as to the request to unseal. [DE 89]. The parties have filed their responses at DE 93, DE 97, and DE 96, respectively.

Currently, Docket Entries 87 and 88 are sealed based upon a motion filed by third-party Altisource Solutions, Inc. ("Altisource"), which motion was consented to by the parties in this case. [DE 80]. Neither Defendant nor Plaintiff oppose Altisource's request that DE 87 and 88 remain sealed. *See* DE 93, DE 96. Altisource maintains that any and all information which has been produced to Plaintiff in response to civil investigative demands is confidential and generally protected by disclosure, and DEs 87 and 88 should remain sealed because the documents include detailed information regarding Plaintiff's confidential investigation of Altisource. *See* DE 96; 12 C.F.R. §§ 1080.14, 1070.2(f) & (h), 1070.41.

The Court has carefully reviewed the parties' responses to the Court's Order Regarding Request to Unseal, and finds that the sealing of DEs 87 and 88 is proper and the documents shall remain sealed. Altisource's Consent Motion for a Protective Order and Incorporated Memorandum of Law [DE 87] and Protective Order for Third-Party Altisource Solutions, Inc. [DE 88] are directly related to discovery and therefore the common-law right of access does not apply to the documents at issue. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1312 (11th Cir. 2001).

Further, if the common-law right of access were to apply, the Court must first balance the asserted right of access against the party's interest in keeping the information confidential before determining whether to unseal the documents at issue. *Chicago Tribune Co.,* 263 F.3d at 1309. Altisource is not a party to this lawsuit and there is no government enforcement action or other related litigation pending against Altisource. John Wilen, the member of the public requesting the unsealing of the documents, has not demonstrated a substantial need for the requested documents other than asserting that they are "of great public interest." The Court finds that Altisource's interest in keeping the information at issue confidential would outweigh any right of Mr. Wilen to access discovery information. Therefore, DE 87 and DE 88 shall remain sealed.

**DONE AND ORDERED** in Chambers this 15th day of June, 2018 at West Palm Beach, Palm Beach County in the Southern District of Florida.

_William Matthewman_
_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

2