IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80495-MARRA/MATTHEWMAN

CONSUMER FINANCIAL
PROTECTION BUREAU,

           Plaintiff,

v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,

           Defendants.



FILED by _____ D.C.
JUN 2 5 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING PLAINTIFF'S MOTION TO CHALLENGE DEFENDANTS' CONFIDENTIAL DESIGNATIONS [DE 106]

**THIS CAUSE** is before the Court upon Plaintiff, Consumer Financial Protection Bureau's Motion to Challenge Defendants' Confidential Designations. [DE 106]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 30. Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC's have filed a Response [DE 113], and Plaintiff has filed a Reply [DE 122]. The Court held a hearing on the Motion on June 11, 2018. The matter is now ripe for review.

I.    BACKGROUND

This case is a government enforcement action against Defendants in which the Consumer Financial Protection Bureau alleges that Defendants have violated numerous federal consumer financial protection laws related to basic servicing functions, including improperly calculating loan balances, misapplying borrower payments, failing to correctly process escrow and insurance

1

payments, and failing to properly investigate and make corrections in response to consumer complaints. Significant to the instant Motion, the parties entered into a Stipulated Protective Order ("SPO") [DE 51], a confidentiality and protective order which sets forth the procedures to be followed by the parties in regards to the potential disclosure of certain confidential materials during the course of discovery. The SPO only protects "limited information or items that are entitled to confidential treatment" and provides for three categories of protected information which must be filed under seal: (1) Competitively Sensitive Information; (2) Confidential Commercial and Financial Information; and (3) Sensitive Personal Information. [DE 51]. The SPO also defines a fourth category as Confidential Investigative Information, which applies to information the Bureau obtained during its investigation prior to the initiation of litigation.

On January 8, 2018, Plaintiff issued its First Interrogatories to Defendants. Defendants have produced narrative answers to the interrogatories and Excel spreadsheets that contain borrower account-level information. Defendants have marked both the narrative answers and the spreadsheets as confidential. Plaintiff is now challenging the confidentiality designations of the narrative answers.

II.  MOTION, RESPONSE, AND REPLY

On May 31, 2018, Plaintiff filed the instant Motion Challenging Defendants' Confidential Designations. [DE 106]. Plaintiff argues that Defendants have not established good cause to maintain their narrative answers under seal and that any reason for their confidentiality is significantly outweighed by the substantial public interest in this government enforcement action. [DE 106, pg. 3]. To support this contention, Plaintiff first claims that the narrative answers do not contain Competitively Sensitive Information or Confidential Commercial and

Financial Information. According to Plaintiff, the narrative answers merely describe Ocwen's practices, including how "Defendants overcharged consumers, mismanaged escrow accounts, and failed to pay borrower's insurance premiums," but do not constitute or reveal trade secrets or innovative practices coveted by other businesses. Plaintiff adds that the practices described in the narrative answers are not secrets and are actually consistent with the practices described by Plaintiff in its complaint.

Next, Plaintiff argues that the Defendants improperly cite Confidential Investigative Information as a basis for their confidentiality designation. According to Plaintiff, the SPI allows Defendants to retroactively designate information that they have already produced to Plaintiff prior to litigation as confidential, but the information must still qualify as Competitively Sensitive Information, Confidential Commercial and Financial Information, or Sensitive Personal Information in order to remain confidential. [DE 106, pgs. 4-5]. Therefore, using Confidential Investigative Information as the sole basis for confidentiality is improper and should not be permitted. [DE 106, pg. 5]. Finally, Plaintiff asserts that there is substantial public interest in the narrative answers because Ocwen is "one of the largest non-bank mortgage servicers in the United States." *Id.* According to Plaintiff, the narrative answers contain highly relevant information about Defendants' mortgage servicing practices and are of "vital concern to Defendants' borrowers and other consumers, to other regulators and lawmakers at the federal, state and local levels, and to the marketplace as a whole." *Id.* Therefore, Plaintiff argues, the narrative answers should be unsealed.

Defendants filed their Response [DE 113] on June 6, 2018. In response, Defendants first argue that this Motion should be denied because it is premature. Defendants assert that discovery is ongoing and they continue to supplement and amend their answers to discovery. Defendants

3

also claim that Plaintiff has not demonstrated any "real need for de-designation at this time." [DE 113, pg. 2]. Defendants argue that if Plaintiff uses the information in support of a dispositive motion, they should raise any de-designation demands at that point in time. *Id.*

Next, Defendants argue that the narrative answers to the Interrogatories indeed contain Competitively Sensitive Information, Confidential Commercial or Financial Information, and Sensitive Personal Information. [DE 113, pg.3]. According to Defendants, the narrative answers "disclose internal procedures for performing and reviewing its control functions and assessing the integrity of Ocwen's internal checks." *Id.* Defendants also assert that the answers include explanations of Ocwen's non-public operations data, details regarding business process changes, borrower remediation efforts, and business audits and reviews undertaken in connection with current and past litigation or state/federal regulatory matters. Defendants claim that the narrative answers contain Sensitive Personal Information, because the answers summarize individual borrower mortgage loan and account information. [DE 113, pg. 5]. In support of these categorical designations, Defendants have filed the Declaration of Joseph J Samarias, the current Senior Vice President, Deputy General Counsel, and Chief Ethics Officer at Ocwen Financial Corporation. [DE 113-1]. Mr. Samarias states that the information in the narrative answers contain confidential, operational information that is not disseminated to the public because it "summarizes Ocwen's proprietary business procedures and practices, as well as financial information and analyses that are central to Ocwen's business operations." [DE 113-1, pg. 4]. Therefore, according to Defendants, the narrative answers should all remain confidential because they contain precisely the information that is protected under the SPO.

Defendants also dispute Plaintiff's claim that Confidential Investigative Information is

4

protected only if it separately contains confidential or competitively sensitive information. *Id.* According to Defendant, Confidential Investigative Information was expressly designated by the parties as a separate category entitled to protection. *Id.* Finally, Defendants argue that maintaining confidentiality of pretrial discovery does not improperly restrict public access to information. [DE 113, pg. 6]. Defendants assert that because the narrative answers are discovery responses exchanged before trial and are subject to amendment and the ongoing obligation to supplement, the common-law right of access does not apply, and no balancing of public interests is required to maintain the confidentiality of the narrative answers. *Id.*

In its Reply [DE 122] filed on June 8, 2018, Plaintiff argues that Defendants have failed to meet their burden to establish that the narrative answers contain trade secrets because Defendants have not identified any actual confidential information in their Response. [DE 122, pg. 2]. Plaintiff also asserts that it is not premature to unseal the answers because the answers "contain information that is the type found in standard litigation filings, concern a government enforcement action, and are central to the issues presented for judicial determination in this case." [DE 122, pg. 4]. Plaintiff also claims that the confidential designation of the entirety of the narrative answers has created "a significant amount of extra work for the Bureau and the Court." *Id.*

III. <u>ANALYSIS</u>

The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the judicial process. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (citing *Richmond Newspapers*, 448 U.S. at 564–74, 100 S.Ct. at 2821–26). Beyond establishing a general presumption that criminal and

civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents. *In re Alexander*, 820 F.2d at 355 (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). However, the Eleventh Circuit has observed that documents collected during discovery are not to be considered 'judicial records.' *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir.1986). Thus, while a party may enjoy the right of access to pleadings, docket entries, orders, affidavits or depositions duly filed, the common-law right of access does not extend to information collected through discovery which is not a matter of public record. *See In re Alexander*, 820 F.2d at 355; *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 2207, 81 L.Ed.2d 17 (1984); *Anderson*, 799 F.2d at 1441; *United States v. Gurney*, 558 F.2d 1202, 1209 (5th Cir.1977), *cert. denied sub nom., Miami Herald Publishing Co. v. Krentzman*, 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978).

The Federal Rules of Civil Procedure permit a court, upon motion of either party, to enter a protective order that requires a trade secret, or other confidential research, development, or commercial information, to remain confidential, or to be revealed only in a specified way during the course of litigation. *See* Fed. R. Civ. P 26(c)(1)(G). In the instant case, the parties have entered into a stipulated confidentiality and protective order, which has become standard practice in many civil cases. [DE 51]. Umbrella protective orders allow parties to designate particular documents as confidential and subject the documents to protection under Federal Rule of Civil Procedure 26(c)(7). *See* Fed. R. Civ. P. 26(c)(7); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001). This method replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of "good cause"

required for entry of a protective order until the confidential designation is challenged. *Chicago Tribune Co,* 263 F.3d at 1307 (citing *In re Alexander Grant and Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987)).

However, if a party challenges the confidentiality of particular documents pursuant to the umbrella protective order, the party making the designation then has the burden of justifying the designation by demonstrating good cause. *Id..* In order to demonstrate "good cause" under Rule 26(c)(1)(G), the party seeking protection must show that (1) the information sought is a trade secret or other confidential information; and (2) the harm caused by its disclosure outweighs the need of the party seeking disclosure. *Sumner v. Biomet, Inc.,* No. 7:08-CV-98(HL), 2010 WL 11519199, at *2 (M.D. Ga. July 22, 2010) (citing 6 *Moore's Federal Practice,* § 26.105[8][a]).

The Court has carefully reviewed the Motion, Response, and Reply, the Interrogatory answers at issue, the arguments presented by the parties at the June 11, 2018 hearing, and the record as a whole. The Court finds that, at this stage in litigation, the Defendant has appropriately designated the Interrogatory answers as confidential under the Stipulated Protective Order. The answers, produced in response to Plaintiff's Interrogatories, are considered discovery material and therefore are not subject to the common-law right of access. *In re Alexander Grant,* 820 F.2d at 355, *supra.* The interrogatory answers have not been entered into evidence in this case at this juncture, nor have they been relied upon to support a dispositive motion. Therefore, this Court need not consider the common-law right of access in determining whether the discovery documents at issue should be unsealed, because that right does not apply at this juncture in the litigation.

The Court must next determine whether Defendants have met their burden to demonstrate

that there is good cause for the narrative answers to remain confidential, pursuant to Rule 26(c)(1)(G). Defendants maintain that the narrative answers fall into the categories delineated in the SPO which establish good cause for sealing the documents. In order to determine if there is good cause to seal the documents, the Court must determine whether the confidential documents contain "trade secrets" by examining whether: 1) the party asserting the protection consistently treated the information as closely guarded secrets; 2) the information represented substantial value to that party; 3) the information would be valuable to the party's competitors; and 4) the information derived its value by virtue of the effort of its creation and lack of dissemination. *In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2013 WL 214672, at *7 (S.D. Fla. Jan. 18, 2013) (citing *Chicago Tribune Co,* 263 F.3d at 1313-14).

This contention that the narrative answers contain trade secrets is supported by the Declaration of Joseph J. Samarias, which maintains that the narrative answers contain summaries of sensitive financial data, details regarding business process changes, borrower remediation efforts, and business audit and reviews undertaken in connection with current and past litigation or state/federal regulatory matters, as well as detailed information regarding Ocwen's internal processes for running of an annual escrow statements, the payment of shortages and surpluses, the processing of escrow payments and certain of Ocwen's remediation efforts taken in connection with the confidential investigation undertaken by the Bureau in this matter and other litigation or regulatory matters. [DE 113-1, pg. 3]. The declaration states that Ocwen maintains information related to its business practices, its daily operations, and remediation efforts related to its mortgage servicing activities as confidential, proprietary information and limits access of Ocwen employees to this information. [DE 113-1, pg. 2]. According to the declaration, Ocwen

employees with access to proprietary information are bound by a Code of Business Conduct and Ethics which requires confidentiality. Further, the declaration states that Ocwen's operational information has been "developed by Ocwen through tremendous effort and at great expense, and if it were released to the public Ocwen would be harmed substantially." [DE 113-1, pg. 4]. The Court finds that Defendants have met its burden to show that there is good cause for the narrative answers to remain confidential at this juncture because the narrative answers contain information that constitute "trade secrets."

Plaintiff cites to the substantial public interest in this case and to the "amount of extra work for the Bureau and the Court" as reasons to unseal the narrative answers to the interrogatories. The Court has already determined that there is no common-law right of access to discovery and therefore the public's interest in the documents do not outweigh Defendants' interest in keeping the documents confidential at this time. Further, in balancing Defendants' request to keep the answers confidential at this juncture of the case with Plaintiff's burden in filing sealed discovery motions, the Court finds that the narrative answers should remain confidential at the discovery phase of litigation.

Should the narrative answers be introduced into evidence at a future date, or be relied upon in good faith in regards to a substantive motion, then the propriety of the confidential designations can be reconsidered by the Court at that time. This is so because material filed in conjunction with pretrial motions that require judicial resolution of the merits is subject to the common-law right of access to public records in civil actions. *See Chicago Tribune Co.*, 263 F.3d at 1312. Currently, the narrative answers are merely discovery material, and the

confidentiality designations shall remain unless and until the Court orders otherwise at a later point in this litigation.

IV. CONCLUSION

Defendants have demonstrated that there is good cause to designate the narrative answers at issue as "Confidential" during the discovery phase of litigation. The Court finds that Defendants' designation of "Confidential" shall be permitted pursuant to the parties' Stipulated Protective Order [DE 51]. For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Challenge Defendants' Confidential Designations [DE 106] is **DENIED**, without prejudice to Plaintiff's ability to challenge Defendants' confidential designations at a later juncture in this case.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of June, 2018.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE