**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION
BUREAU,

                Plaintiff,

v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC

                Defendants.

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO ITS
SECOND SET OF INTERROGATORIES AND
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

I.   **Introduction**

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff, the Bureau of Consumer Financial Protection ("the Bureau"), respectfully moves the Court for an order compelling Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively "Defendants") to provide complete and accurate: (1) responses to Requests for Production 1 and 3 of the Bureau's Third Set of Request for Production of Documents; and (2) answers to Interrogatories 1 and 3 of the Bureau's Second Set of Interrogatories.[1]

II.  **Background**

   **A. The Bureau alleges that Defendants' foreclosure practices violate the CFPA and the new servicing provisions in Regulation X.**

In its Complaint, the Bureau alleges that Defendants unlawfully foreclosed on borrowers in violation of: (1) the Consumer Financial Protection Act of 2010 ("CFPA"); and (2) Regulation X, the implementing regulation of the Real Estate Settlement Procedures Act ("RESPA").[2]

Specifically, the Bureau alleges that Defendants violated the CFPA's prohibition on unfair acts and practices by foreclosing on borrowers who were performing on loss mitigation agreements (the borrowers who are the subject of RFP 1).[3] This would include, for example, borrowers who had received a permanent loan modification, were not delinquent, and were making all required payments, but had their loans foreclosed upon by Defendants anyway. The Bureau also alleges that Defendants violated the CFPA's prohibition on deceptive acts and practices by sending borrowers who submitted a loss mitigation application a letter requesting additional or missing information by a certain date, but then foreclosing before the date in that letter (the borrowers who are the subject of RFP 3).[4] Indeed, Defendants' own head of Loss

---

[1] The Court has scheduled a hearing for August 9, 2018 on the Bureau's motion to compel Defendants to provide a complete and accurate answer to Interrogatory 2 from the Bureau's Second Set of Interrogatories (DE 115, 138). Because this motion to compel relates to the same set of foreclosure discovery requests, the Bureau requests that the Court consolidate both motions to compel for hearing on August 9, 2018. The Bureau had not previously joined these requests because Defendants had promised to produce responses.

[2] Complaint ¶¶ 235–238 (Count III: Ocwen's Unfair Foreclosure Practices), ¶¶ 239–243 (Count IV: Ocwen's Deceptive Foreclosure Communications), ¶¶ 297–308 (Count XIII: Violation of RESPA) (DE 1).

[3] *Id*. ¶¶ 195, 235-238 (Count III: Ocwen's Unfair Foreclosure Practices).

[4] *Id*. ¶¶ 183, 196-197, 239–243 (Count IV: Ocwen's Deceptive Foreclosure Communications).

1

Mitigation admitted that such conduct was deceptive.[5]

In addition, the Bureau alleges that Defendants' foreclosure conduct violated Regulation X. The Bureau promulgated the relevant loss mitigation and foreclosure-protection amendments to Regulation X, which went into effect January 10, 2014.[6] As of that date, Regulation X provides certain foreclosure protections to a borrower from whom a mortgage servicer receives a complete loss mitigation application more than 37 days before a scheduled foreclosure sale.[7]

### B. The Bureau's discovery requests relating to its foreclosure claims.

During the Bureau's pre-litigation investigation, Defendants produced documents and information for the period from 2014 through April 2016. As part of that pre-litigation discovery, Defendants produced written reports to the Bureau in April 2016 that identified certain populations of foreclosed borrowers ("April 2016 Reports"), including:

- All borrowers whom Defendants' foreclosed on where, at the time of the foreclosure sale, the Borrower was performing on a loss mitigation option (*e.g.*, a loan modification); and
- All borrowers who had submitted loss mitigation applications and to whom Defendants sent a letter requesting additional or missing information by a certain date, but foreclosed upon before that date.

Based on data from these and other written reports, the Bureau identified more than 2,200 borrowers whom Defendants may have unlawfully foreclosed upon.

During litigation, the Bureau issued discovery requests seeking information to confirm the number of foreclosures that violated the CFPA or Regulation X and related to Defendants' factual defenses to the Bureau's foreclosure claims. The Bureau initially issued 22 Requests for Admission ("RFAs") to elicit this information, which Defendants objected to.[8] As part of a compromise, on March 30, 2018, the Bureau agreed to withdraw its RFAs and instead issue three

---

[5] *Id*. ¶¶ 198-199 (In an email, an employee in Defendants' Loss Mitigation department stated: "To me, that does not sound right, where we inform the borrower to send in documents by a date but go ahead with the sale prior to the expiration of that date." Defendants' head of Loss Mitigation responded: "If there is no denial on the current instance you should not be going to sale period . . . . [Y]ou will get hit with UDAP every single time.").

[6] 78 Fed. Reg. 10695 (Feb. 14, 2013).

[7] 12 C.F.R. § 1024.41(g).

[8] *See* DE 55 (Defendants' motion for a protective order).

RFPs and three interrogatories.[9] Defendants, in turn, agreed to provide "complete and accurate responses" to all three RFPs and to Interrogatories 1 and 3.[10]

The three RFPs seek electronically stored information ("ESI") to supplement the April 2016 Reports with the identity of all additional potentially impacted borrowers *since* April 2016:

- RFP 1 requests the identity of all borrowers who were performing on a loan modification at the time of the foreclosure;
- RFP 2 requests the identity of all borrowers whom Defendants foreclosed upon who still had time to accept an offer for a loan modification at the time of the foreclosure;[11] and
- RFP 3 requests ESI to identify borrowers who had submitted loss mitigation applications and to whom Defendant sent a letter requesting additional or missing information by a certain date, but foreclosed upon before that date.

For each borrower identified in the April 2016 Reports and in RFPs 1–3, the three interrogatories requested information to confirm that the foreclosures were in violation of the CFPA or Regulation X and elicit Defendants' factual defenses for each foreclosure:

- Interrogatory 1 requests two data points: the date Defendants received the borrower's complete loss mitigation application ("Complete Application") and the scheduled foreclosure sale date as of that date;
- Interrogatory 2 requests the factual bases for Defendants' defenses to the Bureau's unlawful foreclosure claims; and
- Interrogatory 3 requests the date Defendants rescinded the foreclosure sale, if the sale was rescinded.[12]

The Bureau served these discovery requests on April 2, 2018 in its Third Set of RFPs and Second Set of Interrogatories. Defendants produced the ESI in response to RFPs 1–3 on May 7, 2018 and supplemental answers to Interrogatories 1 and 3 on July 6, 2018. Defendants objected, however, and refused to provide any answer to Interrogatory 2 during fact discovery. The Bureau thus filed a motion to compel (*see* DE 115), which is scheduled for hearing on August 9, 2018

---

[9] *See* DE 76 ¶¶ 1–2 (Joint Notice Regarding Ocwen's Motion for a Protective Order).
[10] *See* DE 76 ¶ 3.
[11] The Bureau only alleges that these foreclosures violated Regulation X, not the CFPA, and therefore is not moving to compel on RFP 2.
[12] The RFPs and Interrogatories are attached hereto as Exhibit 5.

3

(*see* DE 138).

### C. Defendants' deficient responses to RFPs 1 and 3 and deficient answers to Interrogatories 1 and 3.

Defendants' responses to RFPs 1 and 3 and answers to Interrogatories 1 and 3 are incomplete. After several meet-and-confers in May 2018, the Bureau sent Defendants a letter on June 1, 2018 asking them to explain the disparities between the borrowers identified in the April 2016 Reports and the borrowers identified in Defendants' responses to RFPs 1–3. In a June 15, 2018 letter, Defendants explained that they used different queries to respond to RFPs 1–3 than they used to produce the April 2016 Reports: "The queries for the RFPs search for any loan where a loan modification application was received after 1/10/14 *and* a foreclosure after 1/10/14. The queries for the [April 2016 Reports] searched only for any loan that had a foreclosure after 1/10/14 but no restriction on when a loan modification was received."[13] As a result, Defendants excluded from their responses to RFPs 1 and 3, and in turn Interrogatories 1 and 3, all borrowers whose complete loss mitigation applications Defendants received *before* January 10, 2014.

In subsequent communications and a meet-and-confer,[14] the Bureau explained that Defendants' exclusions for RFPs 1 and 3 were inappropriate and Defendants' responses were incomplete because: (1) the April 2016 Reports that Defendants had agreed to supplement contained no such exclusions; (2) the Bureau's discovery requests contained no such exclusions; and (3) the excluded borrowers were relevant to the Bureau's unfairness claims and deception claims under the CFPA. In a July 16, 2018 letter and July 19, 2018 email, the Bureau requested that Defendants supplement their responses to RFPs 1 and 3 and answers to Interrogatories 1 and 3 to include all borrowers who had been foreclosed on since January 1, 2014, regardless of whether or when Defendants received the borrowers' complete loss mitigation application. Defendants did not respond. The Bureau sent another email on July 23, 2018 asking Defendants to agree to the Bureau's request by the close of business , and avoid the Bureau having to file a motion to compel. Again, Defendants did not respond.[15]

### III. Argument

Defendants have no grounds to exclude borrowers from whom they did not receive a

---

[13] *See* June 15, 2018 letter from C. Azuero to J. Healey at 2, attached as Ex. 1.

[14] *See* Ex. 2 (July 16, 2018 letter from J. Singelmann to S. Rose-Smith) and Ex. 3 (July 19, 2018 email from J. Singelmann to S. Rose-Smith).

[15] *See* Ex. 4 (July 23, 2018 email from J. Singelmann to S. Rose-Smith and C. Azuero).

complete loss mitigation application before January 10, 2014 from their responses to RFPs 1 and 3 and answers to Interrogatories 1 and 3.[16]

The relevant amendments to Regulation X went into effect January 10, 2014.[17] As of that date, Regulation X provides certain foreclosure protections to a borrower from whom a servicer receives a complete loss mitigation application more than 37 days before a scheduled foreclosure sale.[18] As such, for claims brought only under Regulation X,[19] it may be appropriate to limit discovery responses to borrowers from whom Defendants received a complete loss mitigation application on or after January 10, 2014.[20]

But the Bureau also alleges that Defendants foreclosure practices violated the CFPA's prohibition on unfair or deceptive acts and practices, as described above. The CFPA's prohibition on unfair and deceptive acts and practices has been in effect since July 21, 2011,[21] several years before the amendments to Regulation X went into effect. When, or even whether, Defendants received a borrower's complete loss mitigation application is not determinative of liability under the CFPA. For example, if a servicer forecloses upon a borrower who is making his or her required monthly mortgage payments, such conduct may violate the CFPA, regardless of whether or when a borrower applied for loss mitigation assistance. Defendants therefore have no basis to withhold responsive discovery (and violate their March 30, 2018 agreement to supplement the April 2016 Reports) by excluding relevant borrowers from their responses to RFPs 1 and 3 and Interrogatories 1 and 3.

## IV. Conclusion

The Bureau respectfully requests this Court to enter an Order compelling Defendants to supplement their responses to RFPs 1 and 3 and answers to Interrogatories 1 and 3 to include all borrowers whom Defendants have foreclosed on since January 1, 2014, without regard to whether or when Defendants received a complete loss mitigation application from the borrowers.

---

[16] This same exclusion would also improperly limit Defendants' answer to Interrogatory 2.
[17] 78 Fed. Reg. 10695 (Feb. 14, 2013).
[18] 12 C.F.R. § 1024.41(g).
[19] *See* Complaint (DE 1) ¶¶ 297–308 (Count XIII).
[20] Even in that circumstance, pre-January conduct could be relevant.
[21] *See* 12 U.S.C. § 5531 (providing that Subtitle C, which includes the prohibition on unfair, deceptive, and abusive acts and practices, takes effect on the designated transfer date); 75 Fed. Reg. 57252–53 (Sep. 20, 2010) (Notice by Secretary of Treasury designating July 21, 2011 as the designated transfer date).

5

Dated: July 23, 2018							Respectfully submitted,

Attorneys for Plaintiff,
BUREAU OF CONSUMER FINANCIAL PROTECTION

JOHN C. WELLS
Deputy Enforcement Director

JAMES T. SUGARMAN
Assistant Litigation Deputy

/s/ Jan Singelmann
Jan Singelmann
E-mail: jan.singelmann@cfpb.gov
Phone: 202-435-9670

| | |
|---|---|
| Jean M. Healey | jean.healeydippold@cfpb.gov |
| Atur Desai | atur.desai@cfpb.gov |
| Tianna Baez | tianna.baez@cfpb.gov |
| Amanda Roberson | amanda.roberson@cfpb.gov |
| Erin Mary Kelly | erin.kelly@cfpb.gov |
| James Savage | james.savage@cfpb.gov |
| Stephanie Brenowitz | stephanie.brenowitz@cfpb.gov |
| Greg Nodler | greg.nodler@cfpb.gov |

1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

## **CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the Bureau has met-and-conferred with Defendants in good faith but have been unable to resolve the issues.

/s Jan Singelmann
Jan Singelmann

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on July 23, 2018 via CM/ECF on all counsel or parties of record listed below and :

**Attorneys for Defendants**

Bridget Ann Berry
BerryB@gtlaw.com
Andrew Stuart Wein
weina@gtlaw.com
GREENBERG TRAURIG, P.A.
777 South Flagler Dr., Suite 300
West Palm Beach, FL 33401
Telephone: 561-650-7900
Facsimile:  561-655-6222

Sabrina Rose-Smith
SRoseSmith@goodwinlaw.com
Catalina Azuero
CAzuero@goodwinlaw.com
Michelle Treadwell Briggs
MBriggs@goodwinlaw.com
Molly Madden
MMadden@goodwinlaw.com
Thomas Hefferon
THefferon@goodwinlaw.com
GOODWIN PROCTOR, LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: 202-346-4000
Facsimile:  202-346-4444

Matthew Previn
mprevin@buckleysandler.com
BUCKLEYSANDLER, LLP
1133 Ave. of the Americas, Suite 3100
New York, NY 10036
Telephone: 212-600-2310
Facsimile:  212-600-2405

      /s Jan Singelmann
      Jan Singelmann