IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80495-MARRA/MATTHEWMAN

CONSUMER FINANCIAL
PROTECTION BUREAU,
        Plaintiff,

v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,

        Defendants.

FILED by ___ D.C.
AUG 13 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL A COMPLETE ANSWER TO INTERROGATORY TWO OF ITS SECOND SET OF INTERROGATORIES [DE 115]

**THIS CAUSE** is before the Court upon Plaintiff, Consumer Financial Protection Bureau's Motion to Compel a Complete Answer to Interrogatory Two of its Second Set of Interrogatories. [DE 115]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 29. Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC's have filed a Response [DE 127], and Plaintiff has filed a Reply [DE 130]. The Court issued an Order Setting Hearing and Requiring Further Conferral and Filing of Joint Notice. [DE 131, DE 136]. The parties filed a Joint Notice as required. [DE 152]. The Court held a hearing on the Motion on August 9, 2018. [DE 154].

Plaintiff seeks an Order from this Court compelling Defendants to provide responses to Interrogatory Two, which seeks the factual basis (or bases) for Defendants' contention that

1

multiple borrowers identified by Defendants were not entitled to protection under Regulation X of RESPA in regards to Defendants' foreclosure sale. [DE 115, pg. 2]. Interrogatory Two also requests that Defendants identify the specific documents and information that support the factual basis (or bases) for that contention. *Id.* Defendants oppose Plaintiff's Motion and ask the Court to deny the Motion because Interrogatory Two is unduly burdensome, premature, and because there will be no prejudice to Plaintiff if it receives the response to Interrogatory Two during expert discovery. [DE 127, pg. 2]. Defendants contend that Plaintiff has already received all discovery necessary to determine which of the 2,202 identified Borrowers were entitled to protection under Regulation X of RESPA. Defendants assert that Plaintiff's demand that Defendants file a better answer to Interrogatory Two in effect seeks that Defendants be ordered to do work that should be done by Plaintiff. In its Reply [DE 130], Plaintiff claims that it does not have access to the same information as Defendants, and therefore it is only Defendants who can provide information delineating which Borrowers are entitled to protection under Regulation X of RESPA.

### A. **Rule 26(b)(1)**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1), *Wrangen,* 593 F.Supp 2d at 1278. However, Rule 26(b) allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod.*

*Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, *2015 Year-End Report on the Federal Judiciary 6* (2015)); *Reuter v. Physicians Cas. Risk Retention Group*, No. 16-80581-CV, 2017 WL 395242, (S.D. Fla. 2017). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

## B. Contention Interrogatories – Rule 33(a)(2)

Interrogatory Two, which is at issue in this Order, is a contention interrogatory which requests that Defendants advise Plaintiff whether Defendants contend that any of the 2,202 Borrowers at issue "was not entitled to protection under Regulation X, 12 C.F.R. § 1024.41(g)" with respect to Defendants' foreclosure sale, and if so, to describe in detail the factual bases for Defendants' contention as to each borrower, all relevant dates related to the factual bases as to each borrower, and the specific documents and information, including by Bates numbers, data fields, and entries from Defendants' databases which support the factual contention for each borrower.

This Court has previously held that when used correctly, contention interrogatories constitute a valid discovery tool. *See Maharaj v. GEICO Cas. Co.*, No. 12-80582-CIV, 2013 WL 12084486, at *2 (S.D. Fla. Jan. 7, 2013). Federal Rule of Civil Procedure 33(a)(2) provides in pertinent part that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact ...." As explained in the Rule 33 Advisory Committee Notes to the 1970 Amendments, "requests for opinions or contentions that call for the application of law to fact ... can be most useful in narrowing and sharpening the

3

issues, which is a major purpose of discovery." *Id.*, see also *Suncast Technologies, L.L.C. v. Patrician Products, Inc.*, No. 07-80414-CIV, 2008 WL 179648, at *10 (S.D. Fla. Jan. 17, 2008).

However, the procedural posture of this case is that Defendants' Motion to Dismiss Plaintiff's Complaint [DE 31] is pending. Thus, Defendants have not yet answered the complaint and therefore have not entered denials or raised any affirmative defenses. Contention interrogatories directed to defendants often relate to a specific affirmative defense or denial formally asserted by a party, and that has not yet occurred in this case. Defendants' contention that many of these borrowers are not entitled to Regulation X protections is not yet an affirmative defense in this case or a denial, due to the pendency of the motion to dismiss. Instead, it is merely a contention apparently made by Defendants during the various conferral meetings between Defendants and Plaintiff.

Clearly, it is Plaintiff who is asserting that Defendants have violated Regulation X by unlawfully foreclosing on Borrowers, and therefore, it is Plaintiff's burden to prove that Defendants have indeed violated Regulation X. Because Interrogatory Two improperly and prematurely requires Defendants to bear the burden of producing the factual bases which support a contention that many of the Borrowers are not entitled to Regulation X protection, the Court will not require Defendants to describe their specific factual bases for this contention as to each of the numerous borrowers at this juncture of the case, as requested in Interrogatory 2(a). The Court notes that Defendants have answered Interrogatories One and Three, and have produced other extensive discovery in this case to date, all of which provides Plaintiff with sufficient information to address the Regulation X issue at this juncture of the case. Further, Plaintiff has yet to take a single

deposition in this case and when Plaintiff does so additional discovery information will be obtained.

C. **Overbreadth of Interrogatory Two**

Further, the Court is concerned that Section (b) of Interrogatory Two, which asks for the "specific documents and information" which supports Defendants' contention that certain of the 2,202 Borrowers are not entitled to Regulation X's protections, requests confidential work product or attorney-client privileged material. This is so because of the vague term "information" contained in Interrogatory 2(b). The term "information" without limitation would include attorney-client and work product protected information.

In light of the above concerns, the Court shall endeavor to balance the competing interests of the parties—at this juncture of the case where a motion to dismiss is pending—in determining the required response of Defendants to Interrogatory Two. The Court has applied the relevancy and proportionality standards of Rule 26(b)(1) in entering this Order on Interrogatory Two.

Upon careful review of the Motion, Response, Reply, Notice, counsels' arguments at the discovery hearing, and the entire docket in this case, and for the reasons stated in open court at the August 9, 2018 hearing on this motion, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel a Complete Answer to Interrogatory Two of its Second Set of Interrogatories [DE 115] is **GRANTED IN PART and DENIED IN PART.**

2. Defendants are **ORDERED** to provide to Plaintiff a list of all loan files, identified by loan number, in which Defendants contend that the Borrower identified in the loan file was not entitled to protection under Regulation X of the Real Estate Settlement Procedures Act ("RESPA") with respect to Defendants' foreclosure sale. This shall be

produced to Plaintiff on or before Friday, August 24, 2018.

3. Defendants are further **ORDERED** to certify on or before Friday, August 24, 2018 that all non-privileged documents which Defendants have relied upon to make their determination whether or not any of the 2,202 Borrowers was entitled to protection under Regulation X have been produced to Plaintiff. To the extent that there are any non-privileged documents that Defendants have relied upon to make this determination but have not yet produced to Plaintiff, Defendants shall produce those additional documents on or before Friday, August 24, 2018.

4. Plaintiff's Motion to Compel a Complete Answer to Interrogatory Two of its Second Set of Interrogatories [DE 115] is **DENIED** without prejudice to the extent that Plaintiff seeks an Order requiring Defendants to give the factual bases for the contention that certain Borrowers are not entitled to protection under Regulation X of RESPA and requiring Defendants to identify the specific documents by Bates number and information that support that factual contention. Plaintiff shall have the ability to renew its request for this discovery at a later date in this case, if necessary, once Defendants comply with this Order, and once Plaintiff takes a 30(b)6 corporate representative deposition of Defendants on these issues, or once Defendants file an answer and affirmative defenses to Plaintiff's Complaint.

**DONE and ORDERED** in Chambers this 13TH day of August, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

_William Matthewman_
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE