IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80495-MARRA/MATTHEWMAN

CONSUMER FINANCIAL
PROTECTION BUREAU,
        Plaintiff,

v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S THREE DISCOVERY MOTIONS [DE 173 AND 178; DE 175 AND 179; AND DE 190 AND 192]

**THIS CAUSE** is before the Court upon Plaintiff, Consumer Financial Protection Bureau's Motion to Compel Defendants to Produce Complete Borrower Servicing Files [DE 173], Motion to Compel Complete Responses to its Fourth Set of Requests for Production of Documents [DE 175], and Motion to Compel Complete Responses to its Fourth and Fifth Set of Requests for Production [DE 190].[1] This matter was referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 29. Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC's have filed Responses to the Motions [DE 181, DE 183, and DE 195[2]], and Plaintiff has filed Replies [DE 185, DE 186, DE 200[3]]. The Court issued an Order Setting Hearing and Requiring Further Conferral and Filing of Joint Notice. [DE 184, DE

---

[1] The unredacted, sealed versions of the Motions are docketed at DE 178, DE 179, and DE 192, respectively.
[2] The unredacted, sealed version of this Response is docketed at DE 198.
[3] The unredacted, sealed version of this Reply is docketed at DE 202.

1

188, DE 193, DE 204]. The parties filed a Joint Notice as required. [DE 203].

I.  **Plaintiff's Three Pending Discovery Motions**

Plaintiff's three Motions seek an Order from this Court compelling Defendants to provide documents that are responsive to Plaintiff's First Requests for Production, #8-10 [DE 178]; Plaintiff's Fourth Set of Requests for Production, #19, 52-54, 63, and 66 [DE 179]; and Plaintiff's Fourth Set of Requests for Production, #31 and 32, and Plaintiff's Fifth Set of Requests for Production, #1-29 [DE 192]. Defendants have objected to the production of the documents requested, stating that much of the material is irrelevant and disproportionate to this case and that production would be unduly burdensome and expensive.

II.  **Applicable Rules and Law**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1), *Wrangen,* 593 F.Supp 2d at 1278. However, Rule 26(b) allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary 6* (2015)); *Reuter v. Physicians Cas. Risk Retention Group,* No. 16-80581-CV, 2017 WL 395242, (S.D. Fla. 2017). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of

2

the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

III. **The Court's Rulings**

The Court held a lengthy hearing on the three Motions on November 29, 2018. [DE 208]. Upon careful review of the Motions, Responses, Replies, the Joint Notice, counsel's arguments made at the discovery hearing, and the entire docket in this case, and as stated in open court, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel Defendants to Produce Complete Borrower Servicing Files [DE 173 and 178] is **GRANTED** in part and **DENIED** in part.

    a. Plaintiff is seeking the complete maintenance history, which includes documentation of internal "flags" that Defendants levy on certain loans, for 2, 422 loan servicing files of the borrowers in the relevant foreclosure population. At the hearing, Defendants represented that it was possible to produce solely a record of the flags, known as "report status codes," for each loan servicing file, in lieu of producing the entirety of the maintenance histories of each loan servicing file. According to Defendants, a "report status code" is a list of all of the flags that were levied on a loan file or removed from a loan file at any time. The Court finds the production to be relevant, reasonable, and proportional. Therefore, Defendants are **ORDERED** to produce the complete "report status code" lists, or the lists of all flags levied on and removed from each file, for each of the 2,422 loan servicing files of the relevant borrowers. Defendants are not required to produce the entire maintenance history for each of the files.

    b. Plaintiff also seeks a more complete payment history for each of the 2,422 servicing

3

files. Specifically, Plaintiff requests detailed, comprehensive payment histories that contain specific descriptions of the fees or expenses listed in the file. The parties represented to the Court that Defendants had already provided summary Excel sheets for each of the loans, which contain much of the same information as the comprehensive payment histories, with the exception of the specific detailed descriptions of the fees or expenses listed in each file. The Court finds that the summary Excel sheets are sufficient, but Defendants are **ORDERED** to supplement each of the existing Excel spreadsheets with itemized lists describing the specific nature of any fees or expenses listed on the spreadsheet for each of the loan files.

c. Plaintiff finally asks Defendants to produce all loss mitigation and foreclosure-related correspondence between Defendants and the relevant borrowers. According to the parties, Defendants have already produced all borrower complaint information from the iCasework database, from April 2015 through 2018. However, the information in the iCasework database does not include any documents attached to the borrowers' complaints, nor Defendants' responses to the complaints. Plaintiff therefore seeks all complaints made and attachments and responses to the complaints from January, 2014 through March 2015, and all attachments and responses to complaints made from April, 2015 through 2018 regarding the 2,422 loans in the relevant population. After considering the relevancy, proportionality, and burden of the request, Defendants are **ORDERED** to conduct a random sampling of 40 loans, and to produce the requested information (all complaints made and attachments and responses to the complaints from January, 2014 through March 2015, and all attachments and responses to

complaints made from April, 2015 through 2018) for the randomly selected 40 loans. Defendants will then calculate the time and expense required to find and produce the requested information of the sample, and the time and expense determined for 40 loans can then be extrapolated to determine the time and expense that will be required by Defendants to produce the requested information for all 2,422 loans. The sample production and calculation of time and expenses should be completed on or before Friday, December 14, 2018. Once the parties have determined the time and expense associated with producing the requested documents for 2,422 loans, the parties are **ORDERED** to confer, in good faith, as to whether it is necessary to produce this information for all 2,422 loans, whether Plaintiff is willing to share some of the costs of the production, and/or whether Plaintiff is willing to narrow the scope of its Request for Production.

2. Plaintiff's Motion to Compel Complete Responses to its Fourth Set of Requests for Production of Documents [DE 175 and 179] is **GRANTED** in part and **DENIED** in part.

    a. Plaintiff is seeking Defendants' response to Request for Production #19 in its Fourth Set of Requests for Production, and specifically seeks all versions of the "existing policy" referred to in Defendants' April 10, 2018 Supplemental Answer to Plaintiff's First Set of Interrogatory Requests, Interrogatory 4, for the period between 2011 and 2014. [DE 179-1, pg. 18; DE 203, pg. 2]. At the hearing, Defendants represented to the Court that they had conducted a diligent search for the policy and they cannot find it. Defendants also represented that they are not relying on any such policy. Therefore, Defendants are **ORDERED** to further respond to Plaintiff's Request for Production

#19, to clarify that they have conducted a search for the policy and cannot find it, and their lack of reliance on the policy. If Defendants locate the policy in the future, they are **ORDERED** to produce the policy to Plaintiff.

b. Plaintiff next seeks Defendants' response to Requests for Production #52, 53, 54, and 63. The Requests for Production seek monthly reports and audits generated to ensure borrower details are correctly verified and updated in Defendants' systems by the loan verification team. [DE 179, pg. 4]. Defendants object to this production as disproportionate, because they have already produced the information contained in the reports through other formats. However, at the hearing, Defendants represented that producing the monthly reports and audits would not be burdensome and that there are only between 100 and 200 reports sought by Plaintiff. Therefore, because the Court finds that the reports and audits are relevant and it would not be unduly burdensome to produce them to Plaintiff, Defendants are **ORDERED** to produce the documents requested in Plaintiff's Fourth Set of Requests for Production #52-54 and 63.

c. Finally, Plaintiff requests that Defendants respond to Plaintiff's Fourth Set of Production #66, which seeks information relating to all former employees separated from the company since November 4, 2015. Defendants have already produced this information for the time period of 2014 through November, 2015. The Court does not find that a wholesale list of all employees is relevant and proportionate to the needs of this case and may also implicate valid privacy concerns. The Court will not order the wholesale production of the employee list, but it will permit Plaintiff to provide Defendant with a list of specific job titles, departments, and positions for which it seeks

the identity of the employee(s) holding such position. Defendants are **ORDERED** to comply with Plaintiff's request and provide the employee information for the specified positions, job titles, and departments to the extent the request is relevant and proportionate. The Court expects the parties to work together in good faith on this production.

3. Plaintiff's Motion to Compel Complete Responses to its Fourth and Fifth Set of Requests for Production [DE 190 and 192] is **GRANTED** in part, **DENIED** in part, and taken under advisement in part. Plaintiff is seeking an Order requiring Defendants to respond to its Fourth Set of Requests for Production, #31 and 32, and its Fifth Set of Requests for Production, #1 – 29. Specifically, the requests seek more than 6.5 terabytes of "raw, factual information" regarding 1.58 million borrowers. [DE 190, pg. 2]. Defendants object to this production as disproportionate and unduly burdensome, and instead propose that the parties negotiate a sample of borrowers for which data will be produced. [DE 195, pg. 2]. Defendants have represented that it would require 3-4 employees up to 6 weeks of full-time work to "construct the necessary queries, execute those queries across Ocwen's systems, and validate the resulting data for 1.58 million borrowers, and then, it would take those employees an additional 2 weeks of supervision time to export the data." [DE 195, pg. 5]. The Court agrees that at this juncture, this production would be unduly burdensome to Defendants. Instead, the Court will consider two solutions: first, to require Defendants to produce all requested documents to Plaintiff, and to impose cost-shifting, requiring Plaintiff to bear some or all of the costs; or second, to require the parties to conduct sampling and collaboration in an effort to narrow down what data the parties agree is relevant and proportional, with Defendants bearing

the financial burden. If Plaintiff continues to insist on production of the entirety of the data, Defendants are **ORDERED** to determine the expected costs of production of the entirety of the data. The parties are further **ORDERED** to confer, either in person or by telephone, in good faith and for as long as necessary, in order to determine whether sampling and collaboration is appropriate in this situation or to determine whether Plaintiff will bear some or all of the costs of the production of the entirety of the data. If the Court is required to rule on this issue at a future date, the Court will require more concrete information as to the cost of production in monetary terms.

IV. **Further Hearing on DE 190 and 192**

It is hereby **ORDERED** that a further hearing on Plaintiff's Motion to Compel Complete Responses to its Fourth and Fifth Set of Requests for Production [DE 190, 192] shall be held as follows:

        DATE:        Thursday, December 20, 2018
        TIME:        2:00 P.M.
        PLACE:      United States District Court
                         701 Clematis Street
                         West Palm Beach, Florida
                         Courtroom: 6, Third Floor

In advance of the scheduled hearing, the Court directs that counsel for both Plaintiffs and Defendants shall further confer, either in person or by telephone, in good faith and for as long as necessary to attempt to agree to either the entire production of data or to a sampling protocol. On or before December 17, 2018, the parties shall file a Joint Notice advising of the parties' progress in this regard. If any discovery disputes remain, the parties should list them and provide their brief positions on each issue.

**DONE and ORDERED** in Chambers this 3rd day of December, 2018, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE