**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION
BUREAU,

                    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC

                    Defendants.

**PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANTS TO ANSWER THE COMPLAINT**

## I.      Introduction

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff, the Bureau of Consumer Financial Protection ("the Bureau"), respectfully moves the Court for an order compelling Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively "Defendants") to answer the Bureau's Complaint, notwithstanding Defendants' pending motion to dismiss. The Bureau's need to finalize its discovery plans and complete discovery, including discovery regarding any affirmative defenses Defendants may assert in their answer, justifies a deviation from the normal practice of allowing Defendants to wait until their motion to dismiss is decided before answering the Complaint. Defendants' refusal to respond to certain propounded discovery, based on the proposition that they should first answer the Complaint, further justifies the requested deviation. The Court has the authority to order Defendants to answer and the circumstances of this case provide good reasons to do so.

## II.     Background

Discovery is coming to a close in this case, and Defendants have not yet answered the Complaint. Fact discovery is scheduled to close on March 20, 2019. Defendants moved to dismiss the Complaint. Briefing on this motion was completed on August 4, 2017, but the motion has not yet been decided or postponed until trial.

To timely seek discovery about Defendants' defenses and denials, the Bureau first served contention interrogatories relating to Defendants' defenses to the Bureau's foreclosure practices claims on April 2, 2018. The Bureau also sent Defendants document requests relating to Defendants' defenses and denials on July 17, 2018 (Document Request Nos. 1-17) and August 6, 2018 (Document Requests 30-31). Defendants refused to provide responses, claiming such discovery was premature. This Court ruled in its August 13, 2018 Order (DE 157) that Defendants were only required to provide partial information to the Bureau's contention interrogatories, in part because Defendants had not yet filed an answer to the Complaint or any affirmative defenses.[1] In light of this Order, the Bureau withdrew the above-referenced document requests.

The Bureau continues to try to narrow the issues in dispute, including through Requests for Admissions or depositions it intends to conduct in the near future. But the Bureau remains

---

[1] DE 157, *Order Granting in Part and Denying in Part Plaintiff's Motion to Compel a Complete Answer to Interrogatory Two of its Second Set of Interrogatories* (DE 115) (Aug. 13, 2018).

disadvantaged: it is unaware of and unable to take discovery about Defendants' affirmative defenses and denials.

### III.   Argument

####   A.   The Court has the authority to order Defendants to answer.

The Court has the authority to order Defendants to answer the Complaint. Generally, Rule 12 allows defendants who file a motion to dismiss under this rule to delay answering a complaint, but only "unless the court sets a different time."[2] Thus, as other courts have done,[3] this Court can order Defendants to answer before the pending motion to dismiss is decided or otherwise deferred. The Court should do so here for the following reasons.

####   B.   The Bureau's need for an answer to complete discovery outweighs any burden on Defendants.

The Bureau needs Defendants' answer to its Complaint to complete discovery. Without an answer, the Bureau does not know what, if any, affirmative defenses Defendants intend to assert or what alleged conduct Defendants will admit or deny. The Bureau asks the Court to order an answer now rather than wait for the motion to dismiss to be decided because it is more efficient—for the parties and the Court—to require Defendants to answer now rather than to re-open discovery if Defendants wait until after the close of discovery to answer. Moreover, after sixteen months of discovery, whatever burden Defendants would suffer from having to prepare an answer at a preliminary stage in the case has surely dissipated. Defendants know what

---

[2] Fed. R. Civ. Pro. 12(a)(4).

[3] *See, e.g.*, *Hill v. Blue Cross and Blue Shield of Michigan*, 237 F.R.D. 613, 617 (E.D. Mich. 2006) ("[T]his Court recognizes that Rule 12(a)(4) also provides that a court may order an answer to be filed at a time *other than* after the motion to dismiss has been denied or the court has postponed consideration of the motion.") (emphasis in original); *see also Dudnikov v. Chalk & Vermilion Fine Arts*, Civ. No. 05-cv-02505-WDM-MEH, 2008 WL 821900, at *1 (D. Colo. Mar. 24, 2008) (ordering Defendant to answer while motion to dismiss was pending after a remand from appeal and holding, citing *Hill*, that "Rule 12(a)(4) allows the Court to set [the] time frame" for an answer to be filed).

allegations they admit or deny and have identified what affirmative defenses they may assert. It is time for the Bureau and Court to know, too.

     **1.**   **The Bureau needs Defendants to answer the Complaint in order to finish discovery.**

This Court has recognized that the Bureau needs Defendants' answer to complete discovery. At the August 9, 2018 hearing on the Bureau's motion to compel, the Court made clear:

> Because one of the things I'm going to make sure of in this case is both sides fully comply with their discovery obligations and if a defense or a claim is made, no one is going to be allowed to make a claim or a defense and then not produce discovery on it.[4]

Until Defendants answer, the Bureau cannot complete its discovery. Defendants may assert affirmative defenses that require additional written discovery as well as depositions. In addition, if Defendants admit certain of the Bureau's allegations, it may moot pending discovery in a way that would ease discovery burdens on both parties and the Court.[5] Likewise, the Bureau may need to take discovery into Defendants' denials of alleged conduct. Either way, the Bureau needs Defendants' answer before discovery closes.

     **2.**   **Delaying the answer would burden the parties and Court without providing any benefit to Defendants.**

There is little to be gained and much to be lost in delaying an answer at this point in the litigation.

*First*, if the Court is inclined to allow Defendants to wait to answer the Complaint until the motion to dismiss is resolved, it is likely that the Court will need to extend or re-open fact discovery. Although the Bureau cannot plan with certainty for affirmative defenses yet to be asserted, it expects that it will have to address any such defenses, including through discovery, if and when Defendants answer the Complaint.[6]

*Second*, the marginal benefit of postponing Defendants' obligation to answer pending the resolution of their motion to dismiss has steadily decreased as discovery has progressed.

---

[4] DE 169, Aug. 9, 2017 Hearing Tr. at 34:9-13.

[5] *See Hill*, 237 F.R.D. at 616 ("An answer, by its nature, assists the [c]ourt and the opposing party in clarifying the issues in the complaint.").

[6] *See Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 431-32 (6th Cir. 2006) (ruling that the district court abused its discretion by denying a motion to re-open discovery after the court allowed the defendant to answer the complaint after the close of discovery).

Defendants have been fully engaged in propounding and defending discovery about the allegations in the Bureau's Complaint. Now after sixteen-plus months of discovery, Defendants should be in position to admit or deny the allegations in the Complaint and assert any affirmative defenses. Answering now should not be a substantial burden at all, but in any event any such burden is outweighed by the Bureau's discovery needs and the interests of judicial economy.

**IV.    Conclusion**

For the foregoing reasons, the Bureau respectfully moves the Court to compel Defendants to answer the Complaint in sufficient time for the Bureau to formulate and propound discovery requests based on the answer.

Dated: January 8, 2019                    Respectfully submitted,

Attorneys for Plaintiff,
BUREAU OF CONSUMER FINANCIAL PROTECTION

JOHN C. WELLS
Deputy Enforcement Director

JAMES T. SUGARMAN
Assistant Litigation Deputy

/s/ Jack Douglas Wilson
Jack Douglas Wilson
E-mail: doug.wilson@cfpb.gov
Phone: 202-435-9151

| | |
|---|---|
| Jean Healey | jean.healeydippold@cfpb.gov |
| Jan Singelmann | jan.singelmann@cfpb.gov |
| Atur Desai | atur.desai@cfpb.gov |
| Tianna Baez | tianna.baez@cfpb.gov |
| Stephanie Brenowitz | stephanie.brenowitz@cfpb.gov |
| Erin Mary Kelly | erin.kelly@cfpb.gov |
| Greg Nodler | greg.nodler@cfpb.gov |
| Michael Posner | michael.posner@cfpb.gov |
| Amanda Roberson | amanda.roberson@cfpb.gov |
| James Savage | james.savage@cfpb.gov |

1700 G Street NW
Washington, DC 20552

4

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION</u>

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the Bureau has met-and-conferred with Defendants in good faith but have been unable to resolve the issues.

<u>/s/ Jack Douglas Wilson</u>
Jack Douglas Wilson
E-mail: doug.wilson@cfpb.gov
Phone: 202-435-9151

Jean Healey            jean.healeydippold@cfpb.gov
Jan Singelmann         jan.singelmann@cfpb.gov
Atur Desai             atur.desai@cfpb.gov
Tianna Baez            tianna.baez@cfpb.gov
Stephanie Brenowitz    stephanie.brenowitz@cfpb.gov
Erin Mary Kelly        erin.kelly@cfpb.gov
Greg Nodler            greg.nodler@cfpb.gov
Michael Posner         michael.posner@cfpb.gov
Amanda Roberson        amanda.roberson@cfpb.gov
James Savage           james.savage@cfpb.gov

1700 G Street NW
Washington, DC 20552

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on January 8, 2019 via CM/ECF on all counsel or parties of record listed below:

**<u>Attorneys for Defendants</u>**

Bridget Ann Berry
BerryB@gtlaw.com
Andrew Stuart Wein
weina@gtlaw.com
GREENBERG TRAURIG, P.A.
777 South Flagler Dr., Suite 300
West Palm Beach, FL 33401
Telephone: 561-650-7900

Matthew Previn
mprevin@buckleysandler.com
BUCKLEYSANDLER, LLP
1133 Ave. of the Americas, Suite 3100
New York, NY 10036
Telephone: 212-600-2310

Sabrina Rose-Smith
SRoseSmith@goodwinlaw.com
Catalina Azuero
CAzuero@goodwinlaw.com
Michelle Treadwell Briggs
MBriggs@goodwinlaw.com
Molly Madden
MMadden@goodwinlaw.com
Thomas Hefferon
THefferon@goodwinlaw.com
GOODWIN PROCTER, LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: 202-346-4000

/s/ Jack Douglas Wilson
Jack Douglas Wilson