IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:17-CV-80495- MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION
BUREAU,

    Plaintiff,

vs.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
and OCWEN LOAN SERVICING, LLC,

    Defendants.
_____/

**PARTIES' JOINT OPPOSITION TO MOTION TO INTERVENE**

    Plaintiff, the Consumer Financial Protection Bureau ("Bureau"), and Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc. and Ocwen Loan Servicing, LLC (collectively, along with the Bureau, the "Parties"), submit this joint opposition to the motion to intervene.

    On December 27, 2018, Joanna Burke and John Burke (the "Burkes") served a motion to intervene in this matter.[1] This is now the third motion by proposed intervenors. The Court denied the two prior motions to intervene.[2] The Court should do so again here because the proposed intervenors have failed to establish any grounds for intervention under Rule 24 of the Federal Rules of Civil Procedure.

**BACKGROUND**

    On April 20, 2017, the Bureau filed a Complaint alleging that Defendants violated the Consumer Financial Protection Act of 2010 ("CFPA") and various federal laws and regulations

---

[1] The proposed intervenors served their motion on the Defendants in this action. To date, the Bureau has not been served with the Burkes' motion, but submits this opposition to avoid any needless delay in the Court's ruling on the motion.
[2] *See* DE 171. The Court also twice denied a different non-party's motion to intervene to file evidence in the case. *See* DE 141, 218.

in servicing residential-mortgage loans. On June 23, 2017, Ocwen filed a motion to dismiss that is now fully briefed and pending before the Court. On June 19, 2017, the Court issued a scheduling order[3] setting a pretrial schedule and trial date. That order set September 1, 2017, as the deadline for amending the pleadings and adding parties and September 20, 2018, as the deadline for completing fact discovery.[4] The Parties have been engaged in discovery since August 2017.

The Burkes seek to intervene in the Bureau's enforcement action in order to "protect their interests in their homestead . . . and that of similar homeowners nationwide."

## ARGUMENT

The Court should deny intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b).

**I.      The Court should deny the request to intervene as a matter of right.**

To intervene as a matter of right under Rule 24(a), the proposed intervenor must establish that: (1) the motion to intervene is timely; (2) the proposed intervenor has an interest relating to the property or transaction which is the subject of the action; (3) the proposed intervenor is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) that the proposed intervenor is represented inadequately by the existing parties to the suit.[5] The individual or entity seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met.[6] Here, the proposed intervenors have not met their burden on any of the required factors. The Parties address the most obvious deficiencies below.

**A.      The motion to intervene is not timely.**

The motion to intervene does not address whether it is timely. It is not.

---

[3] DE 29.
[4] The fact discovery deadline was subsequently amended and is currently set to close March 20, 2019. *See* DE 164.
[5] *Purcell v. Bank Atl. Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).
[6] *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *Blake v. Batmasian*, Case No. 15-81222-CIV, 2016 WL 7447253, at *6 (S.D. Fla. Sept. 15, 2016) (Marra, J.); *see also Hofmann v. EMI Resorts, Inc.*, 698 F. Supp. 1361, 1379 (S.D. Fla. 2010) (denying *pro se* motion to intervene as untimely where it was filed seven months after complaint and would prejudice existing parties); *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007) (denying intervention for failing to meet only one of the four requirements).

The "timeliness" inquiry requires consideration of several factors, including: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of her interest in the case before she sought to intervene; (2) the extent of the prejudice that the existing parties might suffer as a result of the would-be intervenor's failure to apply for intervention as soon as she actually knew or reasonably should have known of her interest in the case; (3) the extent of the prejudice that the would-be intervenor might suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.[7]

The motion addresses none of these factors. But there is no reason to conclude that the proposed intervenors have satisfied them. From their papers, it appears as though the proposed intervenors have been in litigation relating to their property since April 2011. And this case was filed almost a year and nine months ago. Yet the proposed intervenors did not seek to join this lawsuit until now, more than 20 months after the Complaint was filed and more than 15 months after the pretrial deadline for amending claims and adding parties. The current parties would suffer prejudice should intervention be allowed now. The Parties are knee-deep in fact discovery, with multiple motions pending before the Court and a March 20, 2019 fact-discovery deadline looming. To expand this litigation now by adding new claims and plaintiffs, and to complicate the matter further by transforming this government law-enforcement action into a private action, would cause undue delay and burden for the Parties and the Court.[8] For these reasons alone, the Court should deny the motion to intervene.[9]

---

[7] See Meek v. Metro. Dade Cty., 985 F.2d 1471, 1478-79 (11th Cir. 1993) (quoting Stallworth v. Monsanto Co., 558 F.2d 257, 263-66 (5th Cir. 1977)), abrogated on other grounds by Dillard v. Chilton Cty. Comm'n, 495 F.3d 1324 (11th Cir. 2007).

[8] See Hofmann, 689 F. Supp. 2d at 1380; Roberts v. Gordy, Case No. 13-24700-CIV, 2015 WL 11201183, at *2 (S.D. Fla. Apr. 14, 2015) (holding that motion to intervene was untimely due in part to extensive discovery already served and prejudice to existing parties that would need to prepare for additional discovery from proposed intervenor).

[9] See NAACP v. New York, 413 U.S. 345, 365-66 (1973) (upholding denial of motion to intervene filed three months after the complaint and at a critical point in the case); see also Roberts, 2015 WL 11201183, at *2 (holding that "[i]f the motion to intervene is untimely, the Court must deny intervention" under Rule 24).

### B. The proposed intervenors have no interest in this action.

The proposed intervenors have not met their burden to show that they have a "direct, substantial, legally protectable interest" in the subject of the lawsuit.[10] While the proposed intervenors recite their ongoing civil actions, those actions appear to have begun as early as 2011, and largely involve allegations related only to their own property. It is unclear that the Burkes' interests would be impaired, particularly where they are seeking to protect their interest in already pending litigation. Because the proposed intervenors have failed to provide any explanation for how this case could possibly affect their rights, the Court should deny their request for intervention as of right.

### C. To the extent they have an interest in this case, the Bureau adequately represents the proposed intervenors.

Proposed intervenors must show that that they would be represented inadequately by the existing parties to the suit they seek to join. Typically, representation is considered adequate "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty."[11] And courts routinely deny motions to intervene by plaintiffs in actions brought by governmental agencies that represent the proposed plaintiffs' general objectives.[12]

Here, the proposed intervenors have failed to explain how they have any interest at all in this litigation, let alone one that is adverse to the Bureau's. They have provided only a conclusory statement that "Applicants can confirm applicants [sic] interests are not adequately represented, as detailed herein and in the Memorandum." But to the extent they have any interest here, the proposed intervenors' interests, like those of other consumers, are adequately represented by the Bureau—the primary federal regulator concerning the laws at issue in this

---

[10] *Mt. Hawley Ins. Co. v. Sandy Lake Props. Inc.*, 425 F.3d. 1308, 1311 (11th Cir. 2005).
[11] *See Fla. Power & Light Co. v. Belcher Oil Co.*, 82 F.R.D. 78, 81 (S.D. Fla. 1979) (citing *Martin v. Kalvar Corp.*, 411 F.2d 552, 553 (5th Cir. 1969)).
[12] *See, e.g.*, *EEOC v. Darden Rest., Inc.*, No. 15-20561-CIV, 2015 WL 13559888, at *2 (S.D. Fla. Nov. 3, 2015) (intervention motion denied where intervenors provided no reason why government would not adequately represent their interests in the case); *United States v. Sec'y, Fla. Dep't of Corr.*, No. 12-22958-CIV, 2013 WL 4786829, at *1 (S.D. Fla. Sept. 6, 2013) (denying motion to intervene where government sought broad relief encompassing movants' requested relief).

suit, including the CFPA.[13] Because the CFPA does not permit private rights of action,[14] the proposed intervenors have no separate interest in asserting their claims here. Rather, the Bureau is presumed to adequately represent the interests of consumers through its enforcement matters.[15]

The proposed intervenors have failed to explain how they satisfy this factor. The Court should therefore, on this basis alone, deny the motion.

## II.     The Court should also deny permissive intervention.

If an individual or entity cannot intervene as a matter of right, Rule 24(b) allows for permissive intervention where the motion is timely and the movant "has a claim or defense that shares with the main action a common question of law or fact."[16] The decision whether to allow intervention under Rule 24(b), even where there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, is entirely within the court's discretion.[17] In exercising its discretion, federal courts must consider whether intervention would unduly delay or prejudice the adjudication of the parties' rights.[18]

Here, too, the proposed intervenors fall short. They do not list any specific potential claims that they would like to assert on behalf of themselves or other homeowners they purport to represent. And they further include discussions of various other issues relating to MERS and the Texas State Consumer Task Force that are largely unrelated—in terms of facts, timing, and

---

[13] 12 U.S.C. § 5491(a) ("There is established in the Federal Reserve System, an independent bureau to be known as the 'Bureau of Consumer Financial Protection', which shall regulate the offering and provision of consumer financial products or services under the Federal consumer financial laws."); 12 U.S.C. § 5564(a) (authorizing the Bureau to file suit to enforce the consumer financial-protection laws, including the CFPA).

[14] *See Yeh Ho v. Wells Fargo Bank, N.A.*, No. 15-81522-CIV, 2016 WL 4595977, at *7 (S.D. Fla. Aug. 29, 2016) (Marra, J.) (finding no private right of action in the CFPA and dismissing claims); *Cornwall v. Third Fed. Sav. & Loan*, 8:15-CV-2616-T-EAK-AAS, 2016 WL 4034782, at *2 (M.D. Fla. Jul. 25, 2016) (same).

[15] *See, e.g., FTC v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015) (holding that district court properly denied consumer's motion to intervene and noting that if a named party is a government entity that represents interests common to the public, there is a presumption of adequate representation); *FTC v. Amer. Telnet, Inc.*, 188 F.R.D. 688, 691 (S.D. Fla. 1999) (King, J.) (denying consumer victim's motion to intervene; holding that FTC, in its capacity of a federal agency charged with enforcing consumer-protection laws, adequately represented consumer's interest).

[16] Fed. R. Civ. P. 24(b)(1)(B).

[17] *Purcell*, 85 F.3d at 513.

[18] *See Meek*, 985 F.2d at 1477.

defendants—to the allegations here. Where there is a lack of common issues of law or fact, permissive intervention is not warranted,[19] particularly where, as here, granting the motion would prejudice the parties.[20]

## CONCLUSION

The Court should deny the proposed intervenors' motion.

Dated: January 14, 2019

Respectfully submitted,

Attorneys for Plaintiff,
BUREAU OF CONSUMER FINANCIAL PROTECTION

JOHN C. WELLS
Deputy Enforcement Director

JAMES T. SUGARMAN
Assistant Litigation Deputy

Jan Singelmann
E-mail: jan.singelmann@cfpb.gov
Phone: 202-435-9670

| | |
|---|---|
| Jean Healey | jean.healeydippold@cfpb.gov |
| Jan Singelmann | jan.singelmann@cfpb.gov |
| Atur Desai | atur.desai@cfpb.gov |
| Amanda Roberson | amanda.roberson@cfpb.gov |
| Tianna Baez | tianna.baez@cfpb.gov |
| Stephanie Brenowitz | stephanie.brenowitz@cfpb.gov |
| Erin Mary Kelly | erin.kelly@cfpb.gov |
| James Savage | james.savage@cfpb.gov |
| Greg Nodler | greg.nodler@cfpb.gov |
| Michael Posner | michael.posner@cfpb.gov |
| Jack Douglas Wilson | doug.wilson@cfpb.gov |

1700 G Street NW
Washington, DC 20552

---

[19] *See Meek*, 985 F.2d at 1477.
[20] *See Amer. Telnet*, 188 F.R.D. at 692 (denying permissive intervention where it would have prejudiced existing parties).

Dated: January 14, 2019    Respectfully submitted,

/s/ Catalina E. Azuero

Catalina E. Azuero (Fla. Bar No.: 821411)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
cazuero@goodwinlaw.com

Thomas M. Hefferon (*pro hac vice*)
Sabrina M. Rose-Smith (*pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Ave., NW
Washington, DC 20001
Tel.: 202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

Matthew P. Previn (*pro hac vice*)
**BUCKLEY SANDLER, LLP**
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel.: 212.600.2310
mprevin@buckleysandler.com

Bridget Ann Berry
Andrew Stuart Wein
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, FL 33401
Tel.: 561.650.7900
berryb@gtlaw.com
weina@gtlaw.com

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on January 14, 2019 via CM/ECF on all counsel or parties of record listed below. The Bureau also served the proposed intervenor via email and UPS on January 14, 2019:

**Attorneys for Defendants**

Bridget Ann Berry
BerryB@gtlaw.com
Andrew Stuart Wein
weina@gtlaw.com
GREENBERG TRAURIG, P.A.
777 South Flagler Dr., Suite 300
West Palm Beach, FL 33401
Telephone: 561-650-7900

Sabrina Rose-Smith
SRoseSmith@goodwinlaw.com
Catalina Azuero
CAzuero@goodwinlaw.com
Michelle Treadwell Briggs
MBriggs@goodwinlaw.com
Thomas Hefferon
THefferon@goodwinlaw.com
GOODWIN PROCTER, LLP
901 New York Ave., NW
Washington, D.C. 20001
Telephone: 202-346-4000

Matthew Previn
mprevin@buckleysandler.com
BUCKLEYSANDLER, LLP
1133 Ave. of the Americas, Suite 3100
New York, NY 10036
Telephone: 212-600-2310

## SERVICE LIST – VIA UPS AND EMAIL

Joanna Burke and John Burke **(Proposed Intervenors)**
46 Kingwood Greens Dr.
Kingwood, TX 77339
Email: kajongwe@gmail.com

/s Jan Singelmann
Jan Singelmann

7