*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

John Burke and Joanna Burke
46 Kingwood Greens Dr
Kingwood, Texas 77339
Tel: 281 812 9591

FILED BY _____ C.b.s _____ D.C.

JAN 22 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA,
## WEST PALM BEACH DIVISION

### Civil Action No. 9:17-CV-80495

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) REPLY TO PARTIES JOINT OPPOSITION TO MOTION TO INTERVENE |
| Plaintiffs, | ) |
| vs. | ) |
| OCWEN FINANCIAL CORPORATION, a Florida corporation, | ) |
| OCWEN MORTGAGE SERVICING, INC., a U. S. Virgin Islands corporation, | |
| and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, | |
| Defendants. | |

1

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

## RESPONSE TO "JOINT OPPOSITION RE MOTION TO INTERVENE

### TO THE HONORABLE JUDGE OF SAID COURT:

Joanna Burke and John Burke ("Applicants"), hereby responds to the disturbing "Joint Opposition" by the Bureau (CFPB), a government consumer watchdog agency and Ocwen, the largest unfettered debt collector in the United States, with over 580,000 consumer complaints[1] since 2015 and hundreds of millions of dollars levied in fines over the last decade, and reiterates, pursuant to Fed. R. Civ. P. 24 and with supporting law and opinions from courts nationwide, the Applicants Motion to Intervene should be granted.

> See Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005) (asserting that intervention should be allowed where "no one would be hurt and greater justice could be attained" (quoting Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994))).

Intervention: is a relatively new phenomenon in American procedure. However, its use and availability have greatly expanded over the last century. Rule 24's predecessor, Equity Rule 37, was adopted in 1912 and provided that; "**Anyone claiming an interest in the litigation may at any time be permitted to assert his right**

---

[1] See Complaint & Applicants Motion to Intervene, p. 21, citing; "Since April 2015, Ocwen has received more than 580,000 complaints and written notices of error…"

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."[2]

The adoption of the Federal Rules of Civil Procedure gave intervention an even greater role in federal litigation.[3] In 1966, the rule concerning Rule 24(a) was relaxed, when the text was modified to make intervention of right less restrictive.[4]

The new Rule incorporated both of these ideas and expanded the requisite effect to encompass impaired interests that were not adequately represented.[5] Thus, the modern Rule 24 allows a nonparty to a dispute to intervene to protect an interest that is unrepresented by the existing parties.[6]

In answer to the Joint Opposition, the Applicants respond as follows:-

- The Motion to Intervene is Timely: *see* Exhibit A.

- The Applicants Possess Incontestable Interest in this action:  Exhibit B.

---

[2] FED. EQUITY R. 37 (1912) (repealed 1938).

[3] See 7C WRIGHT, MILLER & KANE, supra note 16, § 1901; see also Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co., 386 U.S. 129, 133 (1967) ("Rule 24(a)(3) was not merely a restatement of existing federal practice at law and in equity.").

[4] *See* Tyler R. Stradling & Doyle S. Byers, *Intervening in the Case (or Controversy): Article III Standing, Rule 24 Intervention, and the Conflict in the Federal Courts*, 2003 BYU L. REV. 419, 423. For a brief discussion on how the Federal Rules of Civil Procedure are amended, see *id.* at 423–24.

[5] *Id.* 24(a)(3). Before 1966, however, the property provision was not subject to an adequate representation caveat. *See id.*

[6] *See id.* 24(a)(2).

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

- **The Bureau (CFPB) Does Not Adequately Represent the Applicants:** Exhibit C.

- **"Full Rights" or, at minimum, "Permissive" Intervention should be granted:** Exhibit D.

The Applicants stated in the original motion and Application that this case would be regarded as a political charade if the people who have been materially impacted are denied access to the judiciary and to have a voice. This claim has been verified by the Joint Opposing Motion by the parties themselves.

It is now left with this honorable court to decide if the Applicants as Plaintiff-Intervenors, as a "matter of right" and/or permissively include the Burkes and similarly situated homeowners, have a statutory right to participate.

The Applicants and directly injured homeowners are the people who the CFPB claims to represent, yet they fail to do so.

"The CFPB was created to provide a single point of accountability for enforcing federal consumer financial laws and protecting consumers in the financial marketplace", and also Ocwen, "Our motto is to delight the customer," Hollerich says. "We believe that anyone experiencing a financial hardship is more likely to remain in their home if Ocwen is their loan servicer."

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

## CONCLUSION & PRAYER

The Applicants respectfully requests that this Court grant the Applicants motion to intervene as of right pursuant to Rule 24(a) or alternatively with permission pursuant to Rule 24(b ).

RESPECTFULLY submitted this 18th day of January, 2019.

My name is Joanna Burke, my date of birth is November 25, 1938, and my address is 46 Kingwood Greens Drive, Kingwood, Texas 77339, United States of America. I declare under penalty of perjury that the foregoing, including attached exhibits, is true and correct.

*Joanna Burke*

Joanna Burke
Tel: (281) 812-9591
Fax: (866) 705-5076
Email; kajongwe@gmail.com

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

My name is John Burke, my date of birth is July 16, 1937, and my address is 46 Kingwood Greens Drive, Kingwood, Texas 77339, United States of America. I declare under penalty of perjury that the foregoing, including attached exhibits, is true and correct.

                                                              John Burke
                                        Tel: (281) 812-9591
                                        Fax: (866) 705-5076
                                        Email; alsation123@gmail.com

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

## CERTIFICATE OF SERVICE

We, Joanna Burke and John Burke hereby certify that on January 18, 2019, we posted the attached document via USPS Priority Mail to the US District Court;

Clerk of Court
United States District Court
Southern District of Florida
West Palm Beach Division
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street, Room 202
West Palm Beach, FL 33401

And also served copies to the following parties, by USPS Priority Mail:

### CFPB (Plaintiffs)

Anthony Alexis,
Enforcement Director

Cara Petersen,
Deputy Enforcement Director for Litigation

Gabriel O'Malley,
Assistant Litigation Deputy

**Jean Healey**
Senior Litigation Counsel
Email: jean.healey@cfpb.gov
Email: Jean.healeydippold@cfpb.gov

Jan Singelmann
E-mail: jan.singelmann@cfpb.gov

Atur Desai

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

E-mail: atur.desai@cfpb.gov


Tianna Elise Baez
Email: tianna.baez@cfpb.gov

Stephanie C. Brenowitz
Email: stephanie.brenowitz@cfpb.gov

Lawrence DeMille-Wagman
Email: lawrence.wagman@cfpb.gov

Erin Mary Kelly
Email: erin.kelly@cfpb.gov

Gregory Ryan Nodler
Email: Greg.Nodler@CFPB.gov

Michael Posner
Email: michael.posner@cfpb.gov

Jack Douglas Wilson
Email: doug.wilson@cfpb.gov

James Joseph Savage
james.savage@cfpb.gov

Amanda Christine Roberson
amanda.roberson@cfpb.gov


**Mailing Address:**
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

**OCWEN (Defendants)**
Bridget Ann Berry
BerryB@gtlaw.com

Andrew Stuart Wein
weina@gtlaw.com

**Mailing Address:**
Greenberg Traurig
Phillips Point - East Tower
777 S Flagler Drive
Suite 300E
West Palm Beach, FL 33401


**Thomas M. Hefferon** (pro hac vice)
thefferon@goodwinlaw.com

Sabrina M. Rose-Smith (pro hac vice)
srosesmith@goodwinlaw.com

Catalina Azuero
CAzuero@goodwinlaw.com

Michelle Treadwell Briggs
MBriggs@goodwinlaw.com

Molly Madden
MMadden@goodwinlaw.com


**Mailing Address:**
GOODWIN PROCTER LLP
901 New York Ave., NW
Washington, DC 20001


**Matthew Previn**

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

mprevin@buckleysandler.com

**Mailing Address:**
BUCKLEYSANDLER, LLP
1133 Ave. of the Americas, Suite 3100
New York, NY 10036
*Attorneys for Defendants Ocwen Financial Corp.,*
*Ocwen Mortgage Servicing, Inc., and Ocwen*

**Interested Party**

**Douglas C Dreier**
ddreier@gibsondunn.com

**Mailing Address:**

Gibson, Dunn & Crutcher LLP
1499 Massachusetts Ave NW
Apt 608
Washington, DC 20005


**Interested Party**

**Jeffrey S. Rosenberg**
jsrosenberg@gibsondunn.com

Eugene Scalia
escalia@gibsondunn.com

Patrick F. Stokes
pstokes@gibsondunn.com


**Mailing Address:**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

*Attorneys for Altisource Solutions, Inc.*

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

**Interested Party**

Predrag Patrick Jovanov
**Mailing Address:**
405 NE 23rd Avenue
Apt. 1
Pompano Beach, FL 33062
*Pro Se*

**Interested Party**

Robert Sepulveda
**Mailing Address:**
122 SW 37th Ave
Cape Coral, FL 33991
*Pro Se*

**Mediator**

David H. Lichter
**Mailing Address:**
2999 Northeast 191 Street
Suite 330
Aventura, FL 33180
*Mediator*

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

# EXHIBIT A

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

## THE MOTION TO INTERVENE IS TIMELY
## AND SHOULD BE GRANTED

The Bureau writes; the "timeliness" inquiry requires consideration of several factors, including:

(1) *the length of time during which the would-be intervenor actually knew or reasonably should have known of her interest in the case before she sought to intervene*; The applicants referenced the past litigation and timelines in the original application before this honorable court, including the details which will be repeated herein. For the purposes of clarity, the summary of events are as follows;

(a) The Fifth Circuit Court of Appeals (Case #18-2026) issued its original opinion on 5th September, 2018.

(b) The Applicants wrote to Ocwen on September 13th requesting a Qualified Written Request (QWR).

(c) A reminder letter was sent to Ocwen on October 3rd, 2018.

(d) On October 23rd, Applicants received written confirmation from the Secretary of State for the State of Texas that counsel for Deutsche Bank, Hopkins Law, PLLC, were operating without a surety bond nor license, as required by any debt collection attorneys in the State.

(e) A further reminder letter was sent to Ocwen on October 24th, 2018.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

(f) On November 5, 2018, Hopkins Law, PLLC, an unlicensed and unbonded debt collection lawyer, sent a letter in response to the QWR.

(g) On 14th November, 2018, the Applicants filed an action against Ocwen Loan Servicing, LLC, in State Court.

(h) On December 3rd, Ocwen removed the State case to Federal Court for the Southern District, Houston Division.

(i) On December 27th, 2018, the Applicants posted the original Motion to Intervene to this honorable court. When the Applicants arrived at the Fifth Circuit Court of Appeals, they received an ordered judgment in their favor, dismissing Deutsche Banks' claims and demands.

The first notice of this reversal was in September 2018. The Applicants, as summarized above, requested verification of the loan from Ocwen and that attempt failed repeatedly.

The Applicants then filed, on a timely basis, the original Motion to Intervene and Memorandum for consideration by this honorable court. The Motion is timely.

(2) *the extent of the prejudice that the existing parties might suffer as a result of the would-be intervenor's failure to apply for intervention as soon as she actually knew or reasonably should have known of her interest in the case;*

The question should really be "How will the 300,000+ complainants since 2015 view the Bureau's alignment with Ocwen in this Joint Motion, and

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

<u>furthermore, *why* are they opposing a consumers Motion to Intervene?"</u>   After all, they are supposedly the "Consumer Bureau".

In answer to the question raised by the Bureau; As admitted in the Joint Opposition Motion, discovery is not complete, the case has not even reached pre-trial stage and there is currently pending before this honorable court,  a motion to dismiss by Ocwen. The existing parties have not suffered, the same cannot be said about the Intervenor, or the 300,000+ complainants, should this application be denied.

(3) *the extent of the prejudice that the would-be intervenor might suffer if intervention is denied*;

As outlined in the original Motion to Intervene, a homestead is personally at risk for the Applicants if this application is denied, but also, there is the 300,000+ current complainants, as well as the current and past injured "borrowers, consumers and homeowners", who are avidly tracking this historic and important legal case throughout the country.  The stakes could not be higher.

<u>In summary;</u>  a denial of this Application would be devastating, not only for the Applicants, but for the people of the United States of America who seek a transparent and open forum in relation to a company (Ocwen) who continuously flaunts court mandated orders and consumer laws nationwide, over the last decade.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

The result; illegally foreclosing on thousands of homesteads, creating uncertainty and despair for the lives of those families, their children and future American generation(s).

(4) *the existence of unusual circumstances militating either for or against a determination that the application is timely;*

Allowance and consideration should be given to the fact that the Applicants are *pro se* and only discovered the availability of filing as an "Intervenor" in December 2018. Until this time, they were completely unaware of its legal existence.

Hence, as soon as that was discovered, the Applicants began to study and learn how to even file as an Intervenor. The Applicants then had to prepare the Motion and Memorandum, which, as this parties and the Court will note, is fairly detailed, with the purpose to ensure the Application is complete and compliant to the *"pro se's"* best ability.

The application was not only timely, it was delivered to the parties and this honorable court very quickly indeed, given the timeline.

# EXHIBIT B

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

## THE APPLICANTS POSSESS INCONTESTABLE
## INTEREST IN THIS ACTION

Opposing Joint counsel are operating under the misconception that the Model Rules contain an express duty for them to zealously advocate on behalf of their clients. They compound this misconception with the belief that zealous advocacy authorizes abrasiveness, bullying, hardball lawyering, and a win-at-all-costs attitude.

However, over 20 years ago, the ABA's Model Rules intentionally eliminated an express duty to zealously advocate and replaced it with a duty to represent one's client with "reasonable diligence."

Here, the CFPB have aligned themselves with opposing counsel, <u>strike one</u>. To add insult to injury, they have chosen to be the author of this motion, <u>strike two</u>. Then throughout this motion they have made claims that fail in law and in common sense, <u>strike three</u>.   In this regard, let's discuss the following statement as an example;

### B. The proposed intervenors have no interest in this action.

"The proposed intervenors have not met their burden to show that they have a "direct, substantial, legally protectable interest" in the subject of the lawsuit.

**QUESTION - Surely, it's uncontestable that one's property is a "direct, substantial, legally protectable interest?"** *See* **Mid-Continent Cas. Co. v. Basdeo, 2009 U.S. Dist. LEXIS 123981 (S.D. Fla. Aug. 7, 2009) Legally protected interest is defined as "something more than an economic interest. It is one which the substantive law recognizes as <u>belonging to or being owned by the applicant</u>. In sum, a legally protectable interest is an interest that derives from a legal right, and the Eleventh Circuit has in no uncertain terms excluded from this definition "purely economic" interests."**

While the proposed intervenors recite their ongoing civil actions, those actions appear to have begun as early as 2011, and largely involve allegations related only to their own property.

**FACT - The Parties in the 2011 lawsuit are Deutsche Bank v Burke, et al. This case does not name Ocwen as a party and hence would "fail" as a "direct interest" as a matter of law. The Applicants sued Ocwen shortly after the Deutsche Bank v Burke Appeal decision in late 2018 – for the reasons as intricately detailed in the original application.**

It is unclear that the Burkes' interests would be impaired, particularly where they are seeking to protect their interest in already pending litigation.

**QUESTION - The question is; whether the author, the CFPB, is admitting on the record that they have either not read the Applicants motion, memorandum, reference case(s) and exhibits or, liberally construing the argument, they are being wickedly obtuse towards *pro se* counsel in an act of zealous advocacy.**

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

# EXHIBIT C

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

## THE BUREAU (CFPB) DOES NOT ADEQUATELY
## REPRESENT THE INTERVENORS

The "Joint Opposing Parties state: "Typically, representation is considered adequate "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor, and if the representative does not fail in fulfillment of his duty.

This is a contradiction when the parties have joined together against the Applicants who are "borrowers, consumers, and homeowners".

### Discrimination in Communication

The Bureau sent a copy of the "Joint Opposition" via email to the Applicant Joanna Burkes' email at 2.50pm on Monday, 14th January, 2019 with the following cover note;

> "Joanna and John Burke: please see the attached document that the
> Consumer Financial Protection Bureau and Ocwen defendants filed
> today. A hard copy of this filing is also being sent to you via UPS."
>
> Regards,
>
> Jan Singelmann
> Senior Litigation Counsel
> Consumer Financial Protection Bureau
> 202 435 9670
> jan.singelmann@cfpb.gov

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

**The Fifth Circuit Court of Appeals (TX)**

The Court opined "a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street."

*Potashnick v. Port City Construction Co., 609 F. 2d 1101, (5th Circuit, 1980)*



The Fifth Circuits' statement above should also be considered by "adversarial" parties when filing a "Joint Motion of Opposition", especially when both parties claim to "represent the consumers/borrowers/homeowners best interest" and the case in question is 100% dedicated to acts taken by Ocwen that injured and damaged "borrowers/consumers/homeowners" nationwide.

Here, neither party attempted to contact the Applicants (classified as "borrowers/consumers") prior to filing their "Joint Motion of Opposition". Clearly, as it's a joint motion, the Bureau and Ocwen have enjoyed communication and agreement with regards to the "borrowers/consumers" Intervenors' Application.   It is irrefutable, based on this joint act, the Bureau is not going to adequately represent the Intervenors.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

### Ocwen and Erbey's Shell Companies – a System of Deception

The preeminent complaint to-date regarding Ocwen, which details its sophisticated and pre-meditated organizational structure to avoid taxes, court orders and allow the corporation to maintain its monopoly and illegally evict homeowners from their homesteads, is namely the action which commenced and subsequently settled recently in the State of Florida;

> Ocwen Derivative Action Litigation Consolidated Verified Shareholder Complaint Case 9:14-cv-81601-WPD, Doc. 143, Page 71, #188., Southern District, Fla. (Settled).

Reading this one complaint will provide this honorable court with the oversight to see that as clever financial and legal manipulators, Ocwen has systematically and over the last decade, successfully "gamed the system".

> "On or about February 26,2014, Benjamin M. Lawsky, Superintendent of the NYDFS, addressed a letter (the "February 26[th] Letter") to the Company's General Counsel, Timothy Hayes,

seeking documents and information concerning transactions with the Company's affiliates stating, in relevant part, that:

The Department's ongoing review of Ocwen's mortgage servicing practices **has uncovered a number of potential conflicts of interest** between Ocwen and other public companies with which Ocwen is closely affiliated.

Indeed, **the facts our review has uncovered to date cast serious doubts on recent public statements made by the company that Ocwen has a "strictly arms-length business relationship" with those companies**.

We are also concerned that this tangled web of conflicts could create incentives that harm borrowers and push homeowners unduly into foreclosure. As such, we are demanding additional information on these issues as part of our review." – See Doc. 143. Page 195 of 227.

## Joinder of Altisource to the Law Suit is Essential

It is quizzical why Altisource is not party to this complaint. If this Application to Intervene is granted, it would be a request of this Court, to allow joinder of shell company Altisource, with a majority and conflicting interest held by Erbey.

Plaintiffs W.A. Sokolowski ("Sokolowski"), Helene Hutt ("Hutt") and Robert Lowinger ("Lowinger") (collectively, "Plaintiffs"), bring this consolidated shareholder derivative action on behalf of nominal defendant Ocwen Financial Corporation ("Ocwen" or "the Company") alleging wrongdoing against certain current and/or now former members of Ocwen's Board of Directors and Ocwen Officers, including William C. Erbey ("Erbey"), Ronald J. Korn ("Korn"), William H. Lacy ("Lacy"), Robert A. Salcetti ("Salcetti"), Barry N. Wish ("Wish"), Wilbur L. Ross ("Ross") and John V. Britti ("Britti");

**certain Ocwen-related entities including** Altisource Portfolio Solutions, S.A. ("Altisource"), Home Loan Servicing Solutions Ltd. ("HLSS"), Altisource Residential Corporation ("RESI"), and Altisource Asset Management Corporation ("AAMC") (collectively the "Related-Party Transaction Defendants" or "RPT Defendants"); Altisource subsidiary Beltline Road Insurance Agency, Inc. ("Beltline"); Defendant Ross' private equity fund, WL Ross & Co. LLC ("WLRoss"), and certain related investment funds (collectively the "Ross Fund Defendants").

-- In Re: Ocwen Derivative Action Litigation Consolidated Verified Shareholder Complaint Case 9:14-cv-81601-WPD, Doc 143, Page 1, first paragraph.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

Altisource manages the "RealServicing" platform, which is key to this complaint and discovery requests by the Bureau (CFPB).

> "On August 10, 2009, Ocwen spun off its "Ocwen Solutions" line of business into Defendant Altisource Portfolio Solutions, S.A. ("Altisource"), a separate publicly traded company incorporated under the laws of Luxembourg with its principal executive office purportedly located at 40, Avenue Monterey, L-2163 Luxembourg, Grand Duchy of Luxembourg.
>
> **Altisource provides Ocwen with its mortgage servicing platform called *REALServicing* as well as foreclosure related services."**
>
> – In Re: Ocwen Derivative Action Litigation Consolidated Verified Shareholder Complaint Case 9:14-cv-81601-WPD, Doc 143, Page 16, #42.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

From the Applicants overview of the record, there is no specific requests made of Altisource and/or the "certain Ocwen-related entities" via subpoenas or discovery, and that is problematic, given the software is trusted for the day-to-day digital management of loans and "accounting" for "borrowers" for the period in question in this complaint. Furthermore, this is the software which has been banned by approximately 20 States nationwide.

## <u>Conflicts of Interest Past, Present and Future</u>

The joint opposing parties stated; "<u>if the representative does not have or represent an interest adverse to the proposed intervenor...</u>" As outlined in the original Motion to Intervene, there are too many government "conflicts of interest" to trust the Bureau to represent the past, present and future maligned, injured and damaged "borrowers", "consumers", homeowners and citizens of the United States of America, as a direct result of Ocwen's greed, including those parties which knowingly colluded with them.

The most infamous, which the Applicants previously documented, includes Steven W. Mnuchin, Secretary of the US Treasury, formerly Goldman Sachs, Dune,

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

Indymac Bank, and OneWest Bank  and Joseph Otting, sitting Director at the OCC/FHFA, formerly Goldman Sachs, OneWest Bank/CIT.

In this response, Applicants highlight US Secretary of Commerce, Wilbur Ross, Jr., due to his direct and ongoing relationship with Ocwen and working relationship with the Bureau.  Insider trading is a criminal offence - ask Martha Stewart - yet we have government turning a blind eye to the Ocwen Insider Trading deals by Wilbur Ross Jr ("Ross") and his conflicts of interest:-

> "Prior to these revelations, however, Defendants Wish, Ross and Erbey sold more than $62 million worth of Ocwen common stock at inflated prices while in possession of material non-public information, thus avoiding substantial losses they would have incurred but for their illegal insider trading." - In Re: Ocwen Derivative Action Litigation Consolidated Verified Shareholder Complaint Case 9:14-cv-81601-WPD, Doc. 143, Page 71, #188., Southern District, Fla. (Settled).

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*



### COUNT XIV

(Against Defendants Erbey, Ross and Wish for Insider Trading), Doc. 143, Page 157.

*Insider Trading*: You are prohibited by Company policy and the law from buying or selling securities of the Company at a time when in possession of "material nonpublic information." (*Id.*, p. 12 of 21).

"The Ross Fund Defendants (as defined below), who had access to inside information concerning Ocwen because their deputy and managing member, Defendant Ross, at or about the time that he was serving as a Director of Ocwen, sold over $225 million of Ocwen stock in the open market as well as back to the Company at inflated prices in 2013 and 2014 at a point in time when the Company's financial   statements   were   not   in   compliance   with

30

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

GenerallyAccepted Accounting Principles ("GAAP")..." -  Doc.

143, Page 4, #5.


To fully comprehend Ross's deep involvement - to this day with Ocwen - this honorable court should review the above styled Derivative action and complaint (settled) in depth, where it details Ross and his chain of shell companies, how he sold Ocwen his mortgage servicing company AHMSI, renamed to Homeward Residential, Inc., in 2012, as a result of the financial meltdown in 2008.

"Defendant Ross served as the Chairman  of the Board of AHMSI and thereafter Homeward until that company was acquired by Ocwen in December 2012 for an aggregate purchase price of $766 million. Homeward was in the business of loan servicing and, at or around the time of its acquisition, its loan servicing portfolio consisted of in excess of 575,000 loans with an outstanding principal balance of approximately $150 billion. Through the purchase by Ocwen, Homeward became a wholly-owned subsidiary of Ocwen. Prior to its acquisition by Ocwen, Homeward was one of the largest independent mortgage loan servicers in the United States. At the time of its acquisition in 2012..." - Doc. 143, Page 11, #27.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref : #RESTORETX*

Despite this, there is no mention of Ross in the complaint by the Bureau. Ross, a former Director for Ocwen during the period the Bureau is investigating.  This shows bias and a conflict of interest. The Bureau could not represent the Applicants for this reason alone.

### <u>Both Joint Opposing Parties have<br>Continuously & Consciously Failed in their Duties</u>

The joint opposing parties stated; "…and if the representative does not fail in fulfillment of his duty".   As outlined in the original Motion to Intervene and supporting Memorandum, both the Bureau and Ocwen have failed in their duties. To recap;

(i)     The CFPB is fighting for its own survival, with many claims and law suits nationwide, including by Ocwen in this very law suit, claiming the Bureau, led by a single person, is "unconstitutional".[7]

(ii)    One doesn't need to repeat why Ocwen has failed, with the Bureau's own complaint (Doc.1 and Exhibits) detailing the failures and also the Applicants case against Ocwen.[8]

---

[7] Ocwens challenge in this case, where they ask the DOJ to join in support - Judge Kenneth Marra of the U.S. District Court for the Southern District of Florida declined Ocwen's request to seek U.S. Attorney General Jeff Sessions' views on the CFPB's constitutionality. In a separate order June 2, Marra said it's "premature" to invite the Attorney General's views at this point.

[8] [8] See *Joanna Burke v Ocwen Loan Servicing, LLC*, Case 4:18-cv-4544, District Court, Southern District of Texas, Houston Division

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

## The CFPA Question: Can the Bureau Rely on CFPA to Prevent Individuals from Intervening?

The Joint Opposed Motion continues; "<u>Because the CFPA does not permit private rights of action, the proposed intervenors have no separate interest in asserting their claims here.</u> Rather, the Bureau is presumed to adequately represent the interests of consumers through its enforcement matters…".

Firstly, the question of the Bureau's constitutionality before this honorable court was not decided, but rather stayed, as the Hon. Judge Marra opined that Ocwen's claims were "premature". Should this matter be discussed and ruled on at a later stage, and if the Court agrees that the CFPB is unconstitutional, this law suit would be at an end.

Once again, it is bizarre why the "Consumer" Bureau has joined with Ocwen in this Opposing Motion. The CFPB is damaging its own credibility as a legal entity even further;

## CFPB v RD LEGAL FUNDING | CFPA CASE

U.S. District Judge Loretta Preska of the New York Southern District declared the CFPB to be unconstitutionally structured, as

part of a ruling in a case involving a company that provides lump-sum payouts to those awaiting payment in a structured settlement. The case involves **RD Legal Funding**, which was sued by the state of New York and the CFPB for allegedly cheating **NFL** concussion settlement and 9-11 settlement members out of their money.

The CFPB sued the company under the Consumer Financial Protection Act, but the company countered by arguing that the bureau was unconstitutionally structured, and therefore had no right to bring a **CFPA claim**. And Preska agreed.

In a ruling handed down earlier this week, Preska said that **the CFPB is unconstitutional, lacks the authority to bring a CFPA claim against RD Legal, and is removed from the case.** - *See* Consumer Financial Protection Bureau v. RD Legal Funding LLC, 1:17-cv-00890

However, with an Intervenor-Plaintiff sitting, and should the honorable court approves this application, then the case could proceed on the claims of the Intervenor as plaintiff, and who would also represent the interests of the 300,000+ complainants and other injured homeowners affected by Ocwen.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

Secondly, a case referenced by the joint opposing parties, namely Ho v Wells Fargo Bank, N.A., (CASE NO. 15-81522-CIV-MARRA/MATTHEWMAN) quotes a decision of this court and sitting Senior Judge.  However, on appeal, (Karen C. Yeh Ho v. Wells Fargo Bank, N.A., No. 17-11918 (11th Cir. 2018) reversed in part and remanded;

> "In her complaint, she says she could have kept her house if Wells Fargo had not foreclosed on it in violation of RESPA.....
>
> **The district court alternatively held Ho's RESPA claim was barred by Florida's litigation privilege.**   Under Florida law, absolute immunity attaches to "any act occurring during the course of a judicial proceeding, . . . so long as the act has some relation to the proceeding." See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994).  For example, the Florida Supreme Court has held that the litigation privilege bars claims under the Florida Consumer Collection Practices Act that are based on acts that occur during judicial foreclosure proceedings "so long as the act has some relation to the proceeding." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007) (quotation omitted) (applying the litigation privilege to bar a claim that default letters violated the Florida Consumer Collections Practices Act).

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

Applying the Florida litigation privilege to bar Ho's RESPA claim is inconsistent with the cause of action authorized by § 1024.41(a) and (g). These subsections permit a borrower to sue a servicer that moves for "foreclosure judgment, or order of sale" in a state foreclosure proceeding after the borrower submits a "complete loss mitigation application." 12 C.F.R. § 1024.41(a), (g). Because application of the litigation privilege is inconsistent with the cause of action authorized by RESPA, **it cannot bar Ho's RESPA claim**.

The fact the CFPB, as party and author of this Joint Opposition, could reference this case, shows it was merely interested in gaining favor with the honorable court by citing specific rulings from this bench, rather than researching the full facts of the case and subsequent appeal.

And § 1024.41(g), as interpreted by the CFPB, prohibits foreclosures after a borrower submits a "complete loss mitigation application" or submits an incomplete application without notifying the applicant that additional documents are necessary. See 12 C.F.R. § 1024.41(g), (g)(1); Mortgage Servicing Rules, 78 Fed. Reg. at 10,821. Neither provision requires the existence of an enforceable

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

agreement, and Ho's RESPA claim should not have been dismissed

for that reason." - See  Ho v Wells Fargo


In summary, the legal representatives on this case are not competent trial

counsel and hence would fail in their duty to represent the Applicants and the

homeowners correctly in these proceedings.


But to the extent they have any interest here, the proposed

intervenors' interests, like those of other consumers, are adequately

represented by the Bureau"


For these reasons, the joint opposing arguments should fail and the

Application as Plaintiff-Intervenor should be granted.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

# EXHIBIT D

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

## FULL RIGHTS OR AT MINIMUM
## PERMISSIVE INTERVENTION SHOULD BE GRANTED

If one is to believe the objection raised by the Bureau, stating the Applicants fail to meet the requirements of Rule 24(b), "Where there is a lack of common issues of law or fact, permissive intervention is not warranted", then there is no reason for this court to deny Ocwen its pending Motion to Dismiss, as the lawsuit would be deemed frivolous, based on this preposterous claim.

### CFPB COMPLAINT - PAGE 1 EXTRACT

Note: Applicants recommend re-reading the whole complaint to see who the CFPB claims has been "injured". "Ocwen is one of the largest mortgage servicers in the United States. The Company specializes in servicing the loans of distressed borrowers. It committed numerous violations of Federal consumer financial laws **that have harmed borrowers.**

**Among other things, Ocwen has improperly calculated loan balances, misapplied borrower payments, failed to correctly process escrow and insurance payments, and failed to properly investigate and make corrections in response to consumer complaints.**

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

> **Ocwen has compounded these failures by illegally foreclosing upon borrowers' loans and selling loan servicing rights to servicers without fully disclosing or correcting errors in borrowers' loan files."**

The Applicants and the homeowners claims are the core of the Bureaus action. To deny the Applicants "relevance" to this action does the Bureau no favor. Without the Applicants and homeowners, the Bureau would have no case. The Bureau's argument is farcical and absurd.

In relation to MERS, the Applicants clearly stated that MERS was not a party, however it was mentioned in the Memorandum as background to the foreclosure industry and for those homeowners who are perhaps reading the case who may be unaware of the specifics of each entity in the banking and finance industry, relative to this action. For example, as pointed out by the Applicants in the original Application, homeowners may not be aware that Ocwen is a sub-servicer which was banned from MERS in 2008.

This begs the question, "Why would a "banned sub-servicer" be allowed to become a monopoly in the default servicing industry - unless as discussed herein and in the original Application – controlling people, in the cabinet of the United States government, with known conflicts like Wilbur Ross, Jr., Otting and Mnuchin were

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

selected and positioned to assist Ocwen, due to their direct and personal financial interests and ties with the MERS banned sub-servicer known as Ocwen, but should also include the Erbey list of companies which really are part of Ocwen, created as part of his financial "exit package" to allow for a "public" removal from the Board of Ocwen?  This was part of a staged PR release for the CFPB's 2013 law suit and subsequent "settlement" against Ocwen. The fact remains, Erbey still maintains a controlling interest in Ocwen.

The history and background also aids the court and the parties to understand the Application, from the Applicants perspective as Intervenors.   For example, MERS is the most controversial registry in the history of the United States of America. It is the key vehicle and tool, a registry which is intentionally unaudited, uncontrolled and relies on a "criminal honor system" of document management.  It is criminal because the people at its helm are in large part, foreclosure mills, with their entourage of lawyers, notaries and hired staff ready to create any legal document necessary for foreclosure.  It is an approved government sponsored printing press, where rubber stamps are designed, high fidelity photocopiers are worked overtime, and fake job titles with corresponding signatures are used to create fake documents, backdated as necessary and with approval of the judiciary in their roles as executioners, to allow for the theft of houses from homeowners nationwide.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

Even the State Bar of Florida agrees, it conducted its complaints against "Foreclosuregate" lawyer David J. Stern, and came to the same conclusion regarding the backdating and submission of fake documents to effect foreclosure, as discussed and identified in the Applicants original Application.

>    **"The corrected assignment was respondent's attempt to conceal and correct the prior fraudulent assignment filed in the Citrus County public records on July 29, 2008."** - See Applicants Motion to Intervene, Doc. 220, p.28-29

It's existence as the key Registry, which is core to the largest foreclosure scam perpetrated against the people of the United States of America is hardly unrelated.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*



**Image from MERS website[9]**

Furthermore, the "Texas Supreme Court Foreclosure Task Force" - which has been "misquoted" by the opposing parties as "Texas State Consumer Task Force" - is extremely relevant. ( see [Transcript] MEETING OF THE TASK FORCE ON JUDICIAL FORECLOSURE RULES, November 7, 2007, which includes geo-specific (Florida) quotes, as well as admissions on the record by Judge(s) and lawyer(s) as to the corruption and lies perpetrated by foreclosure lawyers and mills against homeowners and ratified by the court(s) under executive judicial orders.

---

[9] See https://www.mersinc.org/component/content/article?id=4&Itemid=118 (archived)

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

Applicants suggest the parties and this honorable court read the Texas Supreme Court Foreclosure Task Force Transcript as referenced, it's quite illuminative as to the fraud on homeowners.



# PRIORITY® MAIL

te of delivery specified*

SPS TRACKING™ included to many major
ernational destinations.

nited international insurance.

ck up available.*

der supplies online.*

hen used internationally, a customs
claration label may be required.

Domestic only



EP14F Oc
OD: 12 1/

S 00001000014

ic only.   ✕ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

---



## Click-N-Ship®

P

usps.com
$6.70
US POSTAGE
Flat Rate Env

9405 5036 9930 0392 7488 86 0067 0000 0053 3401

01/18/2019    Mailed from 77339    062S0000001307

### PRIORITY MAIL 2-DAY™

JOANNA BURKE                    Expected Delivery Date: 01/22/19
46 KINGWOOD GREENS DR
KINGWOOD TX 77339-5339                          **0006**

**Carrier -- Leave if No Response**    C028



SHIP   PAUL G ROGERS
TO:    FEDERAL BUILDING AND US COURTHOUSE
       701 CLEMATIS ST
       RM 202
       WEST PALM BCH FL 33401-5113

### USPS TRACKING #

9405 5036 9930 0392 7488 86

Electronic Rate Approved #038555749