IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80495-MARRA/MATTHEWMAN

CONSUMER FINANCIAL
PROTECTION BUREAU,

           Plaintiff,

v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,

           Defendants.



**OMNIBUS DISCOVERY ORDER ON PLAINTIFF'S MOTION TO COMPEL COMPLETE RESPONSES TO ITS FOURTH AND FIFTH SET OF REQUESTS FOR PRODUCTION [DE 190 AND 192]; DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ANSWER THE COMPLAINT [DE 221]; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS [DE 223]; AND RULING ON AN EXTENSION OF DISCOVERY DEADLINE DISPUTE CONTAINED IN JOINT NOTICE [DE 236]**

**THIS CAUSE** is before the Court upon Plaintiff, Consumer Financial Protection Bureau's Motion to Compel Complete Responses to its Fourth and Fifth Set of Requests for Production [DE 190][1]; Plaintiff's Motion to Compel Defendants to Answer the Complaint [DE 221]; and Plaintiff's Motion for Leave to Take Additional Depositions [DE 223]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 29. Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC's have

---

[1] The unredacted, sealed version of the Motion is docketed at DE 192.

filed Responses to the Motions [DE 195[2]; DE 235; DE 228], and Plaintiff has filed Replies [DE 200[3]; DE 233[4]].

The Court previously held a hearing on Plaintiff's Motion to Compel Complete Responses to its Fourth and Fifth Set of Requests for Production [DE 190], and issued an Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Complete Responses to its Fourth and Fifth Set of Requests for Production of Documents [DE 190 and 192] and Ruling on Email Production Dispute Contained in Joint Notice [DE 215, DE 216]. [DE 219]. In that Order [DE 219], the Court set a further hearing for January 24, 2019 to address the status of production and the imposition of production deadlines, and required the parties to file a Joint Notice advising of Defendants' progress regarding production, the status of Defendants' email production efforts, and any pending discovery disputes. The parties filed the Joint Notice as required. [DE 236].

The Court held a hearing to address the above issues on Thursday, January 24, 2019. At that hearing, the Court also heard argument on Plaintiff's Motion to Compel Defendants to Answer the Complaint [DE 221]; Plaintiff's Motion for Leave to Take Additional Depositions [DE 223]; and several discovery disputes raised in the Joint Notice [DE 236]. At that hearing, the Court announced its rulings on the Motions in open Court [DE 241] and now memorializes its Order below.

### I. Defendants' Production of Emails

Defendants have represented to the Court that they are complying with the Court's Order [DE 219] which required Defendants to begin rolling production of emails pursuant to Plaintiff's

---

[2] The unredacted, sealed version of this Response is docketed at DE 198.
[3] The unredacted, sealed version of this Reply is docketed at DE 202.
[4] The unredacted, sealed version of this Reply is docketed at DE 234.

2

Second Set of Requests for Production on or before February 4, 2019, and to complete all email production no later than March 1, 2019. Defendants are **ORDERED** to abide by the Court's schedule and complete production by March 1, 2019.

## II. Defendants' Production of Data Requested by Plaintiff in its Fourth and Fifth Sets of Requests for Production

At the January 24, 2019 hearing, Defendants represented to the Court that they would complete production of the requested data in Plaintiff's Fourth and Fifth Sets of Requests for Production by March 20, 2019. Defendants are **ORDERED** to produce responsive documents for the relevant time period of **January 10, 2014 through August 6, 2018.** Specifically, for Requests for Production # 7, 12, 13, 17, 22, and 24, Defendants are **ORDERED** to provide responsive documents for the relevant time period of **January 1, 2013 through August 6, 2018.** Defendants shall not be required to produce data from their legacy servicing databases. In light of Defendants' representations at the hearing, Defendants are **ORDERED** to complete production of all responsive documents to Plaintiff's Fourth and Fifth Set of Requests for Production on or before **March 20, 2019.**

## III. Plaintiff's Motion to Compel Defendants to Answer the Complaint [DE 221]

As stated in open Court, Plaintiff's Motion to Compel Defendants to Answer the Complaint [DE 221] is **DENIED.** Plaintiff has asked for and obtained an extensive amount of discovery in this case, and therefore requiring Defendants to file an Answer while there is a pending Motion to Dismiss [DE 31] will not inform the discovery process any further. Any Answer filed by Defendants is unlikely to present any new issues that will need to be discovered. The proper procedure which will be followed in this case is that the Court will rule on the pending Motion to Dismiss in due course, and if an Answer is required as to one or more counts,

Defendants will be permitted to file an Answer. There is no reason to alter the routine procedure in this case. Moreover, the Court's adherence to the tolling provisions of Federal Rule of Civil Procedure 12(a)(4) results in no prejudice to Plaintiff's ability to prosecute its case. Fed. R. Civ. P. 12(a)(4).

### IV.   **Extension of Fact Discovery and Expert Discovery Cut-Off Dates**

In the parties' Joint Notice, the parties raised a dispute as to an extension of the fact discovery cut-off date. [DE 236, pg. 10]. At the hearing, Plaintiff pointed out that Defendants intended to produce all responsive documents to Plaintiff's Fourth and Fifth Sets of Requests for Production by March 20, 2019, the current fact discovery cut-off date. Plaintiff argued that this late production would prejudice its ability to conduct follow-up discovery into the responses provided by Defendants. Plaintiff requested a three month extension of the fact discovery cut-off date. Defendants opposed any extension of the cut-off date, but asked that if the Court was inclined to grant an extension, to only grant a modest six-week extension of the cut-off date.

This case has been pending since April 20, 2017. Discovery has been ongoing between the parties for over 15 months, resulting in production to date in this case by Defendants of over 6 million pages of documents. Plaintiff is now on its Fourth and Fifth Requests for Production and seeks further extensive documents regarding approximately 6.5 terabytes of raw, factual information regarding 1.58 million loans spanning several years. This is a mega-discovery case with extensive data. The current fact discovery cut-off date is March 20, 2019, the expert discovery cut-off date is July 31, 2019, the dispositive motion deadline is September 20, 2019, and the trial period is April 13, 2020. [DE 164, DE 166].

The Court finds that Defendants' production of discovery in March, so close to the March

4

20, 2019 deadline for fact discovery, would be prejudicial to Plaintiff's ability to conduct follow-up discovery into the resulting documents if an extension of the discovery cut-off deadlines was denied. The Court has also taken into consideration the numerous discovery disputes in this case and the substantial amount of data at issue in this case. Therefore, the Court finds that Plaintiff has demonstrated that there is good cause to extend the deadlines for fact and expert discovery. Plaintiff's request for an extension of the discovery cut-off deadline is **GRANTED.** The Court will permit an extension as follows:

**Fact Discovery Cut-off** -July 1, 2019
**Expert Discovery Cut-off** -August 1, 2019

The Parties are further **ORDERED** to confer in good faith and provide the Court with agreed-upon dates for the disclosures of Plaintiff's experts, the disclosures of Defendants' experts, and the disclosures of any rebuttal experts. The parties are also warned that there will be no further extensions of the discovery cut-off dates. They are **ORDERED** to take all necessary steps to insure that all discovery, including depositions, are completed prior to the discovery cut-off dates.

### V.     Plaintiff's Motion for Leave to Take Additional Depositions [DE 223]

Plaintiff has requested leave to take 1) five additional days (or 35 additional hours) of Federal Rule of Civil Procedure 30(b)(6) testimony, and 2) 17 additional fact depositions for a total of 27 depositions. Defendants oppose this request. The Court finds that, based on Rule 30(a)(2), relevant case law, and the parties' arguments at the hearing, additional depositions are appropriate in this case. *See Madison v. Jack Link Assocs. Stage Lighting & Prods., Inc.,* 297 F.R.D. 532 (S.D. Fla. 2013); *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC,* No. 16-CV-81180, 2018 WL 1461844, (S.D. Fla. Mar. 22, 2018). Plaintiff's Motion [DE 223] is **GRANTED IN PART AND DENIED IN PART**. The Court will permit Plaintiff to take up to 20

fact depositions, and up to 28 hours of Federal Rule of Civil Procedure 30(b)(6) depositions.

**DONE and ORDERED** in Chambers this 25th day of January 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*[signature]*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE