**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80495 and CASE NO. 9:17-CV-80496
MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION
BUREAU,

                Plaintiff,

v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.; and
OCWEN LOAN SERVICING, LLC

                Defendants.

---

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs,
and

OFFICE OF FINANCIAL REGULATION,
THE STATE OF FLORIDA,
Division of Consumer Finance,

                v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.; and
OCWEN LOAN SERVICING, LLC

                Defendants.

# JOINT NOTICE AND PROPOSED AMENDED DISCOVERY AND SCHEDULING ORDER

**THIS CAUSE** is before the Court upon Plaintiffs', the Bureau of Consumer Financial Protection (the "Bureau"), and the Office of the Attorney General and Office of Financial Regulation for the State of Florida ("Florida") (collectively "Plaintiffs"), motions to consolidate their respective actions, Case Nos. 9:17-CV-80495 and 9:17-CV-80496, against Ocwen Financial Corporation, Ocwen Mortgage Servicing Inc. and Ocwen Loan Servicing, LLC (collectively "Defendants" or "Ocwen"), for purposes of discovery, pre-trial, and trial, but not for purposes of appeal and judgment [DE 266 in the Bureau action, DE 115 in the Florida action] (the "Motions").

After conferring on these Motions, the Plaintiffs and Ocwen reached an agreement narrowing the dispute presented in Plaintiffs' Motions and proposing consolidation of the actions for purposes of discovery and dispositive motions on the terms set forth below. The Plaintiffs and Ocwen continue to disagree on whether trial (and pre-trial) matters should be consolidated, and those portions of the Motions are still pending for a decision by the Court. Ocwen's opposition to those portions of the Motions is due March 8, 2019.

In light of the parties' agreement, the Court **DENIES IN PART** the portion of the pending Motions seeking consolidation for discovery and dispositive motions as moot in light of the parties' negotiated agreement, and O**RDERS** consolidation of discovery and dispositive motions as follows**:**

## Consolidation of Discovery and Dispositive Motions

1. The actions Case Nos. 9:17-CV-80495 and 9:17-CV-80496 are consolidated for purposes of fact discovery, expert discovery, and dispositive motions.

## Consolidated Discovery Orders

2. Plaintiffs may take up to five days (35 hours) of 30(b)(6) deposition testimony and 25 fact depositions.

3. Plaintiffs may propound a total of 45 interrogatories to Defendants.

4. Plaintiffs may depose a fact witness for more than 7 hours (up to a maximum of 14 hours) if Plaintiffs choose to do so, but if any such deposition continues longer than 7 hours, that deposition will count as two fact depositions (irrespective of the length of time past 7 hours

1

that the deposition continues). Plaintiffs will provide Ocwen with 30 days' notice if they intend to depose any witness for more than one day.

5. Ocwen may take up to three days (21 hours) of 30(b)(6) deposition testimony and 15 fact depositions.

6. Ocwen may propound a total of 40 interrogatories to Plaintiffs.

7. Ocwen may depose any of Plaintiffs' experts who submit rebuttals to Ocwen's experts for a total of 10 hours, rather than seven. Ocwen may take the additional three hours of expert deposition testimony on a subsequent day, but the additional hours of expert testimony will be limited to those new or revised opinions and any new information articulated for the first time in Plaintiffs' rebuttal report. Defendants may also reserve up to one hour of their initial seven hours of expert testimony to be used at the subsequent deposition, also limited to testimony regarding new or revised opinions and new information in the rebuttal report.

8. Plaintiffs may share amongst themselves and use any discovery they have received or will receive in their respective actions (*e.g.*, the Bureau may share discovery it has received or will receive in its action with Florida, which may also use that discovery in support of its claims and defenses). Defendants may use any discovery obtained in the separate actions in both actions (*e.g.*, Defendants may use discovery obtained in the Bureau action with respect to the claims by the Florida Plaintiffs).

9. The Florida Plaintiffs agree that, with respect to any discovery previously requested by and produced (or to be produced) to the Bureau pursuant to the protective order entered in that case [DE 51], which requires the Bureau to treat the discovery as confidential where it is so designated, if that discovery is subsequently shared with Florida by the Bureau, that discovery is considered confidential pursuant to Sections 501.2065 and 494.00125, Florida Statutes, and the Florida Plaintiffs represent and agree that such discovery is exempt from any public records disclosure. The protective orders entered in each case [DE 51 in the Bureau action and DE 78 in the Florida action] shall otherwise remain in effect.

## Consolidated Scheduling Order

10. The Court hereby amends the Scheduling Order in place in the Florida action [DE 27, 104] to track the deadlines in the Bureau action and facilitate consolidation, as follows:

   a. The deadline for fact discovery is **July 1, 2019**.

2

      b.      The deadline for Plaintiffs' to submit affirmative expert reports is **June 21, 2019**.

      c.      The deadline for Defendants to submit expert reports is **July 22, 2019**.

      d.      The deadline for Plaintiffs to submit rebuttal expert reports is **July 29, 2019**.

      e.      The deadline to complete expert discovery is **August 23, 2019**.

      f.      The deadline to file dispositive motions is **September 20, 2019.**

Dated: March 8, 2019     Respectfully submitted,

Attorneys for Plaintiffs Office of the Attorney General, the State of Florida, Department of Legal Affairs, and the Office of Financial Regulation, the State of Florida, Division of Consumer Finance

By: /s/ Sasha Funk Granai
Office of the Attorney General
The State of Florida
Department of Legal Affairs


Sasha Funk Granai
Assistant Bureau Chief, Tampa Bureau
Fla. Bar No.: 96648
Sasha.Granai@myfloridalegal.com

Victoria Butler
Director, Consumer Protection Division
Fla. Bar No.: 861250
Victoria.Butler@myfloridalegal.com

Jennifer Hayes Pinder
Senior Assistant Attorney General
Fla. Bar No.: 17325
Jennifer.Pinder@myfloridalegal.com

3507 East Frontage Road, Suite 325
Tampa, FL 33607
Tel.: 813.287.7950

By: /s/ Scott Fransen
Office of Financial Regulation
The State of Florida
Division of Consumer Finance

Scott R. Fransen
Assistant General Counsel
Fla. Bar No.: 0994571
Scott.Fransen@flofr.com
1313 N. Tampa St., Suite 615
Tampa, FL 33602
Tel.: 813.218.5364

Miriam S. Wilkinson
Chief Counsel

4

        Fla. Bar No.: 972101
        Miriam.Wilkinson@flofr.com

        Anthony Cammarata
        General Counsel
        Fla. Bar No.: 767492
        Anthony.Cammarata@flofr.com


        The Fletcher Building
        200 E. Gaines Street
        Tallahassee, FL  32399
        Tel.:  850.410.9601

Dated: March 8, 2019	Respectfully submitted,

Attorneys for Plaintiff,
BUREAU OF CONSUMER FINANCIAL PROTECTION

JOHN C. WELLS
Deputy Enforcement Director

JAMES T. SUGARMAN
Assistant Litigation Deputy

/s/ Jean M. Healey
Jean M. Healey
E-mail: jean.healeydippold@cfpb.gov
Phone: 202-435-7514

| | |
|---|---|
| Jean M. Healey | jean.healeydippold@cfpb.gov |
| Jan Singelmann | jan.singelmann@cfpb.gov |
| Atur Desai | atur.desai@cfpb.gov |
| Tianna Baez | tianna.baez@cfpb.gov |
| Amanda Roberson | amanda.roberson@cfpb.gov |
| Erin Mary Kelly | erin.kelly@cfpb.gov |
| James Savage | james.savage@cfpb.gov |
| Greg Nodler | greg.nodler@cfpb.gov |
| Michael Posner | michael.posner@cfpb.gov |
| Stephanie Brenowitz | Stephanie.brenowitz@cfbpb.gov |

1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

6

Dated: March 8, 2019      Respectfully submitted,

               /s/ Catalina Azuero

               Catalina E. Azuero (Fla. Bar No.: 821411)
               **GOODWIN PROCTER LLP**
               100 Northern Avenue
               Boston, MA  02210
               Tel.: 617.570.1000
               cazuero@goodwinlaw.com

               Thomas M. Hefferon (*pro hac vice*)
               Sabrina M. Rose-Smith (*pro hac vice*)
               **GOODWIN PROCTER LLP**
               901 New York Ave., NW
               Washington, DC 20001
               Tel.: 202.346.4000
               thefferon@goodwinlaw.com
               srosesmith@goodwinlaw.com

               Matthew P. Previn (*pro hac vice*)
               **BUCKLEY SANDLER, LLP**
               1133 Avenue of the Americas, Suite 3100
               New York, NY 10036
               Tel.: 212.600.2310
               mprevin@buckleysandler.com

               Bridget Ann Berry
               Andrew Stuart Wein
               **GREENBERG TRAURIG, P.A.**
               777 South Flagler Drive, FL 33401
               Tel.: 561.650.7900
               berryb@gtlaw.com
               weina@gtlaw.com

               *Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*

## **CERTIFICATE OF SERVICE**

I, **HEREBY CERTIFY** that a true copy of the foregoing JOINT NOTICE AND PROPOSED AMENDED DISCOVERY AND SCHEDULING ORDER was served by via ECF upon all counsel or parties of record listed below:

Jean Healey
Email: jean.healey@cfpb.gov

Jan Singelmann
E-mail: jan.singelmann@cfpb.gov

Atur Desai
E-mail: atur.desai@cfpb.gov

Tianna Baez
E-mail: tianna.baez@cfpb.gov

Amanda Roberson
E-mail: amanda.roberson@cfpb.gov

Erin Mary Kelly
E-mail: erin.kelly@cfpb.gov

James Savage
E-mail: james.savage@cfpb.gov

Stephanie Brenowitz
E-mail: stephanie.brenowitz@cfpb.gov

Greg Nodler
E-mail: greg.nodler@cfpb.gov

Adam Cohen
E-mail: adam.cohen@cfpb.gov

Lawrence DeMille-Wagman
E-mail: lawrence.wagman@cfpb.gov


Date:  March 8, 2019                         */s/ Catalina E. Azuero*
                                             Catalina E. Azuero