IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80495-MARRA/MATTHEWMAN

CONSUMER FINANCIAL
PROTECTION BUREAU,
        Plaintiff,

v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC., and
OCWEN LOAN SERVICING, LLC,

        Defendants.

FILED BY _____ D.C.

MAR 12 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO UNREDACT CERTAIN REMEDIATION REPORTS [DE 227, DE 232]

**THIS CAUSE** is before the Court upon Plaintiff, Consumer Financial Protection Bureau's Motion to Compel Defendants to Unredact Certain Remediation Reports [DE 227[1]]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 29. Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC have filed a Response to the Motion [DE 246[2]], and Plaintiff has filed a Reply [DE 252[3]]. The parties filed a Joint Notice [DE 270] on March 1, 2019, as required by the Court. The Court held a hearing on the Motion on March 6, 2019.

---

[1] The unredacted, sealed version of this Motion is docketed at DE 232.
[2] The unredacted, sealed version of this Response is docketed at DE 248.
[3] The unredacted, sealed version of this Reply is docketed at DE 254.

1

I. **The Parties' Positions as Stated in their Papers**

Plaintiff's Motion arises from the production of two reports by Defendants. These reports were created by Defendants' Remediation Working Group ("RWG"), a group, within Ocwen, managed by Defendants' internal legal counsel to review and provide legal advice regarding proposed remediation plans in response to potential servicing issues identified by Defendants' business units, legal actions, regulatory exams, or monitor testing. [DE 248, pg. 2]. The reports at issue contain remediation plans which are presented to Ocwen's CEO in PowerPoint format by the RWG. [DE 248, pg. 3]. According to Defendants, the purpose of these presentations is to provide Defendants' executives the opportunity to ask questions and engage in discussion with the RWG about the RWG's legal analysis of the proposed remediation, or in other words, for the RWG to provide Ocwen's CEO with legal advice. *Id.*

Defendants produced two of these reports to Plaintiff, specifically, the August 2017 RWG Report and the November 2017 RWG Report[4]. According to Plaintiff, the reports 1) identify errors made by Defendants; 2) state what remediation Defendant provided to borrowers impacted by the errors; and 3) contain proposals for future remediation. [DE 232, pg. 3]. The parties agree that the reports contain information that is protected pursuant to the Attorney/Client Privilege, and therefore several "blocks" of text in the reports containing privileged information have been redacted. However, the parties disagree on how much information should be redacted. While Plaintiff concedes that proposals for future remediation are attorney advice, privileged, and properly redacted, Plaintiff argues that the factual information underpinning the past servicing

---

[4] Defendants first inadvertently produced unredacted versions of the two reports. Because the reports contained a privileged designation, Plaintiff informed Defendants that the reports had been produced and Defendants clawed back the documents pursuant to the Protective Order in this case. Defendants then produced the redacted versions of the reports. [DE 232, pg. 3].

2

errors made by Defendants, "including how many borrowers were harmed and what remediation Defendants provided to them," is "separate and apart from any legal guidance sought or offered in the document." [DE 232, pg. 4]. Therefore, Plaintiff asserts that the information is not privileged and asks the Court to order that specific information in the reports be unredacted.

Plaintiff additionally asks the Court to compel Defendants to produce any versions of these remediation reports not already produced, including any factual, non-privileged information about the scope of servicing errors and remediation efforts. [DE 232, pg. 2]. At the hearing, the parties represented to the Court that RWG reports were issued monthly beginning in April of 2016, meaning that there are between 24 and 36 RWG reports. *See also* DE 248, pg. 2.

In opposition, Defendants assert that the reports are actually the textual and visual components of PowerPoint presentations which are presented to the CEO of Ocwen by a group of Defendant's internal legal counsel. According to Defendants, the purpose of the presentations is to advise the CEO on whether to pursue certain remediation efforts based on different and distinct issues arising throughout the company. Defendants argue that although it is true that the presentation contains facts that are provided by Defendants' internal business units, those facts were compiled and curated by the attorneys in the RWG, reformulated for the presentation, and used to evaluate potential avenues for remediation. [DE 248, pg. 4]. In support of this, Defendants point out that they included unaltered information directly from the business units that was *not* redacted in the reports. *See, e.g.,* DE 232-1, pgs. 18, 20, 22. Defendants also argue that Plaintiff's arguments are not compelling because the factual information that Plaintiff is seeking is also available in the voluminous amount of discovery that has already been produced in this case. Finally, Defendants ask the Court to deny Plaintiff's request that Defendants produce all additional

3

RWG reports, because such production would be irrelevant, duplicative, and unduly burdensome. [DE 270, pg. 9].

## II. *In Camera* Review

At the March 6, 2019 hearing, the Court required Defendants to submit the unredacted November 2017 Report[5] for *in camera* review, to determine if the information that had been redacted in the redacted version of the report was indeed protected by the Attorney/Client privilege. The Court has carefully conducted an *in camera* review of the RWG November 2017 Report and the RWG August 2017 Report to determine whether the information is protected pursuant to the Attorney/Client privilege and whether it was properly redacted by Defendants.

## III. Analysis

"A claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked 'with respect to an element of a claim or defense as to which State law supplies the rule of decision....'" *Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992) (quoting Fed. R. Evid. 501). "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982). But the privilege does not cover all communications between an attorney and her client (or putative client). Rather, it has been "construed narrowly so as not to exceed the means necessary to support the policy which it promotes." *In re Grand Jury Matter No. 91–01386*, 969 F.2d 995, 997 (11th Cir. 1992) (citing *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L.Ed.2d 39 (1976)). The

---

[5]The unredacted version of the August 2017 RWG was attached to Plaintiff's Sealed Motion as Exhibit 2 [DE 232-2].

4

privilege is designed only to protect "confidential communications between the attorney and client regarding the matter of representation." *In re Grand Jury Matter*, 969 F.2d at 997.

The specific elements of the attorney-client privilege are the following: (1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection may be waived. *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2014 WL 4449451, at *3–4 (S.D. Fla. Sept. 10, 2014) (citing *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005)). If any one of these elements is missing—if the communication is not confidential, if it is not between the attorney and client (or prospective client), or if it does not relate to the matter of representation—the communication at issue is not covered by the privilege. *See Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV, 2013 WL 3243370, at *3 (S.D. Fla. June 26, 2013). "The burden of proof is on the party asserting the privilege to show that the documents in question are privileged." *United States v. Sigman*, No. 11-80155-CR, 2013 WL 5890714, at *4(S.D. Fla. Nov. 4, 2013).

When advice given by an attorney relates to both business and legal matters, the legal advice must predominate in order for the attorney-client privilege to apply. *Blake v. Batmasian*, No. 15-CV-81222, 2017 WL 10059251, at *4–5 (S.D. Fla. Oct. 5, 2017), *report and recommendation adopted,* No. 15-81222-CIV, 2018 WL 3829803 (S.D. Fla. Aug. 9, 2018) (citing *Carpenter v. Mohawk Indus., Inc.*, No. 4:07–CV–0049–HLM, 2007 WL 5971741, at *9 (N.D. Ga. Oct. 1, 2007). Additionally, the burden is on Defendants to show that the primary

5

purpose of the communication in question was for the purpose of obtaining legal advice. *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 689 (S.D. Fla. 2009).

The Court has received the unredacted reports and has carefully conducted an *in camera* review of the redacted portions of the reports. The Court has also carefully considered the arguments presented by both parties at the March 6, 2019 hearing, and the parties' positions as stated in the Motion [DE 232], Response [DE 248], Reply [DE 254], and the Joint Notice [DE 270]. The Court finds that, after considering the totality of the circumstances, the redacted portions of the August and November 2017 Reports contain information that is protected pursuant to the Attorney/Client privilege. The Reports, which are actually PowerPoint slides printed chronologically, are more easily understood as PowerPoint presentations given by a group of attorneys in the RWG to executives at Ocwen. Considering the information presented in that specific context, the Court finds that Defendants have shown that the primary purpose of the communication in question, that is, the RWG PowerPoint Presentation, is for Ocwen executives to obtain legal advice regarding remediation efforts through an interactive medium.

Although it is true that some factual information was redacted throughout the Reports, the Court finds that the specific factual information was curated and reformulated by attorneys in the RWG to present Ocwen Defendants with legal advice regarding remediation. The Court notes that Defendants have properly left the slides containing raw, unaltered information, copied directly from the business units, un-redacted throughout the Presentation. *See, e.g.,* DE 232-1, pgs. 18, 20, 22. Further, although the Plaintiff's need for the information is not an explicit factor to be considered when conducting an Attorney/Client privilege analysis, the Court also is persuaded that the factual information sought by Plaintiff is almost certainly available within the voluminous

amounts of discovery which has already been produced in this case.

The Court finds that Defendants have properly redacted Attorney/Client privileged information contained in the RWG August 2017 Report and the RWG November 2017 Report, and therefore will not require Defendants to provide unredacted versions of the Reports. Plaintiff is **ORDERED** to forthwith destroy any versions of the unredacted Reports that it has in its possession. The Court is, however, persuaded that the redacted versions of the monthly RWG reports are both relevant and proportional to the issues in this case, as they contain descriptions of issues identified by Defendants that required remediation efforts. Therefore, the Court will grant Plaintiff's request for an order compelling Defendants to produce the final versions of each month's RWG Report, with the appropriate redactions. Defendants are **ORDERED** to produce, with the appropriate redactions, the final versions of all RWG Reports produced since the creation of the RWG in August of 2016[6].

It is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Compel Defendants to Unredact Certain Remediation Reports [DE 232] is **DENIED IN PART.** The Court finds that the Reports' redactions are proper in this case as they protect Attorney/Client privileged information. Defendants shall not be required to produce unredacted versions of the August and November 2017 Reports and Plaintiff is **ORDERED** to destroy any unredacted reports in its possession forthwith.

2. Plaintiff's Motion to Compel Defendants to Unredact Certain Remediation Reports

---

[6] The Court is aware that Plaintiff did not formally request all remediation reports dating back to August 2016. However, in order to expedite the discovery process, and based on the statements of the parties at the most recent discovery hearing, the Court orders such production.

[DE 232] is **GRANTED IN PART.** Defendants are **ORDERED** to produce, with the appropriate redactions, the final versions of all RWG Reports produced since the creation of the RWG in August of 2016.

**DONE and ORDERED** in Chambers this 12th day of March 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE