# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION
BUREAU,

        Plaintiff,

v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC

        Defendants.

**CASE NO. 9:17-CV-80496-MARRA/MATTHEWMAN**

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs,
and

OFFICE OF FINANCIAL REGULATION,
THE STATE OF FLORIDA,
Division of Consumer Finance,

        v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC

        Defendants.

**ORDER OF CONSOLIDATION AS TO DISCOVERY AND DISPOSITIVE MOTIONS**

**THIS CAUSE** is before the Court upon Plaintiffs', the Bureau of Consumer Financial Protection (the "Bureau"), and the Office of the Attorney General and Office of Financial Regulation for the State of Florida ("Florida") (collectively "Plaintiffs"), motions to consolidate their respective actions, Case Nos. 9:17-CV-80495 and 9:17-CV-80496, against Ocwen Financial Corporation, Ocwen Mortgage Servicing Inc. and Ocwen Loan Servicing, LLC (collectively "Ocwen"), for purposes of discovery, pre-trial, and trial, but not for purposes of appeal and judgment [DE 266 in the Bureau action, DE 115 in the Florida action] (the "Motions").

After **conferring** on these Motions, the Plaintiffs and Ocwen reached an agreement narrowing the dispute presented in Plaintiffs' Motions and proposing consolidation of the actions for purposes of discovery and dispositive motions on the terms set forth below. The Plaintiffs and Ocwen continue to disagree on whether trial (and pre-trial) matters should be consolidated, and those portions of the Motions are denied without prejudice as premature. The Court will revisit the issue of consolidation as to trial and any pre-trial matters upon a proper motion at a later date, if necessary.

In light of the parties' agreement and the Court's decision herein, it is **ORDERED** that the Motions [DE 266 in the Bureau action, DE 115 in the Florida action] are **DENIED** at this time. The Court **DENIES IN PART** the portion of the pending Motions seeking consolidation for discovery and dispositive motions as moot in light of the parties' negotiated agreement, and **DENIES IN OTHER PART** the portion of the pending Motions seeking consolidation for trial and other pretrial purposes without prejudice as premature, and **ORDERS** consolidation of discovery and dispositive motions as follows**:**

### Consolidation of Discovery and Dispositive Motions

1. The actions Case Nos. 9:17-CV-80495 and 9:17-CV-80496 are consolidated for purposes of fact discovery, expert discovery, and dispositive motions.

### Consolidated Discovery Orders

2. Plaintiff**s** may take up to five days (35 hours) of 30(b)(6) deposition testimony and 25 fact depositions.

3. Plaintiffs may propound a total of 45 interrogatories to Defendants.

4. Plaintiffs may depose a fact witness for more than 7 hours (up to a maximum of 14 hours) if Plaintiffs choose to do so, but if any such deposition continues longer than 7 hours, that deposition will count as two fact depositions (irrespective of the length of time past 7 hours that the deposition continues). Plaintiffs will provide Ocwen with 30 days' notice if they intend to depose any witness for more than one day.

5. Ocwen may take up to three days (21 hours) of 30(b)(6) deposition testimony and 15 fact depositions.

6. Ocwen may propound a total of 40 interrogatories to Plaintiffs.

7. Ocwen may depose any of Plaintiffs' experts who submit rebuttals to Ocwen's experts for a total of 10 hours, rather than seven. Ocwen may take the additional three hours of expert deposition testimony on a subsequent day, but the additional hours of expert testimony will be limited to those new or revised opinions and any new information articulated for the first time in Plaintiffs' rebuttal report. Defendants may also reserve up to one hour of their initial seven hours of expert testimony to be used at the subsequent deposition, also limited to testimony regarding new or revised opinions and new information in the rebuttal report.

8. Plaintiffs may share amongst themselves and use any discovery they have received or will receive in their respective actions (*e.g.*, the Bureau may share discovery it has received or will receive in its action with Florida, which may also use that discovery in support of its claims and defenses). Defendants may use any discovery obtained in the separate actions in both actions (*e.g.*, Defendants may use discovery obtained in the Bureau action with respect to the claims by the Florida Plaintiffs).

9. The Florida Plaintiffs agree that, with respect to any discovery previously requested by and produced (or to be produced) to the Bureau pursuant to the protective order entered in that case [DE 51], which requires the Bureau to treat the discovery as confidential where it is so designated, if that discovery is subsequently shared with Florida by the Bureau, that discovery is considered confidential pursuant to Sections 501.2065 and 494.00125, Florida Statutes, and the Florida Plaintiffs represent and agree that such discovery is exempt from any public records disclosure. The protective orders entered in each case [DE 51 in the Bureau action and DE 78 in the Florida action] shall otherwise remain in effect.

**Consolidation Procedures and Scheduling**

10. All pleadings and papers for these actions shall be filed in Case No. 17-80495-CIV-MARRA/MATTHEWMAN and shall henceforth bear Case No. 17-80495-CIV-MARRA/MATTHEWMAN.

11. Case No. 17-80496 is **CLOSED** for administrative purposes. Any documents filed in Case No. 17-80496 in the future shall be **automatically stricken**.

12. All pleadings and papers filed in Case No. 17-80496 shall be deemed to be incorporated into Case No. 17-80495.

13. The Clerk shall place a copy of this Order in Case No. 17-80495 and Case No. 17-80496, thereby indicating that the cases have been consolidated.

14. Case No. 17-80495 remains scheduled for calendar call on April 10, 2020 and trial starting on April 13, 2020. Case No. 17-80496 remains scheduled for calendar call on July 17, 2020 and trial starting on July 20, 2020. The trial dates for the respective cases shall remain unchanged. **The Clerk of Court shall not cancel the calendar call and trial settings in either case.**

15. The Court hereby amends the Scheduling Order in place in the Florida action [DE 27, 104] to track the deadlines in the Bureau action and facilitate consolidation, as follows:

   a. The deadline for fact discovery is **July 1, 2019**.
   b. The deadline for Plaintiffs to submit affirmative expert reports is **June 21, 2019**.
   c. The deadline for Defendants to submit expert reports is **July 22, 2019**.
   d. The deadline for Plaintiffs to submit expert rebuttal reports is **July 29, 2019**.
   e. The deadline to complete expert discovery is **August 23, 2019**.
   f. The deadline to file dispositive motions is **September 20, 2019.**
   g. The deadline to seek consolidation for purposes of other pretrial matters and trial is **December 16, 2019**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 15th day of March, 2019.

KENNETH A. MARRA
United States District Judge