UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:17-80495-CIV-MARRA

CONSUMER FINANCIAL PROTECTION
BUREAU,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC ,

    Defendants.
_____/


OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs,
and

OFFICE OF FINANCIAL REGULATION,
THE STATE OF FLORIDA,
Division of Consumer Finance,

    Plaintiffs
v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC

    Defendants.
_____/

## **ORDER**

    This Cause is before the Court upon the *pro se* putative Intervenors' ("Intervenors") Motion to Intervene ("Motion" or "Motion to Intervene"), filed on January 4, 2019 (ECF No. 220). Plaintiff,

the Consumer Financial Protection Bureau ("Bureau"), and Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc. and Ocwen Loan Servicing, LLC (collectively, along with the Bureau, the "Parties"), filed a joint response in opposition to the Motion. (ECF No. 224.) The proposed Intervenors filed a reply.  (ECF No. 237.)  The Court has considered the Motion and the entire file and is otherwise fully advised in the premises.

**I.     BACKGROUND**

This action was brought in part by the Consumer Financial Protection Bureau ("CFPB") against Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively "Ocwen"), alleging numerous violations of federal consumer financial laws. (ECF No. 1.)  CFPB alleges that Ocwen improperly calculated loan balances, misapplied borrower payments, failed to process escrow and insurance payments correctly, failed to investigate and make corrections in response to consumer complaints properly, illegally foreclosed upon loans, and sold servicing rights without disclosing or correcting errors.  (*Id.* ¶ 1.) CFPB asserts the following counts: violations of the Consumer Financial Protection Act of 2010 (Counts I - VI), violations of the Truth-in-Lending Act (Count VII), violations of the Fair Debt Collections Practices Act (Counts VIII and IX), violations of the Real Estate Settlement Procedures Act (Counts X - XIII), and violations of the Homeowners Protection Act (Count XIV). (*Id.*) The action was commenced in April 2017, a motion to dismiss is fully briefed and pending before the Court, and the parties have engaged in discovery since August 2017.

The Motion to Intervene was filed by Joanna and John Burke on January 4, 2019.  The proposed Intervenors seek to "protect their interests in their homestead . . . and that of similar homeowners nationwide."  (ECF No. 220 at 3.)

The proposed Intervenors allege that they are facing the foreclosure of their home and that Ocwen Loan Servicing, LLC is the mortgage servicer in connection with their mortgage. (*Id.*) The proposed Intervenors assert that they are (or were) defendants in a foreclosure proceeding initiated in 2011 and that they are (or were) also litigating a case filed in 2018 against Ocwen Loan Servicing, LLC in a federal court in Texas. (*Id.* at 3-4.)

**II.     DISCUSSION**

Rule 24 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: . . .
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
> > (1) *In General.* On timely motion, the court may permit anyone to intervene who: . . .
> > > (B) has a claim or defense that shares with the main action a common question of law or fact. . . .
> >
> > (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

**A.     Intervention of Right**

"To intervene of right under Rule 24(a)(2) [of the Federal Rules of Civil Procedure], a party must establish that (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Fox v. Tyson Foods, Inc.*, 519

F.3d 1298, 1302-03 (11th Cir. 2008) (citation and internal quotation marks omitted); Fed. R. Civ. P. 24(a)(2). The burden is on the party seeking intervention. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004).

Here, the Court concludes that the proposed Intervenors do not meet the requirements for intervention as of right because they have failed to establish that their interests, if any, would be impaired by the disposition of this action, particularly since the proposed Intervenors could raise or could have raised their concerns either in their individual foreclosure lawsuit or the recent litigation they initiated in Texas federal court. Moreover, their interests, if any, would be adequately represented by CFPB, who seeks to hold Ocwen accountable for allegedly wrongfully foreclosing upon property based upon inadequate information.

  B. Permissive Intervention

Permissive intervention is governed by Rule 24(b), which provides as follows: "On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact ... In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ, P, 24(b)(1), (3). "If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991).

In the Motion to Intervene, the proposed Intervenors fail to identify a common question of fact or law in support of permissive intervention. Even if there were some overlap between CFPB's

4

case and the claims of the proposed Intervenors, the present parties in this action would suffer prejudice and undue delay if the proposed Intervenors were permitted to intervene in this case. Permitting intervention would inevitably force the parties in this case to litigate factual questions not presently at issue, and the scope of discovery, which had already been underway for over a year when the Motion to Intervene was filed, would necessarily expand to include those new issues. Therefore, the Court in its discretion finds that permissive intervention is not warranted.

### III.     CONCLUSION

Based upon the foregoing, the Motion to Intervene must be denied because the proposed Intervenors have not met their burden of showing that the requirements of Rule 24 of the Federal Rules of Civil Procedure for intervention by right are met. Their request for permissive intervention also fails because intervention at this time would prejudice the parties and unduly delay the proceedings.

Accordingly, it is **ORDERED AND ADJUDGED** that the *pro se* putative Intervenors' Motion to Intervene (ECF No. 220) is **DENIED**. The Clerk shall terminate the proposed Intervenors from the docket.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of May, 2019.

_____
KENNETH A. MARRA
United States District Judge