**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, *et al.*,

Defendants.

FILED BY ___ D.C.
JUN 06 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**CASE NO. 9:17-CV-80496-MARRA-MATTHEWMAN**

OFFICE OF THE ATTORNEY GENERAL, THE STATE OF FLORIDA, Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION, THE STATE OF FLORIDA, Division of Consumer Finance,

Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION, *et al.*,

Defendants.

**ORDER RE-SETTING PRETRIAL DEADLINES**

**THIS CAUSE** is before the Court upon Plaintiff Consumer Financial Protection Bureau's ("CFPB") request in the June 4, 2019 Joint Notice [DE 390] and at the June 5, 2019 discovery hearing that certain expert deadlines be changed and that the parties be given a set amount of time for follow-up discovery after the pleadings in the case are closed. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 29.[1] At the June 5, 2019 hearing, the Court permitted the parties to confer about these issues and then heard argument from the parties.

All parties in this case agree that the fact discovery cut-off of July 1, 2019, should remain. Accordingly, the parties are directed to complete all fact discovery on or before July 1, 2019.

However, CFPB is seeking an automatic 45-day extension period so that it can conduct supplemental discovery, which 45-day period would start running after Defendants file a responsive pleading to either the pending complaint or an amended complaint, depending upon Judge Marra's ruling on the pending motion to dismiss. On the other hand, Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC ("Defendants"), oppose CFPB's request for an automatic 45-day follow-up discovery period. Defendants assert that, if any of the parties have a good-faith basis for reopening discovery at a later date, they should be required to file a motion to that effect. The Court has carefully considered the parties' arguments.

The Court orders that Plaintiff CFPB and Defendants shall have 20 days from the date on

[1] Case numbers 17-cv-80495 and 17-cv-80496 have been consolidated for purposes of fact discovery, expert discovery, and dispositive motions, per Judge Marra's Order at DE 122 in 17-cv-80496 and DE 283 in 17-cv-80495.

which Defendants file a responsive pleading to either the pending complaint or an amended complaint, depending upon Judge Marra's ruling on the pending motion to dismiss [DE 31] in case number 17-cv-80495, in order to file any good-faith motions seeking additional limited and targeted discovery. That is, if any party believes that it has a good-faith basis to file a motion for additional discovery in light of any asserted changed circumstances occasioned by the status of the pleadings at that time, it shall have 20 days to do so. The Court will then decide what, if any, additional discovery is necessary, relevant, and proportional.

Additionally, because the two cases are consolidated for purposes of discovery and dispositive motions, Plaintiff OAG, Plaintiff OFR, and Defendants shall have 20 days from the date on which Defendants file a responsive pleading to either the pending complaint or an amended complaint, depending upon Judge Marra's ruling on the pending motion to dismiss [DE 24] in case number 17-cv-80496, in order to file any good-faith motions seeking additional limited and targeted discovery. That is, if any party believes that it has a good-faith basis to file a motion for additional discovery in light of any asserted changed circumstances occasioned by the status of the pleadings at that time, it shall have 20 days to do so. The Court will then decide what, if any, additional discovery is necessary, relevant, and proportional.

In sum, the Court will not, in either case, order an automatic reopening of the discovery period in light of the extensive discovery efforts taken to date. However, the Court will provide the 20-day period noted above in each case for any party to move to conduct additional limited, targeted, relevant, and proportional discovery if a change in the pleadings requires such additional discovery. The Court will then decide the request(s) in due course.

CFPB also seeks an extension of the expert discovery deadlines. CFPB requests a 60-day

period, triggered by Judge Marra's ruling on the pending motions to dismiss, to produce all of Plaintiffs' expert reports; requests that all rebuttal reports be due 45 days after Plaintiffs' expert reports are produced; requests that all sur-rebuttal reports be due 30 days after the rebuttal reports are produced; and requests that the parties then have 30 additional days after the sur-rebuttal reports are produced to depose experts. Defendants do not wish to extend these deadlines because they believe it will prejudice them if Plaintiffs get an unknown amount of additional time to prepare their expert reports, but Defendants do not get the same lengthy extension. Currently, Plaintiffs' expert reports are due on or before June 21, 2019; Defendants' expert reports are due on or before July 22, 2019; the expert rebuttal reports are due on or before July 29, 2019; and the expert discovery cutoff is August 23, 2019. [DE 276]. The Court finds that the expert deadlines should be altered as set forth below, and should be changed as to all Plaintiffs (and not just CFPB) because the two cases are consolidated for discovery and dispositive motions, but that it would be unfair and wholly unnecessary to provide Plaintiffs with as much additional time as they have requested. The new deadlines are intended to be fair to both Plaintiffs and Defendants and to allow both sides to properly prepare for trial in both cases, without unnecessary delay.

Finally, the Court finds it necessary to change the dispositive motion deadline in light of the fact that expert disclosure deadlines and the expert discovery deadline for experts' depositions have been extended. The Court advises the parties that the trial dates in both cases will, in all probability, have to be moved as well. If the trials are rescheduled, that will be done by separate order.

Based on the foregoing, it is hereby **ORDERED** that the deadlines in 17-cv-80495 and 17-80496 are amended as follows:

1. Plaintiff CFPB and Defendants shall have 20 days from the date on which Defendants file a responsive pleading to either the pending complaint or an amended complaint, depending upon Judge Marra's ruling on the pending motion to dismiss [DE 31] in case number 17-cv-80495, in order to file any good-faith motions seeking additional limited and targeted discovery. That is, if any party believes that it has a good-faith basis to file a motion for additional discovery in light of any asserted changed circumstances occasioned by the status of the pleadings at that time, it shall have 20 days to do so. The Court will then decide what, if any, additional discovery is necessary, relevant, and proportional.
2. Plaintiff OAG, Plaintiff OFR, and Defendants shall have 20 days from the date on which Defendants file a responsive pleading to either the pending complaint or an amended complaint, depending upon Judge Marra's ruling on the pending motion to dismiss [DE 24] in case number 17-cv-80496, in order to file any good-faith motions seeking additional limited and targeted discovery. That is, if any party believes that it has a good-faith basis to file a motion for additional discovery in light of any asserted changed circumstances occasioned by the status of the pleadings at that time, it shall have 20 days to do so. The Court will then decide what, if any, additional discovery is necessary, relevant, and proportional.
3. The fact discovery cut-off remains **July 1, 2019**.
4. Plaintiffs' affirmative expert reports and disclosures are due on or before **August 15, 2019**.
5. Defendants' affirmative expert reports and disclosures are due on or before **September 10, 2019**.
6. All rebuttal expert reports and disclosures by all parties are due on or before **September**

**30, 2019**.

7. All sur-rebuttal expert reports and disclosures by all parties are due on or before **October 15, 2019**.

8. All expert depositions shall be conducted on or before **November 4, 2019**.

9. Dispositive motions are due on or before **November 25, 2019**.

10. The trial dates in both 17-cv-80495 and 17-cv-80496 will most likely be rescheduled by separate order, as the Court will need sufficient time to consider the parties' dispositive motions once they become ripe.

**DONE and ORDERED** in Chambers this 6th day of June, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE