John Burke and Joanna Burke
46 Kingwood Greens Dr
Kingwood, Texas 77339
Tel: 281 812 9591

FILED BY CbS   D.C.

JUN 14 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA,
### WEST PALM BEACH DIVISION

### Civil Action No. 9:17-CV-80495

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | APPLICANTS (INTERVENORS) MOTION FOR RECONSIDERATION AND APPEAL ORDER DENYING INTERVENTION |
| Plaintiffs, | |
| vs. | |
| OCWEN FINANCIAL CORPORATION, a Florida corporation, | |
| OCWEN MORTGAGE SERVICING, INC., a U. S. Virgin Islands corporation, | |
| and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, | |
| Defendants. | |

**APPLICANTS (INTERVENORS) MOTION FOR RECONSIDERATION
AND APPEAL ORDER DENYING INTERVENTION**

1

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

TO THE HONORABLE JUDGE OF SAID COURT:

Joanna Burke and John Burke, Senior Citizens ("Applicants") herein submit their Motion for Reconsideration and note the Court summarized the denial of Intervention for the following specific reasons;

 (i) <u>Intervention of Right</u>: (a) Applicants failed to establish their interests, if any, would be impaired, and (b) that in any event CFPB would represent the Applicants interests, and (c) the Applicants "could have or could" raise any concerns in their recent Texas foreclosure litigation.

 (ii) <u>Permissive Intervention</u>: (a) Intervenors fail to identify a common question of fact or law in support of intervention and; (b) in any event, even taking into consideration an "overlap" between CFPB's case and that of Intervenors, an intervention at this time would prejudice the parties and unduly delay the proceedings.

The Applicants contend that it was error for this Court to deny their petition to intervene for the following reasons:

<u>Intervention of Right</u>

(a) Contrary to this Courts assessment, the Applicants have clearly established their interests and that their rights would be impaired.

2

(i) It was highlighted during the Applicants filings that the first and underlying case by Deutsche Bank against the Burkes' - a company which has recently reneged on a Court mandated settlement of $7.2 billion US Dollars, $4.1 billion of which was 'set aside' for homeowners[1] - was not a party in this case.

(ii) The Applicants also responded, confirming the *Burke v Ocwen Loan Servicing LLC* (Case No. 4:18-cv-04544) civil action is a *new* case being litigated in the SDTX Court and now on appeal to the Court of Appeals for the Fifth Circuit (USCA No. 19-20267). This *does* include a party to these proceedings.

The reason for allowing intervention of right in this case [included]; to ensure if Ocwen's motion to dismiss on the Constitutionality question was granted (which is pending before this Court), it could allow the Applicants to become the lead Plaintiffs' in the case, and;

The Applicants wish to obtain facts and access documents which would help their current and ongoing Appellate case in Texas and potentially submit

---

[1] See https://www.justice.gov/opa/pr/deutsche-bank-agrees-pay-72-billion-misleading-investors-its-sale-residential-mortgage-backed and https://www.db.com/newsroom_news/2016/medien/deutsche-bank-agrees-on-settlement-in-principle-with-the-doj-regarding-rmbs-en-11790.htm and reneging on the deal; https://www.americanbanker.com/news/deutsche-bank-the-doj-and-how-4b-in-aid-to-distressed-homeowners-evaporated

motion[s] prior to trial, seeking answers to questions which have not been adequately addressed by CFPB, based on the 'limited' view of the record and filings on ECF/Pacer, and;

If the case proceeds to trial and/or settlement, to ensure the Applicants and homeowners obtain financial relief which equates to their tangible and economic loss, not a paltry $1,500 check (National Mortgage Settlement's top financial reward to foreclosed homeowners,).

The *Burke v Ocwen* case has two possible outcomes;

(1) The Burkes' prevail against Ocwen, in which case the findings can only help Plaintiffs' and Intervenor(s) in this civil action obtain more relief for homeowners in any judgment or settlement, or;

(2) The Burkes' do not prevail against Ocwen, in which case the Burkes' can seek restitution in this case and may find *new* evidence to help with any potential motions and/or appeal(s).

In either (1) or (2) Intervention will allow Applicants access to sealed documents and discovery in the case which will be helpful to the ongoing case in Texas against Ocwen. This is discussed further below in permissive

intervention, e.g. Horwitz *In Re: Checking Account Overdraft Litigation* (1:09-md-02036) District Court, S.D. Florida.[2]

(b) As previously documented, the CFPB have repelled the very homeowners they claim to protect in brazen filings before this Court. It cannot now be claimed they would adequately represent homeowners, including the Applicants, when they treat homeowners as adversaries.

The CFPB has failed homeowners continually since the 2008 Financial Crisis. At an average settlement value of $1,500[3] (post foreclosure loss and eviction from the homestead, that is clearly a wanton failure to prosecute and abandonment of their duties to consumers, homeowners and citizens.

More egregiously, they have allowed Ocwen Financial, Ocwen Loan Servicing LLC and all the other related shell companies and key directors to continue to trade. In fact, and more egregiously, CFPB has endorsed Ocwen to substantially

---

[2] "Oral Argument held on Motion to Intervene and Motion to Unseal Class Certification Material (D.E. #2016) (Jeff Horwitz, Pro Se'  Robert C. Josepberg, Esq. - Peter W. Homer, Esq.) The Court finds that **the motion to Intervene** be and the same **is hereby Granted** - Mr Horwitz shall follow the Rules of Civil Procedure." (Doc. 2199)

[3] See "The national mortgage settlement only included $5 billion in actual hard dollars: $3.5 billion to the states, and another $1.5 billion in "sorry you illegally lost your home" checks for foreclosure victims. The checks totaled $1,480 each…" https://theintercept.com/2019/03/13/kamala-harris-mortage-crisis/ and Non-Bank mortgage servicer PHH Settlement (2018); Borrowers who were subjected to PHH foreclosures during the eligible period will qualify for a minimum $840 payment, and borrowers who faced foreclosures that PHH initiated during the eligible period, but did not lose their home, will receive a minimum $285 payment. Approximately 1,600 New Yorkers are eligible for a payment. See https://ag.ny.gov/press-release/ag-schneiderman-announces-45-million-multi-state-settlement-phh-mortgage-corporation

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

increase their major stake in the non-bank marketplace with many acquisitions in the intervening period between 2008-2019.

All this, despite the well documented history of non-compliance and defiance to Court orders which Ocwen continues to this very day, including, for example, Erbey's (Altisource et al) non-compliance by continuing his executive role and interfering with Ocwens' business, when he was 'officially' *removed* from the board as part of past settlement agreements.

The CFPB has failed to regulate. They have neglected homeowners throughout the country, as admitted in the original complaint wherein they detail the 580,000 plus 'customers' of Ocwen being abused yet they take no accountability for their own dilatory and weak attempts at enforcement in their decade of disfunction since the Great Recession. The question of the CFPB's constitutionality still rages throughout the circuits to this day.[4] It is clear, based on these undeniable facts, the Applicants should be granted intervention of right.

(c) The Texas case against the named Party here (Ocwen), is on Appeal and would benefit from the information gained via this Plaintiff-Intervenor Application,

---

[4] On June 7, 2019, Seila Law LLC asked the U.S. Court of Appeals for the Ninth Circuit to stay a civil investigative demand the CFPB wants to enforce after the appellate panel ruled the bureau's single-director leadership structure is constitutional. Seila Law asked for the stay because it "**plans to file a petition for certiorari presenting the exceptionally important question whether the CFPB's structure violates the constitutional separation of powers**" according to the firm's motion. Kannon Shanmugam of Paul Weiss Rifkind Wharton & Garrison LLP has been retained by Seila Law LLC's to present its case at the Supreme Court.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

if approved on reconsideration. To answer the Courts concerns, the Applicants view this Intervention, in lay-person terms, as equivalent to that of a cross-claim/counterclaim, wherein the Applicants are seeking to be Plaintiff-Intervenors, over the objections of the CFPB (cross-claim), and a counterclaim against Ocwen. In plain words, it's a "meat and potatoes" type of request and one which is typically allowed by Courts across the State and the Circuit[s] in order that justice may be served. It is a very reasonable request in order that the Burkes' "can" raise any concerns in their Texas foreclosure litigation.

## Permissive Intervention

RULE 24(B) PERMISSIVE INTERVENTION CASE LAW WITH EXTRACT CITATIONS

"We think the District Court should have granted the alternative motion seeking permissive intervention under Rule 24(b). While reversal of the denial of permissive intervention is not often warranted, there is undoubted jurisdiction to enter such an order **where the District Court has not followed the appropriate standard or approach in exercising its discretion**. See *Textile Workers Union v. Allendale Co.*, supra, 96 U.S. App. D.C. at 405- 06, 226 F.2d at 769-70.."

"Rule 24(b), not amended in 1966, provides basically that **anyone** may be permitted to intervene if his claim and the main action have **a common question of law or fact**. In the present case the legal issues are the same."– citing *William E. Nuesse, Commissioner of Banks, State of Wisconsin v. William Camp, Comptroller of the Currency,* 385 F.2d 694 (D.C. Cir. 1967)

7

> "Rule 24(b) requires, as a threshold consideration, a common question of law or fact with the main dispute. **The determination is not discretionary; it is a question of law.** *Stallworth v. Monsanto* Co., 558 F.2d 257, 269 (5th Cir. 1977)."
> – citing *New Orleans Public Service, Inc., Ernest Morial, Movants-Appellants v. United Gas Pipe Line Company*, 690 F.2d 1203 (5th Cir. 1982)

(a) The Applicants question how they fail this burden of proof. "Questions of fact are questions about what actually took place between the parties." There should be no dispute that the Burkes' have ongoing dealings with Ocwen and there should be no dispute that the Burkes' wrote to the CFPB prior to this Application for Intervention, as documented in filings before this Court. The facts have been discussed in great depth. This part of the Courts' Order is empirically not supported by the record and the Applicants seek reconsideration of this statement.

(b) The timeliness and prejudice objection is also without merit. The Burkes' submitted their application on Dec 27, 2018 to this Court. The Applicants then had to send a reminder to this Court on May 10, 2019 (Doc. 359). It has required six months for this Court to reply to the original Application. The Burkes' understand the Court and docket is busy, however, it is certainly not the Burkes' who have been tardy in filing, and who explained at length the reasons for filing on December 27, 2018, only a month or so after the entry of judgment of foreclosure in their own Texas case.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

First, consider *United States of America v. Halifax Hospital Medical Center* (6:09-cv-01002) District Court, M.D. Florida which commenced in 2009 and if you look at Doc. 3 (June 2010), the United States decides not to intervene and then again at Doc. 64, the United States has by now decided it does wish to intervene (opposed), some 2 years since the case started, and after Scheduling and discovery has been ongoing. Nevertheless, the intervention is granted by the Court.

Secondly, in *Florida Pediatric v. Secretary - AHCA* (1:05-cv-23037-AJ) District Court, S.D. Florida, Doc. discusses "timeliness" in great detail. "This Circuit has recognized that "'timeliness is not a word of exactitude or of precisely measurable dimensions.

The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.'" *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970). A review of this order further analyzes "timeliness" factors;

"In deciding whether a motion to intervene is timely, the court must consider the following factors: (1) the length of time during which the proposed intervenor knew or reasonably should have known of his interest in the case

before moving to intervene, (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as he knew or reasonably should have known of his interest[5], (3) the extent of prejudice to the proposed intervenor if the motion to intervene is denied, and (4) the existence of unusual circumstances militating either for or against a determination that the motion to intervene was timely. Id. at 264-66; *Ga. v. U. S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002)."

Here, the Applicants easily pass all four tests as; (1) the time was very short that the Intervenor-Applicants knew of their interest in the case; (2) As already noted, the Applicants have not unreasonably delayed in bringing their Motion; (3) Also as noted in the Intervention of Right answer above, the Applicants have discussed how they would be prejudiced if this Court does not allow intervention, based on the Applicants current Texas civil action against Ocwen.

Furthermore, the Applicants view this in lay-person terms as equivalent to that of a cross-claim/counterclaim, wherein the Applicants are seeking to be Plaintiff-Intervenors over the objections of the CFPB (cross-claim) and a

---

[5] The Order continues; "Likewise, the second factor also weighs in favor of the Intervening Plaintiffs. "[T]he relevant issue is not how much prejudice would result from allowing intervention, but rather how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case." Stallworth, 558 F.2d at 267."

counterclaim against Ocwen ; (4) The same answer applies here, as per the cited case.[6]

In relation to 'undue delay' the Applicants have shown that this Courts six month delay in responding to the Application is outwith the control of the Applicants and they submitted a timely Application to the Court for consideration. To punish the Burkes' for this Courts' own administrative delay would be a denial of due process.

Furthermore, the Applicants interests are not to delay litigation, but to seek the right solution in favor of justice. The Intervenors have not had the opportunity to review the entire record due, in part, to the sealed and protected documents.

However, it is not foreseen that any potential Intervenors requests and motions would materially delay the case more so than it has already endured, by the many requests by the Parties in this action, which has frustrated even this Court and was documented in a paperless minute entry, Doc. 381.[7]

---

[6] "Finally, neither party has demonstrated any unusual circumstances that militate either for or against a determination that the Motion was timely filed."

[7] "Second, the Court has had to divert a substantial amount of its judicial resources from other cases in an effort to resolve the repeated, and often unnecessary, discovery disputes which have constantly arisen in this case… The Court expects better of counsel. The parties' counsel have professional and ethical duties to attempt to resolve, and not exacerbate, discovery disputes in this matter."

11

(c) The Applicants also wish to add that if Intervention of Right and Permissive Intervention based on (a) and (b) above is denied in totality, in the Burkes' reminder letter to this Court, they requested Intervention for the reduced purpose of access to sealed files and protected documents[8] which will aid them with the current case, on appeal at the Court of Appeals for the Fifth Circuit, (see Doc. 359) citing the *Larry Flynt* intervention to unseal documents, which was granted on appeal to the US Court of Appeals for the 8th Cir., Case No. 14-1187 (2015).

In the alternative, quoting from Florida case law, the Applicants refer to; *In Re: Checking Account Overdraft Litigation* (1:09-md-02036) District Court, S.D. Florida. In that case, a reporter by the name of Horwitz, submitted an Application to Intervene, (Doc. 2016 and 2119) and the Intervention Application was subsequently granted in December 2011, 2 years after the complaint was filed. (Doc. 2212).

Docs. 2016 and 2119 contains many reasons why the Burkes' should be granted Intervention to access documents, cites the First Amendment as it is a public right and a case which affected millions of bank customers. Horwitz

---

[8] "The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose. *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989). When a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits. *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir.1987). - See *United Nuclear Corp.*, 905 F.2d at 1427; *Meyer Goldberg, Inc.*, 823 F.2d at 162.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

cited many relevant cases e.g. *Pansy v. Borough of Stroudsburg, 23F.3d*, discussing the 'question of law or fact' when a non-party.

He comments on his work writing as a freelance journalist for American Banker in this case and intervention on his website[9].

In summary, if a non-party, who is a news reporter, and who did not have any direct grievance or complaint against the parties can obtain permissive intervention, then there is no just reason why the Burkes' - who do have a direct interest - should not have the same access to records in this case.

This request was not answered in this Courts' response and denial of the Application by the Burkes'. The Applicants respectfully request this is considered and decided upon, as necessary, in this Reconsideration Motion.

## CONCLUSION & PRAYER

The Applicants respectfully requests that this Court grant the Applicants motion to intervene as of right pursuant to Rule 24(a) or alternatively with permission pursuant to Rule 24(b) or finally with the restricted access to all Court

---

[9] "Overdraft Fee Litigation — Union Bank Email Shows Overdraft's Underbelly — The massive checking overdraft litigation case in Florida is plodding along, though Union Bank settled shortly after class certification. Over the opposition of lawyers for Wells Fargo and JPMorgan Chase, **I intervened pro se as a party to the case, allowing me to petition the court to unseal documents and exhibits. DIY legal work!**" See http://www.jeffhorwitz.com/american-banker-stories/ See Exhibit A, Doc. 2119 for American Banker Article.

documents in this case, keeping the precedent of the S.D. Court intact (see *Horwitz*), as well as the Constitutional First Amendment rights and public access to Court records which are not available on PACER/ECF, *e.g.* providing the same relief which was granted to journalist Horwitz in a similar motion, in a comparable, high-profile, financial institutional fraud against consumers related civil action.

RESPECTFULLY submitted this 11th day of June, 2019.

I declare under penalty of perjury that the foregoing is true and correct and the certificates that follow are also correct. (28 U.S.C. § 1746 - U.S. Code.)[10]

_____
Joanna Burke / Harris County
State of Texas, Pro Se

I declare under penalty of perjury that the foregoing is true and correct and the certificates that follow are also correct. (28 U.S.C. § 1746 - U.S. Code.)

_____
John Burke / Harris County
State of Texas, Pro Se

---

[10] See Bubble Gum Productions, LLC v. Does 1-80 (1:12-cv-20367), District Court, S.D. Florida, Doc. 48, Footnote 1, "Further, any attempt to call into question the use of the declaration is meritless. 28 U.S.C. § 1746; *Thomas v. U.S. Dept. of Energy,* 719 F.2d 342, 344 n.3 (10th Cir. 1983) ("28 U.S.C. § 1746 (1976) specifically authorizes the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits.")."

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: kajongwe@gmail.com

## CERTIFICATE OF COMPLIANCE

This motion for reconsideration is produced using 14-point Times Roman type and 12-point Times Roman type in the footnotes and contains approximately 2,935 words, which is less than the total words permitted by the rules of the Court. Pro se Intervenor-Applicants rely upon the word count of the computer program used to prepare this brief.

## CERTIFICATE OF NON-CONFERENCE

No conference or discussion was made or attempted with Plaintiffs or Defendants for the following reason(s); as the Applicants have previously advised the Court the malfeasance of the CFPB attorneys who did not contact or make attempts to confer with the Intervenor-Applicants in their past motion[s] wherein they sided with opposing counsel and then objected (as lead author) to homeowners Application to Intervene, consumers who they claim to represent. Applicants therefore assume all parties will object to the motion for reconsideration.

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

# CERTIFICATE OF SERVICE

We, Joanna Burke and John Burke hereby certify that on June 11, 2019, we posted the attached document via USPS Priority Mail to the US District Court;

Clerk of Court
United States District Court
Southern District of Florida
West Palm Beach Division
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street, Room 202
West Palm Beach, FL 33401

And also served copies to the following parties, by USPS Priority Mail:

## CFPB (Plaintiffs)

Anthony Alexis,
Enforcement Director
Cara Petersen,
Deputy Enforcement Director for Litigation
Gabriel O'Malley,
Assistant Litigation Deputy

**Jean Healey**
Senior Litigation Counsel
Email: jean.healey@cfpb.gov
Email: Jean.healeydippold@cfpb.gov

Jan Singelmann
E-mail: jan.singelmann@cfpb.gov
Atur Desai
E-mail: atur.desai@cfpb.gov
Tianna Elise Baez
Email: tianna.baez@cfpb.gov
Stephanie C. Brenowitz
Email: stephanie.brenowitz@cfpb.gov

*Intervenor : Applicant Burke, Texas : CFPB v Ocwen : Internal Ref: #RESTORETX*

Lawrence DeMille-Wagman
Email: lawrence.wagman@cfpb.gov
Erin Mary Kelly
Email: erin.kelly@cfpb.gov
Gregory Ryan Nodler
Email: Greg.Nodler@CFPB.gov
Michael Posner
Email: michael.posner@cfpb.gov
Jack Douglas Wilson
Email: doug.wilson@cfpb.gov
James Joseph Savage
james.savage@cfpb.gov
Amanda Christine Roberson
amanda.roberson@cfpb.gov


**Mailing Address:**
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

**<u>Office of Attorney General &</u>**
**<u>Office of Financial Regulation (Plaintiffs)</u>**


Jennifer Hayes Pinder
Sasha Funk Granai

**Mailing Address:**
Office of Atty. Gen., State of Fla.,
Dept. of Legal Affairs
3507 East Frontage Road
Suite 325
Tampa, FL 33607

**<u>OCWEN (Defendants)</u>**

# PRIORITY® MAIL ★

**DATE OF DELIVERY SPECIFIED***

**USPS TRACKING™ INCLUDED***

**INSURANCE INCLUDED***

**PICKUP AVAILABLE**

* Domestic only

IF USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.


00001000014

EP14F July 2013
OD: 12.5 x 9.5

---


$7.35
US POSTAGE
Flat Rate Env
9405 5036 9930 0030 9376 41 0073 5000 0053 3401

06/11/2019    Mailed from 77339   062S0000000101

## PRIORITY MAIL 2-DAY™

JOANNA BURKE
46 KINGWOOD GREENS DR
KINGWOOD TX 77339-5339

Expected Delivery Date: 06/14/19

**0006**

Carrier -- Leave if No Response    **C028**

SHIP TO:
CLERK OF COURT
U.S. DISTRICT COURT SOUTHERN DISTRICT OF
701 CLEMATIS ST
RM 202
WEST PALM BCH FL 33401-5113

**USPS TRACKING #**



9405 5036 9930 0030 9376 41

Electronic Rate Approved #038555749

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

