UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:17-80495-CIV-MARRA

CONSUMER FINANCIAL PROTECTION
BUREAU,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC ,

    Defendants.
_____/

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs,
and

OFFICE OF FINANCIAL REGULATION,
THE STATE OF FLORIDA,
Division of Consumer Finance,

    Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGING SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC

    Defendants.
_____/

## ORDER

    This Cause is before the Court upon the *pro se* putative Intervenors' ("Intervenors") Motion

for Reconsideration and Appeal Order Denying Intervention, filed June 14, 2019 (ECF No. 408).

The Court has considered the Motion and the entire file and is otherwise fully advised in the premises.

## I. Standard of Review

"When . . . a motion for reconsideration is served within twenty-eight days of the entry of the order at issue, Federal Rule of Civil Procedure 59(e) applies." *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1281 (S.D. Fla. 2010). "Rule 59(e) may not be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Holt v. United States,* 249 F. App'x 753, 756 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

It is well established that "motions for reconsideration are disfavored and should be granted only when the movant shows newly discovered evidence, clear error, manifest injustice, or an intervening change in law." *In re Garcia*, 2002 WL 32372583, at *1 (S.D. Fla. Nov. 4, 2002). "The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

"Although Rule 59(e) does not set forth any specific criteria, courts have delineated three major grounds justifying reconsideration under Rule 59(e): '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *Krstic*, 706 F. Supp. 2d at 1281–82 (quoting *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004)).

## II. Discussion

In addition to the grounds stated in the Court's Order Denying Intervention (ECF No. 375),

the Court notes that intervention is not permitted to allow a party to seek or obtain evidence for other litigation as asserted by the proposed Intervenors.  (*See* ECF No. 408 at 4).

Federal Rule of Civil Procedure 24(b)(3) provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  In doing so, the Court relied on the length of time discovery had been underway when the Motion to Intervene (ECF No. 220) was filed, not the length of time between the commencement of discovery and the Court's ruling on the motion to intervene.  (*See* ECF No. 375 at 5).

The Intervenors have failed to establish any of the grounds that would justify a reconsideration, such as identifying a change in controlling law, new evidence, or clear error. *See Krstic*, 706 F. Supp. 2d at 1281–82.

Accordingly, it is **ORDERED AND ADJUDGED** that the *pro se* putative Intervenors' Motion for Reconsideration and Appeal Order Denying Intervention (ECF No. 408) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of July, 2019.

KENNETH A. MARRA
United States District Judge

3