# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, OCWEN MORTGAGE SERVICING, INC., and OCWEN LOAN SERVICING, LLC,

    Defendants.

**CASE NO. 9:17-CV-80496-MARRA/MATTHEWMAN**

OFFICE OF THE ATTORNEY GENERAL, THE STATE OF FLORIDA, Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION, THE STATE OF FLORIDA, Division of Consumer Finance,

    Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION, *et al.*,

    Defendants.

**<u>DEFENDANTS' MOTION TO REOPEN AND COMPEL FACT DISCOVERY FROM PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendants hereby move to compel Plaintiff Consumer Financial Protection Bureau to answer questions as to which the Bureau improperly asserted privilege and as to which Defendants require answers to defend against the Bureau's claims.

## RELEVANT BACKGROUND

Before a single deposition was taken by Defendants, the Bureau sought to quash the depositions of certain Bureau fact witnesses and 30(b)(6) topics. After the June 5, 2019 hearing resolving those disputes, deposition of Bureau witnesses proceeded, but the Bureau continued to obstruct the process in inappropriate ways. At issue here, the Bureau asserted broad and vague claims of privilege to circumvent nearly every area of questioning by defense counsel – including as to purely factual matters such as dates when relevant events took place, or the agency's working rules and procedures.

The aggressive and lengthy interjections by Bureau counsel consumed large portions of Ocwen's allotted deposition time. In fact, during the fact depositions of three current Bureau employees who conducted the 2014 Bureau examinations of Ocwen and the Bureau's subsequent investigation, when tallied by lines, Bureau counsel spent roughly 9-15% of each deposition making repeated, rote privilege objections – separate from its many, lengthy speaking objections to the form of defense counsel's questions.[1] Ocwen wrote the Bureau on June 24, 2019 regarding these obstreperous privilege objections so that the Bureau could ameliorate these concerns when Ocwen took the Bureau's 30(b)(6) deposition (where Ocwen was time-limited). The Bureau did not respond, and instead continued to lodge inappropriate privilege objections. In nearly every instance, the Bureau made a limiting objection to assert a qualified privilege, such as deliberative process privilege or work product. But the Bureau then also objected for follow up questions Ocwen asked to determine the scope of the privilege and whether any non-privileged information might be revealed. More concerning, as the Bureau confirmed by letter during the parties' conferrals on this issue, in nearly every example of an improper privilege objection that Ocwen identified to the Bureau, there was no privileged information to protect – instead the objections

---

[1] Defense counsel repeatedly asked the Bureau to object to form without speaking objections, *e.g.* Heneghan Tr. at 31:2-6, 34:13-35:18, 41:8-41:11, 75:2-75:11, 231:24-232:5, but it persisted, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See, e.g.*, *id.* at 15:11-17; 25:17-21; 27:16-22; 41:5-13; 151:20-152:6; 188:5-10.

1

were simply counsel's time consuming "warnings" not to reveal privileged information where none even existed.

## ARGUMENT

A. **The Bureau Should Be Compelled To Answer Questions As To Which It Lodged Improper Objections.**

As it has unsuccessfully attempted to do in far too many other cases, the Bureau here improperly shielded from deposition basic, relevant information about this case. *See, e.g.*, *CFPB v. All American Check Cashing*, No. 3:16-cv-00356-WHB, DE 49 at *19 (S.D. Miss. Nov. 8, 2016) (denying CFPB's effort to evade deposition topics on the factual bases of its claims); *CFPB v. Universal Debt Sols., LLC*, 2017 WL 3887187, at *6-8 (N.D. Ga. Aug. 25, 2017) (awarding sanctions where CFPB's pattern of conduct prevented defendants from learning about factual underpinnings of the agency's claims); *CFPB v. CashCall, Inc.*, No. 2:15-cv-07522-JFW, DE 135 at *3 (C.D. Cal. June 16, 2016) (CFPB's relevance, overbreadth, and unduly burdensome objections to discovery related to its allegations were "not well-taken"). Here, Ocwen sought to learn about the Bureau's examination and investigation practices to assess how it evaluated Ocwen and whether it deviated from typical practices when it did so. But the Bureau stymied discovery by invoking the deliberative process privilege nearly 300 times during depositions of its witnesses. It did so even though Ocwen sought information that was primarily neither pre-decisional nor deliberative. *See Fla. House of Reps. v. U.S. Dep't of Commerce*, 961 F.2d 941, 947 (11th Cir. 1992) (deliberative process applies only to pre-decisional and deliberative information).

In particular, the Bureau objected to questions eliciting purely factual material,[2] and information about Bureau policies, procedures and practices.[3] For example, Ocwen was wrongfully cut off from information on the following topics:



---

[2] *See Fed. Home Loan Mortg. Corp. v. Deloitte & Touche, LLP*, 2015 WL 12766397, at *2 (S.D. Fla. Sept. 3, 2015) (deliberative process privilege does not protect purely factual material).
[3] *See Tax Analysts v. IRS*, 294 F.3d 71, 81-82 (D.C. Cir. 2002) (agency's final legal position and working law had to be disclosed).



As a result of the Bureau's interference, Ocwen requires either (1) written answers to the questions posed during deposition to which the Bureau improperly objected, or (2) four additional hours of deposition time to pursue these topics. See Fed. R. Civ. P. 30(d)(1) ("[t]he court must allow additional time … if needed to fairly examine the deponent or if the deponent, another

---

[4] See SEC v. Merkin, 2012 WL 5449464, at *1 (S.D. Fla. Aug. 13, 2012) (ordering government to disclose whether notes from interviews with potential witnesses or victims are kept); United States v. Dean Foods, 2010 WL 3980185, at *2 (E.D. Wis. Oct. 8, 2010) (requiring government to disclose facts obtained from investigation interviews).

[5] The Bureau improperly objected to nearly every query about the Ocwen investigation, asserting deliberative process, attorney-client privilege and work product, even as to purely factual matters beyond the scope of such privileges. See Procaps S.A. v. Patheon Inc., 2013 WL 11283676, at *2 (S.D. Fla. Dec. 20, 2013) ("[T]hat counsel has spoken to his client about a factual event or issue does not cloak the client with immunity from answering deposition questions concerning those facts."); A.R. ex rel. Root v. Dudek, 304 F.R.D. 668, 670 (S.D. Fla. 2015) ("[A]n exception for government entities that choose to use an attorney to investigate the basis of an enforcement action would be unjust and inconsistent with the Rules."); Lake Shore Radiator v. Radiator Express Warehouse, 2007 WL 842989, at *5 (M.D. Fla. Mar. 19, 2007) (work product "does not protect the underlying facts an adverse party has learned, or the persons from whom that party has learned such facts, or the existence or nonexistence of documents"); e.g., EEOC v. Southern Haulers, 2012 U.S. Dist. LEXIS 101062, at *2 (S.D. Ala. July 20, 2012) (defendant entitled to depose EEOC investigator about "the steps she took in conducting the investigation, the documents produced by EEOC as part of its investigative file … and individuals identified through the course of EEOC's investigation"); Southwest Metals v. City of Detroit, 2016 U.S. Dist. LEXIS 134249, at *8-9 (E.D. Mich. Sept. 29, 2016) (information that "merely summarizes who Sergeant McKay interviewed during her investigation, the facts on which she based her determinations, and the actions taken" were not protected by deliberative process).

3

person, or any other circumstance impedes or delays the examination"). *See e.g., MC Asset Recovery, LLC v. Southern Co.*, 2008 U.S. Dist. LEXIS 129765, at *4, 8-9 (N.D. Ga. Jan. 3, 2008) (granting additional deposition time after plaintiff's counsel "interjected numerous objections and engaged in lengthy back-and-forth exchanges with [defendant's] lawyers," accounting for "12 percent of the total" deposition transcript); *Luangisa v. Interface Ops.*, 2011 U.S. Dist. LEXIS 139700, at *22, 44 (D. Nev. Dec. 5, 2011) (granting more time where counsel "engage[d] in extensive and unnecessary colloquy, [and] assert[ed] groundless objections").

**B.** **The Bureau Should Be Compelled To Produce Witnesses For Topics Necessary To Ocwen's Defenses, Notwithstanding The Bureau's Assertions Of Qualified Privilege.**

Ocwen also requires additional time with the Bureau's witnesses to pursue topics that may be covered by deliberative process privilege, but should be discovered because the information is vital to Ocwen's defense. ████████████████████████████████████████████████████████████████████████████████████████████████████████████ Accordingly, Ocwen is entitled to learn about how examiners felt about the exam, and why and how the examinations ended the way they did. Moreover, Ocwen has argued that the Bureau's claims against Ocwen "are subsumed within a past settlement agreement with Ocwen," *i.e.*, the National Mortgage Settlement ("NMS") and related Consent Judgment. Case No. 9:17-cv-80495-KAM, DE 31 at 3. Ocwen is also entitled to probe the extent to which the examination and investigation that gave rise to the instant litigation overlap with the NMS, for example with respect to the metrics used to evaluate Ocwen's operations, as well as information regarding the parties' agreement regarding the NMS.

For these reasons, Ocwen requires additional time to depose Bureau witnesses regarding:





The Bureau having decided to bring this case, Ocwen's need for information about these topics to make its defenses now must overcome whatever limited interests the Bureau may have in protecting information associated with examining and investigating Ocwen. *See, e.g., CFPB v Navient Corp.*, No. 3:17-00101-RDM, at *5 (M.D. Pa. May 14, 2019), DE 297 (defendant's needs outweighed the Bureau's interests in deliberative process privilege); *Fairholme Funds, Inc. v. United States*, 128 Fed. Cl. 410, 449 (2016) (government's privilege claims were overridden where shareholders sought information relevant to the claims and defenses), *rev'd on other grounds*, 678 Fed. Appx. 981 (2017); *Ferrell v. HUD*, 177 F.R.D. 425, 430-31 (N.D. Ill. 1998) (substantial need for evidence of what the agency was thinking at the time of alleged violations overcame assertion of privilege). As an alternative remedy, Ocwen requests that the Court preclude the Bureau from arguing or benefitting from an inference on any point as to which it cut off testimony during depositions on the grounds of a qualified privilege, including as to the terms of the NMS. The same is true of any assertion regarding the scope of the NMS that the Bureau prevented Ocwen from controverting through its claim of a qualified privilege. *Cf. Galaxy Computer Servs., Inc. v. Baker*, 325 B.R. 544, 558-59 (E.D. Va. 2005) (noting it would be unfair to permit the witness "to testify to issues which she refused to testify to during her deposition based on privilege" because it would allow the invocation of privilege to serve "as both a shield and a sword").

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Defendants have conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Andrew S. Wein
Andrew S. Wein

Dated:  August 16, 2019                    Respectfully submitted,

/s/ Andrew S. Wein
Andrew S. Wein
Bridget Ann Berry
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL  33401
Tel.:  561.650.7900
weina@gtlaw.com
berryb@gtlaw.com

Thomas M. Hefferon (*pro hac vice*)
Sabrina M. Rose-Smith (*pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Ave., NW
Washington, DC  20001
Tel.:  202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

Laura A. Stoll (*pro hac vice*)
**GOODWIN PROCTER LLP**
601 S. Figueroa Street
Los Angeles, CA  90017
Tel.:  213.426.2500
lstoll@goodwinlaw.com

Catalina E. Azuero (Florida Bar No. 821411)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.:  617.570.1000
catalinaazuero@goodwinlaw.com

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August 16, 2019 via ECF on all counsel or parties of record listed below:

Jennifer Hayes Pinder
Email: Jennifer.Pinder@myfloridalegal.com

Sasha Funk Granai
Email: Sasha.Granai@myfloridalegal.com

Victoria Butler
Email: Victoria.Butler@myfloridalegal.com

Scott R. Fransen
Email: Scott.Fransen@flofr.com

Miriam S. Wilkinson
Email: Miriam.Wilkinson@flofr.com

Anthony Cammarata
Email: Anthony.Cammarata@flofr.com

Jean Healey
Email: jean.healey@cfpb.gov

Atur Desai
E-mail: atur.desai@cfpb.gov

Tianna Baez
E-mail: tianna.baez@cfpb.gov

Amanda Roberson
E-mail: amanda.roberson@cfpb.gov

Stephanie Brenowitz
E-mail: stephanie.brenowitz@cfpb.gov

Erin Mary Kelly
E-mail: erin.kelly@cfpb.gov

James Savage
E-mail: james.savage@cfpb.gov

Greg Nodler
E-mail: greg.nodler@cfpb.gov

Michael Posner
E-mail: michael.posner@cfpb.gov

Jack Douglas Wilson
E-mail:  doug.wilson@cfpb.gov

Shirley T. Chiu
E-mail:  shirley.chiu@cfpb.gov

Blaine Winship
E-mail:  blaine.winship@myfloridalegal.com

           /s/ Andrew S. Wein
           Andrew S. Wein