**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

Case No. 9:17-CV-80495- MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU,
Plaintiff,

vs.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
OCWEN LOAN SERVICING, LLC, and
PHH MORTGAGE CORP.
Defendants.

_______________________________________/

**PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION [DE 480] OF THIS COURT'S ORDER ON DEFENDANTS' MOTION TO DISMISS [DE 452]**

Plaintiff, the Consumer Financial Protection Bureau (Bureau), opposes Defendants' Motion for Reconsideration of this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. DE 452. In that Order, the Court upheld the constitutionality of the for-cause removal provision in the Consumer Financial Protection Act (CFPA). DE 452 at 10-11. That provision provides that the Bureau's Director may be removed by the President only for cause, not at will. 12 U.S.C. § 5491(c)(3). Defendants give only one reason for seeking reconsideration: The Bureau filed a Notice in this case on September 19, 2019, informing the Court that it would no longer defend the constitutionality of the removal provision, DE 469. Based on that, Defendants contend the Court should reconsider its Order, hold that the removal provision is unconstitutional, and dismiss the Bureau's case with prejudice.

On October 18, 2019, after Defendants filed their Motion for Reconsideration, the Supreme Court granted a petition for a writ of certiorari in *Seila Law LLC v. CFPB*, No. 19-7 (S. Ct.). That case presents the Court with two questions:

> 1) Whether the vesting of substantial executive authority in the Consumer Financial Protection Bureau, an independent agency led by a single director, violates the separation of powers?
>
> 2) If the Consumer Financial Protection Bureau is found unconstitutional on the basis of the separation of powers, can 12 U.S.C. §5491(c)(3) be severed from the Dodd-Frank Act?

If this Court chooses to reopen Defendants' constitutional challenge, it should defer resolution until after the Supreme Court has issued its decision in *Seila Law*.

In any event, this Court should reject Defendants' request to dismiss the Bureau's Complaint with prejudice, and this case should proceed. As the Bureau explained in its Opposition to Defendants' Motion to Dismiss, the unconstitutionality of the removal provision does not affect the validity of the remainder of the CFPA because the removal provision is severable. DE 35 at 8-9 (citing 12 U.S.C. § 5302). And severance, not dismissal of this action, would provide Defendants with all the relief to which they are entitled. DE 35 at 8-9; *see also* DE 312 (Plaintiff Consumer Financial Protection Bureau's Reply in Further Support of its Notice of Supplemental Authority [DE 53]) at 3, citing *PHH Corp. v. CFPB*, 881 F.3d 75, 198-200 (D.C. Cir. 2018) (en banc) (Kavanaugh, J., dissenting) (Petitioners had requested that the Bureau's Order be vacated, but then-Judge Kavanaugh would have held that the appropriate remedy was to sever the for-cause removal provision from the CFPA, and remand the matter to the Bureau for further proceedings).

In the meantime, the parties have nearly completed discovery. Moreover, on October 24, 2019, the Bureau, along with the Office of the Attorney General of the State of Florida and the Office of Financial Regulation of the State of Florida, filed a Joint Scheduling Report in which the Bureau proposed to extend the deadline for dispositive motions until July 15, 2020, which is after the date by which the Supreme Court will likely have issued its decision in *Seila Law*. (Defendants proposed to extend the deadline until March 15, 2020.) If this Court accepts the schedule proposed by the Bureau, this case will continue, and, prior to the filing of dispositive motions, the parties and this Court will have the benefit of the ruling in *Seila Law*, a ruling that might resolve the constitutional questions as to which Defendants are seeking reconsideration. Thus, the Court could, at that time, respond to the issues raised in Defendants' Motion for Reconsideration.

Dated: October 31, 2019

Respectfully submitted,

Attorney for Plaintiff
CONSUMER FINANCIAL PROTECTION BUREAU

/s/ *Lawrence DeMille-Wagman*
Lawrence DeMille-Wagman
Phone: 202-435-7957
E-mail: Lawrence.DeMille-Wagman@cfpb.gov

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of Plaintiff Consumer Financial Protection Bureau's Opposition to Defendants' Motion for Reconsideration were served on October 31, 2019, on all counsel or parties of record on the following Service List via CM/ECF.

/s/ *Lawrence DeMille-Wagman*
Lawrence DeMille-Wagman

SERVICE LIST

*Attorneys for the Defendants*:

**Bridget Ann Berry**
Greenberg Traurig, P.A.
777 South Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Tel: 561.650.7900
Fax: 561.655.6222
BerryB@gtlaw.com, darschs@gtlaw.com, thomsonj@gtlaw.com, WPBLitDock@GTLAW.com, whitfieldd@gtlaw.com, msheldon@goodwinlaw.com

**Thomas M. Hefferon**
**Sabrina M. Rose-Smith**
Goodwin Proctor LLP
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

**Matthew P. Previn**
Buckley Sandler LLP
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel: 212.600.2310
mprevin@buckleysandler.com