**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

OCWEN FINANCIAL CORPORATION; OCWEN MORTGAGE SERVICING, INC.; and OCWEN LOAN SERVICING, LLC,

Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF**
**THEIR MOTION FOR RECONSIDERATION**

As anticipated, the Consumer Financial Protection Bureau's ("CFPB" or the "Bureau") opposition to Defendants' Motion for Reconsideration (ECF No. 480) ("Motion") does not contest Ocwen and the Bureau Director's position that the CFPB's structure violates Article II of the Constitution. *See* ECF No. 504 ("Opposition"). Nor does the Bureau argue that the Court should not reconsider its ruling denying Ocwen's motion to dismiss. In short, the Bureau agrees the motion for reconsideration is well founded.

The Motion thus conceded on the merits, the Bureau nevertheless asks the Court to defer granting Ocwen's Motion until after the Supreme Court issues a decision in *Seila Law* when, it hopes, the Supreme Court will point a different way out than what Ocwen argues. *See* Opp'n at 2. The Court should reject the Bureau's request to further delay resolution of this Motion, and instead hold that the case must be dismissed with prejudice because this action was authorized by an unconstitutional officer.

There is no reason to defer the Court's ruling on Ocwen's Motion because there is no dispute in this case—both parties agree the CFPB is unconstitutional. *See* Notice at 1-2 (ECF No. 469); Mot. at 1-5 (ECF No. 480). Furthermore, given that the Solicitor General has filed a

brief on the Bureau's behalf stating that it ***agrees*** with the appellant (Seila Law LLC) and will not defend the agency's constitutional structure, it is very likely that the Supreme Court will agree with Ocwen and the Bureau and hold that the CFPB Director's for-cause removal provision is unconstitutional. *See* Mot. Ex. C (ECF No. 480-3). The Bureau in this case contests none of this. The grounds for the denial of the original motion on this point have evaporated, so reconsideration and reversal of that denial should be granted as effectively unopposed.

There is also no need to await the Supreme Court's ruling on severability on the chance the constitutional problem is cured prospectively by the *Seila Law* decision. The Motion pending before the Court does not seek to invalidate the entire CFPB. Rather, it seeks the only relief this Court can give: dismissal of ***this action***, which was authorized by an unconstitutional agency director. And as Ocwen explained in its Motion (at 5-6), whatever the merits of severing the offending clause so as to fix the issue going forward, the remedy for a constitutional challenge to an agency's structure by an already-aggrieved person subjected to an agency's past action is undoing the agency action—here, by dismissal of the lawsuit. *See Ryder v. United States*, 515 U.S. 177, 182-184 & n.3 (1995); *CFPB v. RD Legal Funding, LLC*, 332 F. Supp. 3d 729, 785 (S.D.N.Y. 2018). Indeed, even if the statute could be severed (it cannot), severance cannot be the only outcome because it would not provide Ocwen with any relief—which would contravene Rule 12 and *Ryder*'s requirement that Ocwen get some sort of remedy that is meaningful to Ocwen. *See* Mot. at 7.

Contrary to the Opposition's assertion (at 2), Judge Kavanaugh's *PHH* opinions do not suggest otherwise. As Judge Kavanaugh explained in his majority opinion for the *PHH* panel (which was reversed en banc), the D.C. Circuit did not consider the legal ramifications for past and present CFPB enforcement actions because the Bureau's actions were invalidated on other grounds. *PHH Corp. v. CFPB*, 839 F.3d 1, 39 (D.C. Cir. 2016). And although Judge Kavanagh stated in dissent to the en banc *PHH* decision that the CFPB need not be entirely dismantled and may continue to operate going forward notwithstanding the constitutional defect, the opinion says nothing as to what should be done with the ***historical*** enforcement actions that were initiated, *ultra vires*, by an unconstitutional director. *See PHH Corp. v. CFPB*, 881 F.3d 75, 198-200 (D.C. Cir. 2018) (en banc) (Kavanaugh, J., dissenting). Precedent makes clear that ***past*** enforcement actions, like this one, cannot stand because the Bureau's unconstitutionally-appointed director "lack[ed] authority to bring [the] enforcement action." *Fed. Election Comm'n*

*v. NRA Political Victory Fund*, 6 F.3d 821, 822 (D.C. Cir. 1993); *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 513 (2010) (statutes may be "enforced only by a constitutional agency accountable to the Executive"). Thus, dismissal is the appropriate remedy for Ocwen ***irrespective*** of the remedy (relevant to others) of severance.

Finally, deferring action until after the Supreme Court rules offers no sure prospect that the result will even impact this Motion. This Court is well aware that the Supreme Court not infrequently grants certiorari in cases and then disposes of the case on a narrow ground (or does not even decide the question-presented issue at all). Here, there is a substantial chance that even if the Supreme Court decides the issues before it, that will not resolve this Motion. For example, Ocwen's argument for dismissal turns in part on the fact that, by statute, only the Director can authorize a lawsuit—so her lack of authority is fatal to the filing of this one. Mot. at 1, 5-6 (citing 12 U.S.C. § 5564). In contrast, the Petitioner in *Seila Law* was merely the target of an investigation, Mot. Ex. C at 4-5, and the law does not require that the Director sign off on investigations. *See* 12 U.S.C. §§ 5562, 5563. Allowing that investigation to continue, then, would not necessarily answer whether dismissal is the appropriate remedy here. That question is before this Court and it should resolve it now.

Over the past two-plus years, Ocwen has been severely prejudiced in having to spend considerable time and money defending itself in this case and litigating an argument that the CFPB now acknowledges is correct. There is no need for further delay. For the foregoing reasons, and those stated in Ocwen's Motion and Motion to Dismiss briefing, the Court should dismiss the case with prejudice.[1]

Dated: November 7, 2019

Respectfully submitted,

*/s/ Catalina E. Azuero*

Bridget Ann Berry
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401

[1] To the extent the Opposition argued (at 3) that the Court's ruling should be delayed because the CFPB's proposed dispositive motions deadline would fall after the Supreme Court issues a ruling in *Seila Law*, the argument is now moot. The Court issued a scheduling order this week, which ordered that dispositive motions are due March 31, 2020. ECF No. 501.

Tel.: 561.650.7900
BerryB@gtlaw.com

Thomas M. Hefferon (*pro hac vice*)
Sabrina M. Rose-Smith (*pro hac vice*)
Matthew L. Riffee (*pro hac vice*)
**GOODWIN PROCTER LLP**
901 New York Ave., NW
Washington, DC 20001
Tel.: 202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com
mriffee@goodwinlaw.com

Catalina E. Azuero
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
cazuero@goodwinlaw.com

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on November 7, 2019 via CM/ECF to all counsel of record.

*/s/ Catalina Azuero*
Catalina Azuero