UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:17-80495-CIV-MARRA**

CONSUMER FINANCIAL PROTECTION
BUREAU,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
and OCWEN LOAN SERVICING, LLC, and
PHH MORTGAGE CORPORATION,

    Defendants.
_____/

**CASE NO. 9:17-CV-80496-MARRA**

OFFICE OF THE ATTORNEY GENERAL, THE
STATE OF FLORIDA, Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION, THE
STATE OF FLORIDA, Division of Consumer Finance,

    Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION; OCWEN
MORTGAGE SERVICING, INC.; and OCWEN
LOAN SERVICING, LLC

    Defendants.
_____/

**<u>ORDER</u>**

1

This Cause is before the Court upon Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing LLC's (collectively "Ocwen" or "Defendants") "Motion for Reconsideration of Order on Defendants' Motion to Dismiss (DE 452), Based on Plaintiff's Subsequent Notice (DE 469) that Defendants' Motion Was Correct in Arguing the Agency is Unconstitutional," filed October 3, 2019 (DE 480, "Mot."). Plaintiff the Consumer Financial Protection Bureau filed a Response on October 31, 2019 (DE 504, "Opp."). Ocwen filed its Reply on October 7, 2019 (DE 513, "Reply"). The Court has considered the Motion and the filings and is otherwise fully advised in the premises.

## I. Background

Ocwen moves the Court to reconsider its finding that the Consumer Financial Protection Bureau ("CFPB") is without constitutional defect and the case is not subject to dismissal on this ground. (Mot. at 2). Ocwen argues that reconsideration is merited because the CFBP notified the Court of its change in position and that it would no longer defend the constitutionality of its structure. (Mot. at 1); (DE 469, "Notice").

In the CFPB's notice to the Court that it has changed its position regarding an argument that it has presented, the Bureau stated "[t]he Bureau's Director has now determined that she agrees with the Department of Justice that the CFPA's for-cause removal provision impermissibly infringes on the President's constitutional obligation to take care that the laws be faithfully executed. Accordingly, the Bureau will no longer defend the constitutionality of that provision." (Notice at 2). The CFPB continued, "[i]t remains the Bureau's position that this case should proceed, however. Accordingly, if the Court were to revisit its earlier decision that the removal provision is constitutional in light of the Bureau's changed position, it nevertheless should not

2

dismiss this case." (Notice at 2). The CFPB noted that the Office of the Solicitor General filed a brief on behalf of the Bureau in support of a petition for a writ of certiorari in *Seila Law LLC v. CFPB*, No. 19-7 (S. Ct.) (filed Sept. 17, 2019) (OSG Br.) urging the Court to grant certiorari to address the constitutionality of the CFPA's removal provision, arguing that the provision is unconstitutional, but that the constitutional problem does not affect the validity of the other provisions of the CFPA. (Notice at 2).[1]

In its Motion for Reconsideration, Ocwen argues "this case should be dismissed because the Bureau 'lacks authority to bring this enforcement action.'" (Mot. at 1 citing *Fed. Election Comm'n v. NRA Political Victory Fund*, 6 F.3d 821, 822 (D.C. Cir. 1993); *Ryder v. United States*, 515 U.S. 177, 182-184 (1995)). Ocwen argues that the question presented is: what is the proper remedy for the alleged unconstitutional removal provision, which is presented *de novo* and therefore not subject to deferential reconsiderations standards. (Mot. at 1). Ocwen suggests the remedy is dismissal with prejudice, not just severability. (Mot. at 1-2). Ocwen supports this assertion by arguing that: 1) "caselaw is settled that when a federal officer is without constitutional authority to act, her actions are void;" and 2) severability "cannot be the only remedy because it does not provide Ocwen with any relief." (Mot. at 1-2, 7).

The CFPB responds that if the Court chooses to reopen Ocwen's constitutional challenge, it should defer resolution until after the Supreme Court issued its decision in *Selia Law*. (Opp. at

---

[1] On October 18, 2019, the Supreme Court of the United States granted certiorari to the question "Whether the vesting of substantial executive authority in the Consumer Financial Protection Bureau, an independent agency led by a single director, violates the separation of powers." The Court additionally directed the parties to brief and argue "If the Consumer Financial Protection Bureau is found unconstitutional on the basis of the separation of powers, can 12 U.S.C. §5491(c)(3) be severed from the Dodd-Frank Act?" *See* https://www.supremecourt.gov/qp/19-00007qp.pdf.

2). The CFPB argues that irrespective of the timing[2], the Court should reject Ocwen's request to dismiss the case with prejudice and the case should proceed. (Opp. at 2). The CFPB argues "severance, not dismissal of this action, would provide Defendants with all the relief to which they are entitled." (Opp. at 2).

## II. Standard of Review

"When . . . a motion for reconsideration is served within twenty-eight days of the entry of the order at issue, Federal Rule of Civil Procedure 59(e) applies." *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1281 (S.D. Fla. 2010). "Rule 59(e) may not be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Holt v. United States,* 249 F. App'x 753, 756 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

It is well established that "motions for reconsideration are disfavored and should be granted only when the movant shows newly discovered evidence, clear error, manifest injustice, or an intervening change in law." *In re Garcia*, 2002 WL 32372583, at *1 (S.D. Fla. Nov. 4, 2002). "The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

"Although Rule 59(e) does not set forth any specific criteria, courts have delineated three major grounds justifying reconsideration under Rule 59(e): '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or

---

[2] The CFPB filed its Response prior to the Court issuing a new Scheduling Order (DE 507). The CFPB and Ocwen could not agree on dispositive motion deadlines or a trial date; the CFPB urged the Court to delay dispositive motions and trial until after the Supreme Court decided *Selia*. (DE 501 at 3-4).

prevent manifest injustice.'" *Krstic*, 706 F. Supp. 2d at 1281–82 (quoting *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004)).

### III. Discussion:

The Court readopts its prior ruling from the Order Granting in Part and Denying in Part Ocwen's Motion to Dismiss (DE 452 at 10-11). The Court is unconvinced that the CFPB's structure is unconstitutional. The Court reaffirms that it views the constitutionality of the CFPB in accordance with the reasons enumerated in *PHH Corp. v. Consumer Financial Protection Bureau*, 881 F.3d 75 (D.C. Cir. 2018) and *Consumer Financial Protection Bureau v. Seila Law LLC*, 923 F.3d 680, 682 (9th Cir. 2019), *cert. granted sub nom. Seila Law LLC v. Consumer Prot. Bureau*, No. 19-7, 2019 WL 5281290 (U.S. Oct. 18, 2019).

Ocwen directs the Court to numerous cases where a constitutional infirmity required a prior government action to be declared void; however, the majority[3] of those cases involved an improper *appointment*. *See Fed. Election Comm'n v. NRA Political Victory Fund*, 6 F.3d 821, 822 (D.C. Cir. 1993) ("We believe that the Commission lacks authority to bring this enforcement action because its composition violates the Constitution's separation of powers. **Congress exceeded its legislative authority when it placed its agents**, the Secretary of the Senate and the Clerk of the House of Representatives, on the independent Commission as non-voting *ex officio* members.") (emphasis added); *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018) ("This Court has also held that the 'appropriate' remedy for an adjudication tainted with an **appointments violation** is a new

---

[3] The Court is aware of the contrary conclusion in *Consumer Fin. Prot. Bureau v. RD Legal Funding, LLC*, 332 F. Supp. 3d 729, 785 (S.D.N.Y. 2018) ("the Court finds that the CFPB 'lacks authority to bring this enforcement action because its composition violates the Constitution's separation of powers,' and thus the CFPB's claims are dismissed.") (quoting *Fed. Election Comm'n v. NRA Political Victory Fund*, 6 F.3d 821, 822 (D.C. Cir. 1993)). The Court rejects that remedy under the circumstances of this case.

'hearing before a properly appointed' official.")(citation omitted)(emphasis added); *Ryder v. United States*, 515 U.S. 177, 188, 115 S. Ct. 2031, 2038, 132 L. Ed. 2d 136 (1995) ("Petitioner is entitled to a hearing before a **properly appointed panel** of that court.")(emphasis added).

In contrast, the instant constitutional challenge pertains to the *removal* provision for the CFPB Director, whose removal, for-cause or without-cause, is not being sought by the President currently. As discussed at length in *PHH*, there are only three Supreme Court cases that have held a removal provision was unconstitutional, and none of them is applicable to the CFPB's removal statute. "[T]he challenged statute imposes no additional layer of particularly onerous protection, per *Free Enterprise Fund*, nor indeed any other restriction on removal. And Congress has not given itself authority to participate in the President's removal decision, which was fatal to the removal mechanisms in *Myers* and *Bowsher*." *PHH Corp.*, 881 F.3d at 93 (citing *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010); *Myers v. United States*, 272 U.S. 52 (1926); *Bowsher v. Synar*, 478 U.S. 714 (1986)).

Moreover, the for-cause removal language is identical to what the Supreme Court upheld as constitutional regarding the protections for the Federal Trade Commission member in *Humphrey's Executor*[4], and "the Court's subsequent decision in *Morrison* seems to **preclude drawing a constitutional distinction between multi-member and single-individual leadership structures**, since the Court in that case upheld a for-cause removal restriction for a prosecutorial entity headed by a single independent counsel." *Seila Law LLC*, 923 F.3d at 684 (emphasis added) (citing *Morrison v. Olson*, 487 U.S. 654 (1988)). As further articulated in *Selia Law*, "we view *Humphrey's Executor* and *Morrison* as controlling here. Those cases indicate that the for-

---

[4] *Humphrey's Ex'r v. United States*, 295 U.S. 602, 632 (1935).

cause removal restriction protecting the CFPB's Director does not 'impede the President's ability to perform his constitutional duty' to ensure that the laws are faithfully executed. The Supreme Court is of course free to revisit those precedents, but we are not." *Id.* (quoting *Morrison*, 487 U.S. at 691).

Additionally, the Court notes that even if the Supreme Court finds the CFPB's for-cause removal to be unconstitutional, the proper remedy would be severance of 12 U.S.C. § 5491(c)(3), pursuant to 12 U.S.C. § 5302, not dismissal of the CFPB's case against Ocwen with prejudice.

The United States Court of Appeals for the Fifth Circuit recently held *en banc* that the for-cause removal protection of the Director of the Federal Housing Finance Authority ("FHFA"), a similarly single-headed agency, was unconstitutional. *Collins v. Mnuchin*, 938 F.3d 553 (5th Cir. 2019), *petition for cert. filed*, 2019 WL 4858934 (U.S. Sept. 25, 2019) (No. 19-422), *petition for cert. filed*, 2019 WL 5593074, (U.S. Oct. 25, 2019) (No. 19-563).  However, after holding the structure was unconstitutional, in addressing the question of appropriate relief, the court noted: "[i]n summary, the Shareholders' ongoing injury, if indeed there is one, is remedied by a declaration that the 'for cause' restriction is declared removed. We go no further." *Id.* at 595. The court explicitly rejected the Shareholders' requested relief by "declin[ing] to invalidate the Net Worth Sweep or PSPAs," instead holding "[w]e will not let the Shareholders pick and choose parts of the PSPAs to invalidate when the President had adequate oversight over their adoption and particularly when two different presidents have selected agency heads who have supported the Net Worth Sweep." *Id.*  The court explained "[t]he appropriate remedy is the one that fixes the Shareholders' purported injury. That is exactly what our declaratory judgment does . . . . we conclude, given that the majority of the court has found the FHFA unconstitutionally structured,

that the appropriate remedy for that finding is to declare the 'for cause' provision severed." *Id.*

Ocwen has failed to establish any of the grounds that would justify a reconsideration, such as identifying a change in controlling law, new evidence, or clear error. *See Krstic*, 706 F. Supp. 2d at 1281–82. That the CFPB has shifted its own position does not discharge the Court of its duty to interpret the constitutionality of 12 U.S.C. § 5491(c)(3) independently. *See United States v. Windsor*, 570 U.S. 744, 760 (2013) ("There are, of course, reasons to hear a case and issue a ruling even when one party is reluctant to prevail in its position."). Even assuming *arguendo* that the CFPB's structure is found to be unconstitutional, the proper remedy would be severing the unconstitutional removal provision, not dismissal of the case with prejudice.[5]

The Court readopts its prior ruling from the Order Granting in Part and Denying in Part Ocwen's Motion to Dismiss (DE 452). Accordingly, it is **ORDERED AND ADJUDGED** that Ocwen's Motion for Reconsideration (DE 480) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of November, 2019.

KENNETH A. MARRA
United States District Judge

---

[5] *See Collins v. Mnuchin*, 938 F.3d at 595.