UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:17-cv-80495-Marra/Matthewman

Consumer Financial Protection
Bureau, et al.,

                Plaintiffs,

v.

Ocwen Financial Corp.,
Ocwen Mortgage Servicing, Inc.,
and Ocwen Loan Servicing, LLC,

                Defendants.
_____/



FILED BY _____ D.C.

NOV 14 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Case No.: 9:17-cv-80496-Marra/Matthewman

Office of the Attorney General,
The State of Florida,
Department of Legal Affairs,

and

Office of Financial Regulation,
The State of Florida,
Division of Consumer Finance,

                Plaintiffs,

v.

Ocwen Financial Corp., et al.,

                Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO USE CERTAIN PURPORTEDLY PRIVILEGED DOCUMENTS [DE 421/426]

THIS CAUSE is before the Court on Defendants' Motion for Leave to Use Certain Purportedly Privileged Documents [DE 421/426]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. [DE 495]. Defendants Ocwen Financial

Corporation, Ocwen Mortgage Servicing, Inc., and Ocwen Loan Servicing, LLC (collectively, "Ocwen") filed their motion on August 16, 2019. [DE 421/426]. Plaintiff Florida Office of Financial Regulation ("OFR") responded to Ocwen's motion on September 13, 2019. [DE 456/463-1]. Ocwen replied to OFR's response on September 18, 2019. [DE 465/468]. The Court held a lengthy hearing on this matter on October 17, 2019. [DE 498]. Thus, this matter is ripe for review. For the reasons that follow, the Court DENIES Ocwen's motion.

## I. Analysis and Discussion

Ocwen seeks leave to use two documents that OFR clawed back from production as privileged: B1122 and OFR_Ocwen053924. Ocwen contends these "documents are crucial to key defenses that Ocwen has raised flowing from the overlap between this litigation and claims Plaintiffs waived in the [National Mortgage Settlement]." [DE 421/426, p. 2]. OFR argues in response that the two documents are privileged and Ocwen has failed to overcome that privilege.

### A. Document B1122

As to B1122, OFR asserts it is protected under the deliberative process privilege. That privilege "protects the internal decisionmaking processes of the executive branch in order to safeguard the quality of agency decisions." *Raffa v. Wachovia Corp.*, No. 02-1143, 2003 WL 2157778, at *2 (M.D. Fla. May 15, 2009) (citing *Nadler v. U.S. Dep't of Justice*, 955 F.2d 1479, 1490 (11th Cir. 1992)). "Two prerequisites must be met before an agency may properly withhold a document from production pursuant to" that privilege. *Id.* "First, the document must be 'predecisional,' i.e., 'prepared in order to assist an agency decisionmaker in arriving at his decision.'" *Id.* (quoting *Nadler*, 955 F.2d at 1491). "Second, it must be 'deliberative,' that is, 'a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters.'" *Id.* (quoting *Nadley*, 955 F.2d at 1491).

The deliberative process privilege is "qualified, not absolute." *Fed. Home Loan Mortgage Corp. v. Deloitte & Touche, LLP*, No. 15-22754, 2015 WL 12766397, at *2 (S.D. Fla. Sept. 3, 2015). It may be overcome by a showing of need based on "(1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are voidable." *Raffa*, 2003 WL 2157778, at *3; *see also Fed. Home Loan Mortgage Corp.*, 2015 WL 12766397, at *2.

After carefully considering the parties' arguments, the relevant case law, and counsels' arguments at the discovery hearing and conducting a careful *in camera* review of B1122, the Court finds that B1122 is protected under the deliberative process privilege, and Ocwen has failed to meet its burden of overcoming that privilege. B1122 is both "predecisional," in that it was created prior to the instant litigation, and "deliberative," in that it reflects a debate between members of the National Mortgage Settlement Monitoring Committee as to whether to continue certain monitoring of Ocwen in advance of the instant litigation.

To the extent that Ocwen hopes to use B1122 to support its argument that its operations were "sound," there is surely other evidence available to Ocwen to support such an argument, such as Ocwen's own internal data or the testimony of its corporate representatives. Finally, the seriousness of the litigation, the pervasive role of the government in this litigation, and the possibility of chilling future agency investigations by ordering the production of predecisional, deliberative communications all weigh in favor of the Court's finding that Ocwen has failed to rebut OFR's assertion of privilege.

## B. Document OFR_Ocwen053924

As to OFR_Ocwen053924, a draft version of the NMS judgment that contains the thoughts and opinions of an OFR attorney, OFR asserts it is a privileged attorney-client communication. Ocwen asserts that, nonetheless, it should be entitled to use the document because "Plaintiffs have put [its contents] at issue." [DE 421/426, p. 6]. However, the Court finds that Ocwen has failed to overcome OFR's assertion of attorney-client privilege. As OFR points out, it was Ocwen, not OFR, that injected a new legal issue into the case when it raised its defense of claim preclusion. After injecting that issue into this litigation through its claim preclusion defense, Ocwen cannot now claim that OFR put the contents of OFR_Ocwen053924 at issue merely by bringing claims against Ocwen that may or may not be precluded by the NMS. *See Bivins v. Rogers*, No. 15-81298, 2017 WL 1535110, at *4 (S.D. Fla. Apr. 27, 2017) ("Thus, the guardians have not injected the issue into the proceedings such that the attorney-client privilege has been waived"); *Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, 300 F.R.D. 590, 593-94 (S.D. Fla. 2014) (explaining that "under the federal standard, in or for a court to properly find at-issue waiver, it is the holder of the privilege that must have put the information sought at issue"); *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987) (noting that "[t]o waive the attorney-client privilege by voluntarily injecting an issue in the case, . . . [t]he holder [of the privilege] must inject a new factual or legal issue into the case"); *see also Kehle v. USAA Cas. Ins. Co.*, No. 17-80447, 2018 WL 2435176, at *5-8 (S.D. Fla. May 30, 2018) (discussing at-issue waiver in the context of the work-product privilege), *affirmed by* 2019 WL 1429674 (S.D. Fla. Mar. 25, 2019).

## II. Conclusion

After both an *in camera* review of the disputed documents and careful review of Ocwen's motion, OFR's response, Ocwen's reply, relevant case law, counsels' arguments at the discovery

hearing, and the entire docket in this case, it is hereby **ORDERED** that Ocwen's Motion for Leave to Use Certain Purportedly Privileged Documents [DE 421/426] is **DENIED**.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of November, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge