# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

Case No. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU,

        Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, OCWEN MORTGAGE SERVICING, INC., and OCWEN LOAN SERVICING, LLC,

        Defendants.

CASE NO. 9:17-CIV-80496-MARRA/MATTHEWMAN

OFFICE OF THE ATTORNEY GENERAL, THE STATE OF FLORIDA, Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION, THE STATE OF FLORIDA, Division of Consumer Finance,

        Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION, *et al*.

        Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL PRODUCTION OF IMPROPERLY LOGGED DOCUMENTS AND MOTION FOR LEAVE TO USE CERTAIN PURPORTEDLY PRIVILEGED DOCUMENTS**

Defendants Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC, and PHH Mortgage Corporation ("Defendants" or "Ocwen") submit this reply in support of its Renewed Motion to Compel Production of Improperly Logged Documents and Motion for Leave to Use Privileged Documents (DE 515) ("Renewed Motion"). After four motions and three Orders, OFR has again flouted this Court's Order (DE 499) by failing to log purportedly privileged documents and failing to produce documents not logged. OFR concedes as much in its Opposition (DE 532) and by untimely amending its log *again*—removing previously logged documents and then adding those documents back to the log weeks past the Court's deadline. Those documents now should be produced.[1] As to the documents OFR logged, Ocwen has demonstrated a strong need for documents critical to its defenses that overcomes the qualified deliberative process privilege, particularly where OFR has sued Ocwen in this litigation. Ocwen's Renewed Motion should be granted.[2]

---

[1] Although Ocwen's Renewed Motion is brought solely against OFR regarding OFR's privilege log, the Consumer Financial Protection Bureau ("Bureau") and the Florida Office of the Attorney ("OAG") also filed separate oppositions to the motion. DE 525 & 530. It is unclear whether either the Bureau or OAG has the right to oppose a motion brought solely against OFR. The Bureau has not asserted any purported privileges over the challenged documents. OFR's and OAG's incorporation by reference of each other's and the Bureau's oppositions—totaling 15 pages in response to Ocwen's motion—violates the Court's 5-page limit and should be disregarded. DE 30. Nevertheless, Ocwen addresses those oppositions here.

[2] In light of the Court's Order Denying Defendants' Motion for Leave to Use Certain Purportedly Privileged Documents (DE 522) ruling that OFR has not waived the attorney-client privilege by putting the contents of document OFR_Ocwen053924 at issue, Ocwen reserves all rights with respect to the ruling but withdraws its motion to compel production of documents over which OFR asserts attorney-client privilege and attorney work product, with two exceptions. First, OFR's log description fails to demonstrate that B1235-B1237 constitutes attorney work product. The document concerns "NMS Monitoring Committee Work," yet the log does not indicate any attorney involvement or preparation in anticipation of litigation. Second, as discussed, at 2-3, *infra*, pursuant to this Court's Orders, OFR has waived privilege over all documents OFR failed to log by October 29, 2019, including OFR_Ocwen053924 and other documents previously clawed back. *See* DE 499 (10/18/2019 Order) at 3 n.1; Hrg. Tr. (10/17/2019) at 158; DE 515 at 4-5. For the sake of clarity, Ocwen submits Exhibit 1 hereto, which identifies the 39 documents on OFR's October 29 Combined Privilege Log that Ocwen still moves to compel, in addition to the documents that OFR did not log on its October 29 log.

# ARGUMENT

### A. Documents Improperly Omitted From OFR's Combined Privilege Log Must Be Produced.

In an effort to distract from its admitted failure to comply with yet another of this Court's Orders, OFR accuses Ocwen of waging "a protracted discovery campaign against OFR." DE 532 at 3. OFR's response reveals the gravamen of the problem: despite bringing suit against Ocwen in this Court, OFR does not believe it should have to respond to discovery in compliance with the Federal and Local Rules and multiple Court Orders. Any "protraction" of discovery is OFR's own doing. *See*, *e.g.*, DE 348 (5/3/2019 Order); DE 396 (6/6/2019 Order); DE 499 (10/18/2019 Order). OFR has repeatedly admitted its failure to meet its discovery obligations.[3] Now, in responding to Ocwen's Renewed Motion, OFR concedes that it failed to log documents on its October 29 Combined Privilege Log and has also failed to produce those documents not logged. DE 532 at 2 n.2.

The Court's October 18, 2019 Order required OFR to immediately produce all withheld documents at issue if it did not produce a complete and comprehensive privilege log by the "strict" October 29, 2019 deadline. DE 499 at 3 n.1; Hg. Tr. (10/17/2019) at 158-59. The Court was clear that this was OFR's last opportunity to produce a complete and Federal and Local Rules compliant log, or privileges would be waived. The Court stated:

> "And what I am going to tell OFR is that you are required to revise and complete all of your privilege logs on or before October [29th] of 2019. If you do not have a valid privilege, or cannot submit a privilege log that claims a valid privilege pursuant to our Local Rules as to those documents, then you need to submit them and produce them to the Defendants.
>
> If you do believe that those documents are privileged, or some of those documents are privileged, you need to specifically include them on your privilege log and comply with the Local Rule.
>
> If you don't complete the privilege logs by October [29th] of 2019, then, you have

---

[3] *See, e.g.,* DE 306 at 1 ("OFR acknowledges that it has had difficulty in producing records that Ocwen has requested."); Hrg. Tr. (5/2/2019) at 34-35 (OFR counsel stating, "The production we have provided has been very limited. In all candor, I can't really argue that that's not correct. It has been very limited. OFR is sort of like a fish on the moon here in terms of this type of litigation, and it has taken a great deal of effort to get the OFR to a point where it has been able to really work on some of the production issues."); Hr. Tr. (6/5/2019) at 58-59 (OFR unable to identify which privilege log was operative); Hrg. Tr. (10/17/2019) at 72 (OFR unable to inform the Court why public documents were included on privilege logs).

> to produce those documents to the Defendants.  I don't want to have this delayed any further.  I am not going to deem that OFR has waived all of its privileges at this point because of its slowness or insufficiencies in the privilege logs, but I am going to give you **one last opportunity** to October [29th] of 2019.

*See* Hrg. Tr. (10/17/19) at 158-9 (emphasis added).  Despite this Court's deadline, OFR improperly served yet *another – now fifth –privilege log*, on the evening of November 20 when it filed its Opposition.  That November 20 privilege log should be stricken, or disregarded.

First, the untimely November 20 log added five new documents that OFR previously clawed back[4] but *did not include* on its Court-ordered October 29 log.  OFR has abandoned its privilege claims by failing to log those documents (*See* DE 499 (10/17/2019 Order) at 3 n.1; DE 515 at 4-5).  Neither OFR nor any other Plaintiff argues otherwise.

In addition, OFR's removal of thousands of documents from highly litigated prior logs as suddenly "non-responsive" violates the Court's October 18 Order.  OFR's claim that the Court ordered it to "narrow" its privilege log is false.  DE 532 at 6.  The opposite is true: the Court ordered OFR to serve "a new, complete, and comprehensive privilege log on or before October 29." DE 499 at 3.  Only *after* Ocwen filed its Renewed Motion did OFR add documents back to the log on November 20, 2019.  OFR admits that these documents were responsive and removal was improper.[5]

With respect to the documents OFR has not re-logged, it makes the specious claim that they are now not responsive—*after* applying unidentified narrowing criteria and objections to Ocwen's discovery requests—but refuses to identify the criteria by which it removed previously responsive and logged documents.  In short, OFR has blatantly disregarded this Court's orders and instructions to serve a comprehensive log with all privileged documents, or to produce those documents to Ocwen.  Accordingly, all previously logged documents that were omitted from the October 29 log should be produced.

---

[4] OFR_Ocwen 085806, OFR_Ocwen053924, OFR_Ocwen086168, B1122, and OFR_Ocwen000515.

[5] OFR incorrectly states that it added seven previously removed documents back to its log.  It added back eight previously removed documents.  OFR also claims it "will produce a few of these documents."  OFR has not yet done so.  *See* DE 532 at 3 n.3.

### B. Ocwen's Substantial Need For Documents Overcomes OFR's Assertions Of Deliberative Process and Qualified Privileges

Documents on OFR's October 29 Combined Privilege Log that concern the National Mortgage Settlement ("NMS"), as set forth on Ex. 1 hereto, directly relate to Ocwen's defense that Plaintiffs' claims are barred because of the significant overlap between this litigation and the claims Plaintiffs waived in the NMS, as Ocwen argued in its Motion for Leave. *See* DE 421 at 2; 4; Hrg. Tr. (10/17/19) at 121-22. Plaintiffs' Oppositions conflate and confuse the separate legal standards for waiver of attorney-client privilege or opinion attorney work product with deliberative process privilege and other qualified privileges. *See* DE 532 at 5; DE 530 at 2; DE 525 at 5. Plaintiffs also overstate the Court's Order as to document OFR_Ocwen 053924. Although the Court found OFR had not waived attorney-client privilege, the Court *did not* find that the NMS-related documents were not relevant or substantially necessary to Ocwen's defenses for purposes of overcoming the deliberative process privilege. *See* DE 522 at 4.

Based on the log entries, the Court should perform an *in camera* review of these 39 documents over which OFR has asserted the deliberative process privilege. Assuming the deliberative process even applies to each of OFR's documents, that privilege is overcome by a showing of need or good cause based upon a weighing of five factors: "(1) relevance…(2) the availability of other evidence, (3) the seriousness of the litigation and the issues involved, (4) role of the government in this litigation, and (5) the possibility of future timidity." *Fed Home Loan Mortg. Corp. v. Deloitte & Touche, LLP*, 2015 WL 12766397, at *3 (S.D. Fla. Sept. 3, 2015) (performing *in camera* review).

Weighing these five factors favors production of the challenged documents. First, the NMS defenses Ocwen raised in its motions to dismiss the Plaintiffs' claims, as affirmative defenses in the Bureau action, and will raise as affirmative defenses in the Florida action, are factual issues, necessitating discovery. In ruling on Ocwen's motion to dismiss Florida's Second Amended Complaint, the District Court specifically found that "it must wait for summary judgment or further evidence to determine whether the NMS precludes the causes of action alleged by the State." DE 477 at 10. The Court should reject OAG's repeated claim that the NMS defense is "legal in nature." DE 530 at 2. Shielding fact discovery that is necessary for Ocwen's defenses to the claims Plaintiffs bring in circumvention of the NMS Consent Order is manifestly unjust.

The NMS documents are relevant to Ocwen's arguments about claim preclusion and waiver. OFR and the Bureau argue that NMS documents are not relevant because OFR asserts a "single,

4

narrow claim" in this litigation that was not covered by the NMS Metrics.  DE 532 at 5.  This argument fails because it is overly narrow and incorrect.  The NMS documents, particularly documents discussing potential overlap between the NMS Consent Order's provisions and the claims brought in this litigation, go squarely to Ocwen's defenses that Plaintiffs knew their lawsuits against Ocwen for alleged servicing issues were covered by the NMS.  Ocwen cannot obtain such evidence in their own documents, as Plaintiffs' contend.  And as demonstrated by the Bureau's and OAG's submission of separate responses on this issue, Ocwen clearly has a need for these documents relating to its defenses to all Plaintiffs' claims.

Furthermore, Count I of the Third Amended Complaint by OFR and OAG is based on alleged RESPA violations for failing to timely disburse insurance premiums.  DE 506 at ¶¶ 192-97.  Plaintiffs allege this caused erroneous cancellation of insurance policies, lapses in insurance coverage, and excessive and expensive improper force-placed insurance policies, among other purported impacts.  *Id.* at ¶¶ 160-66.  As Ocwen has argued, the imposition of force-placed insurance allegations are subject to an improper administration of force placed insurance metric, with a 5% error threshold.  NMS Consent Judgment,¶ 6.C.ii & Ex. D at D1-16; DE 525-1.

A balancing of the remaining three factors also weighs in Ocwen's favor.  It is undisputed that the litigation is serious; as the Bureau asserts, "this is a highly complex litigation, with over one million borrowers and hundreds of millions of dollars at stake."  DE 540 at 6.  Ocwen should be permitted to defend itself against these high-stakes claims.  Moreover, Ocwen seeks information from government entities *who brought the suit against Ocwen*.  The need is even stronger where Ocwen seeks to defend itself against the government's claims and obtain discovery of the government's documents.  *See C.F.P.B. v. Navient Corp.*, 128 Fed. Cl. 410, 449 (2016) (defendant's needs outweighed the Bureau's interests in deliberative process privilege).  These four factors outweigh any possible chilling effect that could result from disclosure of these documents to Ocwen.

## **CONCLUSION**

Ocwen respectfully requests that the Court grant its Renewed Motion, as narrowed by this reply memorandum.

| | |
|---|---|
| Dated: November 25, 2019 | Respectfully submitted,<br>*/s/ Catalina E. Azuero* |

Bridget Ann Berry
Andrew S. Wein
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Tel.: 561.650.7900
berryb@gtlaw.com
weina@gtlaw.com

Thomas M. Hefferon (*pro hac vice*)
Sabrina M. Rose-Smith (*pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: 202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

Laura A. Stoll (*pro hac vice*)
**GOODWIN PROCTER LLP**
601 S. Figueroa Street
Los Angeles, CA 90017
Tel.: 213.426.2500
lstoll@goodwinlaw.com

Catalina E. Azuero (Florida Bar No. 821411)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
catalinaazuero@goodwinlaw.com

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC, and PHH Mortgage Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on November 25, 2019 via ECF on all counsel or parties of record listed below:

Jennifer Hayes Pinder
Email: Jennifer.Pinder@myfloridalegal.com

Sasha Funk Granai
Email: Sasha.Granai@myfloridalegal.com

Victoria Butler
Email: Victoria.Butler@myfloridalegal.com

Scott R. Fransen
Email: Scott.Fransen@flofr.com

Miriam S. Wilkinson
Email: Miriam.Wilkinson@flofr.com

Anthony Cammarata
Email: Anthony.Cammarata@flofr.com

Jean Healey
Email: jean.healey@cfpb.gov

Atur Desai
E-mail: atur.desai@cfpb.gov

Tianna Baez
E-mail: tianna.baez@cfpb.gov

Amanda Roberson
E-mail: amanda.roberson@cfpb.gov

Stephanie Brenowitz
E-mail: stephanie.brenowitz@cfpb.gov

Erin Mary Kelly
E-mail: erin.kelly@cfpb.gov

James Savage
E-mail: james.savage@cfpb.gov

Greg Nodler
E-mail: greg.nodler@cfpb.gov

Michael Posner
E-mail: michael.posner@cfpb.gov

Jack Douglas Wilson
E-mail: doug.wilson@cfpb.gov

Shirley T. Chiu
E-mail: shirley.chiu@cfpb.gov

Blaine Winship
E-mail: blaine.winship@myfloridalegal.com

Joaquin Alvarez
E-Mail: Joaquin.alvarez@flofr.com


                                        /s/   *Catalina E. Azuero*