UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU,
      Plaintiff,

v.

OCWEN FINANCIAL CORPORATION, OCWEN MORTGAGE SERVICING, INC., and OCWEN LOAN SERVICING, LLC,
      Defendants.

CASE NO. 9:17-CIV-80496-MARRA/MATTHEWMAN

OFFICE OF THE ATTORNEY GENERAL, THE STATE OF FLORIDA, Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION, THE STATE OF FLORIDA, Division of Consumer Finance,

      Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION, *et al*.

      Defendants.

## JOINT NOTICE IN ADVANCE OF DECEMBER 4, 2019 HEARING

Pursuant to this Court's Orders dated November 13, 2019 (DE 518), November 21 (DE 537), and November 26, 2019 (DE 544) Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC, and PHH Mortgage Corporation (collectively, "Ocwen") and Plaintiffs, the Consumer Financial Protection Bureau ("Bureau"), Office of the Attorney General of the State of Florida ("Florida OAG"), and Office of Financial

Regulation of the State of Florida ("OFR")[1], (collectively the Bureau, Florida OAG, OFR and Ocwen are the "Parties"), submit this Joint Notice in advance of the December 4, 2019 hearing. In its November 13, 2019 Order, the Court ordered "that counsel for the parties shall further confer, either in person or by telephone, in good faith and for as long as necessary to address the pending discovery dispute." DE 518 at 2.

The Parties have met and conferred both before and after the Court's November 13, 2019 Order regarding:

(1) Defendants' Motion for Partial Reconsideration of the Court's Order Denying Defendants' Motion for Leave to Use Certain Purportedly Privileged Documents (DE 542);

(2) Defendants' Renewed Motion to Compel Production of Improperly Logged Documents and Motion for Leave to Use Certain Purportedly Privileged Documents (DE 515);

(3) Defendants' Renewed Motion to Reopen and Compel Fact Discovery from Plaintiff Consumer Financial Protection Bureau (DE 524); and

(4) The Bureau's Motion to Reopen Discovery (DE 531/535)

(collectively, the "Discovery Motions").

Ocwen and OFR conferred on November 22, 2019 in writing and the Parties conferred on December 2, 2019 by telephone regarding DE 542. The Parties conferred by telephone on November 10, 2019 and December 2, 2019 regarding DE 515, and have also conferred in writing. Ocwen and the Bureau conferred by telephone on November 12, 18, and 20, 2019, and December 2, 2019 regarding DE 524. The Bureau and Ocwen conferred by telephone on December 2, 2019 regarding DE 531/535.

## I. Defendants' Motion for Partial Reconsideration of the Court's Order Denying Defendants' Motion for Leave to Use Certain Purportedly Privileged Documents (DE 542).

### A. Ocwen's Position

The Parties did not reach a compromise regarding this motion following conferral. Ocwen seeks reconsideration of the portion of the Court's Order (DE 522) denying Ocwen's Motion for Leave to use document B1122, which OFR clawed back from production as privileged, and requests that the Court amend or reverse its finding. The portion of the Order

---

[1] Collectively, the Bureau, Florida OAG, and OFR are the "Plaintiffs." Florida OAG and OFR, together, are referred to herein as the "Florida Plaintiffs."

denying Ocwen's request stated that B1122 was protected by the deliberative process privilege because it is "predecisional" in that it was created prior to the filing of this lawsuit. Respectfully, the Court's conclusion was based on a clear error and would result in manifest injustice to Ocwen absent reconsideration because document B1122 was not created before this lawsuit was filed and is necessary to Ocwen's defense. Moreover, Ocwen has demonstrated that the document is both relevant to its defenses and that such evidence is not otherwise available to Ocwen, which weigh in favor of overcoming the qualified deliberative process under *Deloitte*'s five-factor test. *See* DE 421 at 2-3.

### B.     Plaintiffs' Position

The parties' dispute remains. Ocwen continues to seek reconsideration of this Court's prior Order. Central to the issue is the date of the disputed document (B1122 - the "Advisory Memo"), and the fact that the Court's Order identified an incorrect date for Advisory Memo [DE 522]. Regardless of the date of the Advisory Memo, however, Ocwen has not shown that the date error merits 1) reconsideration by this Court; or 2) a different outcome, even if the Court reconsiders the facts based on the actual date. This is true because the Court is correct; the Advisory Memo is predecisional even if the accurate date is used. The content of the Advisory Memo is still predecisional as to what course of action the state bank regulators should take in the National Mortgage Settlement Action ("NMS action"). Specifically, the Advisory Memo concerns a consideration of different options being provided to state banking regulators on whether to continue post-judgment compliance testing in the NMS lawsuit, and how that may affect various regulators' pending unrelated state licensure actions (and not this action). The Advisory Memo is therefore predecisional as it relates to consideration of these various options. Further, despite Ocwen's attempts to impermissibly re-litigate the privilege with respect to whether the Advisory Memo should be compelled, the Court's ruling was proper because the Memo is irrelevant and contains information equally accessible in other forms for Ocwen's use should it choose to use such irrelevant information in support of its defenses. For these reasons, Plaintiffs oppose Ocwen's Motion, although they do not oppose the Court clarifying its decision that the Advisory Memo is predecisional irrespective of its date because it is an analysis of options being provided to state banking regulators related to the NMS action.

**II.     Defendants' Renewed Motion to Compel Production of Improperly Logged Documents and Motion for Leave to Use Certain Purportedly Privileged Documents (DE 515).**

      **A.     Ocwen's Position**

Ocwen has narrowed the issues raised in its Renewed Motion, both in its reply and following the parties' conferral and based upon additional information provided by the Florida Plaintiffs, as set forth below. However, two central issues remain for the Court's consideration. *First,* Ocwen contends that OFR has waived privilege over all documents OFR failed to log by October 29, 2019, including five documents previously clawed back but not timely logged by OFR: OFR_Ocwen 085806, OFR_Ocwen053924, OFR_Ocwen086168, B1122, and OFR_Ocwen000515. OFR's attempt to again amend its privilege log, on November 20, 2019, after the Court-ordered October 29 deadline and after Ocwen filed its Renewed Motion, is improper and should be disregarded. OFR has waived its privilege claims by failing to log those documents pursuant to this Court's Order (*See* DE 499 (10/17/2019 Order) at 3 n.1; DE 515 at 4-5). In addition, OFR's removal of thousands of documents from highly litigated prior logs as suddenly "non-responsive" violated the Court's October 18 Order. OFR has not complied with the Court's orders and instructions to serve a comprehensive log with all privileged documents, or to produce those documents to Ocwen. Ocwen has again been forced to expend considerable time and resources attempting to understand which documents were logged, which were subsequently removed, and the reasons why—some of which OFR has subsequently conceded were improperly removed from the log and/or should have been produced. Ocwen is still reviewing and analyzing information OFR provided about the removed documents both orally and in writing as of the date of the filing of this Joint Notice. In an effort to compromise and narrow the dispute regarding the documents OFR omitted from its October 29, 2019 Combined Privilege Log as purportedly "non-responsive," Ocwen will no longer seek production of documents omitted from the October 29 Combined Privilege Log (as set forth on Exhibit A to Ocwen's Renewed Motion) that the Florida Plaintiffs have represented were previously produced to Ocwen by other parties or will be produced to Ocwen. Ocwen's compromise is specifically based upon the Florida Plaintiffs' representations that the documents they identified as having already been produced are identical to the documents omitted from the log. OFR has also represented that the documents it has not yet produced will be produced prior to the hearing, by

December 3, 2019. In the event that OFR fails to do so, Ocwen reserves all rights with respect to these documents and any requests for sanctions. Ocwen will continue to review information provided by Florida Plaintiffs, and will continue to confer with the Florida Plaintiffs, regarding the other documents omitted from the October 29, 2019 Combined Privilege Log to determine if its Renewed Motion can be further narrowed prior to the hearing.

*Second,* Ocwen has narrowed its motion to compel production 39 of 70 documents on OFR's October 29 Combined Privilege Log. *See* Exhibit 1 to Ocwen's Reply In Support of Its Renewed Motion to Compel Production of Improperly Logged Documents and Motion for Leave to Use Certain Purportedly Privileged Documents [DE 543]. Documents on OFR's October 29 Combined Privilege Log that concern the National Mortgage Settlement ("NMS"), as set forth on Ex. 1 to Ocwen's Reply, directly relate to Ocwen's defense that Plaintiffs' claims are barred because of the significant overlap between this litigation and the claims Plaintiffs waived in the NMS, as Ocwen argued in its Motion for Leave. *See* DE 421 at 2; 4; Hrg. Tr. (10/17/19) at 121-22. Based on the log entries, the Court should perform an *in camera* review of these 39 documents over which OFR has asserted the qualified deliberative process privilege. Assuming the deliberative process even applies to each of OFR's documents, that privilege is overcome by Ocwen's showing of need or good cause for those documents.

### B.  The Florida Plaintiffs' Position[2]

The Parties have not resolved the issues set forth in this Motion. The Florida Plaintiffs rely on the arguments set forth in their Response [DE 530 and 532] and the Response filed by the Bureau [DE 525].[3] OFR maintains that it has fully complied with its obligations regarding the privilege log ordered by this Court, and has engaged in good faith efforts to confer with Ocwen, provided additional information requested by Ocwen, and amended the operative privilege log as required and necessary. Such actions are consistent with OFR's discovery obligations. OFR rejects Ocwen's contention that the Court ordered non-responsive documents to be produced,

---

[2] OFR served an amended privilege log on November 20, 2019 to add the five clawed back documents and address other issues raised by Ocwen in its Motion. Ocwen cannot claim that it lacked notice of OFR's asserted privileges where the documents were clawed back with assertions of applicable privileges, and given that several of these documents were the subject of motions practice.

[3] The Florida OAG and the Bureau have maintained that they, and other agencies, will be impacted by the Court's rulings on these issues, and therefore have filed respective briefs with the Court. See DE 530 and 525].

which is inconsistent with OFR's discovery obligations and inefficient for the Court and the parties. As set forth in its Response [DE 530], in order to narrow the issues and comply with the Court's Orders, OFR removed over 1,290 duplicative items from its original privilege log, as well as 1,599 original non-responsive documents. Ocwen now takes issue that some (fewer than 200 of 1,599) documents should not have been removed from the log as non-responsive. Even if these documents were responsive and/or relevant to this litigation, which OFR contends they are not, Ocwen has received more than sufficient notice of the nature of the documents that OFR did not produce.

With respect to the "clawed back" documents, Ocwen now concedes that it no longer seeks to overcome the attorney work product or attorney client communications protections asserted by OFR and others. Thus, the only remaining argument for production of these documents appears to be that that OFR failed to include them in the privilege log until November 20, 2019. For the reasons set forth above, and noting that Ocwen has reserved its rights (see FN 2 in DE 543),[4] the Florida Plaintiffs state that no good cause exists to disturb the privileges of which Ocwen is on notice. Furthermore, Ocwen's arguments ignore the protections expressly asserted by the Florida OAG, and also ignore the protections that belong to other agencies.

Finally, though Ocwen has reduced the number of documents it seeks from OFR that appear on OFR's operative privilege log (from 39 to the original 79 identified in Exhibit B to its Motion), Ocwen still cannot overcome the privileges that OFR has asserted over the documents at issue. Ocwen has (1) injected the issue of the NMS through its affirmative defenses; (2) failed to demonstrate that the documents it seeks are substantially necessary; (3) failed to articulate relevancy, let alone the five factors to waive deliberative process privileges; and (4) ignored the chilling effect on inter-agency cooperation outweighs Ocwen's specious "need" to review the privileged documents.

### C. Bureau's Position

The parties' dispute remains. Ocwen seeks to use documents identified on OFR's privilege log which are protected by numerous privileges, particularly as Ocwen relies on mere speculation that such documents *may* help Ocwen's defenses relating to the 2013 National Mortgage Settlement. Further, Ocwen seeks to use such documents against all Plaintiffs, not just OFR. The

---

[4] The Plaintiffs reserve all rights to respond to any arguments raised by Ocwen.

Bureau opposes this motion for three reasons. First, OFR and the numerous other government entities copied on several of these documents, have not waived any of their privileges and Ocwen has not shown that any exception applies to waive their privileges. Second, some of the materials Ocwen seeks are attorney work product for which Ocwen has not shown a substantial need. Third, where this information is protected under deliberative process and other privileges, Ocwen has not met its threshold burden to show the information is relevant or, even if so, that it can establish the five factors necessary for this court to waive the deliberative process privileges held by OFR, and the other numerous government entities sending or receiving such documents.

**III.     Defendants' Renewed Motion to Reopen and Compel Fact Discovery from Plaintiff Consumer Financial Protection Bureau (DE 524)**

    **A.     Ocwen's Position**

After continued conferral with the Bureau since August, Ocwen has narrowed the issues raised in its Renewed Motion.  Ocwen now seeks discovery of purely factual information through either written answers to 12 straightforward questions regarding the facts surrounding Acting Director Mulvaney's ratification of this lawsuit, or additional deposition time to pursue this narrow topic.  For the reasons set forth in its Renewed Motion (DE 524) and Reply (DE 551) and below, the questions Ocwen moves to compel the Bureau to answer about AD Mulvaney's ratification of this lawsuit are relevant, and there is no privilege that applies, or outweighs Ocwen's need for that information to defend itself.  As the Bureau has conceded, the information Ocwen seeks is directly relevant to Ocwen's defense that the Bureau lacked authority to bring this action, and Ocwen has preserved its defense for appeal.  Further, the information Ocwen seeks is neither attorney work product or protected under the deliberative process privilege because it is purely factual information.  Moreover, even if the facts about AD Mulvaney's ratification were protected by a qualified privilege, Ocwen's need for that information outweighs the Bureau's interest in concealing it.

    **B.     Bureau's Position**

After conferral, the parties' dispute remains as to Acting Director Mulvaney's ("AD Mulvaney") ratification of this lawsuit, including Ocwen's questions about, for example, the information that AD Mulvaney was provided by Bureau personnel, including attorneys, to reach his ratification decision. The Bureau continues to oppose Ocwen's motion, as such information is

both privileged and irrelevant. Specifically, Ocwen claims it needs information about the Bureau's then AD Mulvaney's ratification of the decision to file this lawsuit in support of Ocwen's constitutional defense—a defense that has already been *twice* rejected by this Court, including recently in November. And, despite Ocwen's purported pressing need for such information, all of Ocwen's briefings and defenses in the Amended Answer relating to its constitutional defense are bereft of any mention, let alone a challenge to, the Bureau's ratification of this lawsuit. Finally, Ocwen has not shown any basis to waive the Bureau's privileges for information that is protected by the deliberative process privilege and as attorney work product.

**IV.     The Bureau's Motion to Reopen Discovery (DE 531/535)**

    **A.     Bureau's Position**

Following conferral, the parties' dispute remains. As set forth in its Motion (DE 531), the Bureau is entitled to basic, highly relevant discovery on Ocwen's defenses, such as the facts, witnesses, and documents supporting Ocwen's defenses. This is true of the defenses that Ocwen previously identified but refused to provide information about in discovery, largely because it had yet to file an Answer. This is also true of the new defenses that Ocwen raises for the first time in its Amended Answer. Despite the new information in Ocwen's Amended Answer, Ocwen continues to dispute this proposed discovery.

    **B.     Ocwen's Position**

Following conferral, the Parties were unable to resolve their dispute. Ocwen maintains that there is no good cause to reopen discovery in this matter. For the reasons set forth in its Opposition (DE 546), the Bureau has not demonstrated that Ocwen's answer resulted in any "changed circumstances" that would justify reopening discovery at this late stage. The requested discovery is neither "limited" nor "targeted," as the Court required in its June 6, 2019 order (DE 398). To the contrary, the Bureau seeks broad and unspecified discovery about Ocwen's "defenses and denials," of which it has been on notice since the inception of this case. The Bureau has had ample opportunity to conduct the requested discovery, and there is no good cause to reopen discovery now.

## V. Expert Deadlines

On November 22, 2019, the Court ordered that the revised deadline for conducting expert depositions is January 31, 2020. The parties are in agreement that this order and the January 31, 2020 deadline applies with equal force to all Parties in this action, including the Bureau.

Dated: December 2, 2019                    Respectfully submitted,

/s/ Catalina E. Azuero
Andrew S. Wein
Bridget Ann Berry
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Tel.: 561.650.7900
berryb@gtlaw.com
weina@gtlaw.com

Thomas M. Hefferon (pro hac vice)
Sabrina M. Rose-Smith (pro hac vice)
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: 202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

Laura A. Stoll (pro hac vice)
**GOODWIN PROCTER LLP**
601 S. Figueroa Street
Los Angeles, CA 90017
Tel.: 213.426.2500
lstoll@goodwinlaw.com

Catalina E. Azuero (Fla. Bar No. 821411)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617.570.1000
cazuero@goodwinlaw.com

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC, and PHH Mortgage Corporation*

Respectfully submitted,

Attorneys for Plaintiff,
BUREAU OF CONSUMER FINANCIAL PROTECTION

JOHN C. WELLS
Deputy Enforcement Director

JAMES T. SUGARMAN
Assistant Litigation Deputy

***/s/ Jean M. Healey***
Jean M. Healey
Phone: 202-435-7514
E-mail: jean.healeydippold@cfpb.gov

| | |
|---|---|
| Atur Desai | atur.desai@cfpb.gov |
| Shirley Chiu | shirley.chiu@cfpb.gov |
| Tianna Baez | tianna.baez@cfpb.gov |
| Amanda Roberson | amanda.roberson@cfpb.gov |
| Stephanie Brenowitz | stephanie.brenowitz@cfpb.gov |
| Erin Mary Kelly | erin.kelly@cfpb.gov |
| James Savage | james.savage@cfpb.gov |
| Greg Nodler | greg.nodler@cfpb.gov |
| Michael Posner | michael.posner@cfpb.gov |
| Jack Douglas Wilson | doug.wilson@cfpb.gov |

1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

Respectfully Submitted,

Office of the Attorney General
The State of Florida
Department of Legal Affairs
Ashley Moody
Attorney General

*/s/ Sasha Funk Granai*
Sasha Funk Granai
Assistant Chief-Assistant Attorney General
Fla. Bar No.: 96648
Email: Sasha.Granai@myfloridalegal.com

Jennifer Hayes Pinder
Senior Assistant Attorney General
Fla. Bar No.: 17325
Email: Jennifer.Pinder@myfloridalegal.com

Victoria Butler
Director, Consumer Protection Division
Fla. Bar No.: 861250
Email: Victoria.Butler@myfloridalegal.com
3507 East Frontage Road, Suite 325 Tampa, FL 33607
Phone: 813-287-7950
Fax: 813-281-5515

Respectfully Submitted,

Office of Financial Regulations
The State of Florida
Division of Consumer Finance

*/s/ Joaquin Alvarez*
Scott R. Fransen
Joaquin Alvarez
Assistant General Counsel
Fla. Bar No.: 0994571
Email: Scott.Fransen@flofr.com
1313 N. Tampa St., Suite 615

Tampa, FL 33602
Telephone: 813-218-5364
Facsimile: 813-272-3752

Miriam S. Wilkinson
Chief Counsel
Fla. Bar No.: 972101
Email: Miriam.Wilkinson@flofr.com

Anthony Cammarata
General Counsel
Fla. Bar No.: 767492
Email: Anthony.Cammarata@flofr.com
The Fletcher Building
200 E. Gaines Street
Tallahassee, FL 32399-0370 Telephone: 850-410-9601

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on December 2, 2019 via ECF on all counsel or parties of record listed below:

Jennifer Hayes Pinder
Email: Jennifer.Pinder@myfloridalegal.com

Sasha Funk Granai
Email: Sasha.Granai@myfloridalegal.com

Victoria Butler
Email: Victoria.Butler@myfloridalegal.com

Scott R. Fransen
Email: Scott.Fransen@flofr.com

Miriam S. Wilkinson
Email: Miriam.Wilkinson@flofr.com

Anthony Cammarata
Email: Anthony.Cammarata@flofr.com

Jean Healey
Email: jean.healey@cfpb.gov

Atur Desai
E-mail: atur.desai@cfpb.gov

Tianna Baez
E-mail: tianna.baez@cfpb.gov

Amanda Roberson
E-mail: amanda.roberson@cfpb.gov

Stephanie Brenowitz
E-mail: stephanie.brenowitz@cfpb.gov

Erin Mary Kelly
E-mail: erin.kelly@cfpb.gov

James Savage
E-mail: james.savage@cfpb.gov

Greg Nodler
E-mail: greg.nodler@cfpb.gov

Michael Posner
E-mail: michael.posner@cfpb.gov

Jack Douglas Wilson
E-mail: doug.wilson@cfpb.gov

Shirley T. Chiu
E-mail: shirley.chiu@cfpb.gov

Blaine Winship
E-mail: blaine.winship@myfloridalegal.com

Joaquin Alvarez
E-Mail: Joaquin.alvarez@flofr.com


/s/   *Catalina E. Azuero*