**Case No.: 9:17-cv-80495-Marra/Matthewman**

Consumer Financial Protection
Bureau, *et al.*,

                     Plaintiffs,

v.

Ocwen Financial Corp.,
Ocwen Mortgage Servicing, Inc.,
and Ocwen Loan Servicing, LLC,

                     Defendants.

                                    /

FILED BY     D.C.

DEC 1 2 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

**Case No.: 9:17-cv-80496-Marra/Matthewman**

Office of the Attorney General,
The State of Florida,
Department of Legal Affairs,

and

Office of Financial Regulation,
The State of Florida,
Division of Consumer Finance,

                     Plaintiffs,

v.

Ocwen Financial Corp., *et al.*,

                     Defendants.

                                    /

## ORDER DENYING DEFENDANTS' RENEWED MOTION TO REOPEN AND COMPEL FACT DISCOVERY FROM PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU [DE 524]

THIS CAUSE is before the Court on Defendants' Renewed Motion to Reopen and Compel

Fact Discovery from Plaintiff Consumer Financial Protection Bureau [DE 24]. This matter was

referred to the undersigned by the Honorable United States District Judge Kenneth A. Marra. *See*

DE 495. The parties have filed responses to the motion, and they have filed a Joint Notice [DE 553] as required by the Court. The Court held a lengthy hearing on the motion on December 4, 2019. [DE 558]. The matter is now ripe for review.

Defendants seek a Court Order either (1) compelling Plaintiff Consumer Financial Protection Bureau ("Bureau") to answer written questions to various questions Defendants asked while deposing employees of the Bureau that Defendants argue the Bureau improperly objected to, or, (2) permitting them to re-depose those employees for four additional hours. Specifically, Defendants seek information regarding Acting Director Mick Mulvaney's decision to ratify the bringing of the instant action against Defendants. *See* DE 52. Defendants contend such information is necessary to support their Fifth Defense asserted in their Answer and Affirmative Defenses [DE 550]. In that Defense, Defendants argue this action should be dismissed as the Bureau "lacks authority to bring this lawsuit because its structure is unconstitutional" (the "Unconstitutionality Defense"). The Bureau opposes Defendants' motion, arguing such information is irrelevant and protected under either the attorney work product privilege, deliberative process privilege, or both. The Bureau also notes that Defendants' Fifth Defense is the subject of a pending motion to strike [DE 527].

The Court has twice considered Defendants' Unconstitutionality Defense and twice rejected it. The Honorable United States District Judge Kenneth A. Marra first expressly rejected the Unconstitutionality Defense in his Order Granting Part in Part and Denying in Part Defendants' Motion to Dismiss [DE 452], holding that the Bureau "is without constitutional defect." Defendants then moved for reconsideration of Judge Marra's Order [DE 480] after the Bureau notified the Court that it would "no longer defend the constitutionality" of its structure [DE 469]. However, on November 13, 2019, Judge Marra denied Defendants' motion for reconsideration.

[DE 521]. As Judge Marra explained to Defendants, the Bureau's shift in "its own position does not discharge the Court of its duty to interpret the constitutionality of [the Bureau] independently." *Id.* at p. 8. The Bureau's structure was constitutional despite pending litigation regarding the removal provision of the Bureau's director, Judge Marra held, because "even if the Supreme Court finds the [Bureau's] for-cause removal to be unconstitutional, the proper remedy would be severance of 12 U.S.C. § 5491(c)(3), pursuant to 12 U.S.C. § 5302, not dismissal[.]" *Id.* at p.7. Nonetheless, despite both of Judge Marra's rulings rejecting the Unconstitutionality Defense, Defendants now seek to reopen discovery as to the Bureau even though discovery ended in this case over five months ago on July 1, 2019 [DE 398].[1]

The Court is unconvinced Defendants need yet more discovery in this already overly-discovered case. This lawsuit began on April 20, 2017. [DE 1]. During the past two and a half years, Defendants have had ample opportunity to obtain discovery regarding their Unconstitutionality Defense. Further, the Court has twice rejected that defense. *See* DEs 452, 521.

Additionally, the Court is not persuaded the information Defendants seek is at all relevant to the instant litigation or proportional. *See* Fed. R. Civ. P. 26(b)(1) (information sought in discovery must be "relevant to any party's claim or defense and proportional to the needs of the case"). Defendants state the information relates to "when the Acting Director reviewed the Bureau's decision to file this lawsuit, who briefed him, and how ratification was memorialized." [DE 542, p.4]. Such information is irrelevant to the question of whether the structure of the Bureau is unconstitutional. Defendants argue they should be permitted this additional discovery because

---

[1] The Court recently permitted the Bureau to obtain certain additional, limited discovery from Defendants in light of Defendants' Answer and Amended Affirmative Defenses filed on November 27, 2019, as Defendants asserted new defenses that the Bureau was entitled to discover about after the close of discovery. [DE 560]. However, all other discovery in this case has ended.

of pending litigation before the Supreme Court related to Acting Director Mulvaney's decision to ratify a different action. *See CFPB v. All Amer. Check Cashing, Inc.*, No. 3:16-cv-356, 2018 WL 9812125 (S.D. Miss. Mar. 21, 2018), *petition for cert. filed*, (U.S. Sept. 30, 2019) (No. 19-432). However, on December 9, 2019, the Court declined to review the pending challenge to Acting Director Mulvaney's ratification decision, *see CFPB v. All American Check Cashing*, 2019 WL 6689879 (Mem) (Dec. 9, 2019), thus leaving in place the decision of the United States District Court for the Southern District of Mississippi that "the Bureau is not unconstitutional based on its single-director structure," *All Amer. Check Cashing*, 2018 WL 9812125, at *2.

If the Supreme Court invalidates the entire constitutional structure of the Bureau—rather than either upholding it or, as Judge Marra explained, merely severing 12 U.S.C. § 5491(c)(3)—Defendants may bring a renewed motion at that time to seek whatever additional discovery they believe they need, or they may appeal any adverse ruling against them to the appropriate court at the appropriate time. However, at this time, the Court has twice rejected the Unconstitutionality Defense and will not now permit Defendants to reopen discovery to seek yet more discovery about a defense twice rejected by this Court, especially since such discovery is irrelevant and disproportionate in this case.

In light of the foregoing, Defendants' Renewed Motion to Reopen and Compel Fact Discovery from Plaintiff Consumer Financial Protection Bureau [DE 24] is **DENIED**.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of December, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge