UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU,

    Plaintiff,

v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
OCWEN LOAN SERVICING, LLC; and
PHH MORTGAGE CORPORATION,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

This Cause is before the Court upon Plaintiff, the Consumer Financial Protection Bureau ("CFPB" or "Bureau"), filing the Motion to Strike Defendants' Sixth Affirmative Defense [DE 527]. Defendants, Ocwen Financial Corporation, Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC, and PHH Mortgage Corporation ("Defendants" or "Ocwen"), filed a Response in Opposition [DE 557]. Plaintiffs filed a Reply in Support [DE 568]. The Court has carefully considered the matter and is fully advised in the premises.

    I.    BACKGROUND

Defendants filed their Answer to Plaintiff Consumer Financial Protection Bureau's Amended Complaint asserting twenty-one affirmative defenses. [DE 505]. Defendants' Sixth Affirmative Defense states that "Plaintiff lacks authority to bring this lawsuit because its structure is unconstitutional." [*Id.* at 57].

1

The CFPB filed the instant Motion to Strike [DE 527] on the basis that this Court has already disposed of the question of the constitutionality of the CFPB twice.

Following the Motion to Strike, Defendants filed an Amended Answer and Affirmative Defenses [DE 550], asserting twelve defenses. In the amended filing, the unconstitutional structure argument was asserted as the Fifth Affirmative Defense. [DE 550 at 58].

Plaintiffs argue the first rejection of this argument was in the Order granting in part and rejecting in part Defendants' Motion to Dismiss, where this Court found that the CFPB was without constitutional defect. [DE 542 at 10-11].

The CFPB subsequently filed a Notice informing the Court that the Bureau changed its position on its constitutionality and would no longer defend the constitutionality of the Consumer Financial Protection Act's removal provision. [DE 569 at 1-2]. The Notice emphasized that the provision was severable, and accordingly, the only relief Defendants would be entitled to was severance of the provision, and the CFPB insisted that the action should proceed. [*Id.*].

The Notice of change in position prompted Defendants to file a Motion for Reconsideration of the Court's ruling on the constitutionality of the CFPB. [DE 480]. Defendants urged the Court to dismiss the action with prejudice claiming that when a federal officer is without constitutional authority to act, those actions are void. [*Id.* at 2].

Plaintiffs assert the Order Denying the Motion for Reconsideration [DE 521] was the second instance of the Court rejecting Defendants' unconstitutionality argument. The Order reaffirmed that the Court views the constitutionality of the CFPB in accordance with the reasons enumerated in *PHH Corp. v. Consumer Financial Protection Bureau*, 881 F.3d 75 (D.C. Cir. 2018) and *Consumer Financial Protection Bureau v. Seila Law LLC*, 923 F.3d 680, 682 (9th Cir. 2019), *cert. granted sub nom. Seila Law LLC v. Consumer Prot. Bureau*, No. 19-7, 2019 WL 5281290

(U.S. Oct. 18, 2019). [DE 521 at 5]. The Court concluded Defendants failed to establish any of the grounds that would justify a reconsideration, such as identifying a change in controlling law, new evidence, or clear error. [*Id.* at 8]. Finally, the Court noted that even assuming *arguendo* that the CFPB's structure is found to be unconstitutional, the proper remedy would be severing the unconstitutional removal provision, not dismissal of the case with prejudice. [*Id.*].

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Traditionally, "[m]otions to strike under Rule 12(f) are disfavored, and several courts have characterized such motions as 'time wasters.'" *Holtzman v. B/E Aerospace, Inc.*, 2008 WL 2225668, at *1 (S.D. Fla. May 29, 2008) (citations omitted). However, "the Court may strike an affirmative defense where that the issue has already been ruled upon at the motion to dismiss stage." *Sec. & Exch. Comm'n v. 1 Glob. Capital LLC*, 331 F.R.D. 434, 438 (S.D. Fla. 2019). "More specifically, 'an affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense.'" *Id.* (quoting *F.T.C. v. N. E. Telecommunications, Ltd.*, No. 96-cv-6081, 1997 WL 599357, at *2 (S.D. Fla. June 23, 1997) (citation omitted)).

## III. DISCUSSION

The CFPB urges the Court to strike Defendants' Sixth Affirmative Defense pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. [DE 527]. The CFPB insists that the constitutional argument raised in Defendants' Sixth Defense concerning the Bureau's authority to bring this lawsuit has already been rejected twice by this Court and therefore should be stricken. [*Id.* at 1].

Defendants first respond that the contested affirmative defense properly preserves Ocwen's rights and would avoid unnecessary delays should the Supreme Court Decide *Seila Law* in Seila Law LLC's and therefore Ocwen's favor. [DE 557 at 2-5]. Defendants next argue that allowing the affirmative to proceed would not prejudice the CFPB or unnecessarily consume any judicial resources. [*Id.* at 5-6].

The Court rejects Defendants' contention that the constitutionality argument must be reasserted as an affirmative defense in order to preserve it for appeal.

Defendants insist they "understand[] that the Court has ruled that the CFPB is constitutional and that the Court's orders are controlling unless and until the Supreme Court (or the Eleventh Circuit) issues a contrary ruling." [DE 557 at 4]. Undeterred, they nevertheless argue that their affirmative defense, which restates an argument the Court has already twice rejected, is not "patently frivolous" or "clearly invalid as a matter of law," and therefore deserves to be reasserted. [*Id.*] (quoting *Holtzman*, 2008 WL at 2225668, at *1).

In support, Defendants mistakenly cite *Rodriguez v. Whitestone Grp., Inc.*, 2013 WL 12064492 (S.D. Fla. Jan. 29, 2013) for the proposition that any argument a defendant wishes to preserve for appeal defeats a Motion to Strike. [DE 557 at 3-4]. There, the court concluded it would "permit Defendant's ninth affirmative defense to stand in order to allow Defendant to preserve the issue of punitive damages on appeal." *Rodriguez v. Whitestone Grp., Inc.*, 2013 WL 12064492, at *2 (S.D. Fla. Jan. 29, 2013). However, as Plaintiffs note, the court was ruling on a Motion to Strike pursuant to Federal Rule of Civil Procedure Rule 8(a), not Rule 12(f). *Id.* at *1. A challenge to the adequacy of the pleading to put plaintiff on notice is distinct from a challenge that the defense is invalid as a matter of law. Finally, unlike the procedural history here, the argument asserted in the affirmative defense in *Rodriguez* had never been raised or considered

4

previously by the court.[1] There is no question that Defendants' argument regarding the constitutionality of the CFPB has been preserved. *See United States v. Davis*, 875 F.3d 592, 602 n.2 (11th Cir. 2017) ("Once a defendant has sufficiently raised an issue for the district court's consideration, he has preserved the issue for appeal.").

Defendants also cite *Osage Tribe of Indians of Oklahoma v. United States*, 84 Fed. Cl. 495, 499 (2008) as precedent for allowing the constitutional argument to proceed. [DE 557 at 3, 5-6]. There, the court ruled that, "given the fluidity of the law governing the trust relationship between the United States and Indian tribes, the court considers it imprudent to deny discovery in an area which is presently unsettled and in which decisions of both the Federal Circuit and United States Supreme Court are potentially relevant." *Osage Tribe of Indians of Oklahoma v. United States*, 84 Fed. Cl. 495, 499 (2008). The court also noted that as it "continues to apply the evolving law in the area of the government's trust duties to tribes, it will be helpful to this litigation to permit the discovery requested in order to develop evidence relating to the contours of the trust relationship between the parties." *Id.*

This argument is now moot. Defendants moved to reopen discovery [DE 524] to further explore the constitutionality of the agency following the change in the CFPB's position. The Magistrate Judge denied that motion, finding that that the information sought by Defendants was "irrelevant to the question of whether the structure of the Bureau is unconstitutional." [DE 569 at 3].

Finally, the Court rejects Defendants assertion that allowing the affirmative defense to proceed would not prejudice the CFPB or unnecessarily consume any judicial resources. The issue of the constitutionality has been heavily litigated in this action, and Defendants would surely

---

[1] The Court takes judicial notice of the docket in 12-cv-23974-UU.

continue to invoke the defense. Allowing the constitutionality argument to proceed would unfairly prejudice the CFPB as the Bureau was meritorious on this issue, unnecessarily consume the Court's resources, and prolong the trial. *See Holtzman*, 2008 WL 2225668, at *1 (quoting *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.*, 214 F.2d 891, 894 (5th Cir. 1954)). The Court however notes that Defendants may reassert this defense if the Supreme Court decision on the structure of the commission results in a determination that the Commission did not have valid authority to bring this case.

Accordingly, the Court concludes that the issue of the constitutionality of the CFPB is a question of law that has already decided. Defendants already raised and preserved that argument in their motion to dismiss and in their motion for reconsideration.

## IV. CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Strike Defendants' Sixth Affirmative Defense[2] [DE 527] is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th of April, 2020.

KENNETH A. MARRA
United States District Judge

---

[2] In the operative Amended Answer and Affirmative Defense [DE 550], this is the Fifth Affirmative Defense.

6