UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CV-80495-MARRA-MATTHEWMAN

CONSUMER FINANCIAL PROTECTION BUREAU,

      Plaintiff,

v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
OCWEN LOAN SERVICING, LLC; and
PHH MORTGAGE CORPORATION,

      Defendants.

_____/

Case No. 9:17-CV-80496-MARRA-MATTHEWMAN

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION,
THE STATE OF FLORIDA,
Division of Consumer Finance,

      Plaintiffs,

v.

OCWEN FINANCIAL CORPORATION, *et al.*,

      Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO
CONSOLIDATE CASES FOR TRIAL**

This Cause is before the Court upon Plaintiffs' Renewed Motion for Consolidation for Pre-Trial and Trial [DE 570]. Defendants filed a Response in Opposition [DE 579]. Plaintiffs filed a Reply in Support [DE 581]. The Court has carefully considered the matter and is fully advised in the premises.

## I.   BACKGROUND

Plaintiffs, the Consumer Financial Protection Bureau ("CFPB") and the Office of the Attorney General for the State of Florida and the Office of Financial Regulation for the State of Florida ("Florida Plaintiffs) (collectively "Plaintiffs"), file this Renewed Motion for Consolidation for Pre-Trial and Trial [DE 570]. Previously, this Court granted in part and denied in part the motions seeking consolidation for trial and other pretrial purposes. The Court ruled that the actions Case Nos. 9:17-CV-80495 and 9:17-CV-80496 are consolidated for purposes of fact discovery, expert discovery, and dispositive motions. [DE 283]. The Court denied without prejudice Plaintiffs' motions for consolidation of trial as premature. [*Id.* at 2]. The Court administratively closed Case No. 9:17-CV-80496. [*Id.* at 4]. The Order stated it would revisit the issue of consolidation as to trial and any pre-trial matters upon a proper motion at a later date, if necessary. [*Id.* at 2].

Plaintiffs' motion is for consolidation of the actions for the purpose of pre-trial matters (including mediation) and trial, but not for judgment and appeals. [DE 570 at 1].

## II.   LEGAL STANDARD

Rule 42 of the Federal Rules of Civil Procedure governs consolidation and provides that:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
     (1) join for hearing or trial any or all matters at issue in the actions;
     (2) consolidate the actions; or
     (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42.  "This rule is a codification of a trial court's inherent managerial power '"to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted).  Moreover, "[a] district court's decision under Rule 42(a) is purely discretionary." *Id.*  The Eleventh Circuit has identified several factors for courts to consider when determining whether to consolidate several lawsuits, including:

> (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

*Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018).

## III.  DISCUSSION

Plaintiffs move for consolidation arguing that there is significant overlap between the two operative complaints and insist that common questions of law and fact dominate the actions.  [DE 570 at 3].  Plaintiffs urge the Court to consider that they amended their complaints to dispose of most of the claims that do not overlap.  [*Id.* at 4].  Moreover, Plaintiffs suggest that the differences in the underlying facts and law are relatively minor because the cases share the same "core issue of liability."  [*Id.* at 5-6].  Plaintiffs underscore that consolidation for the purpose of trial is in the interest of judicial economy because it would reduce the burden on witnesses, parties, and the Court.  [*Id.* at 6-8].  Finally, Plaintiffs caution that consolidation would avoid the potential for inconsistent verdicts while minimizing the risk of prejudice and confusion.  [*Id.* at 8-9].

In response, Ocwen argues that consolidating would be highly prejudicial to Defendants and urge the Court to deny Plaintiffs' request.  [DE 579 at 2].  Defendants acknowledge that the two actions overlap, but they underscore that the complexities and differences in *partially* overlapping questions of law have a high potential to confuse the factfinder.  [*Id.* at 4-10].

Defendants argue that Plaintiffs' have disparate responses to discovery requests, and they have separate expert reports. Hence, Defendants assert the claims differ and trying them in one consolidated trial will place an onerous burden on them resulting in prejudice. [*Id.* at 8-12]. Defendants further argue the prejudice they will suffer outweighs any benefit that will inure from consolidation. [*Id.* at 10-12].

The Court finds that consolidation is appropriate. The Court is persuaded that the benefits identified by Plaintiffs outweigh the prejudice highlighted by Defendants.

First, Plaintiffs contend that the majority of the Bureau's claims overlap with Florida's claims. Defendants acknowledge there is an overlap in common questions of fact and law but argue this does not "mandate a joint trial." [DE 579 at 2-3] (quoting *Northstar Marine, Inc. v. Huffman*, 2014 WL 4167019, at *2 (S.D. Ala. Aug. 21, 2014) ("Nonetheless, 'the mere existence of common issues, although a prerequisite to consolidation, does not mandate a joint trial.'" (citation omitted))).

Defendants insist that this the substantial overlap weighs in the opposite direction, as it presents a high risk of confusion given the scope of the actions. Defendants postulate that differentiating between the Fair Debt Collections Practices Act ("FDCPA") and the Consumer Financial Protection Act ("CFPA") statutory schemes invoked in the CFPB's case is already challenging. [DE 481 at 64-69; 71-76]. Defendants suggest adding in the Florida Plaintiffs' Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") counts, which apply slightly different standards and requirements than the federal claims, would unnecessarily complicate the trial. [DE 506 at 54-57].

However, as Plaintiffs note in their Reply that "[t]here has been no request for a jury trial in this matter, so the only factfinder at issue here is the Court." [DE 581 at 4]. Accordingly, there

are far fewer reservations about consolidating these two actions for a bench trial than if they were to proceed before a jury. *Cf. Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) ("The court must also bear in mind the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation.").

As for Plaintiffs' judicial economy argument, the Court recognizes that a consolidated trial would eliminate the need to hold an additional trial, which could reduce the burden on witnesses, parties, and the Court. In contrast, Defendants assert that the potential for confusion due to the complexity of the legal arguments as well as the volume of evidence outweighs any efficiency that might be gained by holding a single trial. [DE 579 at 9] (citing *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 441 (S.D. Ohio 2015)). Defendants also suggest that Plaintiffs "waited so long to suggest consolidation in the first place that . . . any judicial economy the Plaintiffs claim will be achieved is entirely illusory." [DE 579 at 3]. The Court finds that "[l]itigating the main issue in both cases in a single proceeding is more sensible than to do so piecemeal in multiple actions." *Family Dining, Inc. v. Burger King Corp.*, No. 10-21964-CIV, 2010 WL 11506103, at *3 (S.D. Fla. July 16, 2010). The Court also finds that holding a single trial instead of two trials represents a substantial increase in judicial economy that is far from "illusory."

Accordingly, Court believes that consolidating these two actions into a single trial would substantially reduce the length of time and relative expense for all the parties and is in the interest of judicial economy. The Court is unpersuaded those benefits are outweighed by the prejudice Defendants have identified.

Plaintiffs note the CFPB and Florida Plaintiffs "have adopted each other's loan-related discovery disclosures, such that all Plaintiffs' shared claims have the same borrower populations." [DE 581 at 5]. This mitigates Defendants' concerns that "Plaintiffs have each separately identified the loans and/or borrowers they allege give rise to its claims," which Defendants contend makes organization for the purposes of trial unduly difficult. [DE 579 at 2, 8-10].

Plaintiffs also successfully refute Defendants' contention that expert discovery presents an obstacle to consolidation. Defendants indicate "Florida and the Bureau have different damages experts and the damages addressed by each report are different. Differing opinions offered by the Plaintiffs are also likely to confuse – rather than assist – the factfinder in a consolidated trial." [DE 579 at 9]. However, as Plaintiffs underscore, Defendants fail to identify any conflict between the expert opinions. [DE 581 at 6]. Moreover, the Court is confident Defendants are well equipped to call the Court's attention to any discrepancies.

Next, the concern of delay is now moot given that the Court has ruled on Defendants' Partial Motion to Dismiss [DE 562] in its Order granting the Motion to Dismiss [DE 613].

The Court also rejects Defendants' argument the consolidation proposal "increases the potential for duplicate appeals resulting in different decisions." [DE 579 at 12]. As Plaintiffs note, the danger of "inconsistent adjudication" is more likely in separate trials. [DE 581 at 6]. Additionally, the Court of Appeals will manage its docket as it sees fit and certainly may consolidate or join appeals. *See* Fed. R. App. P. 3(b)(2).

Nor have Defendants explained how the timing of the Renewed Motion for Consolidation prejudices them. This Court's Order [DE 283] set the deadline for the renewed request for consolidation as December 16, 2019. Plaintiffs timely filed this Motion in compliance with the deadline set by the Court.

Finally, as discussed at length above, the Court believes the risk of confusing a factfinder is mitigated by this proceeding before a bench trial.

Accordingly, following the Eleventh Circuit's precedent which has "encouraged trial judges to 'make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion,'" the Court will consolidate the actions for the purposes of pre-trial and trial. *Hendrix*, 776 F.2d at 1495 (quoting *Dupont v. Southern Pacific Co.,* 366 F.2d 193, 195 (5th Cir.1966), *cert. denied,* 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967)).

## IV.   CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Consolidate [DE 570] is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of May, 2020.

KENNETH A. MARRA
United States District Judge