**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION
BUREAU,

        Plaintiff,

    v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
OCWEN LOAN SERVICING, LLC; and
PHH MORTGAGE CORPORATION,

        Defendants.

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA, Department of
Legal Affairs,
and
OFFICE OF FINANCIAL REGULATION,
THE STATE OF FLORIDA, Division of
Consumer Finance,

        Plaintiffs,

    v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
OCWEN LOAN SERVICING, LLC; and
PHH MORTGAGE CORPORATION,

        Defendants.

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF BUREAU EXPERT**
**DANIEL MCFADDEN AND INCORPORATED MEMORANDUM OF LAW**

Ocwen submits this Motion and Incorporated Memorandum of Law to Exclude the Opinions and Testimony of the Bureau's Expert, Daniel McFadden.[1] The Court should exclude evidence from Dr. McFadden because it is not relevant to the Court's inquiries at summary judgment or trial and his analysis lacks the requisite reliability for admission.

### McFadden's Expert Report

The Consumer Financial Protection Bureau alleges Ocwen violated certain loan servicing regulations, which, among other things (1) required an annual analysis of certain consumers' loan escrow accounts, (2) governed the cancelation of private mortgage insurance ("PMI") after a consumer's principal balance fell below 80% of the consumer's original property value, and (3) required Ocwen to maintain accurate data sufficient to make certain adjustable rate mortgage ("ARM") interest rate adjustments. Complaint, Dkt. No. 1-2 ("Compl.") ¶102, 144-5, 219.

The Bureau now claims that these three specific alleged violations



The Bureau asserts that these harms are redressable through this case,

. To address these                    , McFadden opines as follows:

---

[1] Ocwen disputes the Florida Office of the Attorney General and the Florida Office of Financial Regulation (collectively, "Florida")'s late notice—months after the deadline for parties to identify experts—that Florida would rely on opinions from McFadden.                    This Motion also seeks to exclude McFadden's testimony in the Florida case in any event.

[2] The Bureau served McFadden's "Second Amended Expert Report" ("McFadden Rep.") on September 19, 2019, attached as Ex. 1. McFadden's Surrebuttal Report ("Surrebuttal") was submitted on November 14, 2019 and is attached as Ex. 2. Ocwen took McFadden's deposition on February 4, 2020. Excerpts from the transcript of McFadden's Deposition ("McFadden Dep.") are attached as Ex. 3.



[redacted]

- [redacted]

---

[redacted] Ocwen does not address that opinion here for that reason. [redacted] As discussed

### SUMMARY OF ARGUMENT

The Court should exclude testimony and any other evidence from McFadden because it is irrelevant, and because his opinions lack the required indicia of reliability under Rule 702.

First, McFadden's ███████████████████████████████████████████████████████ ███████████████████████████ are irrelevant because neither would aid the Court in understanding any evidence or determining any fact at issue, as required by Rule 702(a). McFadden's ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ But McFadden admittedly ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ McFadden also does not and cannot say ██████████████████████ ███████████████████████████████████████████████████████████ His analysis does not establish that Ocwen's actions (as opposed to events unrelated to Ocwen's alleged conduct) were the proximate cause of ██████ ████████████. Because the Bureau bears the burden to prove Ocwen's alleged conduct caused ███████████████████████ (*Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A.*, 525 F.3d 1107 (11th Cir. 2008)), McFadden's ███████████ opinions are irrelevant.

Second, McFadden improperly relies on insufficient data in arriving at his opinions on both ██████████████████████, and thus his opinions do not meet the requirements of Rule 702(b). McFadden is trying to guess at ████████████████████████████ ███████████████████ but he ignores loan-specific data that Ocwen produced that give him at least a partial answer to his questions. Critically, that data shows ██████████████████████ ██████████████████████████████. That data also refutes McFadden's conclusions about ██████████████████ that he hypothesizes occurred. The Court should not admit any opinion that is refuted by relevant data.

Finally, none of McFadden's opinions are the product of scientific methodology that has been reliably applied to the facts in this case, as is required by Rule 702(c) and (d). The models McFadden built to approximate ████████████████████████████████████████████

_____

in Section I(B), the Court should exclude evidence and testimony as to those other alleged errors because McFadden offers no admissible opinions on either. ██████████████████████████ ████████████████████, and he offers no other analysis or opinions on other alleged servicing errors.

 suffer from related fundamental flaws: ███████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

Consequently, McFadden's three opinions regarding ████████████ are unreliable, and the Court should exercise its gate-keeping function to exclude all of them.

McFadden's ██████ opinions are even less sound. The ████████████████ ████████████████ is unproven, unrealistic and differs from models used in the literature on which McFadden relies. His control group is invalid, and his model omits key variables, which undermines the integrity of the model he built. McFadden also relies on research materials that cannot reasonably be credited and he admits █████████████████████████ The ████████████ ████████████ opinions also fail because ██████████████████████████, and McFadden otherwise takes an unscientific approach to models' predictions and their accuracy.

Thus, the Court should exclude McFadden's opinion and testimony in their entirety.[5]

## LEGAL STANDARD

Expert testimony is admissible where (a) the expert's knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The Supreme Court has further held that expert testimony must be properly disclosed and "rest[] on a reliable foundation and [be] relevant." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993), *see also MDS (Canada), Inc. v. Rad Source Techs., Inc.*, 822 F. Supp. 2d 1263, 1318 (11th Cir. 2011). *Daubert* held that reliability is the touchstone for expert testimony, and set out non-exhaustive factors for courts to consider, including whether the expert's theories or techniques: (1) can be tested; (2) have been subject to peer review; (3) have a known or potential

---

[5] Contemporaneously with this Motion, Defendants filed their motion for summary judgment, which is incorporated herein by reference.

rate of error; and (4) are accepted within the scientific community. 509 U.S. 579, 593-594.

Expert testimony must not only be reliable; it must also be relevant, both generally under Rule 402, and specifically in determining, if admitted, whether the evidence would assist the trier of fact as required by Rule 702(a). *Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1309 (11th Cir. 1999). This inquiry includes whether the testimony is based on the correct legal standard. *Daubert*, 509 U.S. at 580.

Finally, the Court must be mindful of the potential for expert testimony to mislead and under Rule 403 must exclude evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Allison*, 184 F.3d at 1310 (expert testimony could "be both powerful and quite misleading because of the difficulty in evaluating it"). Similarly, it is within the Court's discretion to exclude expert testimony and data when there "is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

The party proffering the expert testimony bears the burden of laying the foundation for admissibility, and that admissibility must be shown by a preponderance of the evidence. *Ward v. Carnival Corp.*, 2019 WL 1228063, *1 (S.D. Fla. Mar. 14, 2019) (citing *Allison*, 184 F.3d at 1306). *See also U.S. v. Frazier*, 387 F.3d 1244, 1260 (2004) ("The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion.").[6]

<u>**ARGUMENT**</u>

## I.   MCFADDEN'S OPINIONS ARE NOT RELEVANT BECAUSE HE FAILED TO ANALYZE ANY ACTUAL LOANS.

### A.   McFadden's ▮▮▮▮▮▮▮▮▮▮ Opinion Is Irrelevant.

McFadden's opinion is irrelevant for several fundamental reasons, all of which center around McFadden's admitted choice not to analyze any of the data Ocwen produced from consumers' servicing files. McFadden could have reviewed loans for the purpose of assisting the Court in determining whether some action of Ocwen did not comply with relevant servicing laws

---

[6] *See also Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1316 (11th Cir. 2014) (party is "*required* to have <u>*Daubert*</u>-qualified, general and specific-causation-expert testimony that would be admissible at trial to avoid summary judgment") (emphasis in original).

5

or regulations, or the ███████████████████████████████████████████████.
Because he undertook no such review, McFadden does not and cannot establish a relevant causal
link between Ocwen's actions and ███████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████ Absent specific evidence of loss or damage, McFadden's opinions have no utility.

    1.    **McFadden Assumes ████████, And So Offers The Fact Finder No Proposed Methodology, Analysis, Or Interpretation Of Record Evidence To Inform A ███████████████**

In his report, McFadden admitted that ███████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████
██████████ As a result, the Bureau cannot offer McFadden's opinions to support its claim
that Ocwen committed any alleged servicing errors or that any specific error actually occurred in
the loan population ███████████████████████████. *Allison*, 184 F.3d at 1311-12.

    2.    **McFadden's ████████████████ Analysis Is Irrelevant Because It Does Not And Cannot Show That Ocwen's Conduct Was The Proximate Cause of ███████████**

McFadden opines that, ███████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

McFadden's opinion would not be relevant to determining causation even if the opinion was definitively accurate (and as shown below, it is not) because he fails to account for relevant causal considerations. ██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

---

[7] As argued in Section III of Ocwen's Motion for Summary Judgment, because the Bureau (and Florida) allege that Ocwen's actions harmed only some consumers and the resulting damages differed between consumers, to obtain actual damages, the Bureau must prove Ocwen's actions proximately caused each consumer harm, ***and*** the amount of those damages using individualized evidence. *See A.R. v. Dudek*, 2016 WL 3221140, *11 (S.D. Fla. June 9, 2016). McFadden's analysis ignores factors that he admits ████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████ *See Chapman*, 766 F.3d at 1310 (citing *McDowell v. Brown*, 392 F.3d 1283, 1300 (11th Cir. 2004) ("an expert opinion is inadmissible when the only connection between the conclusion and the existing data is the expert's own assertions").

       **3.**     **McFadden's ████████████ Opinion Also Is Irrelevant Because McFadden Cannot Show That Ocwen's Conduct Impacted Any Loan.**

The Court should also exclude McFadden's ████████████ testimony because he failed to show that ████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████

At best then, McFadden offers the factfinder a list of ████████████████████ ████████████████████████████████████████████—which the Court does not need expert testimony to understand—but no evidentiary support for the claim that ████████████████████████████████████████████. Even if the Court sought help in ████████████████, as shown in Section III.B., McFadden's opinion is unreliable for that purpose because his source data is unreliable. McFadden also failed to analyze any accounts to determine ████████████████████, and his existing analysis does not account for, much less tell the Court how to treat, ████████████████████████████. Thus, McFadden's ████████████████ are too "imprecise" and "unspecific" "to assist the trier of fact in any meaningful way." *Trasylol Prod. Liab. Litig.*, 2013 WL 1192300, *14 (S.D. Fla. Mar. 22, 2013).

McFadden's opinions must be excluded because he did nothing to determine (1) whether any loan evidenced any misconduct by Ocwen, (2) whether any harm to a consumer actually occurred, or (3) if a consumer experienced harm, whether Ocwen proximately caused that harm.

     **B.**     **McFadden's Other ████████████████ Opinions Also Do Not Aid The Factfinder And Must Be Excluded As Irrelevant.**

---

███████████████████████████████████████████████████████████ ████████████████████████████████████████████████

Finally, in McFadden's report, he refers to ██████████████████████████ ██████████████████████████████████ As with other alleged servicing errors, McFadden does not analyze any loans to substantiate that ████████████████████. Although McFadden claims █████████████████████████████ ████████████████████████████████████████████████ ███████████████████████ Because McFadden conducted no analysis as to these allegations or the allegedly impacted loans, his opinions are not relevant. He cannot show the Court that ████████████████████████████████████ ████████████████████████████████████

## II.     MCFADDEN'S SELECTIVE USE OF RECORD EVIDENCE RENDERS ALL HIS OPINIONS UNRELIABLE.

McFadden ignored the comprehensive loan data Ocwen produced. In discovery, the Bureau sought comprehensive loan level[9] data from Ocwen. *CFPB v. Ocwen Fin. Corp.*, No. 17-80495, ECF No. 195 at 1. When Ocwen objected to the burden of producing loan level data for ████████████████████████████ and proposed that the Bureau select and analyze a representative sample, the Bureau refused. At discovery hearings on the issue, the Bureau represented that the data on every loan was critical, and Judge Matthewman eventually ordered the data produced, at the Bureau's expense. ECF No. 219 at 4. Thus, well before a single expert report was served, the Bureau had data that McFadden could have, but did not, use to ██ ████████████████████████████████████████████ ██████████████████████████████████████████ ████. Rule 702(b) requires that an expert's testimony be based on sufficient facts or data. *Korsing v. United States*, 2017 WL 7794276, *4 (S.D. Fla. Aug. 24, 2017). Courts have interpreted this requirement to mean that an expert's treatment of the evidence available should be considered in assessing reliability. *Frazier*, 387 F.3d at 1272. Unwarranted dismissal or outright blindness to contrary record evidence renders an expert's testimony unreliable, and

_____

████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

therefore inadmissible. *Joiner*, 522 U.S. at 146. McFadden's failure to consider this evidence in forming his opinions renders his testimony unreliable.

McFadden's failure to analyze Ocwen's loan level data results in multiple flaws in his ████████████████████████████ analyses. First, McFadden assumes ██████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

McFadden could have eliminated this blindspot by looking at Ocwen-produced loan data to determine ██████████████████████████████. He did not.

Second, ██████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████

Third, although McFadden had access to evidence that Ocwen produced regarding the actual causes of consumer default, he ignored it. As a result, ██████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████

McFadden's ████████████████ analyses are similarly flawed. McFadden asserts that ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ . Again, McFadden's analysis ignores record evidence and renders his conclusions unreliable— ████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████ McFadden could have

determined this by analyzing loan transaction data, but did not.

     McFadden's ████████████████████████████ models also ignore or make

assumptions about critical data points that McFadden easily could have verified in the data

Ocwen produced. For example, ██████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████

     In each of the above instances, McFadden completely failed to acknowledge or account

for evidence that undermined his methodology or ████████████████████, or he based his

methodology and conclusions on false assumptions about what the data would show, rather than

reviewing what the data did show. In such instances, courts decline to admit evidence based on

selective treatment of data or false assumptions, and the Court should do so here.

## III.  MCFADDEN EMPLOYED FLAWED METHODOLOGY, AND FAILED TO RELIABLY APPLY HIS METHODOLOGY TO THE FACTS IN THIS CASE.

     *Daubert* held that reliability is the touchstone for expert testimony. *Daubert*, 509 U.S. at

590. Reliable methods reliably applied to the facts are the baseline requirement for expert

opinions, or else the evidence risks misdirecting the fact finder, rather than aiding the ultimate

inquiry. *Frazier*, 387 F.3d at 1266. The Court must make a preliminary assessment of whether

---

███████████████████████████████████████████████████

████████████████████

the reasoning or methodology used by the expert is scientifically valid, and of whether that reasoning and methodology properly can be applied to the facts of the case. *Id.* at 261-62. Here again, McFadden's opinions falls short.

      **A.**    **McFadden's Testimony Should Be Excluded Because He Relies On A Faulty Model for** ███████████████████**, And He Failed To Properly Apply His Other Econometric Models To The Facts In This Case.**

           **1.**    **McFadden used an unproven and unrealistic** ███████████ ████████████████████████████.

███████████████████████████████████████

████████████████████████████████████

███████████████████████ So while he is a recognized expert in the field of econometrics, he lacks experience and expertise in mortgage finance and servicing. McFadden's choice of model reflects that lack of experience, and the econometric model he chose, while commonly used in the medical sciences, is not reliable or appropriate in the mortgage servicing context. Thus, notwithstanding McFadden's general credentials in the broad field of economics or the successful use of his model in other areas, the Court must determine whether the reasoning or methodology McFadden employed is scientifically valid in this case, and whether that reasoning or methodology properly can be applied to the facts at issue. *Daubert*, 509 U.S. at 593-94; *see also McCorvey v. Baxter Healthcare Corp.*, 2001 WL 36393134, *4 (S.D. Fla. Sept. 30, 2001), aff'd in part, rev'd in part, 298 F.3d 1253 (11th Cir. 2002) ("general expertise" in the industry "does not necessarily translate into expertise in specialized" topics). Because McFadden used a non-standard model to predict outcomes, his opinions based on that model should be excluded under Rule 702(c). *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 2018 WL 10322164, *11 (S.D. Fla. Jan. 13, 2018) ("Expert testimony that is not 'the product of reliable principles and methods' is not admissible under Federal Rule of Evidence 702(c)").

      To model the probability that ████████████████████████

████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

    Mortgage finance scholars, however, do not use ████████████████████ models as McFadden did, and McFadden does not cite any mortgage finance literature endorsing the use of a █████████████████████████████████████████████████████████████████ ████████████. In reality, his model is not used in mortgage finance because ████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████ For example, a mortgage loan can perform to maturity, pay off before maturity, default then return to current status, default and be reinstated with modifications, default and go to foreclosure, among other outcomes. ████████ A loan also may move in and out of these various states. So, to accurately determine whether any single servicing decision had an impact, economists choose a model that can account for more than two outcomes. ██ As a result of how McFadden's choice of model undermines his opinions, the Court should note that, █████████████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████

    Just as there can be more than one outcome in the mortgage lending context, multiple factors simultaneously can influence which of the existing outcomes will occur. For example, ██ ███████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████████████ █████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ McFadden's choice to ignore, rather

than control for, those variables undermines his model.

McFadden's use of an untried methodology has real consequences here, and ultimately

undermines the reliability of his opinion. Because his model does not account for more than two

outcomes and competing risks, it yields conclusions that one need not be a Nobel-prize winning

economist to see are irrational. For example, according to his model, ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ These counterintuitive results underscore the

unreliability of McFadden's model. While *Daubert* focuses on the validity of an expert's

methodology, rather than the expert's ultimate conclusions, when the expert's conclusions

clearly illustrate a flaw in methodology, the Court can and should draw inferences about the

expert's methodology. *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1243 (11th Cir. 2005)

(citing *Joiner*, 522 U.S. at 147). As the Supreme Court said in *Joiner:* "[c]onclusions and

methodology are not entirely distinct from one another." And, unsurprisingly, every study

McFadden cites in his report used a different model that lacked the limitations of McFadden's

model, and all reach exactly the opposite conclusions regarding █████████████████████

████████████████████████████████████████████

> **2.**     **Even if the Court concludes that McFadden's model for evaluating ████████████████ is scientifically valid, McFadden still erred in his assumptions and basic calculations in applying that model here.**

McFadden's choice of model is not the only fundamental error that should give the Court

pause in relying on his ████████████. McFadden also failed to apply his ████████████

model properly, and the clear errors in assumption and calculation make his conclusions so

unreliable that they should be excluded. First, McFadden's chosen control group is invalid, such

that the conclusions he reached based on it are scientifically invalid. For example ████████████

14

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ An expert may testify only if his

methodology is reliable as determined by the inquiry mandated in *Daubert. See* Fed. R. Evid.

702; *Daubert,* 509 U.S. at 589. McFadden's model does not meet that test.

McFadden also failed to review actual loan data Ocwen produced. As a result,

McFadden's model assumes ███████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████

Next, even aside from fundamental errors in the control group and his assumptions,

McFadden's ███████████████████████████ is unsupported and unreliable.

McFadden failed to conduct a ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████ In

choosing not to do so, he undermines the reliability of his opinions. *McClain*, 401 F.3d at 1243

(citing *Joiner*, 522 U.S. at 147) ("Although the court understands that *Daubert* focuses on the

methodology used to derive opinions rather than on the accuracy of the opinion, when the opinions clearly demonstrate something about the expert's methodology, as in this case, the court can draw inferences about the methodology from the opinions.").

      3.     **McFadden's ██████████████ opinions contain multiple inaccurate assumptions.**

McFadden offered █████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████ All three calculations are faulty.

First, ███████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████ Each of the ████████████████ errors calls into

---

[11] The National Foundation for Credit Counseling's data shows that "since 2014, only 33 to 39 percent of households actually carry credit card debt from month-to-month." ██████████████

question the accuracy, and therefore the reliability, of McFadden's ██████████ models.

**B.     McFadden's ██████████ Opinion Also Should Be Excluded Because He Relied On Materials That Should Not Be Credited and He Lacks Knowledge of The Basis For His ███ Opinions.**

McFadden's opinion also should be excluded because his reliance on questionable research, his lack of understanding of certain ████████████, and his unwillingness to address source data weaknesses show his opinion is not "the product of reliable principles and methods" even apart from the faulty model and inaccurate assumptions addressed in Section III.A., above.

**1.     McFadden improperly relied on materials that are not credible, and do not meet the standard of scientific rigor required under Rule 702.**

McFadden relies on written source "materials" that cannot seriously be credited. Two that are central to the opinion are ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Despite their centrality, neither is the type of source any reasonable expert would rely on or that this Court should credit.

*Zillow Blog Post*: ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

───────────────

[12] Ocwen refers to these as the ████████████████████ components of McFadden's model.

████████████████: ███████ ███ █ ███████ ██████████ ███ █ ███████████ ███████
████████████ ██ █████ ██ ████████ ██ ███ ██████ ███ ████████████ ████████ █ █████ ██ ████ ██████
███████████ ██ ████ █████████ ███ ████ ███ ██████ ███ ███ ██████ ███████ ██ █████████ ███
████ █████████████ ██ ███ ████████ ███████████ ████ ██ █ █████ █████ ███████ █████ ██
████████ ██ ███ ██████████ ██ █████ ██████ ████ ████████████ ██ ███ ██████ ███ █████
█████████ ████ ███ ██████████ ██ ████████ ███ █████████████ ███ ██████ ██ ███████████ ███
█████ ██████ ██ █████ ████ ██ ███████ █████ ██████████ ████████ ████████ ███ ███████
███████████ ████ █████████ ████ ███ ██ █████ ██████ ███████████ ███ ██████████ ██ ████ ██ ████████
███████████ ████████ ████ ██████

McFadden's decision to rely on both the ██████ ████ ████ ███ ███ ██████ █████ for
crucial parts of his ██████████ ████ opinion causes the entire opinion to fail. "The *Daubert*
requirement that the expert testify to scientific knowledge—conclusions supported by good
grounds for each step in the analysis—means that *any* step that renders the analysis unreliable
under the *Daubert factors renders the expert's testimony inadmissible.*" *McClain*, 401 F.3d at
1245 (emphasis in original). An expert that relies on articles, studies or writings that are not peer-
reviewed and published, or have other persuasive indicia of reliability, are not permitted to
provide opinions because, by relying on unscientific materials, the opinions fail the bedrock
requirements of Rule 702. *Id*. at 1240, 1248-50 (holding that expert testimony properly excluded
where expert relied on unpublished, non-peer reviewed materials, because such opinion
"lack[ed] the indicia of reliability necessary to survive a *Daubert* inquiry and challenge under
Rule 702"); *see also Chapman*, 766 F.3d at 1306 ("It is proper and necessary for the trial judge
to focus on the reliability of a proffered expert's sources and methods.").

The ██████ ████ ████ is not evidence of anything. Nor is the ██████ █████ which is
neither published nor peer-reviewed, and biased because it is written by an organization
attempting to justify its existence. This is not to say that the Minneapolis group did not do good
work. But no economist should be credited for using that paper as his *sole* basis for attempting to
██████ ███████ ██ ████ ████ ████████. Moreover, the ██████ █████ does not provide any
scientific explanation for how the data for the ██████ ████ ██████████ was collected and verified
and its conclusions are necessarily limited to a tiny geographic area two decades ago.

**2.     McFadden is unaware of the basis for certain components of his
████████████████ assessment**.

McFadden's opinion also is unreliable because he admitted in deposition ████ ██ ███ ████

████████████████████ *no knowledge whatsoever* ██████████████████████ ████████████████████████████████████████████████████████████ ████████████. So, McFadden signed his original report, two amendments, and a supplemental report falsely. McFadden's excuse, ███████████████████████ ████████████████████████████████████████████████████████, does not salvage the opinion because ████████████████████████████████████ ███████████████. *Id.* An expert who abdicates key parts of his role to others does not employ "reliable principles and methods" under Rule 702. *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344 (11th Cir. 2003) ("expert's failure to explain the basis for an important inference mandates exclusion of his or her opinion…").

      C.    **The ████████████████████████ Opinions Should Be Excluded Because McFadden Did Not Take A Scientific Approach.**

Finally, McFadden's testimony showed that his ████████████████████████ opinions are not scientific or reliable. Although his reports devote dozens of pages to these issues, the resulting opinions are ████████████ with no error rate. ██████████████████████. Moreover, the █████████ has an alarmingly wide range ██ $352 million to $484 million █—and it is so imprecise that it smacks of guesswork. █████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████.

The opinions are unscientific and unreliable as well because of how McFadden addressed the many deficiencies of his calculations underlying both opinions, such as the ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Throughout the deposition, McFadden contended that █████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████. Remarkably, McFadden testified that ████████████████████ ████████████████████████████████████████████████████████████ ████████████████ But the ████████████████████████████████████ opinions are calculations based on components of several discrete elements, and it makes no sense that if one component is ignored the expert's conclusion is unchanged. *See McClain*, 401 F.3d at 1245 (expert's failure to "show the reliability of each of his steps in [making his]

deduc[tion]" was "a fatal defect under *Daubert*").

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendants respectfully request that this Court exclude the proposed expert opinions offered by Mr. McFadden.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Defendants has conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this motion and have been unable to do so.

<div align="right">

s/ Andrew S. Wein
Andrew S. Wein

</div>

Dated:  June 5, 2020

Respectfully submitted,

/s/ Andrew S. Wein
Andrew S. Wein (Florida Bar No. 1005238)
Bridget Ann Berry (Florida Bar No. 515639)
**GREENBERG TRAURIG, P.A.**
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL  33401
Tel.:  561.650.7900
weina@gtlaw.com
berryb@gtlaw.com

Thomas M. Hefferon (*pro hac vice*)
Sabrina M. Rose-Smith (*pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC  20036
Tel.:  202.346.4000
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

Laura A. Stoll (*pro hac vice*)
**GOODWIN PROCTER LLP**
601 S. Figueroa Street
Los Angeles, CA  90017
Tel.:  213.426.2500
lstoll@goodwinlaw.com

Catalina E. Azuero (Florida Bar No. 821411)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.:  617.570.1000
cazuero@goodwinlaw.com

*Attorneys for Defendants Ocwen Financial Corp., Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC, and PHH Mortgage Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on June 5, 2020 via ECF on all counsel or parties of record listed below:

Jennifer Hayes Pinder
Email:  Jennifer.Pinder@myfloridalegal.com

Sasha Funk Granai
Email:  Sasha.Granai@myfloridalegal.com

Victoria Butler
Email:  Victoria.Butler@myfloridalegal.com

Scott R. Fransen
Email:  Scott.Fransen@flofr.com

Miriam S. Wilkinson
Email:  Miriam.Wilkinson@flofr.com

Anthony Cammarata
Email:  Anthony.Cammarata@flofr.com

Jean Healey
Email: jean.healey@cfpb.gov

Atur Desai
E-mail: atur.desai@cfpb.gov

Tianna Baez
E-mail: tianna.baez@cfpb.gov

Amanda Roberson
E-mail: amanda.roberson@cfpb.gov

Stephanie Brenowitz
E-mail: stephanie.brenowitz@cfpb.gov

Erin Mary Kelly
E-mail: erin.kelly@cfpb.gov

James Savage
E-mail: james.savage@cfpb.gov

Greg Nodler
E-mail: greg.nodler@cfpb.gov

Michael Posner
E-mail: michael.posner@cfpb.gov

Jack Douglas Wilson
E-mail:  doug.wilson@cfpb.gov

Shirley T. Chiu
E-mail:  shirley.chiu@cfpb.gov

Blaine Winship
E-mail:  blaine.winship@myfloridalegal.com

Joaquin Alvarez
E-Mail:  Joaquin.alvarez@flofr.com

/s/ Andrew S. Wein
ANDREW S. WEIN