**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

               Plaintiff,

     v.

OCWEN FINANCIAL CORPORATION,
OCWEN MORTGAGE SERVICING, INC.,
and OCWEN LOAN SERVICING, LLC,

               Defendants.

---

**CASE NO. 9:17-CV-80496-MARRA/MATTHEWMAN**

OFFICE OF THE ATTORNEY GENERAL,
THE STATE OF FLORIDA,
Department of Legal Affairs,

and

OFFICE OF FINANCIAL REGULATION,
THE STATE OF FLORIDA,
Division of Consumer Finance,

               Plaintiffs,

     v.

OCWEN FINANCIAL CORPORATION, *et al.*,

               Defendants.

---

**PLAINTIFFS' REPLY STATEMENT OF MATERIAL FACTS TO DEFENDANTS'
RESPONSE AND COUNTERSTATEMENT IN SUPPORT OF THEIR BRIEF IN REPLY
TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' JOINT MOTION FOR PARTIAL
SUMMARY JUDGMENT**

## <u>NOTE ON CITATIONS</u>

Plaintiffs submit this reply to Ocwen's response and counterstatement to Plaintiffs' Statement of Material Facts. Each of Plaintiffs' replies to Ocwen's responses and counterstatements, as well as Plaintiffs' additional facts herein are abbreviated as "PRF," and their accompanying new exhibits are abbreviated as "PRF Ex." Plaintiffs' accompanying brief in reply to Defendants' Opposition to their Motion for Partial Summary Judgment is abbreviated herein as "Reply."

This reply statement of material facts also contains the following shortened citations to previously filed documents and exhibits:

- Plaintiffs' Statement of Material Facts in Support of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 631) ("SOF");
- Exhibits to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 630) ("**SJX**");
- Defendants' Statement of Material Facts (ECF No. 635) ("Ocwen SMF") and accompanying exhibits ("Ocwen SMF Ex.");
- Plaintiffs' Response to Defendants' Statement of Material Facts and Additional Facts in support of their Opposition to Defendants' Motion for Summary Judgment (ECF No. 680) ("Pls.' Opp. SOF");
- Defendants' Response to Plaintiffs' Statement of Material Facts and Defendants' Counterstatement of Material Facts in Support of Defendants' Opposition to Plaintiffs' Joint Motion for Partial Summary Judgment (ECF No. 675):
  - o Response to Statement of Facts ("RSF"), Facts 1 through 286,
  - o Counterstatement of Facts ("CSF"), Facts 286 through 332, and
  - o accompanying exhibits ("RSF Ex.").

In addition, Plaintiffs' exhibits attached to this reply statement of material facts (PRF Ex.) are set forth below.

| PRF Ex. | Description of Exhibit |
|---|---|
| 1 | Defendants' Amended and Supplemental Responses and Objection to Plaintiff's Fourth Set of Requests for Production to Defendants (Request 48). |
| 2 | Deposition Transcript of Krysta Sebastian, November 9, 2018 |
| 3 | Loan Data Excerpt (Ocwen's response to RFP No. 5 to the Bureau's Fifth Set of Requests for Production) for xxx4324 |
| 4 | Form 8-K, Ocwen Financial Corporation, December 1, 2017 |

**1.** Ocwen fails to raise a genuine dispute: Plaintiffs allege ongoing conduct since January 2014.

**2.** Ocwen does not dispute this fact and it should be deemed admitted.

**3.** Ocwen does not dispute this fact and it should be deemed admitted.

**4.** Ocwen does not dispute this fact and it should be deemed admitted.

**5.** Ocwen does not dispute this fact and it should be deemed admitted.

**6.** Ocwen does not dispute this fact and it should be deemed admitted.

**7.** Ocwen does not dispute this fact and it should be deemed admitted.

**8.** Ocwen does not dispute this fact and it should be deemed admitted.

**9.** Ocwen's response does not dispute the substance of the fact and the fact should be deemed admitted.[1] Ocwen's remaining response is unsupported. *See* Pls.' Opp. SOF ¶¶ 240–243.[2]

**10.** Ocwen does not dispute this fact and it should be deemed admitted.

**11.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Further, Ocwen's response about whether "OFC is a servicer" is based on an impermissible legal conclusion.[3] *See* Pls.' Opp. SOF ¶¶ 240–243.

**12.** Ocwen's response does not dispute the substance of the fact and it should be deemed admitted. Further, Ocwen's response is unsupported and based on an impermissible legal conclusion. *See* Pls.' Opp. SOF ¶¶ 240–243.

**13.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Further, Ocwen's response is unsupported and based on an impermissible legal conclusion. *See* Pls.' Opp. SOF ¶¶ 240–243, PRF ¶ 289.

**14.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Further, Ocwen's response is unsupported and based on an impermissible legal conclusion. *See* Pls.' Opp. SOF ¶¶ 240–243, PRF ¶ 289.

---

[1] *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, 446 F. Supp. 3d 1032, 1041 (S.D. Fla. 2020), reconsideration denied, No. 18-23125-CIV, 2020 WL 4586399 (S.D. Fla. Aug. 10, 2020) (where the response does not controvert the fact "the [c]ourt will deem that fact admitted"); *Leigh v. Avossa*, No. 16-81612-CIV, 2019 WL 1296881 at *1 n.1 (S.D. Fla. Mar. 21, 2019) (J. Marra) (where the only information presented in the response is not inconsistent with a fact or portions thereof, the fact or portions thereof are "treated as admitted").

[2] Where Plaintiffs cite to other or prior factual responses (using "*See*" or "*See also*") they are incorporating such responses into their response to the fact at issue.

[3] *Leigh*, 2019 WL 1296881 at *1 n.1 (where the response is an opinion or legal conclusion, "the fact is deemed admitted").

**15.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Further, Ocwen's response is unsupported and based on an impermissible legal conclusion. *See* Pls.' Opp. SOF ¶¶ 240–243, PRF ¶ 289.

**16.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is unsupported and based on an impermissible legal conclusion. *See* Pls.' Opp. SOF ¶¶ 240–243.

**17.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is unsupported and based on an impermissible legal conclusion. *See* Pls.' Opp. SOF ¶¶ 240–243.

**18.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is unsupported and based on an impermissible legal conclusion. *See* Pls.' Opp. SOF ¶¶ 240–243.

**19.** Ocwen does not dispute this fact and it should be deemed admitted.

**20.** Ocwen does not dispute this fact and it should be deemed admitted.

**21.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's Answer admits OMS engaged in mortgage servicing activities, ECF No. 550 ¶¶ 11, 13, 16. *See* Pls.' Opp. SOF ¶¶ 240–243.

**22.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Further, Ocwen's response is unsupported and based on an impermissible legal conclusion. *See* Pls. Opp. SOF ¶¶ 240–243, PRF ¶ 21.

**23.** Ocwen admitted to the substance of the fact when responding to a request for admission, its remaining response is not inconsistent with the fact, and the fact should be deemed admitted. **SJX 150** at 1, 161 (defining OMS and OLS as "Ocwen," Answer to RFA 223 (mislabeled as Answer to RFA 222) referring to "Ocwen"). *See also* Pls.' Opp. SOF ¶¶ 240–243. Ocwen also raises an impermissible legal conclusion.

**24.** Ocwen does not dispute this fact and it should be deemed admitted.

**25.** Ocwen does not dispute this fact and it should be deemed admitted.

**26.** Ocwen does not dispute this fact and it should be deemed admitted.

**27.** Ocwen admitted to the substance of fact when responding to a request for admission, its remaining response is not inconsistent with the fact, and the fact should be deemed admitted.

**SJX 150** at 1, 161 (defining OMS and OLS as "Ocwen," Answer to RFA 223 (mislabeled as Answer to RFA 222) referring to "Ocwen"). *See also* Pls. Opp. SOF ¶¶ 240–243.

**28.** Ocwen's response does not dispute (and admits to) the substance of the fact and the fact should be deemed admitted. Ocwen's response takes issue with Plaintiffs' abbreviation of PHH Mortgage Corporation as "PHH" versus "PMC," and does not create a dispute of the fact.

**29.** Ocwen does not dispute this fact and it should be deemed admitted.

**30.** Ocwen does not dispute this fact and it should be deemed admitted.

**31.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See* PRF ¶ 289.

**32.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response raises an impermissible legal conclusion. *See* Pls.' Opp. SOF ¶¶ 240–243, PRF ¶¶ 9, 21.

**33.** Ocwen does not dispute this fact and it should be deemed admitted.

**34.** Ocwen does not dispute this fact and it should be deemed admitted.

**35.** Ocwen does not dispute this fact and it should be deemed admitted.

**36.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See* **SJX 107** at -627 (listing ███████████ ████████████ ).

**37.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See* PRF ¶¶ 9, 21; *see also* Pls.' Opp. SOF ¶¶ 240–243. Ocwen's response is also based on an impermissible legal conclusion.

**38.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See* PRF ¶¶ 9, 21; *see also* Pls.' Opp. SOF ¶¶ 240–243. Ocwen's response is also based on an impermissible legal conclusion.

**39.** Ocwen does not dispute this fact and it should be deemed admitted.

**40.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted.

**41.** Ocwen does not dispute this fact and it should be deemed admitted.

**42.** Ocwen does not dispute this fact and it should be deemed admitted.

43. Ocwen does not dispute the substance of the fact and it should be deemed admitted. The OFB Directors listed in **SJX 106** and to which Ocwen refers in its response are also listed as working for OFC. *See* **SJX 107** at -636 (████████████████████████████████████████).

44. Ocwen does not dispute this fact and it should be deemed admitted.

45. Ocwen's response claiming that ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████.
**SJX 90** at -995–996.

46. Ocwen does not dispute the substantive fact—**SJX 107** at -637 lists ████████████ ████████████████████████████████████—and the fact should be deemed admitted. *See* PRF ¶ 45.

47. Ocwen's citation to other testimony that does not contradict SOF ¶ 47 fails to raise a genuine dispute and it should be deemed admitted.

48. Ocwen does not dispute this fact and it should be deemed admitted.

49. Ocwen does not dispute the substance of the fact and it should be deemed admitted. ████████ ████████ could not specify the time frame is not inconsistent with SOF ¶ 49.

50. Ocwen does not dispute this fact and it should be deemed admitted.

51. Ocwen's response does not dispute the substance of the fact and the fact should be deemed admitted. Ms. Sebastian testified: "██████████████████████████████████ ██████████" **SJX 35** at 9:8–10.

52. Ocwen does not dispute the substance of the fact and it should be deemed admitted.

53. Ocwen does not dispute the substance of the fact and it should be deemed admitted.

54. Ocwen does not dispute the fact and it should be deemed admitted.

55. Ocwen does not dispute the substance of the fact and it should be deemed admitted. Plaintiffs admit OFC's response was dated December 5, 2014. **SJX 57** at -422.

56. Ocwen does not dispute this fact and it should be deemed admitted.

57. Ocwen does not dispute the substance of the fact and it should be deemed admitted.

58. Ocwen does not dispute the fact as to OLS. As to OFC and OMS, Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is also based on an impermissible legal conclusion. *See* PRF ¶¶ 1, 7, 9, 21.

**59.** Ocwen does not dispute the fact as to OLS. As to OFC and OMS, Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is also based on an impermissible legal conclusion. *See* PRF ¶¶ 1, 7, 9, 21.

**60.** Ocwen does not dispute the fact as to OLS. As to OFC and OMS, Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is also based on an impermissible legal conclusion. *See* PRF ¶¶ 1, 7, 9, 21.

**61.** Ocwen does not dispute the fact as to OLS. As to OFC and OMS, Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is also based on an impermissible legal conclusion. *See* PRF ¶¶ 1, 7, 9, 21.

**62.** Ocwen does not dispute the fact as to OLS. As to OFC and OMS, Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is also based on an impermissible legal conclusion. *See* PRF ¶¶ 1, 7, 9, 21.

**63.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

**64.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

**65.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

**66.** Ocwen does not dispute the fact and it should be deemed admitted. Ocwen's response is also based on an impermissible legal conclusion. *See also* PRF ¶ 73.

**67.** Ocwen does not dispute the fact and it should be deemed admitted. Ocwen's response is also based on a legal conclusion. *See also* PRF ¶ 73.

**68.** Ocwen does not dispute this fact and it should be deemed admitted.

**69.** Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's further response—including that its acquisitions benefitted borrowers—is unsupported by record evidence. Further, Ocwen's suggestion that it was the only servicer able or willing to service loans from servicers who "went bankrupt or were failing" is wrong: other servicers competed to purchase these portfolios. *See* RSF ¶ 71 (GMAC's loans were also awarded to another servicer (Walter Invest. Man.)).

**70.** Ocwen does not dispute this fact and it should be deemed admitted.

6

71. Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted.

72. Ocwen does not dispute the substance of the fact and it should be deemed admitted.

73. Ocwen's response fails to raise a genuine dispute of fact. Ocwen produced loan-level data for 434,000 borrowers referenced in SOF ¶ 73. In that data,



74. Ocwen does not dispute this fact and it should be deemed admitted.

75. Ocwen does not dispute this fact and it should be deemed admitted.

76. Ocwen does not dispute this fact and it should be deemed admitted.

77. Ocwen does not dispute this fact and it should be deemed admitted.

78. Ocwen does not dispute this fact and it should be deemed admitted.

79. Ocwen does not dispute this fact and it should be deemed admitted.

80. Ocwen does not dispute the substance of the fact and it should be deemed admitted.

81. Ocwen does not dispute this fact and it should be deemed admitted.

82. Ocwen does not dispute the substance of the fact and it should be deemed admitted.

---

[4] **SJX 155** at 12 (Request No. 1(u) of the 5th Set of RPDs requiring Ocwen to identify "whether the Loan was in Default at the time you acquired the rights to service the Loan (Y/N)); ECF No. 219 (ordering Ocwen to produce data in response to the 5[th] Set of RPDs).
[5] **SJX 35** at 40:9–40:20 ███████████████████████

**83.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

**84.** Ocwen fails to raise a genuine dispute of fact. The quoted Consent Order (**SJX 24**) expressly states that OFC and OLS "stipulate" and "agree" to the information listed in the Consent Order. *See* **SJX 24** at 1 (parties stipulating to whereas clauses) and 2 (to resolve the matter "parties agree to the following" including the facts set forth in SOF ¶ 84).

**85.** Ocwen does not dispute this fact and it should be deemed admitted.

**86.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Its response only confirms the fact by acknowledging that " ███████████████████ ███████████████████ RSF ¶ 86.

**87.** Ocwen does not dispute this fact and it should be deemed admitted.

**88.** Ocwen does not dispute this fact and it should be deemed admitted.

**89.** Ocwen does not dispute this fact and it should be deemed admitted.

**90.** Ocwen does not dispute the fact and it should be deemed admitted. The additional information in RSF ¶ 90 confirms that ███████████████████."

**91.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Its response only confirms the fact and it is unclear what Ocwen is disputing.

**92.** Ocwen does not dispute the fact and it should be deemed admitted. Ocwen's remaining response contains improper legal argument and unsupported opinions about **SJX 118**.

**93.** Ocwen does not dispute the fact and it should be deemed admitted. *See* PRF ¶ 92.

**94.** Ocwen does not dispute the fact and it should be deemed admitted. Ocwen's remaining response is not inconsistent with SOF ¶ 94.

**95.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. ███████████████████ ███████████████████ is based on her personal knowledge and is not hearsay.

**96.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. ███████████████████ ███████████████████ is based on her personal knowledge and is not hearsay.

**97.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. The fact that Ocwen hired a ███████████████████████████████████████ ████ is not hearsay. *See* Reply, Section II.B.3.

**98.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. The information that ████████████████████████████, identified in **SJX 130**, is not hearsay, neither is the ████████████ **SJX 130** that outlines such admissions. *See* Reply, Section II.B.3.

**99.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. ███ ███████████████████████ in SJX 130 is not hearsay. *See* Reply, Section II.B.3.

**100.** Ocwen does not dispute this fact and it should be deemed admitted.

**101.** Ocwen does not dispute this fact and it should be deemed admitted.

**102.** Ocwen does not dispute this fact and it should be deemed admitted.

**103.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ ████.” *See* **SJX 46** at 92:7–93:16.

**104.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. The cited letter is admissible evidence, *see* Reply, Section II.B.1. Likewise, ████████████ ████████████████████████████████████ is not hearsay.

**105.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. ████ ████████████████████████ *See* **SJX 34** at 142:6–9 (corporate testimony).

**106.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

**107.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Fannie Mae's business records are not inadmissible hearsay. *See* Reply, Section II.B.1.

**108.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted.

**109.** Ocwen does not dispute this fact and it should be deemed admitted.

**110.** Ocwen does not dispute the fact and it should be deemed admitted. Ocwen's characterization of **SJX 134** is not supported by that document.

**111.** Ocwen does not dispute the substance of the fact and it should be admitted. Ocwen's remaining response about how the cited page of **SJX 110** was titled does not change the substance of what OFC auditors concluded as set forth in SOF ¶ 111.

**112.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. ███

████████████████████████████████████

████████████████████████████████████████

██████████████████████████████."

**113.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. **SJX 34**, and the information therein ████████████████████████████), is admissible. *See* Reply, Section II.B.2. Further, Ocwen's additional response *speculating* that

"███████████████████████████████████

██████████████" is not supported by record evidence. *See* **SJX 36** at 92:7-25 (███

███████████████████████████████████████

██████████████████); *see also* PRF ¶ 114.

**114.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. **SJX 34**, and the information therein (such ████████████████████████ is admissible. *See* Reply, Section II.B.2. The point of **SJX 34** and SOF ¶ 114 is tha███████████

████████████████████████████████████

████████████████████████████████

██████████████. In sum, Plaintiffs do not use **SJX 34** or SOF ¶114 to show voluntary remediation that Ocwen contends it made.

**115.** Ocwen does not dispute this fact and it should be deemed admitted. *See* PRF ¶ 116.

**116.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

**117.** Ocwen does not dispute the substance of the fact, ████████████████████

████████████████████████████████████

████████████████ and the fact should be deemed admitted. Ocwen's response is not inconsistent with SOF ¶ 117. Further, Ocwen's suggestion that its █████████████████

████████████████████████████████, *see* SOF ¶ 127, is not supported by the record. *See* PRF ¶¶ 296–307.

**118.** Ocwen does not dispute this fact and it should be deemed admitted.

**119.** Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's remaining response is not inconsistent with SOF ¶ 119 and its ██████████████████████ ████████████████████████████████, *see* SOF ¶ 127, is not supported by the record. *See* PRF ¶¶ 296–307.

**120.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response confirms SOF ¶ 120 and raises an impermissible legal conclusion. ██████ ██████████████████████████████████████, *see* PRF ¶ 119.

**121.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response confirms that ████████████████████████████████ ██████. Its remaining response raises an impermissible legal argument about individual evidence.

**122.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. ██████████████████████████ ██████████████████ *see* PRF ¶ 119.

**123.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. ██████████████████████ ██████████████████ *see* PRF ¶ 119.

**124.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. ██████████████████████ ██████████████████, *see* PRF ¶ 119.

**125.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. ██████████████████████ ██████████████████, *see* PRF ¶ 119.

**126.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Further, Ocwen's response that its compliance unit raised an impermissible legal argument does not create a genuine dispute of fact.

**127.** Ocwen fails to raise a genuine dispute of fact. Ocwen's primary "dispute" appears to be derived from a scrivener error in that **SJX 55 ¶ 25** states ██████ borrowers as opposed to the ██████ borrowers stated in SOF ¶ 127. Further, Ocwen's response that the "misinformation" was not used to service loans is unsupported and contrary to its testimony that: (1) ██████ ████████████████████████████████████████████

11

██████████████████████, *see* **SJX 33** at 102:9–103:2, 112:6–113:19; and (2) if
███████████████████████████████████████████████████████████
█████████████████████████. *See* PRF ¶ 121. Ocwen's response raises a meritless
impermissible legal argument about individual evidence. *See* Reply Section I.

**128.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See*
PRF ¶¶ 149–154.

**129.** Ocwen fails to raise a genuine dispute of fact. The Bureau sought responses "[f]or each
Borrower in the Loan Verification Population," *i.e.*, loan-level detail in **SJX 147**, Rog No. 19.

**130.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the
fact, and the fact should be deemed admitted.

**131.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.
Ocwen's remaining response that it may not have used such misinformation is unsupported and
its impermissible legal argument about individual evidence is meritless. *See* Reply Section I; *see
also* PRF ¶ 127.

**132.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.
Ocwen's remaining response that it may not have used such misinformation is unsupported and
its impermissible legal argument about individual evidence is meritless. *See* Reply Section I; *see
also* PRF ¶ 127.

**133.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.
Ocwen's remaining response that it may not have used such misinformation is unsupported and
its impermissible legal argument about individual evidence is meritless. *See* Reply Section I; *see
also* PRF ¶ 127.

**134.** Ocwen's response fails to raise a genuine dispute of fact. Ocwen's counsel represented the
e-mail concerned the transfer of loans. **SJX 34** at 140:10–142:4.

**135.** Ocwen fails to raise a genuine dispute of fact. Ocwen does not dispute it communicates to
borrowers amounts owed in periodic statements or testified that the data it produced was the
same data it used to service loans, including when calculating amounts owed and communicating
to borrowers. **SJX 35** at 10:14–12:2.

**136.** Ocwen does not dispute the fact and it should be deemed admitted.

**137.** Ocwen does not dispute the substance of the (conditional, not hypothetical) fact—that if
Ocwen's system of record had incorrect information about a loan, it would service the loan using

12

that incorrect information—and it should be deemed admitted. *See* PRF ¶¶ 121, 127, 138. Further, Ocwen's processes are not hearsay. *See* Fed. R. Evid. 801(d)(2) (admissions by party-opponents are not hearsay).

**138.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶ 121, 127. Ocwen's remaining impermissible legal argument about individual evidence is meritless. *See* Reply Section I. Further, Ocwen does not deny the accuracy of Ms. Sebastian's testimony in **SJX 35** at 11:17–12:2 and its response confirms that it used "its system of records to populate specific borrower data for certain written borrower communications that went out via an autogenerated system."

**139.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 121, 127, 137, 138. Ocwen does not deny the accuracy of Ms. Sebastian's testimony in **SJX 35** at 11:17–12:2; 93:19–94:3.

**140.** Ocwen does not dispute the fact and it should be deemed admitted.

**141.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 121, 127, 137–139. Further, Ocwen's impermissible legal argument about individual evidence lacks merit. *See* Reply Section I.

**142.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 121, 127, 137–139. Further, Ocwen's impermissible legal argument about individual evidence lacks merit. *See* Reply Section I. Moreover, ███████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████. **SJX 33** at 106:4–106:16.

**143.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 121, 127, 137–139. Further, Ocwen's impermissible legal argument about individual evidence lacks merit. *See* Reply Section I.

**144.** Ocwen does not dispute the fact and it should be deemed admitted. ████████████████ ████████████████████████████████████████████████████ ████████████, *see* SOF ¶ 127, is not supported by the record. *See* PRF ¶¶ 296–307. Ocwen's response citing RSF Ex. 6 also provides no support: ██████████████████████ ████████████████████████████████████████████. RSF Ex. 6 at 169:3-17.

**145.** Ocwen does not dispute the fact and it should be deemed admitted.

**146.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Further, Ocwen's impermissible legal argument about individual evidence lacks merit. *See* Reply Section I.

**147.** Ocwen does not dispute the fact and it should be deemed admitted.

**148.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Further, its response confirms the fact by detailing, for example, the undercharges caused by the loan verification process.

**149.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.



." **SJX 147** at 12.

**150.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶ 149.

**151.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

]" **SJX 147** at 12.

---

[6] PRF Ex. 1, Ocwen's Amended Response to RFP No. 48 at 11–12.
[7] *Id*.

**152.** Ocwen's response fails to raise a genuine dispute and its response is misleading. Ocwen testified ███████████████████████████████████████████████████████

**SJX 32** at 36:13–37:16.

**153.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 151–152.

**154.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶ 151.

**155.** Ocwen does not dispute the fact and it should be deemed admitted.

**156.** Ocwen does not dispute the fact and it should be deemed admitted.

**157.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response is unsupported and cites to testimony of its witness who stated he was ███████████." RSF Ex. 10 at 348:19.

**158.** Ocwen's response fails to raise a genuine dispute: the cited document states that Ocwen has over ██████████████████████████████." *See* **SJX 128** at 2.

**159.** Ocwen does not dispute the substance of the fact, and it should be deemed admitted. Ocwen does not explain the supposed "misstate[ment]."

**160.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen does not explain the supposed "misstate[ment]."

**161.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen does not explain the supposed "misstate[ment]."

**162.** Ocwen's response does not raise a genuine dispute because Ocwen does not contest that, if Ocwen collected too much or too little in the past escrow year (and so identified a shortage or surplus in the escrow analysis), Ocwen would adjust the borrower's monthly escrow payment going forward. Further, Ocwen's response is based only on a declaration that Plaintiffs have moved to strike.[8] Last, Ocwen, in its RSF ¶ 178, does not dispute that borrower's monthly escrow amount would normally change from one year to another as that borrower's taxes and insurance change between those years.

**163.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Further, if Ocwen is correct that it does not adjust borrowers' monthly escrow payments after it identifies

---

[8] Plaintiff Consumer Financial Protection Bureau's Motion to Strike Declaration of Benjamin Verdooren and Incorporated Memorandum of Law, ECF No. 669.

that taxes or insurance premiums have changed, then Ocwen is charging borrowers inaccurate escrow amounts even after performing an escrow analysis. Last, Ocwen, in its RSF ¶ 178, does not dispute that borrower's monthly escrow amount would normally change from one year to another as that borrower's taxes and insurance change between those years.

**164.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Instead, Ocwen raises an impermissible legal argument which lacks merit: the audit shows that Ocwen was, and knew it was, not conducting timely escrow analyses as of January 2014.

**165.** Ocwen does not dispute the fact and it should be deemed admitted.

**166.** Ocwen does not dispute the fact and it should be deemed admitted.

**167.** Ocwen does not dispute the fact and it should be deemed admitted.

**168.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen does not dispute that its verified response to Interrogatory No. 1 states that its servicing "data indicates that Ocwen did not complete an Escrow Account Analysis within thirty days of the completion of the applicable Escrow Account Computation Year" 391,603 times. Instead, Ocwen suggests that its Interrogatory No. 1 is not accurate and that Ocwen's loan-level data showing each debit and credit to a borrower's account ("Transaction History Data") "would contain more accurate information about whether or not Ocwen completed an analysis."[9] But Ocwen's contention that Interrogatory No. 1 is not accurate is not supported by the record evidence. For example, Ocwen:

(1) 

---

[9] In response to the Bureau's Fifth Set of Request of Production of Documents No. 22 (**SJX 155** at 20–21), Ocwen produced this Transaction History Data for at-issue loans.

[10] **SJX 38** Combs 30(b)(6) Dep. at 46:10–47:7. Ocwen served Amended and Supplemental Responses and Objections to Interrogatories Nos. 1–4 on May 1, 2019, which are the same as those responses that it later verified.

[11] *Id*. at 48:16–49:13.

(3) 

(4) admitted that Interrogatory No. 1 (and Ocwen's data) identified 391,603 borrowers for whom it failed to perform timely escrow analyses in each year 2014 through 2017.[14]

Ocwen's suggestion that its Transaction History Data "would contain more accurate information" is also not supported by any record evidence. As an initial matter, the Transaction History Data does not contain the last analysis field that Ocwen testified was the "primary" method for identifying whether an escrow analysis was performed.[15] Further, the three sources which Ocwen cites provide no record evidence in support of their contention.

First, Ocwen cites to the opinions of its rebuttal expert; this is an opinion, not a fact. Ocwen's expert opines that the Transaction History Data is more accurate than Ocwen's verified interrogatory response because the interrogatory response is "litigation work product."[16] This opinion is not based on any record evidence.[17] Ocwen's expert testified that this opinion was based on his industry experience,[18] rather than any review of Ocwen's documents[19] or interviews with Ocwen employees.[20] Further, Ocwen's expert infers—but does not in fact know—that an escrow analysis has taken place by looking for changes in the monthly escrow account in the Transaction History Data.[21] He justifies his inference based on his inability to "think of another

---

[12] **SJX 38** Combs 30(b)(6) Dep. at 52:20–53:10.
[13] *Id.* at 10:13–11:10.
[14] **SJX 150** OMS and OLS Answer to RFA No. 114 at 80–81. *See also id.* Answer to No. 109 at 76 (170,477 untimely escrow analyses for the year of 2014), Answer to No. 110 at 77 (218,258 untimely escrow analyses for the year of 2015), Answer to No. 111 at 78 (2,348 untimely escrow analyses for the year of 2016), Answer to No. 112 at 79 (550 untimely escrow analyses for the year of 2017).
[15] *See* RSF Ex. 20 (no field capturing the date of when an escrow analysis was performed).
[16] *See* Ocwen SMF Ex. 90, Hamm Report, ¶¶ 139, 188–189.
[17] *Id*. at ¶¶ 139, 188–190, n.118 (citing to no record evidence as to why Transaction History Data is more accurate for determining if and when escrow analyses are performed, rather than the analysis Ocwen performed to answer Interrogatory No. 1).
[18] ECF No. 656, Ex. 5, Hamm Dep. at 88:25–89:22.
[19] *Id*. at 89:24–90:1.
[20] *Id*. at 90:19–90:22.
[21] Ocwen SMF Ex. 90, Hamm Report, ¶¶ 190, n.118, 214.

reason . . . that would account for the [escrow] payment change other than the preparation of an escrow analysis."[22] But his opinion also conflicts with the record. Ocwen testified that there is a common situation when a borrower's monthly escrow payment would change, as reflected in the Transaction History Data, without Ocwen performing an escrow analysis: when borrowers made lump-sum shortage payments.[23]

*Second*, Ocwen cites to paragraph 29 of Sebastian's Declaration ("Sebastian Decl." RSF Ex. 13). There, Sebastian ████████████████████████████████████████████ ████████████████████████ Sebastian Decl. ¶ 29. As with Ocwen's expert, Sebastian cites no record evidence to support her opinion. Further, the Bureau first deposed Sebastian in November of 2018 about another declaration she filed in this case, in which she claimed Ocwen would be burdened by having to validate for accuracy the production of the servicing data requested by the Bureau.[24] ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████████████."[25] Likewise, when deposed as Ocwen's corporate witness, Sebastian directed ███████████████████████████████████████ ████████████████████████████████. For example:

- ████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████
- ██████████████████████████████████████████████████████ ████████████████████████,"[27]

---

[22] ECF No. 656, Ex. 5, Hamm Dep. at 88:15–89:22; *See also* 66:17–67:9.
[23] **SJX 38** Combs 30(b)(6) Dep. 28:7–29:7; 31:23–34:12 (████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████
[24] PRF Ex. 2, Krysta Sebastian Nov. 2018 Dep. at 29:24–30:14.
[25] *Id.*
[26] *See, e.g.*, **SJX 35**, Sebastian 30(b)(6) Dep. at 142:22–143:17.
[27] *Id.* at 97:20–22 (████████████████████████████████████████████████ ████████████████).

Sebastian's Declaration at paragraph 29 (███████████████████████)
lacks support.

Third, Ocwen cites to Arnett's corporate testimony but the cited passage does not concern the accuracy of the Transaction History Data or discuss escrow analyses.

**169.** Ocwen's response does not raise a genuine dispute for the same reasons as in PRF ¶ 168.

**170.** Ocwen does not dispute the fact and it should be deemed admitted.

**171.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶ 168.

**172.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's verified response to Interrogatory No. 2 identifies the amounts that borrowers who suffered untimely escrow analysis were inaccurately overcharged by Ocwen (as measured by the identified accrued surplus) and undercharged and which Ocwen later sought to collect in extra payments (as measured by the identified accrued shortage).[28] These inaccurate amounts were the result of Ocwen's failure to perform a timely escrow analysis, which had it performed, Ocwen would have adjusted the monthly escrow amount being collected. Further, Ocwen's argument about and citation to its expert report about opportunity-cost damages is unsupported and not inconsistent with the fact.

**173.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Specifically, Ocwen's hypothetical reasons as to why an unidentified borrower *may* not have accrued or paid a shortage due to Ocwen's failure to perform a timely escrow analysis are not inconsistent with the fact that borrowers did accrue surpluses or shortages as a result of Ocwen's untimely escrow analyses, *see* Ocwen's verified response to Interrogatory No. 2.[29] Further, the cited opinions of Ocwen's expert and employee-declarant Sebastian are unsupported and not inconsistent with the fact.

**174.** Ocwen fails to raise a genuine dispute of fact. In relation to Interrogatory No. 3, which relates to borrowers who filed for bankruptcy and for whom Ocwen failed to perform a timely escrow analysis, Ocwen testified ████████████████████████

---

[28] **SJX 140**, Ex. C to Defs.' Resp. First Rogs (**SJX 138**) at Rog. No. 2.; **SJX 38**, Combs 30(b)(6) Dep. at 70:8–73:1 (explaining that Ex. C shows 'the escrow shortage or surplus that accrued during the time period for which an escrow analysis was outstanding").
[29] *Id.*

"███████████████████████████████████████████████
██████████████████████████████████████."[30] Further, in claiming it
remediated all borrowers identified in Interrogatory No. 1, not just those in Interrogatory No. 3
(those in bankruptcy), Ocwen testified that "impact" also referred to over-collection or under-
collection by Ocwen.[31]

**175.** Ocwen fails to raise a genuine dispute of fact. Ocwen's corporate testimony referred to all
borrowers Ocwen identified in Ocwen's response to Interrogatory No. 1. *See* PRF ¶ 174.

**176.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen
testified that documentation harm from a delayed escrow analysis "██████████████████
███████████████"[32]

**177.** Ocwen does not dispute the substance of the fact or is inconsistent with the fact, and the fact
should be deemed admitted. Ocwen's discovery responses, testimony, and admissions identify
391,603 instances where it failed to perform a timely escrow analysis. Ocwen testified that ██
███████████████████████████████████████████ which
identifies borrowers who were overcharged (that is, accrued surpluses) and were undercharged
(that is, accrued shortages that Ocwen later sought to collect) between the time Ocwen should
have conducted the escrow analysis and did perform the escrow analysis, and the amount of the
accrued surpluses and shortages.[34] *See also* PRF ¶¶ 172.

**178.** Ocwen does not dispute the fact and it should be deemed admitted.

**179.** Ocwen does not dispute the fact and it should be deemed admitted.

**180.** Ocwen's response does not dispute the substance of the fact (a quote from its Director of
Corporate Compliance). Further, Ocwen's expert's unsupported opinion on foreclosure-related
damages is not a fact, nor is it inconsistent with the fact. The fact should be deemed admitted.

---

[30] **SJX 38**, Combs 30(b)(6) Dep. at 85:13–85:20.
[31] *Id.* at 117:25–118:15.
[32] Pls.' SOF ¶¶ 174, 176.
[33] **SJX 38**, Combs 30(b)(6) Dep. at 71:24–73:1.
[34] **SJX 140**, Ex. C to Defs.' Resp. First Rogs (**SJX 138**) at Rog. No. 2.; **SJX 38**, Combs 30(b)(6)
Dep. at 70:8–73:1 (███████████████████████████████████████
████████████████████████████).

**181.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. Further, Ocwen's expert's unsupported opinion on foreclosure-related damages is not a fact, nor is it inconsistent with the fact. *See also* PRF ¶ 177.

**182.** Ocwen does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See also* PRF ¶¶ 168–169, 177, 181.

**183.** Ocwen does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See also* PRF ¶¶ 168–169, 177, 181.

**184.** Ocwen does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See also* PRF ¶¶ 168–169, 177, 181.

**185.** Ocwen does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See also* PRF ¶¶ 168–169, 177, 181. Moreover, Ocwen's response confirms the fact by acknowledging that it sought to collect shortages in two forms: lump sums or payment spreads.

**186.** Ocwen does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. *See also* PRF ¶¶ 168–169, 177, 181, 185.

**187.** Ocwen does not dispute the substance of the fact and its response confirms that when ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████████████.

**188.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. ████████████████████████████████████ ████████████████████████████████████. RSF ¶ 187. Thus, if no escrow analysis occurs, the monthly escrow amount remains the same. PRF ¶ 187.

**189.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 168, 177, 182.

**190.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 168, 177, 182. Further, Ocwen's remaining response is not inconsistent with the fact.

**191.** Ocwen's response does not dispute the substance of the fact and is not inconsistent with the fact, and the fact should be deemed admitted. That some borrowers may not have ultimately had inaccurate reinstatement quotes is not inconsistent with the fact that other borrowers received

inaccurate reinstatement quotes. Further, Ocwen responds that the cited document does not state that Ocwen provided inaccurate reinstatement quotes. █████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████.[35] Ocwen's response that SJX 84 related to ██████

██████████████████████████████████████

█████████████████████████. *See* SOF ¶ 193–194 (Ocwen's verified interrogatory responses indicating that Ocwen sent over 82,000 inaccurate quotes to borrowers since January 2014). Finally, Plaintiffs do not reference or rely on any voluntary remediation in SOF ¶ 217 or **SJX 84** and Ocwen's admissibility argument fails. *See* Reply, Section II.B.2.

**192.** Ocwen's response does not dispute the substance of the fact (████████████████████

████████████████████████████████████) and the fact should be deemed admitted. Ocwen instead disputes only the timing of purported remediation. *See* PRF ¶ 191.

**193.** Ocwen's response does not dispute the substance of the fact or is inconsistent with the fact, and the fact should be deemed admitted. In Ocwen's verified response to Interrogatory No. 5, Ocwen identified 82,763 inaccurate reinstatement quotes it provided to borrowers as a consequence of Ocwen's failure to perform timely escrow analyses, and Ocwen testified ██████

███████████████████████████████████████"[36] Ocwen's impermissible legal argument about individual evidence lacks merit. *See* Reply Section I.

**194.** Ocwen does not address the substance of the fact and it should be deemed admitted. *See* PRF ¶ 193.

**195.** Ocwen does not address the substance of the fact and it should be deemed admitted. *See* PRF ¶ 193.

**196.** Ocwen does not address the substance of the fact and it should be deemed admitted. *See* PRF ¶ 193.

**197.** Ocwen does not address the substance of the fact and it should be deemed admitted. *See* PRF ¶ 193.

---

[35] **SJX 84,** at 1 (emphasis added).
[36] **SJX 38**, Combs 30(b)(6) Dep. at 281:4–281:19.

**198.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's corporate witness testified ███████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████," [37]

███████████████████████████████████████████████████████████████

███████████████  ██████████████████████████████████, does not conflict with the testimony that Ocwen failed to send statements after performing escrow analyses.

**199.** Ocwen does not dispute the fact and it should be deemed admitted.

**200.** Ocwen's response does not create a genuine dispute of fact. The Bureau asked Ocwen to identify the accounts for which it failed to send escrow statements, and Ocwen responded by producing a document in which it identified 183,942 accounts ("Escrow Statement Discovery Response"), **SJX 87**. As Ocwen's response and its testimony confirm, Ocwen ██████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████  ████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████. Ocwen has not cited any record evidence showing that it, in fact, sent escrow statements for the relevant ████████ accounts. Ocwen also cites paragraphs of the Sebastian Declaration (RSF Ex. 13) in which Sebastian ████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████, RSF 13 ¶ 54—contrary to her prior deposition testimony as Ocwen's corporate witness stating the exact opposite. [39]

Ocwen's response is not supported by and conflicts with the record evidence.

**201.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. In its Escrow Statement Discovery Response, Ocwen identified which of the ████████ borrowers to



---

[37] **SJX 38**, Combs 30(b)(6) Dep. at 163:16–166:6.
[38] *Id.* at 167:19–169:23.
[39] **SJX 35** at 11:6–16 (c███████████████████████████████████████████████

whom Ocwen did not send an escrow statement were not delinquent (and so entitled to an escrow statement). *See* **SJX 87**. In corporate testimony, Ocwen confirmed ██████████████████

████████████████████████████████████████████████

████.[40] Now, in its response, Ocwen cites to the Sebastian Declaration (RSF Ex. 13) which Sebastian: (1) ████████████████████████████████████████████

████████████████████████████████████████, and (2) then opines—without any record evidence—██████

████████████████████████████████████.[42] The ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████.[43] And, ████

████████████████████████████████████████████

████████████████████.[44] Ocwen's response is not supported by and conflicts with the record evidence.

**202.** Ocwen does not dispute the substance of the fact (a quote from its Director of Corporate Compliance) and it should be deemed admitted.

**203.** Ocwen's response does not create a genuine dispute of fact. While Ocwen takes issue with the term "asked," Ocwen admits that it "informed" borrowers that shortages could be paid in a single payment or spread over at least 12 months.

---

[40] **SJX 38**, Combs 30(b)(6) Dep. at 168:16–168:23.
[41] Sebastian Decl. ¶ 55–56. The delinquency data that Ocwen used to service this loan shows that the borrower cured her delinquency and was current as of August 4, 2014. *See* PRF Ex. 3, Delinquency Data for August 1–4, 2014 for xxxx4324. T█████████████████████████

██████████████████████████████████████████ *See* RSF Ex. 24 (Transaction History Data, xxxx4324). ██████████████████████████████. Sebastian Decl. ¶ 55.
[42] Sebastian Decl. ¶ 57.
[43] *Compare* RSF Ex. 20 (Transaction History Data, lacking these fields) and RSF Ex. 14 (Ocwen's specific delinquency data, identifying periods of delinquency, and cure and reinstatement dates).
[44] *See* n.41 *supra*.

**204.** Ocwen's response does not create a genuine dispute of fact. Ocwen does not dispute that when borrowers' lump-sum payments matched their shortage amount, Ocwen's process was to adjust the monthly shortage amounts that borrowers owed.

**205.** Ocwen's response does not create a genuine dispute of fact. Ocwen does not dispute the contents of the 2 ███████████████████████████████████████████████

███████████████████████████████████████████████ " from the

borrowers **SJX 74** at 553; **SJX 79** at 032.

**206.** Ocwen does not dispute this fact and it should be deemed admitted. *See* PRF ¶ 205.

**207.** Ocwen's response does not create a genuine dispute of fact. Ocwen's legal conclusion about its interrogatory response is not a basis to dispute a fact, and is also irrelevant and incorrect, *see* Reply, Section III.C. ("Escrow shortage amounts). Further, Ocwen's contention that "Plaintiffs use of the quoted term 'timely remove'" is "not found in the cited testimony" is misleading. *See* **SJX 38**, Combs 30(b)(6) Dep. at 183:18–184:1 (" ███████████████████████████████████

███████████████████████████████████████████████████████████

███ ) (emphasis added).

**208.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response confirms the fact, that, until July 1, 2015, its SLA required it to process escrow shortage payments and adjust escrow balances within 15 business days, and from July 1, 2015 until January 1, 2018, that time period was reduced to 5 business days.

**209.** Ocwen does not dispute this fact and so it should be deemed admitted.

**210.** Ocwen does not dispute this fact, its response is not inconsistent with the fact, and the fact should be deemed admitted.

**211.** Ocwen does not dispute this fact, its response is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's implication that relevant borrowers suffered no harm or Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**212.** Ocwen does not dispute this fact and so it should be deemed admitted.

**213.** Ocwen does not dispute this fact and so it should be deemed admitted.

**214.** Ocwen does not dispute this fact and so it should be deemed admitted.

**215.** Ocwen does not dispute this fact and so it should be deemed admitted.

**216.** Ocwen's response does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response that late disbursements "may" have occurred due to additional causes is not inconsistent with the fact or contents of the cited document.

**217.** Ocwen's response does not dispute the substance of the fact and it should be deemed admitted. Ocwen's admissibility objection lacks merit: Plaintiffs do not reference or rely on any voluntary remediation in SOF ¶ 217. *See also* Reply, Section II.B.2. Its remaining response about individual loan "examples" is irrelevant. *See* Reply Section I.

**218.** Ocwen's response does not dispute the substance of the fact and it should be deemed admitted. Ocwen's use of the word "requested" instead of "demanded" does not dispute the substance of the cited letter. And Ocwen's response that the document "does not identify any individual loan 'examples'" is irrelevant. *See* Reply Section I.

**219.** Ocwen does not dispute this fact and so it should be deemed admitted. Ocwen's response that the document "does not identify any individual loans" is irrelevant. *See* Reply Section I.

**220.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response to Plaintiffs' characterization of the cited document is not inconsistent with the fact or cited contents of the document.

**221.** Ocwen does not dispute this fact and it should be deemed admitted.

**222.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's implication that it only "potentially" determined that the 1,367 loans in its verified interrogatory response at Exhibit G is contradicted by its same response. Ocwen states in its interrogatory response: "Mr. Reeves testified that the 10,478 loans were those that Ocwen determined were potentially impacted by vender or errors, although Ocwen subsequently determined after review that not all such accounts reflected an erroneous cancellation" and that it "provides a list of loans in Exhibit G derived from the available vendor's records where a borrower's hazard insurance *was cancelled*, and that Ocwen interpreted to indicate that the cancellation was the result of Ocwen or vendor error." **SJX 138**, at 22 (emphasis added).

**223.** Ocwen's response does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶ 222. Further, Ocwen does not dispute that the 725 borrowers obtained replacement policies with higher premiums or had insurance force-placed on them by Ocwen, and this fact should be deemed admitted.

**224.** Ocwen's response does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶ 222.  Further, Ocwen does not dispute that, of the 1,367 borrowers that it identified in its verified response to Interrogatory No. 9, 850 were current when their insurance premiums were due, and this fact should be deemed admitted.

**225.** Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**226.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Instead, Ocwen disputes facts not asserted in SOF ¶ 226. Further, in its RSF ¶ 225, Ocwen does not dispute that there are ███████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████. Thus, Ocwen's dispute in RSF ¶ 226 is inconsistent with its lack of dispute (of the same underlying facts) in RSF ¶ 225.

**227.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Rather, Ocwen disputes facts that are not even asserted in SOF ¶ 227; again, Ocwen's response is inconsistent with its "Undisputed" response to SOF ¶ 225 which referred to "████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ SOF ¶ 225.

**228.** Ocwen's response does not dispute the substance of the fact and it should be deemed admitted. **SJX 157** (the ████) is also admissible. *See* Reply Section II.B.4.

**229.** Ocwen's response does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response, which contests Plaintiffs' use of the phrase ████████████████ █████████████████████████████████████ ████████████████████████ **SJX 157** (*see* SOF ¶¶ 56, 229), is not inconsistent with SOF ¶ 229. Further, Ocwen does not contest, or even respond to, the additional source of facts cited at **SJX 158** Childers Aff. ¶¶ 4-8. **SJX 157** (the ████) is also admissible. *See* Reply Section II.B.4.

**230.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Rather, Ocwen incorrectly asserts that the evidence, an affidavit by a representative of OFR, a party, is: (1) inadmissible hearsay, which is incorrect, *see* Reply Section II.B.4; and (2) asserts a legal conclusion, which is also incorrect as the facts in the affidavit inform the Court what the examiners found. Further, Ocwen incorrectly asserts that the support for SOF ¶ 230 is the ████ at **SJX 157**, instead of **SJX 158**, the Childers Affidavit. *See also* PRF ¶¶ 228, 229.

**231.** Ocwen's response does not dispute the substance of the fact, or evidentiary support at **SJX 181** or **SJX 182,** and the fact should be deemed admitted. Instead, Ocwen cites to additional information at SJX 182 to, again, dispute Plaintiffs' use of the word "numerous" even though the same ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████." **SJX 182** at 824. ████

████████████████████████████████████████████

████████████████████████." *Id.*

**232.** Ocwen's response does not dispute the substance of the fact or is inconsistent with the fact, and the fact should be deemed admitted.

**233.** Ocwen does not dispute this fact and it should be deemed admitted.

**234.** Ocwen does not dispute the substance of the fact (████████████████████████

█████████████████), it is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's contention that the ████████████████ were subsequently remediated is irrelevant to liability. *See* Reply, Section III.B.

**235.** Ocwen does not dispute this fact and it should be deemed admitted.

**236.** Ocwen does not dispute the substance of the fact, it is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**237.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

**238.** Ocwen does not dispute the substance of the fact (████████████████████████

██████████████████████) and it should be deemed admitted. RSF ¶ 236 and 238 further confirm this fact. Ocwen's contention that borrowers subsequently received credits or refunds is irrelevant, *see* Reply III.B.

**239.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Further, Ocwen does not dispute its corporate testimony at SJX 38, Combs 30(b)(6) Dep. at 264:4-13 (Q:

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████ Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

240. Ocwen does not dispute the substance of the fact and it should be deemed admitted. Rather, Ocwen impermissibly raises the legal argument in response to a fact that there is no requirement to not impose excessive insurance.  The evidence cited to in SOF ¶ 240, ███████████

█████████████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████ " **SJX** 114 at -033.

241. Ocwen does not dispute this fact and it should be deemed admitted.

242. Ocwen does not dispute the substance of the fact, it is not inconsistent with SOF ¶ 242, and the fact should be deemed admitted. Rather, ██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████ .") . **SJX 38** at 258:14-22.

243. Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

244. Ocwen does not dispute the substance of the fact and it should be deemed admitted. Further, Ocwen's statement that its insurance vendor, Assurant, imposed the excessive insurance coverage is not inconsistent with SOF ¶ 244. Further, Ocwen did not the dispute SOF ¶ 221, which related to Ocwen's responsibility for the actions of its vendors. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B. Ocwen's stated response that it "immediately took action," is not support by the cited evidence. *See generally* **SJX 160**.

245. Ocwen's response does not dispute the substance of the fact and the fact should be deemed admitted. Ocwen's opinion and legal argument are not facts or inconsistent with the fact.

246. Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's response that the document "does not identify any individual loan 'examples'" is irrelevant. *See* Reply Section I.

**247.** Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's response that the document "does not identify any individual loan 'examples'" is irrelevant. *See* Reply Section I.

**248.** Ocwen's response does not create a genuine dispute of fact. During the Bureau's investigation, Ocwen's corporate witness testified ████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ████████████████████████. *See* **SJX 52**, Reeves IH Tr. at 61:13–63:11. ███████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████████. Ocwen responded with a list of 7,855 unique loan numbers. *See* **SJX 55**, Ridder Aff. ¶¶ 65–68; **SJX 123**, PMI Terminations (Dep. Ex. 197), OCW-CFPB-001-06730240. Thus, contrary to RSF ¶ 248, Ocwen identified thousands of loans that it "should have" cancelled on the termination date but did not. Of these 7,855 untimely cancellations, 7,771 occurred during the relevant time period–that is, after January 1, 2014. *See* **SJX 55**, Ridder Aff. ¶ 71. Ocwen's and ████████████████████████████████████████ █████████████████████████████████████" is unsupported and irrelevant. *See* Reply Section I. Further, apart from the 2,773 loans that Ocwen references in RSF ¶ 248, Ocwen does not dispute that **SJX 123** indicates that, for the remaining 4,998 loans, Ocwen did not cancel the PMI for these loans on their termination dates.

**249.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. As described in PRF ¶ 248, Ocwen identified in a discovery response the borrowers for whom it should have cancelled PMI but did not. And Ocwen's corporate witness unambiguously testified that, according to Ocwen's discovery response—which was based on Ocwen's servicing data— ███████████████████████████████████████████████████████████████████. **SJX 38**, Combs 30(b)(6) Dep. at 198:11–201:2.

**250.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 248, 249.

**251.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 248, 249.

**252.** Ocwen's response does not raise a genuine dispute of fact. Ocwen's refund total (approximately $3.8 million) includes borrowers with termination dates or cancellations before January 1, 2014, whereas the Bureau's total (approximately $3 million) is limited to borrowers with termination dates or cancellations after January 1, 2014. *See also* PRF ¶ 248.

**253.** Ocwen's response does not dispute the substance of the fact, it is not inconsistent with the fact, and it should be deemed admitted. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**254.** Ocwen's response does not dispute the substance of the fact, it is not inconsistent with the fact, and it should be deemed admitted. Ocwen's additional response about whether other servicers had deferral amounts is not inconsistent with the fact that Ocwen incorrectly reprogrammed *its* loan modification templates causing errors in loan modification agreements. **SJX 53** at 348:25–350:16, or that two borrowers were impacted.

**255.** Ocwen's response fails to raise a genuine dispute of fact. Nothing in Ocwen's cited testimony relates to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ only further confirms the fact. RSF Ex. 5 at 26-27. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**256.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Further, Ocwen's written analysis of "potential borrower impact" from its servicing errors is *not* a voluntary subsequent remedial measure. *See* Reply Section II.B.2. Further, Ocwen's corporate witness testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[45]. Regardless, Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

---

[45] *See* **SJX 53** at 404:15–407:4.

**257.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response is not inconsistent with the fact that it originally approved borrowers for loan modifications and then later denied these borrowers for loan modification agreements.

**258.** Ocwen does not dispute this fact and it should be deemed admitted.

**259.** Ocwen does not dispute this fact and it should be deemed admitted.

**260.** Ocwen's response does not raise a genuine dispute of fact. Ocwen's Second Amended and Supplemental Response to Interrogatory No. 14 (Response No. 14) stated that it reviewed applicable loans to determine those loans subject to RESPA for which Ocwen initiated a First Notice or Filing, as defined by RESPA, before completing its evaluation of a borrower's Complete Application, as defined by RESPA. **SJX** 145 at 6-7; **SJX 137** at 2–3 (defining First Notice or Filing and Complete Application as defined by RESPA). In Response No. 14, Ocwen stated that it manually reviewed two sets of borrower accounts, and then excluded borrowers that were previously evaluated for, or obtained a loan modification, or should otherwise be excluded under RESPA. **SJX 145** at 6–7. From its review, Ocwen determined that for 124 loans (or 59 and 65 loans in each set), which were "subject to RESPA," Ocwen had initiated a First Notice or Filing before completing its evaluation of borrowers' Complete Applications. *Id.* at 6-7, n.1.

**261.** Ocwen does not dispute the substance of the fact, it is not inconsistent with the fact, and it should be deemed admitted. Ocwen's speculation about whether these letters—that Ocwen produced as a part of borrowers' servicing files—is unsupported. Moreover, Ocwen does not counter the information on its own sworn report that these letters were sent to the borrowers on the dates specified in the report and on their letters.[46]

**262.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's response, which improperly suggests that the letter's plain promise was implicitly conditioned on the completion of an application, is inconsistent with the text of and unsupported by the letter.

---

[46] **SJX 94**; *see also* **SJX 55**, Ridder Aff. ¶ 76 (identifying dates that letters were sent from Ocwen's written report in SJX 152). The dates identified in the written report match the dates of the letters identified in **SJX 94**. For example, Ocwen reported that loan number XXXXXX7642 was sent a letter on Feb. 21, 2014. In **SJX 94**, there is a letter to the borrower whose loan number XXXXXX7642 on Feb. 21, 2014. **SJX 94** at -134. As another example, Ocwen reported that loan number XXXX2804 was sent the relevant letter on Apr. 28, 2014. In **SJX 94**, there is a letter to borrower XXXX2804 dated Apr. 28, 2014 in the servicing file. **SJX 94** at -014.

**263.** Ocwen does not dispute the substance of the fact, it is not inconsistent with the fact, and the fact should be deemed admitted. Ocwen's response is based on a misreading of the record evidence. *See* PRF ¶¶ 261–262.

**264.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. *See* PRF ¶¶ 261–262.

**265.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in SJX 162 and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2. Ocwen mischaracterizes of 12 C.F.R. § 1024.41(i), which requires a servicer to have complied with RESPA requirements with respect to a borrower's first application. Finally Plaintiffs are not required to identify any specific loans to establish Ocwen's liability. *See* Reply, Section I.

**266.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in SJX 163 and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section III.B. Ocwen's response raises a meritless impermissible legal argument about individual evidence. *See* Reply Section I.

**267.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in SJX 121 and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2. Ocwen mischaracterizes of 12 C.F.R. § 1024.41(i), which requires a servicer to have complied with RESPA requirements with respect to a borrower's first application. Ocwen's response raises a meritless impermissible legal argument about individual evidence. *See* Reply Section I.

**268.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in **SJX 164** and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2. Ocwen mischaracterizes of 12 C.F.R. § 1024.41(i), which requires a servicer to have complied with RESPA requirements with respect to a borrower's first application. Ocwen's response raises a meritless impermissible legal argument about individual evidence. *See* Reply Section I.

**269.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in **SJX 165** and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2. Ocwen mischaracterizes of 12 C.F.R. § 1024.41(i), which requires a servicer to have complied with RESPA requirements with respect to a borrower's first application. Ocwen's response raises a meritless impermissible legal argument about individual evidence. *See* Reply Section I.

**270.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in **SJX 166** and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2.

**271.** Ocwen does not dispute this fact and it should be deemed admitted.

**272.** Ocwen does not dispute this fact and it should be deemed admitted.

**273.** Ocwen does not dispute the substance of the fact and it should be deemed admitted.

**274.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**275.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. The document is not hearsay. Plaintiffs disclosed the scrivener of the document as a witness and he was deposed by Ocwen, and **SJX 157** is otherwise admissible pursuant to Section 501.207(7), Fla. Stat. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**276.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in **SJX 173** and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**277.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Further, Ocwen's remediation efforts are immaterial and irrelevant. *See* Reply, Section III.B. Ocwen's response raises a meritless impermissible legal argument about individual evidence. *See* Reply Section I.

**278.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in **SJX 278** and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**279.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in **SJX 278** and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2.

**280.** Ocwen does not dispute the substance of the fact and it should be deemed admitted. Ocwen's legal arguments fail. This evidence is admissible; Plaintiffs do not rely on any remedial measure set forth in **SJX 278** and Ocwen misapplies Fed. R. Evid. 407. *See* Reply, Section II.B.2. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**281.** Ocwen's response does not create a genuine dispute of fact. Ocwen's cited document (RSF Ex. 2) supports Plaintiff's offered fact.

**282.** Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's response also impermissibly raises a legal conclusion.

**283.** Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's response also impermissibly raises a legal conclusion.

**284.** Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's response also impermissibly raises a legal conclusion.

**285.** Ocwen does not dispute this fact and it should be deemed admitted. Ocwen's response also impermissibly raises a legal conclusion.

## Response to Defendant's Counterstatement of Facts

**286.** Plaintiffs incorporate their Responses to Defendants' Statement of Material Facts, ECF No. 680 and the exhibits filed therewith, Opp. Exhibits. 1–46 (ECF No. 680).

**287.** Disputed. Ocwen's reference to "many others" is vague and ambiguous.[47] Disputed as to Ocwen's implication that the information in the Monitor's reports relates to the claims in these

---

[47] *See* Pls.' Response to Defendants' Statements of Facts ("Pls.' Opp. SMF"), ECF No. 680, ¶ 8.

instant actions. *See* Ocwen SMF Exs. 22–25 (Monitor's reports). Further, as the Monitor stated, Plaintiffs' allegations about the underlying inaccurate and incomplete information in Ocwen's system of record ("SOR") went beyond the scope of the Monitor's duties and he did not test the underlying accuracy of the information in Ocwen's SOR.[48] With respect to Ocwen's citations to its expert, Bryar (an attorney), his opinions are not facts, and the Consent Judgment and Monitor's reports speak for themselves. Likewise, Evans' Declaration, to which Ocwen cites, does not cite to or rely on any record evidence. Further, the declarant—counsel for OFC—was not previously disclosed to Plaintiffs.

**288.** Partially disputed. Disputed to the extent that Ocwen relies upon Sebastian's Declaration, RSF Ex. 13, ¶ 5. There, Sebastian cites to no record evidence and vaguely claims:



." Further, Ocwen has also repeatedly contradicted its CSF ¶ 288 by arguing that the information in borrower's servicing files may not be accurate. *See e.g.*, RSF ¶ 261

).

**289.**   Disputed. "OFSPL" is not defined and vague, and the Payment Processing Procedure (SJX 75) was an Ocwen Financial Corporation ("OFC") Procedure, as stated on and in the Procedure. Further, the organizational charts to which Ocwen cites are titled as "Ocwen Financial Corporation."

**290.** Undisputed.

**291.** Undisputed.

**292.** Undisputed, including that Ocwen was verifying fields in loans "

*See* RSF ¶ 292.

**293.** Partially disputed. Undisputed that the purpose of Ocwen's loan verification process was to determine whether the loan data Ocwen boarded was inaccurate. Disputed that Ocwen's data

---

[48] *See* Pls.' Opp. SMF ¶¶ 268–269 and Ocwen SMF Ex. 25, Aug. 25, 2017 Monitor's Report, at 6.

inaccuracies were solely due to the prior servicer's data, as compared to Ocwen's conduct, such as Ocwen's lack of system functionality to service certain types of loans resulting in inaccuracies in borrowers' loan data.[49] Further, Ocwen's support for that contention is its interrogatory response in which Ocwen raises the same contention (that the data inaccuracies were due to prior servicer's data) but does not cite or provide any record evidence. *See* **SJX 147** at 11.

**294.** Disputed. Ocwen's fact is based on its testimony in which its witness makes this general statement. But the specific record evidence shows that, if Ocwen identified the error, it took months, if not years, to identify such errors. *See* SOF ¶ 127 and **SJXs 127, 129, 132**. The specific record evidence also shows that Ocwen did not accurately correct the errors it found: Ocwen's

████████████████████████████████████████████

████████████████████████████████████████████

████████████ ."[50] Further, Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**295.** Disputed as to "many." Out of over ███ million discrepancies, Ms. Sebastian attests that there are ██████ entries indicating a zip code discrepancy.[51]

**296.** Disputed. Mr. Kennedy generally testified that Ocwen ██████████████████████ ██████████████████████████████████. RSF Ex. 6 at 168:15–169:17.

**297.** Partially disputed. Undisputed that Ocwen's witness testified to the content in CSF ¶ 297. Disputed to the extent that Ocwen implies such risk management processes were always in place, effective, or otherwise prevented or corrected errors, including those Ocwen later detected through its loan verification process.[52] Instead, the record evidence shows that Ocwen's

---

[49] *See* **SJX 134**, Rows labeled 1527, 1529, and 2311 at ████████████████████ ████████████████████████████████ .

[50] **SJX 150**, Ocwen's Answer to Bureau's RFA No. 53, at 39 (Ocwen admitting the audit was the best evidence of its contents).

[51] *See* RSF Ex. 13, Sebastian Decl., ¶¶ 74–75.

[52] *See* SOF ¶ 103 (████████████████████████████████████ ; 104 (████████████████████████████████ ; 107 (███

compliance personnel and auditors repeatedly identified Ocwen's errors after they occurred and warned Ocwen of potential impacts to borrowers relating to such findings.[53]

298. Partially disputed. Undisputed that Ocwen's witness testified to the content in CSF ¶ 298. Disputed to the extent Ocwen implies that such risk management processes were always in place, effective, or otherwise prevented or corrected any errors at issue. *See* PRF ¶ 297.

299. Partially disputed. Undisputed that Ocwen's witness testified to the content in CSF ¶ 299. Disputed to the extent Ocwen implies that such risk management processes were always in place, effective, or otherwise prevented or corrected any errors at issue. *See* PRF ¶ 297.

300. Disputed. The cited testimony does not support Ocwen's contention that Ocwen's internal audit department had "oversight of the entire organization." Further disputed to the extent that Ocwen implies its audit processes prevented or corrected any errors at issue. *See* PRF ¶ 297.

301. Partially disputed. Undisputed that Ocwen's witness testified to the content in CSF ¶ 301. Disputed that such testimony supports that if Ocwen found an error, it fixed the error and addressed the affected borrowers. Ocwen puts forth no record evidence that it corrected any specific error. Instead, the record evidence reflects the opposite. ███████████████████ ████████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████ Further, Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

302. Partially disputed. Undisputed that Ocwen could identify potential errors from GSE audits or consumers. Disputed that Ocwen, in fact, reviewed consumer complaints or notice of errors when Ocwen identified a risk item.[55]

303. Disputed. The record evidence shows that Ocwen did not perform lookbacks for every risk item it identified, including approximately ████ risk items that it reported on the sworn written

---

[53] *See, e.g.,* SOF ¶¶ 106, 156, 179–180, 202, 269 (████████████████████████████████ ████████████████████); 164, 240, 277 (██████████████████████████).

[54] SOF ¶¶ 113, 114; *see also* **SJX 131** (sworn written report); **SJX 36**, Abate (30)(b)(6) Dep., at 68:10–70:22 (████████████████████████████████████████████); 92:7–25 ████████████ ███████████████████████████████████████████ ).

[55] **SJX 36**, Abate 30(b)(6) Dep., at 21:23–22:7.

report it produced to the Bureau.[56] Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**304.** Disputed. CSF ¶ 304, including its opinions about "potential harm" that "borrowers might not even have suffered," is vague and ambiguous, speculative, and not a fact. Ocwen provides no record evidence to support its contention that it remediated every borrower for every error it found. The record evidence shows the opposite. For example, as Ocwen confirmed in its sworn written report, it did not review over ███ risk items to determine if borrowers' accounts had errors or borrowers were harmed, let alone remediate borrowers harmed by such risks.[57] Further disputed to the extent that Ocwen implies that borrowers suffered no harm from the errors at issue or that Ocwen remediated all relevant borrowers for all harm suffered.[58] Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**305.** Disputed. While Ocwen's witness ██████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████.[59]

**306.** Partially disputed. Undisputed that Ocwen's witness testified to ████████████ ██████████████████. Disputed to the extent that Ocwen implies that such a process corrected discrepancies that Ocwen later found through its loan-verification process. Nothing in CSF ¶ 306 or cited testimony indicates these pre-transfer checks tested: (1) whether the information Ocwen was boarding matched relevant documents, such as borrowers' mortgage notes; or (2) whether, in fact, Ocwen accurately loaded its information into the system of record after the date of transfer. Instead, the record evidence shows that Ocwen, through the loan-verification process it performed *after a transfer*, tested the accuracy of the data it loaded and found over ██ million discrepancies in the loan data it used to service loans.[60]

---

[56] *See* n. 54 *supra*.
[57] *Id*.
[58] *See e.g.*, RSF ¶¶ 174–176 (stating that Ocwen does not admit borrowers suffered any harm as a result of its untimely escrow analyses).
[59] **SJX 34**, Kennedy 30(b)(6) at 115:6–116:6.
[60] SOF ¶ 127.

**307.** Disputed. While Ocwen's witness testified ███████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████.⁶¹

**308.** Disputed. Ocwen does not cite to any record evidence and instead relies on its expert's opinion, which is not a fact. Further, Ocwen's expert cites to no record evidence to justify his opinion, which, as detailed in PRF ¶¶ 168, 200, relies on a faulty assumption that the Transaction History Data is somehow more accurate than Ocwen's verified as "true and accurate" response to Interrogatory No. 1 identifying untimely escrow analyses. *See* PRF ¶¶ 168, 200.

**309.** Disputed. Ocwen provides no record evidence to support its CSF ¶ 309 and refers to "many loans" without specifying any actual loans to which it is referring. Instead, Ocwen's contention is based on the declaration of its employee, who also reviews no record evidence other than a ████████████████████████████████████████████████████████. Specifically, Sebastian states that even though she ████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████. RSF Ex. 13, ¶ 48. Sebastian also speculates, citing to no record evidence, ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████" *Id*. ¶ 39 (emphasis added). Further, with respect to ███████████
██████████████████ *id*. at ¶ 48, ████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████.⁶²

**310.** Disputed. Ocwen provides no record evidence to support its CSF ¶ 310 and refers to "many loans," without specifying any actual loans to which it is referring. CSF ¶ 310 is based on the declaration of its employee Sebastian, who also reviews no record evidence other than a ███████

---

⁶¹ **SJX 34**, Kennedy 30(b)(6) at 115:6–116:6.
⁶² RSF Ex. 22. ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

██████████████████████████████████████████. RSF Ex. 13 ¶ 47.
Plaintiffs dispute Ocwen's contention for the same reasons as stated in PRF ¶ 309. Further, the
very data Sebastian cites ███████████████████████████████████████████████████
████████████████████████████████████████.[63] Sebastian also cites no record
evidence to show or explain how the ██████████████████████████████████████████
███████████████████████. Further, Ocwen's contention that borrowers did not pay escrow
surpluses is belied by the very definition of what an escrow surplus is, an amount that a servicer
has collected in excess of what is actually required. SOF ¶ 161, *see also* 12 C.F.R. § 1024.17(b)
(defining escrow surplus). Last, Plaintiffs incorporate PRF ¶ 309 in responding to this fact.

**311.** Disputed. Ocwen states that "borrowers may not have" received the required escrow
statements, but that the escrow analysis was still performed and the borrower "still received
accurate information . . . through periodic statements" without specifying any actual loans or
instances to which it is referring. Ocwen provides no record evidence to support its fact. *See* PRF
¶¶ 309 and 200. At best, it cites to Sebastian's Declaration, in which Sebastian analyzes a████████
███████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████ Sebastian Decl. ¶ 58–60. Further disputed to the extent that Ocwen implies that the
borrower received sufficient, accurate, and the same information through periodic statements that
the borrower otherwise would have received in an annual escrow statement. An annual escrow
statement contains information about a borrower's escrow account, including how and why a
borrower's monthly escrow payment is changing, and information about shortages and surpluses:
that information is not contained in a periodic statement.[64] Sebastian's ██████████████████

---

[63] RSF Ex. 23 at RFP 22 Transaction History, *see e.g.,* ████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

[64] 12 C.F.R. ¶ 1024.17(i) (requiring that an annual escrow statement contain: (1) the total monthly
amount was calculated based on all actual disbursements from escrow during the previous year;
(2) the predicted disbursements from the upcoming year; (3) the minimum escrow balance
necessary, which would include any cushion amounts; (4) whether or not a shortage resulted
from the escrow analysis, and if so, identify how much of the *total* escrow payment is to pay
back an identified escrow shortage; and (5) whether or not an escrow surplus resulted from the

proves the difference: 

███████████████████████████████████████████████████████████████
███████████████████████████████████████████. Sebastian Decl. ¶ 59.

Additionally, the cited portion of Ocwen's corporate testimony in which Ocwen's corporate witness testifies that ████████████████████████████████████████ ████████████████████ does not provide record evidence to support CSF ¶ 311.[65]

**312.** Disputed. Ocwen provides no record evidence to support its CSF ¶ 312 and refers to "many of the borrowers" without specifying any actual loans. Instead, Ocwen cites to Sebastian's declaration that also lacks citation to any record evidence. Specifically, Sebastian's declaration only █████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████, Sebastian Decl. ¶¶ 61–66. *See also* PRF ¶ 291.

**313.** Disputed. Ocwen provides no record evidence that the borrowers, in fact, had credits applied to their specific accounts. Further disputed to the extent that Ocwen implies that: (1) borrowers in SJX 180 suffered no harm and (2) that Ocwen remediated such borrowers for all harm suffered. Finally, Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**314.** Disputed as to the characterization of "majority" and "approximately a third." Ocwen's verified response to Interrogatory No. 2 includes precise counts, and that document speaks for itself.

**315.** Disputed. Ocwen's expert's opinion is an opinion, not a fact, and is contested by Plaintiffs' damages expert. Further, Ocwen's damages expert's opinion about a single loan is unreliable and unsupported for the same reasons Plaintiffs set forth in PRF ¶ 168.

**316.** Partially disputed. Undisputed that Ocwen repeats the same general contention that it makes in its response to the Bureau's Interrogatory No. 4. Disputed to the extent that Ocwen implies

---

escrow analysis, and if so, identify how much of a surplus the borrower should expect in a check to be returned to them).
[65] **SJX 38**, Combs 30(b)(6) Dep. at 162:24-163:9.

that borrowers suffered no harm from its untimely escrow analyses or that Ocwen remediated all relevant borrowers for all harm suffered. Ocwen's general contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**317.** Disputed. Ocwen cites to no record evidence to support its CSF ¶ 317. Moreover, record evidence reflects that Ocwen contends its policy was to waive a *portion* of the shortage and not the full shortage. In Ocwen's verified interrogatory responses, it amends a statement in its unverified interrogatory response, which is the statement it now makes in CSF ¶ 317. Initially, Ocwen contended that its policy was to "waive all *shortages* accrued" when Ocwen conducted an escrow analysis upon the borrower's discharge from bankruptcy.[66] When verifying its interrogatory responses, however, Ocwen changed its original response to delete mention of its policy to waive all shortages accrued upon a borrower's discharge,[67] and instead contended its policy was to waive "any negative escrow balance, which would include a "*portion* of the shortage" upon discharge.[68] Further disputed to the extent that Ocwen implies that borrowers suffered no harm from its untimely escrow analyses or that Ocwen remediated all relevant borrowers for all harm suffered; indeed, Ocwen's CSF ¶ 317 states that Ocwen only remediated borrowers still in bankruptcy as of March 2016. Ocwen's contention that it subsequently remediated borrowers is irrelevant to liability. *See* Reply, Section III.B.

**318.** Disputed on the basis that the report of Plaintiffs' damages expert does not contain the $15 average opportunity cost in the passages cited by Ocwen. Further, the parties' dispute as to damages is not relevant to the Plaintiffs' motion for summary judgment as to liability.

**319.** Disputed. Ocwen does not define what it means by "impact," refers to "vast majority of borrowers" without specifying any actual borrowers, and does not cite to any record evidence in support. Disputed as to Ocwen's implication that communicating to borrowers that they owe inaccurate amounts–as it did in the reinstatement quotes identified in response to verified Interrogatory No. 5–causes no harm.

**320.** Partially disputed. Undisputed that Ocwen's corporate witness testified ███████████ ████████. Disputed to the extent that Ocwen implies that affected borrowers suffered no harm and that Ocwen remediated all such affected borrowers for all harm suffered as a result of its

---

[66] Ocwen's SMF Ex. 99, Rog. No. 4, at 8 (unverified prior interrogatory).
[67] **SJX 138**, Ocwen's Verified Interrogatory No. 4 at 15 (third paragraph from the top).
[68] **SJX 138,** Ocwen's Verified Interrogatory No. 3 at 13.

overcollections. Last, Ocwen's subsequent remediation does not create a factual dispute where remediation is not relevant to the Plaintiffs' motion for summary judgment, as set forth in the Reply, Section III.B.

**321.** Disputed. Undisputed that Ocwen's cited interrogatory response contains the same general contention as that in CSF ¶ 321. Disputed where Ocwen's cited interrogatory response merely states the same contention and cites to or provides no record evidence.

**322.** Partially disputed. Undisputed that Ocwen's insurance cancellation errors resulted in borrowers' insurance premiums increasing, as reflected in Ocwen's loan-level interrogatory responses cited at **SJX 141** Exhibit G. Disputed to the extent that Ocwen implies that affected borrowers suffered no harm and that Ocwen remediated all such affected borrowers for all harm suffered as a result of Ocwen's failure to pay and maintain their insurance policies. Last, Ocwen's subsequent remediation does not create a factual dispute where remediation is not relevant to the Plaintiffs' motion for summary judgment, as set forth in the Reply, Section III.B.

**323.** Disputed. Ocwen provides no record evidence to support its contention that "some" borrowers, including those relevant to Florida's excess insurance coverage claim, agreed to such terms, and only cites to one such borrower.

**324.** Disputed. Ocwen provides no record evidence to support its vague contention that it credited or refunded "certain" unspecified loans. Further disputed to the extent that Ocwen implies that relevant borrowers suffered no harm and that Ocwen remediated such borrowers for all harm suffered as a result of its overcollections. Last, Ocwen's subsequent remediation does not create a factual dispute where remediation is not relevant to the Plaintiffs' motion for summary judgment, as set forth in the Reply, Section III.B.

**325.** Undisputed, but Ocwen's remediation efforts are immaterial and irrelevant to Plaintiffs' motion seeking a judgment on liability pursuant to their enforcement authority. *See* Reply, Section III.B.

**326.** Undisputed, but Ocwen's remediation efforts are immaterial and irrelevant to Plaintiffs' motion seeking a judgment on liability pursuant to their enforcement authority. *See* Reply, Section III.B.

**327.** Undisputed, but Ocwen's remediation efforts are immaterial and irrelevant to Plaintiffs' motion seeking a judgment on liability pursuant to their enforcement authority. *See* Reply, Section III.B.

328. Undisputed, but Ocwen's remediation efforts are immaterial and irrelevant to Plaintiffs' motion seeking a judgment on liability pursuant to their enforcement authority. *See* Reply, Section III.B.

329. Undisputed, but Ocwen does not claim that circumstances always required more than one property inspection in a 30-day period.

330.  Disputed. Ocwen provides no record evidence to support its CSF ¶ 330 and refers to "many loans" without specifying any actual loans. Instead, Ocwen cites to Sebastian's Declaration, which also lacks citation to any record evidence. Specifically, Sebastian's Declaration only lists



, *see* RSF Ex. 13, Sebastian Decl. ¶ 73. Plaintiffs further incorporate PRF ¶ 248.

331. Disputed. Ocwen's reference to "virtually all of the borrowers" is vague and Ocwen does not identify the specific loans to which it refers. Further disputed to the extent that Ocwen implies that relevant borrowers suffered no harm and that Ocwen remediated such borrowers for all harm suffered as a result of its overcollections. Last, Ocwen's subsequent remediation does not create a factual dispute where remediation is not relevant to the Plaintiffs' motion for summary judgment, as set forth in the Reply, Section III.B.

332. Disputed. Ocwen's expert's opinion is not a fact and is not based on any record evidence. Further, Plaintiffs dispute the substance of Ocwen's expert's opinion through, for example, the opinion of their expert, Mr. Searson.

### **Plaintiffs' Additional Reply Facts**

333. Ocwen stated, in its Amended and Supplement Response to the Bureau's Request No. 48 in its Fourth Set of Requests for Production of Documents:



).[69]

---

[69] PRF Ex. 1 Ocwen's Amended Response to RFP No. 48.

**334.** Ocwen filed an 8K report with the Securities and Exchange Commission on December 1,

2017 stating:

> Ocwen has entered into an agreement with CIT Bank, N.A. (formerly OneWest Bank,
> FSB or OneWest) relating to certain claims arising from indemnification obligations
> under a 2013 transaction pursuant to which Ocwen acquired certain mortgage servicing
> rights and related servicing advance receivables from OneWest. Pursuant to the
> agreement, CIT Bank, N.A. will pay Ocwen $29.9 million.[70]

---

[70] PRF Ex. 4 Ocwen's 8K Filing dated Dec. 1, 2017.

Date: September 4, 2020                   Respectfully submitted,

Attorneys for Plaintiff,
CONSUMER FINANCIAL PROTECTION BUREAU

JOHN C. WELLS
Deputy Enforcement Director

JAMES T. SUGARMAN
Assistant Litigation Deputy

/s/ Jean M. Healey Dippold
Jean M. Healey Dippold
Phone: (202) 435-7514
E-mail: jean.healeydippold@cfpb.gov

| Atur Desai | atur.desai@cfpb.gov |
| Michael Posner | michael.posner@cfpb.gov |
| Shirley Chiu | shirley.chiu@cfpb.gov |
| Doug Wilson | doug.wilson@cfpb.gov |

1700 G Street NW
Washington, DC 20552
Facsimile: (202) 435-7722

Respectfully Submitted,

Office of the Attorney General
The State of Florida
Department of Legal Affairs
Ashley Moody
Attorney General

/s/ Jennifer Hayes Pinder
Jennifer Hayes Pinder
Senior Assistant Attorney General
Fla. Bar No.: 17325
Email: Jennifer.Pinder@myfloridalegal.com

Sasha Funk Granai
Assistant Chief-Assistant Attorney General
Fla. Bar No.: 96648
Email: Sasha.Granai@myfloridalegal.com

Victoria Butler

Director, Consumer Protection Division
Fla. Bar No.: 861250
Email: Victoria.Butler@myfloridalegal.com
3507 East Frontage Road, Suite 325 Tampa, FL 33607
Phone: 813-287-7950
Fax: 813-281-5515

Respectfully Submitted,

Office of Financial Regulations
The State of Florida
Division of Consumer Finance

/s/ Joaquin Alvarez
Joaquin Alvarez
Assistant General Counsel
Fla. Bar No.: 113647
Email: Joaquin.Alvarez@flofr.com
The Fletcher Building
200 East Gaines Street
Tallahassee, FL 32399
Telephone: 850-410-9554
Facsimile: 850-410-9914

Scott R. Fransen
Assistant General Counsel
Fla. Bar No.: 0994571
Email: Scott.Fransen@flofr.com
1313 N. Tampa St., Suite 615
Tampa, FL 33602
Telephone: 813-218-5364
Facsimile: 813-272-3752

Miriam S. Wilkinson
Chief Counsel
Fla. Bar No.: 972101
Email: Miriam.Wilkinson@flofr.com

Anthony Cammarata
General Counsel
Fla. Bar No.: 767492
Email: Anthony.Cammarata@flofr.com
The Fletcher Building
200 E. Gaines Street
Tallahassee, FL 32399-0370
Telephone: 850-410-9601