**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:17-CV-80495-MARRA-MATTHEWMAN**

CONSUMER FINANCIAL PROTECTION BUREAU,
Plaintiff,
v.

OCWEN FINANCIAL CORPORATION;
OCWEN MORTGAGE SERVICING, INC.;
OCWEN LOAN SERVICING, LLC; and
PHH MORTGAGE CORPORATION;
Defendants.

**PLAINTIFF'S MOTION TO STRIKE DECLARATION OF BENJAMIN VERDOOREN AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Consumer Financial Protection Bureau, moves to strike the declaration of Benjamin Verdooren, which Ocwen relies on in support of its motion for summary judgment. Ocwen should be precluded from relying on Verdooren for two independent reasons.

First, Ocwen never disclosed him as an individual likely to have discoverable information, as required by Federal Rule of Civil Procedure 26. This failure was not justified: Verdooren has worked for Ocwen since 2013, he describes his job as testifying on Ocwen's behalf, and his declaration relates to claims and defenses that have been at issue since the beginning of this lawsuit. Nor was it harmless: by not identifying Verdooren during fact discovery, which closed over a year ago, Ocwen prevented Plaintiff from exploring the accuracy and foundation of his statements, many of which contradict the evidence Ocwen produced in discovery. Thus, Federal Rule of Civil Procedure 37(c)(1) bars Ocwen from relying on Verdooren in support of its motion for summary judgment or at trial.

Second, as Verdooren himself acknowledges in his declaration, his statements are not based solely on personal knowledge, which is a requirement under Federal Rule of Civil Procedure 56(c)(4). Instead, Verdooren also relies on belief, makes sweeping, conclusory statements about Ocwen's conduct without specifying a basis for any personal knowledge, and relies on inadmissible hearsay. Ocwen should be precluded from relying on his declaration at summary judgment for this reason, as well.

## BACKGROUND

In support of its motion for summary judgment, Ocwen submitted a declaration from a "senior loan analyst," Benjamin Verdooren, who has worked for Ocwen Financial Corporation ("OFC") since 2013.[1] According to Verdooren's LinkedIn profile, his job is to "[r]epresent Ocwen Loan Servicing in legal matters [*sic*] as foreclosure trials, depositions, mediations, and other legal concerns."[2] Consistent with this job description, his email signature block lists him as a member of OFC's "legal staff."[3]

---

[1] Declaration of Benjamin M. Verdooren in Support of Defendants' Consolidated Motion for Summary Judgment, ECF No. 731, at Ex. 92 ("Verdooren Decl.") ¶ 1.

[2] *See* Declaration of Michael Posner, attached as Exhibit 1 to this motion, at Appendix 1 (Verdooren's LinkedIn profile).

[3] *See* OCW-CFPB-001-00314556 at 557, attached as Exhibit 2 to this motion.

In his declaration, Verdooren attests to two topics. First, he makes claims about Ocwen's annual escrow-account analyses, including when Ocwen purportedly began to conduct this analysis on all loans and how Ocwen supposedly remediated certain borrowers who were subjected to Ocwen's untimely analyses.[4] In its motion for summary judgment, Ocwen relies on these statements by Verdooren to argue that Ocwen acted in good faith,[5] which is Ocwen's ninth affirmative defense.[6] Second, Verdooren declares that only Ocwen Loan Servicing ("OLS"), and not OFC or Ocwen Mortgage Servicing ("OMS"), received periodic payments from borrowers and made payments on behalf of borrowers.[7] In its motion for summary judgment, Ocwen relies on these statements in support of its defense that OFC and OMS are not individually liable for Real Estate Settlement Procedures Act ("RESPA") violations because they are not, in Ocwen's view, servicers as defined by that law.[8]

Although Ocwen relies on Verdooren in support of its defenses, and apparently routinely uses him as a witness in litigation, Ocwen never disclosed Verdooren under Federal Rule of Civil Procedure 26. The parties exchanged Rule 26 initial disclosures on August 8, 2017.[9] Over the next two years, the parties engaged in extensive, contested fact discovery. This discovery often centered on the two topics in Verdooren's declaration.[10] Fact discovery first closed over a year ago, on July 1, 2019,[11] after which the Court allowed a small amount of fact discovery into Ocwen's defenses.[12] Ocwen has twice supplemented its initial disclosures: first on July 1, 2019,

---

[4] Verdooren Decl. ¶¶ 1–7.

[5] *See* Defendants' Motion for Summary Judgment ("Ocwen MSJ"), ECF No. 730, at 28 (citing statement of material facts ¶¶ 209–213).

[6] *See* Amended Answer, ECF No. 550, at 61.

[7] Verdooren Decl. ¶¶ 8–10.

[8] *See* Ocwen's MSJ at 30 (citing statement of material facts ¶ 241).

[9] *See* Defendants' Rule 26(a) Initial Disclosures, attached as Exhibit 3 to this motion.

[10] *See, e.g.*, Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment, ECF No. 729, at Exhibit ("SJX") 137, Bureau's First Set of Rogs. at Rog. Nos. 1–4 (seeking information on untimely analyses and purported remediation); SJX 149, Bureau's Second RFAs to OMS at 221–252 (requests for admissions related to payment handling).

[11] ECF No. 398 at 5.

[12] ECF No. 560 at 3–5.

and then on December 13, 2019.[13] Ocwen never disclosed Verdooren's name as a potential witness, either in its initial or supplemental Rule 26 disclosures or otherwise.

## ARGUMENT

### I. Ocwen may not rely on Verdooren at summary judgment or trial because its failure to disclose him under Rule 26 was not substantially justified or harmless.

Rule 26 requires a party to provide at the beginning of discovery "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[14] A party must also supplement these initial disclosures "in a timely manner" if it learns of additional potential witnesses.[15] If a party fails to identify a witness under Rule 26, then "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[16] This is because "[t]he initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure are fundamental to the orderly, efficient, cost-effective and fair litigation of civil cases and the Rule 37(c)(1) remedies are directed at sanctioning a litigant for failing to provide or supplement the most basic information necessary to efficiently and fairly litigate a dispute."[17] The non-disclosing party bears "[t]he burden of establishing that a failure to disclose was

---

[13] These supplemental disclosures are attached as Exhibits 4 and 5 to this motion.

[14] Fed. R. Civ. P. 26(a)(1)(A)(i).

[15] Fed. R. Civ. P. 26(e)(1)(A).

[16] Fed. R. Civ. P. 37(c)(1); *see also, e.g.*, *Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 922 (11th Cir. 2010) ("Rule 37(c) provides the consequences for a party's failure to disclose . . . If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.") (internal quotation marks omitted); *Young v. Lexington Ins. Co.*, 269 F.R.D. 692, 693 (S.D. Fla. 2010) ("it is well settled that Fed. R. Civ. P. 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26 by excluding the pertinent evidence, unless the violation was harmless or substantially justified.") (internal brackets omitted); *Gottstein v. Flying J, Inc.*, No. CV 00-BU-3252-S, 2001 WL 36102290 at *3 (N.D. Ala. Sept. 27, 2001) ("The sanction of exclusion for failure to disclose pursuant to Fed. R. Civ. P. 26(a) or supplement pursuant to Fed. R. Civ. P. 26(e) is self-executing and automatic unless the non-disclosing party demonstrates that the failure to disclose was 'substantially justified' or 'harmless.'").

[17] *Davis v. Green*, No. 1:12-CV-3549-WSD, 2015 WL 3604891, at *2 (N.D. Ga. June 8, 2015).

substantially justified or harmless."[18] Here, Ocwen may not rely on Verdooren because it cannot show that its failure to disclose him was substantially justified or harmless.

**A. Ocwen's failure to disclose Verdooren was not substantially justified.**

District courts in this circuit have explained that "substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request."[19] There is no reason to believe that Ocwen was not required to disclose Verdooren.

Ocwen relies on Verdooren to support its defenses that it acted in good faith and that OFC and OMS are not servicers under RESPA.[20] Ocwen was therefore required to disclose him under Rule 26.[21]

Ocwen has no justification for its omission, let alone a substantial one. Verdooren is not a newly discovered witness: he has worked at Ocwen since 2013, well before the start of this litigation.[22] And by his own description, Verdooren's job is to testify on behalf of Ocwen at deposition and trial.[23] Indeed, Verdooren broadcasts that Ocwen relies on him in litigation by writing on his LinkedIn profile: "Here you go opposing counsel, here's my work history!!"[24] Moreover, the topics in Verdooren's declaration have been at issue since the start of this litigation, as the Bureau alleged that OFC and OMS were servicers under RESPA and that

---

[18] *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

[19] *Brown v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-CV-517-RS-CJK, 2015 WL 1176180, at *1 (N.D. Fla. Mar. 9, 2015) (collecting cases).

[20] *See* nn. 4–8 *supra*.

[21] *See, e.g.*, *King v. Akima Glob. Servs., LLC*, 323 F.R.D. 403, 409 (S.D. Fla. 2017) (defendant's "summary judgment motion mentions individuals who were not mentioned in the Rule 26 disclosures. . . . [defendant] is relying on [those individuals] for its defense, as evidenced by their presence in [defendant's] Statement of Undisputed Material Facts. [Defendant] should have mentioned them in the initial disclosures. But it did not.").

[22] Verdooren Decl. ¶ 1.

[23] *See* Exhibit 1 at Attachment 1 (describing his current job as "[r]epresent[ing] Ocwen Loan Servicing in legal matters as foreclosure trials, depositions, mediations, and other legal concerns. . . . Flexible and organized to ensure complete preparation for the attendance to all trials is achieved. ").

[24] *See id*. (immediately under Verdooren's name).

Ocwen failed to conduct timely escrow analyses in its initial complaint.[25] The Bureau then sought information on these topics throughout the two years of fact discovery.[26] And Ocwen has long known the defenses that Verdooren aims to support. Ocwen argued that OFC and OMS are not servicers in its motion to dismiss in June 2017,[27] and has also long argued that it acted in good faith when it failed to perform timely escrow-account analyses.[28]

When, as here, a party does not have a valid basis for failing to disclose a potential witness, courts consistently find that the failure was not substantially justified and so the testimony should be excluded.[29]

**B. Ocwen's failure to disclose Verdooren was not harmless.**

"Discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," and so compliance with Rule 26 is "not merely

---

[25] Compl., ECF No. 1, ¶¶ 13–16 (alleging that OFC and OMS service loans); 105–110 (alleging that Ocwen failed to conduct timely escrow-account analyses).

[26] *See* n. 10 *supra*.

[27] ECF No. 31 at 35.

[28] *See, e.g.,* SJX 154, Ocwen's Response to Bureau's Fourth Set of RFPs at 25–26 (2018 discovery response to RFP 18 describing Ocwen's basis for its belief, previously asserted in December 2016, that Ocwen was exempt from performing escrow analyses for loans in bankruptcy or default); SJX 38, Combs 30(b)(6) Dep. at 12:11–14:21 (Ocwen's corporate witness testifying that Ocwen did not conduct escrow analyses on delinquent loans because of Ocwen's interpretation of guidance from the U.S. Department of Housing and Urban Development); Amended Answer, ECF No. 550, at 61 (ninth affirmative defense).

[29] *See, e.g.*, *King,* 323 F.R.D. at 410 (holding that defendant "may not rely on any information provided by" witnesses who were referenced in statement of facts but not disclosed under Rule 26 "to support its summary judgment motion or to support its defenses at trial"); *McCollum v. UPS Ground Freight, Inc*., No. CV11-0961 PHX DGC, 2013 WL 105225 at *2–3 (D. Ariz. Jan. 9, 2013) (finding that failure to disclose witness was not substantially justified and excluding witness when his proposed testimony "relate[s] to issues that have been the very issues this case has been about since day one"); *Alvarado v. United States*, No. 10-CV-22788, 2011 WL 1769097, at *1 (S.D. Fla. May 4, 2011) (failure to disclose not substantially justified and witnesses struck from trial list when "Plaintiffs have failed to show adequate reason for the failure to disclose these witnesses earlier"); *Debose v. Broward Health*, No. 08-61411-CIV, 2009 WL 1410348, at *6 (S.D. Fla. May 20, 2009) (same); *Clarke v. Schofield*, No. 5:06-CV-403 (CAR), 2009 WL 10674468, at *2 (M.D. Ga. Mar. 30, 2009) (failure to disclose witness was not substantially justified—and so declaration in support of summary judgment was excluded—when the plaintiff had no valid explanation for his "failure to disclose the evidence previously").

aspirational."[30] As the Eleventh Circuit has explained, an inability to depose a witness prior to the close of discovery constitutes harm.[31]

Here, the Bureau did not have an opportunity to depose Verdooren before the close of fact discovery, which ended over a year ago, or even before filing its motion for summary judgment.[32] Ocwen's failure to disclose was therefore not harmless.[33]

The inability to depose Verdooren during fact discovery constitutes sufficient harm to preclude his testimony.[34] But Ocwen's failure was particularly egregious here because some of Verdooren's statements are new or contradict what Ocwen produced during fact discovery. For example, Verdooren declares that only OLS, and not OFC or OMS, received and distributed periodic payments from borrowers.[35] This does not square with the evidence produced by

---

[30] *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58 (2006).

[31] *See Nance,* 381 F. App'x at 923 (failure to disclose witnesses was not harmless because defendant "did not have the opportunity to depose them and conduct thorough discovery.").

[32] Indeed, given Verdooren's role as "legal staff" and therefore the potential for attorney-client privilege, Plaintiff was particularly unlikely to seek his deposition absent a disclosure that he was likely to have discoverable information.

[33] *See Nance*, 381 F. App'x at 939*; see also, e.g., Agilysys, Inc. v. Hall*, No. 1:16-CV-3557-ELR-JFK, 2019 WL 3483173, at *12 (N.D. Ga. May 29, 2019) ("Plaintiff's failure to supplement, without any justification, the witness information in a timely manner and then to delay updating that information until pressed by Defendant for deposition dates and even then to provide incomplete contact information has prejudiced Defendant who was not able to depose the witnesses before the close of the extended discovery period about the important matter of damages."); *Davis,* 2015 WL 3604891 at *2 (failure to disclose witness during fact discovery was not harmless because the defendant "did not have the opportunity to depose them or conduct proper discovery") (citing *Nance*, 381 F. App'x at 923); *McCollum,* 2013 WL 105225 at *3 (failure to disclose witness was not harmless because plaintiffs were "not afforded an opportunity to conduct relevant discovery or formulate their case strategy to account for" the proposed testimony, and the court could not conclude that deposing the witness before trial "will eliminate all harm when avenues for other discovery have been foreclosed by the end of the discovery period and the firm trial date"); *Chemfree Corp. v. J. Walter, Inc.*, Case No. 1:04-CV-3711-JTC, 2009 WL 2914276, at *3 (N.D. Ga. May 27, 2009) ("Because Defendants did not disclose Binner and Calto in their discovery disclosures, Plaintiff was not given the opportunity to depose Binner and Calto on the issues related to this case. . . . Defendants may not offer the testimony of Binner and Calto, whether live or by deposition, unless for impeachment.").

[34] *Id*.

[35] Verdooren Decl. ¶¶ 8–10.

Ocwen. In OMS's consolidated financial statements, it explained that it "perform[s] primary . . . servicer activities on behalf of investors," which includes receiving and distributing—e.g. paying investors and taxes—periodic payments from borrowers.[36] Ocwen similarly represented to a state regulator that OMS conducted servicing.[37] Moreover, agreements produced by Ocwen show that it was OFC, not OLS, that contracted with a payment-processing vendor to open mail with borrowers' mortgage payments—that is, to receive borrower payments—and deposit them in an "account in Ocwen's name."[38] And William Erbey, OFC's founder and longtime CEO, testified at his deposition that "certainly OFC as an entity was intaking payments" from borrowers.[39]

Verdooren's statements regarding escrow-account analyses are also new or conflict with what Ocwen produced during discovery in several ways. First, according to Verdooren, Ocwen determined that it needed to conduct annual escrow analysis on all loans "as part of [its] internal monitoring system and best practices."[40] But evidence produced in discovery shows that it was *another institution* that pressured Ocwen to conduct analyses on all loans by giving Ocwen "30 days to cure" its failure to do so.[41] Second, Verdooren claims that Ocwen "implemented this change in procedure" to conduct analyses on all loans "by the end of 2014," suggesting that the issue was fixed by then.[42] But according to Ocwen's internal tracker of its systemic issues, Ocwen did not [redacted]

---

[36] SJX 105, 2013 Report, OCW-039-0178210 at 220 ¶ 4 (explaining that, as a primary servicer, it may sometimes have to pay taxes and insurance and remit payments to investors "before collecting them from borrowers").

[37] SJX 23, Washington Consent Order ¶ 1.7. Washington's Consumer Loan Act, like RESPA, defines servicing to include receiving borrower payments. *See* Wash. Rev. Code § 31.04.015(29).

[38] SJX 70, TransCentra Lockbox Agreement, EXELA001 at 2, ¶¶ 1–2 (describing services provided); 45 (OFC took over agreement from its predecessor).

[39] SJX 45, Erbey Dep. at 11:6–11:24, 16:8–16:21.

[40] Verdooren Decl. ¶ 6.

[41] *See* OCW3-010-000796, attached as Exhibit 6 to this motion, at 798 (Bank of America identified four issues, including that Ocwen was "[n]ot adhering to laws/rules by not performing annual escrow analyses on Bankruptcies and delinquent accounts" and is "asserting we have 30 days to cure").

[42] Verdooren Decl. ¶ 6.

[redacted],[43] and according to a verified interrogatory response, Ocwen failed to conduct *more than 218,000* timely analyses in 2015.[44] Third, according to Verdooren, Ocwen "was still paying the required tax and insurance payments" on behalf of borrowers even when it was not conducting their escrow-account analyses.[45] Ocwen never made this contention (which may be relevant to damages and penalties) during fact discovery and relies solely on Verdooren to support the claim.[46] Finally, Verdooren claims that "Ocwen conducted a [remediation] review for *all* loans it identified in bankruptcy" that met certain characteristics.[47] But in a verified interrogatory response, Ocwen explained that it conducted this remediation review not for all loans that had been in bankruptcy, but only for loans that were "*active* and in bankruptcy" at *one particular point in time* (in March 2016).[48]

That Verdooren puts forth new and conflicting evidence further shows that Ocwen's failure to disclose him was far from harmless.[49]

**II. Verdooren's declaration should also be struck because Verdooren relies on belief and hearsay and makes unsupported and conclusory statements.**

Under Rule 56, a declaration used to support a motion for summary judgment "must" be made on personal knowledge, set out facts that would be admissible in evidence, and show that

---

[43] SJX 134, Aug. 2015 RC Rpt., OCW-019-0010624, at Issue 1242.

[44] SJX 138, Defs.' Resp. First Rogs. at 10.

[45] Verdooren Decl. ¶ 5.

[46] Defendants' Statement of Material Facts in Support of Their Motion for Summary Judgment, ECF No. 731, at ¶ 211.

[47] Verdooren Decl. ¶ 7 (emphasis added).

[48] SJX 138, Defs.' Resp. First Rogs. at 15 (emphasis added).

[49] *See, e.g.*, *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1354 (11th Cir. 2004) (witness excluded because the defendant "would have been blindsided by a new witness offering facts directly contradicting its own account of events"); *Clarke*, 2009 WL 10674468 at *2 ("Plaintiff's failure to previously identify this witness as required by Rule 26 cannot be found to be 'harmless.' Defendants were in fact prejudicially surprised by untimely identification of this testimony. As of this time, there is no other evidence to support Jordan's allegations, and Defendants thus learned of this new instance of alleged excessive force, for the first time, in Plaintiff's Response to their Motions for Summary Judgment."); *McClure v. Country Life Ins. Co.*, No. CV-15-02597-PHX-DLR, 2017 WL 3719880, at *1, *3 (D. Ariz. Aug. 29, 2017) (finding that failure to disclose evidence was not harmless when the undisclosed documents "do not appear anywhere else in the" relevant file produced during discovery).

the declarant is competent to testify on the matters stated.[50] Verdooren states that his declaration is not limited to his personal knowledge but is also based on his "belief, upon information gathered from other Ocwen employees, and upon Ocwen's business records."[51] This violates Rule 56 in several ways.

First, Verdooren's reliance on knowledge "and belief" is not permitted. As the Eleventh Circuit has explained, the "personal knowledge requirement prevents statements in affidavits that are based, in part, 'upon information and belief'—instead of only knowledge—from raising genuine issues of fact sufficient to defeat summary judgment."[52] This is true even if the declaration includes a general statement representing that the declarant has personal knowledge of the facts in the declaration.[53] Verdooren does not specify which statements in his declaration, if any, are based solely on personal knowledge rather than knowledge and belief. His declaration should therefore be excluded.[54]

Indeed, the breadth of Verdooren's lack of personal knowledge is shown by the fact that, throughout his declaration, he makes sweeping, conclusory statements about Ocwen's practices

---

[50] Fed. R. Civ. P. 56(c)(4), *see also, e.g.*, *AirTran Airlines Inc. v. Plain Dealer Pub. Co.*, 66 F. Supp. 2d 1355, 1361 (N.D. Ga. 1999) (same). Federal Rule of Evidence 602 also makes personal knowledge a requirement for trial testimony from non-experts like Verdooren.

[51] Verdooren Decl. ¶ 1.

[52] *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002).

[53] *Id.* at 1279.

[54] *See, e.g.*, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1305–06, 1317–18 (11th Cir. 2011) (affirming district court's refusal to consider affiant's assertions prefaced by the phrase "[i]t is believed" and qualified by a statement that the alleged facts were true "to the best of [his] knowledge *and belief*") (alterations & emphasis in original); *Pace,* 283 F.3d 1278–79 (11th Cir. 2002) (rejecting district court's reliance on affiant's statement that he "believe[d]" a particular fact); *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965) (affidavit did not meet Rule 56 requirement because "verification must be on personal knowledge alone, whereas these petitions were verified only on 'knowledge, information and belief.'"); *Burger King Corp. v. Lumbermens Mut. Cas. Co.*, 410 F. Supp. 2d 1249, 1255 (S.D. Fla. 2005) (a summary judgment affidavit "has no probative value . . . when it is not based on personal knowledge"); *Cooper v. Southern Co.*, 213 F.R.D. 683, 687 (N.D. Ga. Mar. 31, 2003) (refusing to consider declaration opposing defendant's motion for summary judgment because it was based on declarant's "understanding that the data [he] received are extracted from [defendant's] human resources databases"); *see also* Fed. R. Evid. 602 (personal knowledge is a requirement for admissibility for non-experts).

without specifying how he knows these things.[55] In describing his role as a "senior loan analyst" at OFC—which is the only plausible basis for any personal knowledge he may have—he explains without elaboration that he has "a variety of responsibilities that require [him] to consult and analyze customer loan files, Ocwen's loan servicing records, and policies and procedures."[56] Verdooren does not explain how he learned from carrying out these responsibilities that, for example, OMS, an entity he does not work for, never receives borrower payments—even though OMS said that it does in its consolidated financial statements.[57] Nor does he specify how he knows—or cite to any documents to support his claim—that Ocwen paid taxes and insurance for borrowers even though it was not conducting their escrow-account analyses on time. Because "conclusory allegations without specific supporting facts have no probative value," this Court should exclude Verdooren's declaration.[58]

Second, Verdooren's reliance "upon information gathered from other Ocwen employees" is also not permitted. It is well-settled that "inadmissible hearsay cannot be considered on a motion for summary judgment" unless "the statement could be reduced to admissible evidence at trial or reduced to admissible form."[59] Because Verdooren does not provide any details about the

---

[55] *See* Verdooren Decl. at, *e.g.*, ¶ 5 ("Ocwen was still paying the required tax and insurance payments" on behalf of borrowers even when it was not their conducting escrow-account analyses); ¶ 6 ("Ocwen determined that it needed to run an annual escrow analysis on all loans . . . and implemented this change in procedure by the end of 2014); ¶ 7 ("Ocwen conducted a review and remediation process for all loans it identified in bankruptcy that had the following characteristics . . ."); ¶ 10 ("only [OLS] received periodic payments from borrowers . . . only [OLS] made any necessary payments required as part of servicing the loan on behalf of borrowers. Neither [OFC] or [OMS] received payments from, or made payments on behalf of, borrowers.").

[56] *Id*. at ¶ 1.

[57] *See* n. 36 *supra*. Indeed, that Verdooren's statements conflict with what Ocwen produced in discovery, as described in Section I above, further illustrates his lack of personal knowledge.

[58] *Leigh v. Warner Bros, Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (internal quotation marks omitted); *see also*, *e.g., Ojeda v. Louisville Ladder, Inc.*, 410 Fed. App'x 213, 215 (11th Cir. Dec. 13, 2010) ("conclusory statements do not establish a disputed issue of material fact"); *Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd.*, No. 09-80207-CIV, 2011 WL 3878364, at *4 (S.D. Fla. Aug. 31, 2011) (Marra, J.) (finding declaration made in support of summary judgment insufficient where it provided "a series of brief, conclusory statements supporting Defendant's position . . . . Without providing the facts upon which these conclusory statements are based, this declaration fails to comply with Rule 56(c)(4).").

[59] *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012).

information he purportedly gathered from others, there is no basis to conclude that it is not hearsay or qualifies for a hearsay exception. And, once again, he does not specify which parts of his declaration are based on personal knowledge and which are based on information from others. His declaration should be excluded for reliance on inadmissible hearsay.[60]

Third, Verdooren's reliance "upon Ocwen's business records," without attaching the records or even specifying what records he refers to, also violates Rule 56. "Testimony regarding the contents of business records, unsupported by the records themselves, by one without personal knowledge of the facts underlying the records constitutes inadmissible hearsay."[61] This is true when, as here, the party claims "in a conclusory manner that the underlying business records" meet the requirements of the business-records hearsay exception.[62] Verdooren's declaration should therefore be excluded for this reason also.

Because Verdooren's declaration violates Rule 56(c)(4) by relying on belief, making unsupported conclusory statements, and relying on inadmissible hearsay, Ocwen may not use it for purposes of summary judgment.

**CONCLUSION**

For the foregoing reasons, Ocwen should be precluded from relying on Verdooren in support of summary judgment or at trial.

---

[60] *See*, *e.g.*, *Macuba v. Deboer*, 193 F.3d 1316, 1325 (11th Cir. 1999) (district court erred in considering deposition testimony and an affidavit that relied on statements of others because it was inadmissible hearsay); *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996), *amended on other grounds*, 102 F.3d 1118 (11th Cir. 1996) (plaintiff's statements could not be considered at summary judgment because "[t]here is nothing to indicate that [plaintiff's] statements (which were based on the statements of unknown co-workers) will lead to admissible evidence.").

[61] *Carlisle v. Nat'l Commercial Servs., Inc.*, No. 1:14-CV-515-TWT-LTW, 2016 WL 4544368, at *4 (N.D. Ga. July 22, 2016), *report and recommendation adopted*, No. 1:14-CV-515-TWT, 2016 WL 4532219 (N.D. Ga. Aug. 29, 2016) (collecting cases).

[62] *Id*.

Dated: December 8, 2020 Respectfully submitted,

Attorneys for Plaintiff,
BUREAU OF CONSUMER FINANCIAL PROTECTION

JOHN C. WELLS
Deputy Enforcement Director

JAMES T. SUGARMAN
Assistant Litigation Deputy

*/s/ Michael Posner*
Michael Posner
Phone: 202-435-7866
Email: michael.posner@cfpb.gov

| | |
|---|---|
| Jean Healey | jean.healeydippold@cfpb.gov |
| Atur Desai | atur.desai@cfpb.gov |
| Shirley Chiu | shirley.chiu@cfpb.gov |
| Tianna Baez | tianna.baez@cfpb.gov |
| Stephanie Brenowitz | stephanie.brenowitz@cfpb.gov |
| Erin Mary Kelly | erin.kelly@cfpb.gov |
| Greg Nodler | greg.nodler@cfpb.gov |
| Amanda Roberson | amanda.roberson@cfpb.gov |
| James Savage | james.savage@cfpb.gov |
| Doug Wilson | doug.wilson@cfpb.gov |

1700 G Street NW
Washington, DC 20552

**CERTIFICATE OF GOOD-FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the Bureau met-and-conferred with Defendants in good faith but were unable to resolve the issues.

/s/ Michael Posner
Michael Posner
Phone: 202-435-7866
Email: michael.posner@cfpb.gov

Jean Healey jean.healeydippold@cfpb.gov
Atur Desai atur.desai@cfpb.gov
Shirley Chiu shirley.chiu@cfpb.gov
Tianna Baez tianna.baez@cfpb.gov
Stephanie Brenowitz stephanie.brenowitz@cfpb.gov
Erin Mary Kelly erin.kelly@cfpb.gov
Greg Nodler greg.nodler@cfpb.gov
Amanda Roberson amanda.roberson@cfpb.gov
James Savage james.savage@cfpb.gov
Doug Wilson doug.wilson@cfpb.gov

1700 G Street NW
Washington, DC 20552

CERTIFICATE OF SERVICE

I hereby certify that true and correct unredacted copies of Plaintiff's Motion to Strike the Declaration of Benjamin Verdooren, Incorporated Memorandum of Law, and Supporting Exhibits were served on December 8, 2020, on all counsel or parties of record on the following Service List via e-mail.

/s/ Michael Posner
Michael Posner

SERVICE LIST

*Attorneys for the Defendants*:

**Bridget Ann Berry**
Greenberg Traurig, P.A.
777 South Flagler Drive, Suite 300
West Palm Beach, Florida 33401
Tel: 561.650.7900
Fax: 561.655.6222
BerryB@gtlaw.com, darschs@gtlaw.com, thomsonj@gtlaw.com, WPBLitDock@GTLAW.com, whitfieldd@gtlaw.com, msheldon@goodwinlaw.com

**Thomas M. Hefferon**
**Sabrina M. Rose-Smith**
Goodwin Proctor LLP
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
thefferon@goodwinlaw.com
srosesmith@goodwinlaw.com

**Matthew P. Previn**
Buckley Sandler LLP
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
Tel: 212.600.2310