**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY_____AP_____D.C.

Jan 13, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 13, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  19-13015-DD
Case Style: Joanna Burke, et al v. OCWEN Financial Corp., et al
District Court Docket No: 9:17-cv-80495-KAM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision
was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion
was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**
_____

No. 19-13015
_____

District Court Docket No.
9:17-cv-80495-KAM

JOANNA BURKE,
JOHN BURKE,

                                        Interested Parties - Appellants,

CONSUMER FINANCIAL PROTECTION BUREAU,

                                        Plaintiff,

OFFICE OF THE ATTORNEY GENERAL,
State of Florida, Department of Legal Affairs, et al.,

                                        Consolidated Plaintiffs,

versus

OCWEN FINANCIAL CORPORATION,
a Florida corporation,
OCWEN LOAN SERVICING LLC,
a Delaware limited liability company,
OCWEN MORTGAGE SERVICING INC.,
a U. S. Virgin Islands corporation,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered
as the judgment of this Court.

Entered: November 02, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 19-13015
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80495-KAM

JOANNA BURKE,
JOHN BURKE,

Interested Parties - Appellants,

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

OFFICE OF THE ATTORNEY GENERAL,
State of Florida, Department of Legal Affairs, et al.,

Consolidated Plaintiffs,

versus

OCWEN FINANCIAL CORPORATION,
a Florida corporation,
OCWEN LOAN SERVICING LLC,
a Delaware limited liability company,
OCWEN MORTGAGE SERVICING INC.,
a U. S. Virgin Islands corporation,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 2, 2020)

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

John and Joanna Burke, proceeding *pro se*, appeal from the denial of their

motions to intervene as of right and by permission and for reconsideration in an

action brought by the Consumer Financial Protection Bureau (CFPB) against

Ocwen Financial Corporation, Ocwen Mortgage Serving, Inc., and Ocwen Loan

Serving, LLC (collectively, Ocwen).[1]  After careful review, we affirm the district

court's rulings.

# I

The CFPB sued Ocwen, alleging violations of: (1) the Consumer Financial

Protection Act, 12 U.S.C. §§ 5531, 5536; (2) the Fair Debt Collection Practices

Act, 15 U.S.C. §§ 1692e(2)(a), 1692e(10), 1692f; (3) the Real Estate Settlement

Procedures Act, 12 U.S.C. §§ 2605, 2617; (4) the Truth in Lending Act, 15 U.S.C.

§ 1604(a); and (5) the Homeowners Protection Act of 1998, 12 U.S.C. § 4902(b).

---

[1] Although a motion for intervention is not an appealable final order, we have provisional
jurisdiction to determine whether the denial was proper. *See AAL High Yield Bond Fund v.
Deloitte & Touche LLP*, 361 F.3d 1305, 1309 n.4 (11th Cir. 2004).

2

Separately, the Burkes were involved in two cases implicating their property.  First, in April 2011, Deutsche Bank initiated an action to foreclose the Burkes' property.  *Deutsche Bank Nat'l Tr. Co. v. Burke*, 902 F.3d 548, 550 (5th Cir. 2018).  That action concluded when the Fifth Circuit held that the foreclosure of the Burkes' property could proceed.  *Id.* at 551–52.  Second, after the Fifth Circuit's decision on foreclosure, the Burkes sued Ocwen, alleging that Ocwen violated federal and state law in servicing their loan.  *Burke et al v. Ocwen Loan Servicing, LLC*, 18-cv-04544, Dkt. 1 (S.D. Tex.).

After the CFPB and Ocwen had already conducted extensive discovery, including filings under seal, the Burkes moved *pro se* to intervene in the case, both as of right and permissively.  The Burkes asserted that Ocwen was the mortgage servicer for their mortgage with Deutsche Bank, that they were under wrongful foreclosure, and that they were separately litigating against Ocwen in the Southern District of Texas.  The Burkes argued that they had direct knowledge of facts that would help the CFPB's case and explained that they were intervening because they wanted to "(1) make a 'material' impact on this Florida case, (2) help save their own homestead from wrongful foreclosure and (3) help homeowners in 'distress' nationwide."  The Burkes further contended that they had a right to intervene and that their motion was timely because the CFPB's case had not reached trial.  They asserted that they had an interest in the suit, citing their Texas litigation against

3

Ocwen, and claiming that they would be impaired if not allowed to intervene.  The

Burkes also argued that they satisfied the requirements for permissive intervention.

Without their participation, the Burkes contended, the CFPB's case would likely

lead to a "political charade" of a settlement that would not actually compensate the

victims.

The CFPB and Ocwen jointly opposed the Burkes' intervention, and the

Burkes filed a reply.  By May 2019, when their motion to intervene was still

pending, the Burkes inquired with the district court about the status of the motion.

In that inquiry, the Burkes also asserted that they should be allowed to intervene to

access sealed documents that would be useful in their separate litigation.

The district court denied the Burkes' motion to intervene.  The Burkes then

moved for reconsideration, raising a new argument not in their motion to

intervene—that the district court should allow the Burkes to intervene to obtain

information that they could use in their litigation against Ocwen.  The district court

denied the Burkes' motion for reconsideration, which it categorized as a motion

under Federal Rule of Civil Procedure 59(e).  The Burkes now appeal both the

denial of their motion to intervene and their motion for reconsideration.

**II**

**A**

We begin with the Burkes' motion to intervene as of right.  Federal Rule of

Civil Procedure 24 provides, in pertinent part:

> (a) **Intervention of Right.** On timely motion, the court must permit
> anyone to intervene who: . . .
>> (2) claims an interest relating to the property or transaction that
>> is the subject of the action, and is so situated that disposing of the
>> action may as a practical matter impair or impede the movant's
>> ability to protect its interest, unless existing parties adequately
>> represent that interest.

This Court has interpreted Rule 24(a)(2) to require a party seeking intervention as a

right to demonstrate that:

> (1) [their] application to intervene is timely; (2) [they have] an
> interest relating to the property or transaction which is the subject
> of the action; (3) [they are] so situated that disposition of the action,
> as a practical matter, may impede or impair [their] ability to protect
> that interest; and (4) [their] interest is represented inadequately by
> the existing parties to the suit.

*Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695–96 (11th

Cir. 2017) (quoting *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir.

2004)).  Putative intervenors—here, the Burkes—bear the burden of proof to

establish all four bases for intervention as a matter of right.  *Chiles v. Thornburgh*,

865 F.2d 1197, 1213 (11th Cir. 1989); *Stone*, 371 F.3d at 1308.  We review the

denial of a motion to intervene *de novo*, but subsidiary findings of fact for clear

error.  *Tech. Training Assocs.*, 874 F.3d at 695.

The district court's analysis focused on the third and fourth requirements—impairment and adequate representation.  Specifically, it noted that the Burkes "failed to establish that their interests, if any, would be impaired by the disposition of this action," and that "their interests, if any, would be adequately represented by CFPB, who seeks to hold Ocwen accountable for allegedly wrongfully foreclosing upon property based upon inadequate information."  The district court also indirectly addressed timeliness, noting that discovery had been "underway for over a year when the motion to intervene was filed."  We will address each of the four factors in turn.

First we consider timeliness.  When evaluating timeliness, we look to:

> [t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] 2.  The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] 3.  The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and 4.  The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017).  Although the district court did not directly address timeliness, "[t]his court may affirm a decision of the district court on any ground supported by the record."  *Krutzig v. Pulte Home Corp*., 602 F.3d 1231, 1234 (11th Cir. 2010).

6

Here, the CFPB filed its complaint on April 20, 2017; the Burkes first moved to intervene on January 4, 2019. On those facts alone, the Burkes' motion was probably untimely. But the Burkes could, and did, argue that they "actually knew, or reasonably should have known of their interest in the case" much later than April 20, 2017. *See Salvors*, 861 F.3d at 1294. The Burkes emphasized that they filed their motion to intervene "only a month or so" after the entry of judgment of foreclosure in their Texas case.

But the Burkes first made this argument in their motion to reconsider—not their motion to intervene. We have long held that litigants may not use motions to reconsider to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998); *Mays v. U.S. Postal Serv*., 122 F.3d 43, 46 (11th Cir. 1997). In any event, even if the Burkes had properly raised this argument in their motion to intervene, it remains unclear whether they would meet their burden on timeliness. The Burkes do not explain why they could not have moved to intervene before the judgment of foreclosure in their Texas case, which commenced in 2011. The Burkes state conclusorily that they "could not have intervened any earlier in law as the judgment of foreclosure in their case was by plaintiff Deutsche Bank National Trust Company." Further, they cite to "the

recent Fifth Circuit decision in *Riddle*" for the proposition that "they had to sue

*Ocwen* [] independently to show a direct and legally protectable interest."

Although the Burkes don't provide a citation, we assume they mean *Christiana Tr.*

*v. Riddle*, 911 F.3d 799 (5th Cir. 2018).  In any event, they fail to elaborate further

on how the foreclosure and *Riddle* relate to the timing of their motion to intervene.

The Burkes thus have not satisfied their burden.

      The Burkes also contend that the district court acted in an untimely manner.

The Burkes note that the district court took six months to rule on their motion to

intervene, even after the Burkes had reminded the court to rule on the motion.  This

point is simply irrelevant.  Whether or not the district court ruled quickly on the

Burkes' motion to intervene does not bear on whether the Burkes' motion was

timely.  Timeliness concerns the putative intervenor's actions, not those of the

district court.  *See Salvors*, 861 F.3d at 1294.  Accordingly, we conclude that the

Burkes' motion was untimely.[2]

      Second, we consider whether the Burkes possess an interest relating to the

property or transaction.  To have a necessary interest, the putative intervenor "must

be at least a real party in interest in the transaction which is the subject of the

---

[2] We also note, as the district court did, that "the potential for prejudice to both the existing parties and the putative intervenor" bears on timeliness.  *Salvors*, 861 F.3d at 1294.  Ocwen has already conducted extensive discovery.  Should the CFPB and Ocwen be required to participate in expanded discovery, the likelihood of prejudice to them is real.

proceeding." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). The interest must be "direct, substantial, [and] legally protectable," *id.*, and a generalized grievance is insufficient, *see Chiles*, 865 F.2d at 1212–13. The interest must be more than purely economic and cannot be speculative. *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005).

The Burkes' motion identifies three possible interests: to "(1) make a material impact on this Florida case, (2) help save their own homestead from wrongful foreclosure and (3) help homeowners in distress nationwide." The desire to make a material impact on a case does not, on its own, constitute a "direct, substantial, [and] legally protectable interest sufficient" to intervene by right. *Purcell*, 85 F.3d at 1512. Further, because generalized grievances do not amount to sufficient interests in the context of Rule 24, *see Chiles*, 865 F.2d at 1212–1213, the Burkes' third putative interest, helping homeowners nationwide, is unavailing. Although it is possible that the Burkes' homestead would constitute an interest within the meaning of Rule 24, the motion to intervene offers no description of the Burkes' interest in their homestead, and instead only cites to their Texas case. The Burkes' reply brief in support of their motion to intervene provides hardly any elaboration on the homestead, stating only that "a homestead is personally at risk

for the Applicants if this application is denied."  Accordingly, the Burkes have not established an interest for the purposes of Rule 24(a)(2).

Third, we consider whether the Burkes have established the possibility of impairment absent their intervention.  They have not.  The Burkes may separately litigate, and they have done so here.  This Court has noted that the ability to separately litigate defeats the impairment element.  *See Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 594 (11th Cir. 1991); *see also Anderson Columbia Envtl., Inc. v. United States*, 42 Fed. Cl. 880, 882 (1999) ("A prospective intervenor is also not likely to suffer impairment of its interests where it is free to assert its rights in a separate action.").

Finally, we consider whether the CFPB adequately represents the Burkes' interest in this case.  This court "presume[s] that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention."  *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993).  When, as here, that existing party is a government entity, "[w]e presume that the government entity adequately represents the public, and we require the party seeking to intervene to make a strong showing of inadequate representation."  *FTC v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015) (quotations omitted).

The CFPB's complaint seeks relief "necessary to redress injury to consumers, including, but not limited to, rescission or reform of contracts; refund of moneys; restitution; and payment of damages or other monetary relief." The CFPB's complaint also seeks relief under the Homeowners Protection Act, among other statutes. The Burkes share the same ultimate objective—"to protect homeowners in 'distress' nationwide." Although the presumption of adequate representation is "weak and can be overcome if the plaintiffs present some evidence to the contrary," *Stone*, 371 F.3d at 1311, the Burkes have identified no such evidence here, so the presumption remains.[3]

To sum up, the Burkes have failed to establish (1) that their intervention is timely, (2) that they have a necessary interest, (3) that failure to intervene would impair that interest, and (4) that their interest would not be adequately protected absent intervention. Accordingly, we hold that the district court did not err in denying the Burke's motion to intervene as of right.

---

[3] The Burkes raise an additional basis for intervention as of right in their brief: "to ensure if *Ocwens*' motion to dismiss on the Constitutionality question was granted (which was pending before the lower court at the time), it could allow the Burkes to become the lead Plaintiffs[] in the case." The Burkes first raised this argument in their reply brief, so it is not properly before this Court. *See United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984).

## B

We next consider whether the district court abused its discretion in

denying permissive intervention.  Federal Rule of Civil Procedure 24(b)

provides, in relevant part:

> (b) **Permissive Intervention.**
>
> > (1) ***In General.*** On timely motion, the court may permit anyone
> > to intervene who: . . .
> > > (B) has a claim or defense that shares with the main action
> > > a common question of law or fact . . .
> >
> > (3) ***Delay or Prejudice.*** In exercising its discretion, the court
> > must consider whether the intervention will unduly delay or
> > prejudice the adjudication of the original parties' rights.

"If there is no right to intervene as of right under Rule 24(a), it is wholly

discretionary with the court whether to allow intervention under Rule 24(b) and

even though there is a common question of law or fact, or the requirements of Rule

24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds*,

929 F.2d at 595 (quotations and citations omitted).

We review the denial of a motion for permissive intervention for an

abuse of discretion.  *Purcell*, 85 F.3d at 1513.  A district court abuses it

discretion when it makes a clear error of judgment or applies the incorrect

legal standard.  *Id.*  At the appellate stage, the requirements for permissive

intervention are "not really the focus of our inquiry, because we do not

address the matter in the first instance."  *Id.*  Rather, "we are concerned only

with 'clear error [s] of judgment' that the district court may have made, or

with 'incorrect legal standard[s]' that it may have applied." *Id.* (quoting

*SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1333

(11th Cir. 1996)).

> In denying permissive intervention, the district court concluded:
>
> In the Motion to Intervene, the proposed Intervenors fail to identify a common question of fact or law in support of permissive intervention. Even if there were some overlap between CFPB's case and the claims of the proposed Intervenors, the present parties in this action would suffer prejudice and undue delay if the proposed Intervenors were permitted to intervene in this case.  Permitting intervention would inevitably force the parties in this case to litigate factual questions not present at issue, and the scope of discovery, which had already been underway for over a year when the Motion to Intervene was filed, would necessarily expand to include those new issues.  Therefore the Court in its discretion finds that permissive intervention is not warranted.

The district court applied the right legal standard under Rule 24(b)—whether or

not the Burkes identified a common question of fact or law.  Further, the Burkes

discussed the existence of a common question of fact only in a brief, vague

manner, and did not adequately connect their foreclosure to the issues underlying

the CFPB's suit.  We cannot say that the district court made a clear error of

judgment in concluding that the Burkes did not identify a common question of fact

or law.

> Even if, as they claim, the Burkes properly identified a common question of

fact, the district court did not abuse its discretion for two independent reasons.

First, the Burkes have other means of asserting their right—specifically, their lawsuit.  This Court has held that "[w]hen an appellant has other adequate means of asserting its rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face."  *Worlds*, 929 F.2d at 595 n. 20 (quoting *Korioth v. Brisco*, 523 F.2d 1271, 1279 n. 25 (5th Cir. 1975)).

Second, the district court applied the right legal standard and did not make a clear error of judgment, by considering the possibility of undue prejudice and delay.  Rule 24 provided the district court with authority to make this determination.  Rule 24(b)(3) specifically provides that courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Given the inevitability of expanded discovery, and the possibility that the existing parties would be forced to litigate new issues, the district court did not make a clear error of judgment in determining that the existing parties would suffer prejudice and undue delay had the Burkes intervened.

Finally, the Burkes argue that, in any event, they may intervene for the purpose of gaining access to sealed files and protected documents.  But the Burkes raised this argument for the first time in their motion to reconsider.  For the reasons explained above, we decline to consider the Burkes' argument.  *Michael Linet, Inc.*, 408 F.3d at 763 (noting that litigants cannot use motions to reconsider to

14

"relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

Because the district court applied the right legal standard and did not commit a clear error of legal judgment, we hold that the district court acted within its discretion in denying the Burkes' motion for permissive intervention.[4]

### III

For the foregoing reasons, we conclude that the district court: (1) did not err in denying the motion to intervene as a right because the Burkes: (a) did not file a timely motion to intervene, (b) lacked a sufficient interest in the case, (c) would not be impaired by the litigation continuing without them, and (d) were adequately represented by the CFPB; (2) did not abuse its discretion in denying the motion for permissive intervention because it applied the correct legal standard and did not make a clear error of judgment; and (3) did not abuse its discretion in denying the motion to reconsider because it applied the correct legal standard and did not make a clear error of judgment.

**AFFIRMED.**

---

[4] We review a district court's denial of a Rule 59(e) motion to reconsider for abuse of discretion. *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001*)*.  The district court applied the correct legal standard in its denial of the Burkes' motion to reconsider.  Further, for reasons similar to those described above, the district court did not make a clear error of judgment.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 02, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-13015-DD
Case Style: Joanna Burke, et al v. OCWEN Financial Corp., et al
District Court Docket No: 9:17-cv-80495-KAM

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs